CO-932
Rev. 4/96

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

NOTICE TO PARTIES:

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT:

Rule 40.5(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL

Rule 40.5(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

_____

The plaintiff, defendant or counsel must complete the following:

I. RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

- [ ] (a) relates to common property
- [x] (b) involves common issues of fact
- [x] (c) grows out of the same event or transaction
- [ ] (d) involves the validity or infringement of the same patent
- [ ] (e) is filed by the same pro se litigant

2. RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case: [ ]

3. NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

_____

4. CAPTION AND CASE NUMBER OF RELATED CASE(ES). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

**Doe** v. **McHenry**   C.A. No. **25cv00286**

**March 7, 2025**          */s/ Michael Perloff*
DATE                       Signature of Plaintiff /Defendant (or counsel)

**SUPPLEMENT TO NOTICE OF DESIGNATION OF RELATED CIVIL CASES**

This action is related to *Doe v. McHenry*, 25-cv-00286, because the two cases grow out of the same event or transaction and involve common issues of fact.

The plaintiffs in *Doe* challenge Sections 4(a) and 4(c) of President Trump's Executive Order 14168, titled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," which respectively mandate that all transgender women in the federal Bureau of Prisons' (BOP) custody will be transferred to men's facilities and that all transgender people incarcerated in federal prisons will be denied gender-affirming health care to treat their gender dysphoria. *See* ECF No. 47 (Am. Compl.) at ¶ 1. The *Doe* plaintiffs have brought claims under the Fifth Amendment, Eighth Amendment, Rehabilitation Act, the Separation of Powers, and the Administrative Procedure Act, and they seek declaratory and injunctive relief to enjoin enforcement of Sections 4(a) and 4(c) of the Executive Order. *Id.* at ¶ 42.

*Kingdom v. Trump* is a putative class action challenging Executive Order 14168 (including section 4(c)) as applied to the denial of gender-affirming health care to transgender individuals in BOP custody, and BOP's implementing memoranda. The *Kingdom* plaintiffs raise claims under the Fifth Amendment, Eighth Amendment, Rehabilitation Act, and Administrative Procedure Act, and seek declaratory and injunctive relief to enjoin the defendants from enforcing the Executive Order, as applied to gender-affirming health care for individuals in BOP custody, and the implementing memoranda to afford relief to a putative class comprised of "[a]ll persons who are or will be incarcerated in the custody of BOP who are or will be diagnosed with gender dysphoria or meet the criteria for a gender dysphoria diagnosis and who are receiving, or would receive, gender-affirming health care absent such care being proscribed by EO 14168 and the Implementing Memoranda." The two cases therefore arise from the same underlying event (Executive Order 14168's provisions prohibiting gender-affirming healthcare for individuals in BOP custody) and involve common factual issues.