UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**ALISHEA KINGDOM, et al.,**

                **Plaintiffs,**        Civil Action No. 1:25-cv-00691

v.

**DONALD J. TRUMP, et al.,**

                **Defendants.**

### DECLARATION OF CHRIS A. BINA
### ASSISTANT DIRECTOR OF THE HEALTH SERVICES DIVISION

I, Chris A. Bina, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby declare as follows relating to the above-titled matter:

1.    I am commissioned as a Rear Admiral (Upper Half) with the United States Public Health Service ("USPHS"). I received my commission from USPHS on May 22, 1991.

2.    In my capacity as a USPHS officer, I am detailed to the Federal Bureau of Prisons ("BOP" or "the Bureau") and serve as the Assistant Director of the Health Services Division, located at its central office in Washington, D.C. I have held this position since January 2023. Prior to my current position, I was the Acting Assistant Director of the Health Services Division for BOP.

3.    As part of my official duties, I have access to information maintained in the ordinary course of business by the Bureau, including inmate medical and mental health records.

4.    The information below is based upon information I received as part of my official duties.

**Executive Order 14168 and BOP's Implementation**

5. On January 20, 2025, the President issued Executive Order 14168. Section 4(c) of that Order provides that "[t]he Attorney General shall ensure that the Bureau of Prisons revises its policies concerning medical care to be consistent with th[e] [O]rder, and shall ensure that no Federal funds are expended for any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex." The Executive Order also requires that it "shall be implemented consistent with applicable law." Exec. Order § 8(b).

6. On February 28, 2025, I issued a memorandum for BOP's Chief Executive Officers stating that, consistent with the Executive Order, "no Bureau of Prisons funds are to be expended for any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex." The memorandum also stated that BOP would implement the Executive Order in a manner consistent with applicable law, including the Eighth Amendment.

7. Consistent with the Executive Order and the February 28 memorandum, the Bureau will continue to assess each inmate's medical needs on an individualized basis and provide any necessary care. The Bureau will also continue to provide mental health care to all inmates, including inmates who are diagnosed with gender dysphoria or gender incongruence. As of March 27, 2025, there are 1,028 inmates housed in BOP facilities and halfway houses who are diagnosed with gender dysphoria or incongruence.

**BOP's Provision of Medical and Mental Health Care**

8. Providing health care within a correctional environment presents unique challenges not encountered by practitioners elsewhere.

9.       The goal of the Bureau of Prisons Health Services Division is to deliver medically necessary health care to inmates effectively in accordance with proven standards of care without compromising public safety concerns inherent to the Bureau's overall mission. This is set forth in Program Statement 6010.05. (Attached as Exhibit 1).

10.      The Director of the Bureau's authority to provide for the healthcare and medical treatment of inmates has been delegated to the Assistant Director, Health Services Division (HSD). The Assistant Director, HSD is the recognized healthcare authority for the agency. The Assistant Director, HSD, in turn, has delegated to the Medical Director the medical oversight, guidance, and privileges for all clinical activities related to the physical and psychiatric care of inmates. Each BOP institution also has a clinical director, who is ultimately responsible for the oversight of the clinical care provided at the institution.

11.      BOP's policy regarding the provision of medical care to inmates is set forth in Program Statement 6031.05.

12       BOP's policy regarding the provision of mental health care to inmates is set forth in Program Statements 5310.16, 5310.17, 6010.03, and 6340.04.

13.      Each inmate is individually evaluated and given a treatment plan consistent with their medical needs. Patients with the same diagnosis may be offered different medical treatment based on the individual clinical need.

14.      BOP provides prescription medications to inmates. This has included, for some individuals, hormone medication. As of March 27, 2025, BOP is providing hormone medication to approximately 628 inmates with a diagnosis of gender dysphoria or gender incongruence.

15.      If inmates are taken off estrogen or testosterone treatments, they receive treatment for any symptoms they may experience as clinically indicated. The Bureau would monitor as

clinically indicated their hemopoietic, endocrine, renal, hepatic, and cardiovascular systems to assess the need for other medical interventions.

**Plaintiffs Kingdom, Kapule, and Nichols**

16. Inmate Alishea Kingdom is currently housed at the Federal Correctional Institution in Fairton, New Jersey, (FCI Fairton).

17. Inmate Kingdom is currently prescribed hormone medication. Kingdom's dosage of hormone treatment was briefly discontinued starting on February 12, 2025. Kingdom resumed hormone treatment after an individualized assessment was conducted on March 13, 2025.

18. During the period of time that Kingdom was removed from hormone therapy, Kingdom was monitored by the medical staff at FCI Fairton and was provided medication for anxiety. According to the Electronic Health Record, Kingdom also accessed BOP's psychology services.

19. Inmate Jasmine Kapule is currently housed at the Federal Correctional Institution in Waseca, Minnesota (FCI Waseca).

20. Inmate Jasmine Kapule is currently prescribed and continues to receive hormone medication. Kapule's hormone treatment has never been stopped.

21. Inmate Solo Nichols is currently housed at the Federal Correctional Institution in Tallahassee, Florida (FCI Tallahassee).

22. Inmate Solo Nichols is currently prescribed and continues to receive hormone medication.

23. Nichols' hormone treatment dosage was reduced briefly starting on February 12, 2025, but after an individualized assessment on February 26, 2025, hormone treatment was increased. At all times, Plaintiff Nichols has had access to BOP's psychology services.

24.     It is my opinion that Plaintiffs Kingdom, Kapule, and Nichols have received and are receiving medically necessary care.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 28, 2025                                          _____
                                                                CHRIS A. BINA