# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, et al., | Case No. 1:25-cv-00691-RCL |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |
| v. | |
| DONALD J. TRUMP, et al., | |
| Defendants. | |

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................II

II.   ARGUMENT ...................................................................................................... 2

   A.   The Proposed Class Meets the Requirements of Rule 23(a)................................ 2

   B.   The Proposed Class Meets the Requirements of Rule 23(b). ............................. 7

      1.   Rule 23(b)(1)(A) ........................................................................ 8

      2.   Rule 23(b)(1)(B) ...................................................................... 10

      3.   Rule 23(b)(2)............................................................................ 11

III.  CONCLUSION.................................................................................................. 14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adair v. England*,
    209 F.R.D. 5 (D.D.C. 2002).................................................................................8

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)..............................................................................7, 11

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*,
    568 U.S. 455 (2013)..................................................................................12

*Ashker v. Governor of State of California*,
    No. C 09-5795 CW, 2014 WL 2465191 (N.D. Cal. June 2, 2014)..........................8

*Azor-El v. City of New York*,
    No. 20 CIV. 3650 (KPF), 2024 WL 4326921 (S.D.N.Y. Sept. 27, 2024)................14

*Banks v. Booth*,
    459 F. Supp. 3d 143 (D.D.C. 2020).......................................................................9

*Brown v. Plata*,
    563 U.S. 493 (2011)..............................................................................4, 9

*Butler v. Suffolk Cnty.*,
    289 F.R.D. 80 (E.D.N.Y. 2013).......................................................................6, 13

*Chief Goes Out v. Missoula Cnty.*,
    No. 12 Civ. 155, 2013 WL 139938 (D. Mont. Jan. 10, 2013)...............................6

*Clement v. California Dep't of Corr.*,
    364 F.3d 1148 (9th Cir. 2004)...........................................................................9

*Coleman v. Wilson*,
    912 F. Supp. 1282 (E.D. Cal. 1995)....................................................................10

*Davis v. United States Parole Comm'n*,
    No. 1:24-CV-01312 (TNM), 2025 WL 457779 (D.D.C. Feb. 11, 2025) .................3

*Estelle v. Gamble*,
    429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)..............................................4

*Eubanks v. Billington*,
    110 F.3d 87 (D.C. Cir. 1997).........................................................................14

*Fields v. Smith*,
    653 F.3d 550 (7th Cir. 2011) ...................................................................9

*Franklin v. Barry*,
    909 F. Supp. 21 (D.D.C. 1995) ...........................................................8, 10

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982) ...............................................................................7

*Gray v. Cnty. of Riverside*,
    No. EDCV 13-00444-VAP, 2014 WL 5304915 (C.D. Cal. Sept. 2, 2014) ......................10, 11

*Helling v. McKinney*,
    509 U.S. 25 (1993) ................................................................................6

*Hernandez v. Lynch*,
    No. EDCV1600620JGBKKX, 2016 WL 7116611 (C.D. Cal. Nov. 10, 2016),
    *aff'd sub nom. Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017)....................................11

*Hilton v. Wright*,
    235 F.R.D. 40 (N.D.N.Y. 2006)...............................................................10

*Hughes v. Judd*,
    No. 12 Civ. 568, 2013 WL 1821077 (M.D. Fla. Mar. 27, 2013) *report and
    recommendation adopted as modified*, No. 12 Civ. 568, 2013 WL 1810806
    (M.D. Fla. Apr. 30, 2013) .......................................................................6

*Indiana Prot. & Advocacy Servs. Comm'n v. Comm'r, Indiana Dep't of
    Correction*,
    No. 08 Civ. 1317, 2012 WL 6738517 (S.D. Ind. Dec. 31, 2012) ...........................6

*Ingles v. City of New York*,
    No. 01 Civ. 08279, 2003 WL 402565 (S.D.N.Y. Feb. 20, 2003) ...........................10

*Kress v. CCA of Tennessee, LLC*,
    694 F.3d 890 (7th Cir. 2012) ...................................................................7

*Lightfoot v. District of Columbia*,
    273 F.R.D. 314 (D.D.C. 2011)..................................................................13

*Loughrin v. United States*,
    573 U.S. 351 (2014)...............................................................................9

*Nez Perce Tribe v. Kempthorne*,
    No. CV 06-2239 (JR), 2008 WL 11408458 (D.D.C. Dec. 1, 2008) .......................13

*Postawko v. Missouri Dep't of Corr.*,
    910 F.3d 1030 (8th Cir. 2018) ..................................................................5

*Postawko v. Missouri Dep't of Corr.*,
No. 2:16-CV-04129-NKL, 2017 WL 3185155 (W.D. Mo. July 26, 2017) ................... 2, 5, 13

*R.I.L-R v. Johnson*,
80 F. Supp. 3d 164 (D.D.C. 2015) ................................................................................... 3, 11

*Robinson v. Labrador*,
747 F. Supp. 3d 1331 (D. Idaho 2024) ............................................................................ 5, 6, 12

*Rosas v. Baca*,
No. 12 Civ. 428, 2012 WL 2061694 (C.D. Cal. June 7, 2012) (Pregerson, J.) ........................ 6

*Rouse v. Plantier*,
182 F.3d 192 (3d Cir. 1999) ........................................................................................... 6

*Sabata v. Nebraska Dep't of Corr. Servs.*,
337 F.R.D. 215 (D. Neb. 2020) ....................................................................................... 7

*Shook v. Bd. of Cnty. Commissioners of Cnty. of El Paso*,
543 F.3d 597 (10th Cir. 2008) (Gorsuch, J.) .................................................................. 9, 14

*DG ex rel. Stricklin v. Devaughn*,
594 F.3d 1188 (10th Cir. 2010) ..................................................................................... 14

*Yates v. Collier*,
868 F.3d 354 (5th Cir. 2017) ......................................................................................... 5, 9

**Statutes**

18 USC sec. 3626(a)(1)(A) ............................................................................................... 8, 9

**Other Authorities**

Fed. R. Civ. P.
1 ............................................................................................................................................ 2
23 .................................................................................................................................. 1, 2, 12
23(a) ............................................................................................................................. *passim*
23(a)(2) ........................................................................................................................... 6
23(a)(3) ........................................................................................................................... 7
23(a)(4) ........................................................................................................................... 7
23(b) .............................................................................................................................. 1, 7
23(b)(1) ......................................................................................................................... 1, 7, 14
23(b)(2) ........................................................................................................................ *passim*
23(b)(1)(A) .................................................................................................................... 8, 10
23(b)(1)(B) .................................................................................................................... 10, 11

# I.    INTRODUCTION

Defendants' opposition to Plaintiffs' motion for class certification fails to rebut Plaintiffs' showing that the requirements of Fed. R. Civ. P. 23 are satisfied.  First, Defendants argue that Plaintiffs cannot meet the Rule 23(a) requirements of commonality and typicality because medical needs are inherently individual.  This argument fails because it ignores the fact that class certification does not require that all class members suffer a factually identical injury.  Here, all legal and factual questions revolve around the same core policy, the class members share a common injury, and all class members' claims can be resolved through the relief sought.  Plaintiffs challenge the system-wide practice of prohibiting gender-affirming health care to transgender people in BOP facilities, not individual medical determinations made with respect to any individual class member. For the same reason, Defendants' argument that the presence of an Eighth Amendment claim defeats class certification also fails, because it is not the individual circumstances of any individual class member at issue, but the risk of harm posed to *all* class members by EO 14168's instruction to deny gender-affirming health care regardless of medical need, resulting in the same constitutional injury.

Defendants also contend that Plaintiffs have not met the requirements for class certification under Rule 23(b).  But Defendants' only argument against certification under Rule 23(b)(1) is the incorrect assertion that the Prison Litigation Reform Act ("PLRA") limits injunctive relief only to the named Plaintiffs.  In fact, courts have uniformly held that the PLRA does not preclude injunctive relief on a class-wide basis, and certification is appropriate under Rule 23(b)(1) for the reasons explained below and in Plaintiffs' Motion.  As for Rule 23(b)(2), Defendants argue that the "individualized assessments" provided to class members and the presence of Plaintiffs' Eighth Amendment claims preclude certification under this subsection.  But courts have repeatedly rejected identical arguments.  One court even observed that a case like this one, in which "a group

of prisoners seeks to challenge the constitutionality of a prison policy is so well suited for Rule 23(b)(2) class treatment that the leading class-action and federal-practice treatises both use it as the exemplar of a case fitting within that subsection." *Postawko v. Missouri Dep't of Corr.*, No. 2:16-CV-04129-NKL, 2017 WL 3185155, at *14 (W.D. Mo. July 26, 2017) (citing 1 H. Newberg & A. Conte, Newberg on Class Actions § 4.34 (5th ed. 2016 update) and Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1776 (3d ed. 2017 update)).

In sum, Plaintiffs meet all of the requirements for class certification under Rule 23. Plaintiffs seek injunctive relief that prohibits Defendants from enforcing EO 14168 as applied to BOP medical care and accommodations for individuals in BOP custody, prohibits Defendants from enforcing the Implementing Memoranda, and requires Defendants to provide Plaintiffs and putative class members gender-affirming health care in accordance with BOP policy and practice as they existed immediately prior to EO 14168. Under these circumstances, class certification is not only permissible; it is the most just, speedy, inexpensive, and efficient way to resolve legal claims shared by the hundreds of people in the proposed class and to spare the district courts the burden of a multitude of individual lawsuits. *See* Fed. R. Civ. P. 1.

## II.    ARGUMENT

### A.    The Proposed Class Meets the Requirements of Rule 23(a).

Defendants argue that the proposed class fails to satisfy Rule 23(a)'s requirements of commonality, typicality, and adequacy because "whether any medication or accommodation must be provided to an inmate to address a serious medical need" requires individualized determinations and will vary depending on the specific circumstances and medical needs of proposed class members. ECF 36 at 33.[1] This betrays a fundamental misunderstanding of Plaintiffs' claims. This

---

[1] When referring to Defendants' response brief, Plaintiffs use the pagination supplied by ECF.

case does not challenge the treatment provided to any individual Plaintiff based on his or her medical needs; it challenges a blanket policy prohibiting certain treatments *regardless* of individual medical need.  An action challenging the lawfulness of that systemwide policy is uniquely suited to class certification.

Courts in this Circuit hold that commonality and typicality requirements are met where, like here, "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members."  *Davis v. United States Parole Comm'n*, No. 1:24-CV-01312 (TNM), 2025 WL 457779, at *5 (D.D.C. Feb. 11, 2025) (internal quotation marks omitted); *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 181 (D.D.C. 2015) (provisionally certifying a class where a uniform "unlawful [immigration] detention policy aimed at deterring mass migration" applied to all class members); *DL v. District of Columbia*, 302 F.R.D. 1, 12 (D.D.C. 2013), *aff'd*, 860 F.3d 713 (D.C. Cir. 2017) (finding commonality and typicality "where plaintiffs allege[d] widespread wrongdoing by a defendant because [of] a uniform policy or practice that affects all class members").  In *Wal-Mart Stores v. Dukes*, the Supreme Court made clear that even in fact-intensive workplace discrimination cases, commonality and typicality are met when a company "operated under a general policy of discrimination." 564 U.S. 338, 353 (2011).

Contrary to Defendants' assertion, the presence of an Eighth Amendment claim in this case in no way renders it inappropriate for class-wide resolution.  Defendants argue that "Plaintiffs' Eighth Amendment claim turns on objective and subjective factors, including whether an inmate has a serious medical need, whether a prison official knew about that need, and whether the official recklessly disregarded an excessive risk of harm," and that "accordingly, the 'truth or falsity' of any putative class members' contention that he or she has been denied care to address a serious medical need could not possibly be resolved" on a class-wide basis.  ECF 36 at 33.  Again, this

argument is premised upon a fundamental misunderstanding of Plaintiffs' claim, and has been repeatedly rejected by courts.

In *Brown v. Plata*, 563 U.S. 493 (2011), the Supreme Court explained the distinction between challenges to the medical care received by an individual incarcerated person, and challenges to systemwide policies of the kind at issue in this case:

> Because plaintiffs do not base their case on deficiencies in care provided on any one occasion, this Court has no occasion to consider whether these instances of delay—or any other particular deficiency in medical care complained of by the plaintiffs—would violate the Constitution under *Estelle v. Gamble,* 429 U.S. 97, 104–105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), if considered in isolation. Plaintiffs rely on systemwide deficiencies in the provision of medical and mental health care that, taken as a whole, subject sick and mentally ill prisoners in California to "substantial risk of serious harm" and cause the delivery of care in the prisons to fall below the evolving standards of decency that mark the progress of a maturing society.

563 U.S. at 505 n.3.

Thus, in *Parsons v. Ryan,* the Ninth Circuit affirmed the district court's decision to certify a statewide class of plaintiffs consisting of people incarcerated in Arizona's prison system who claimed they were subject to Eighth Amendment violations stemming from numerous statewide policies and practices governing medical care, mental health care, dental care, and conditions of confinement.  754 F.3d 657 (9th Cir. 2014).  Like here, the defendants in *Parsons* argued that the proposed class did not satisfy commonality or typicality because "Eighth Amendment healthcare . . . claims are inherently case specific and turn on many individual inquiries," which is "an insurmountable hurdle for a commonality finding."  *Id*. at 675.  The Ninth Circuit rejected that argument, explaining that the government's treatment of the plaintiffs' claims "as little more than an aggregation of many claims of individual mistreatment" was a misunderstanding.  *Id*. at 676. The plaintiffs' allegation, the court explained, was that the state's policies exposed *all* incarcerated

people to a substantial risk of serious harm, a claim that "is firmly established in our constitutional law." *Id.*

Defendants' argument was also squarely rejected in *Postawko v. Missouri Dep't of Corr.*, 910 F.3d 1030 (8th Cir. 2018). In *Postawko*, three people incarcerated in Missouri state prisons sought class certification for claims that the Missouri Department of Corrections violated the Eighth Amendment by providing inadequate medical screening and care for chronic Hepatitis C infections. The district court granted class certification and the Eighth Circuit affirmed. Like the defendants here and in *Parsons*, the defendants in *Postawko* argued that the plaintiffs could not show commonality and typicality because "the unique medical condition of each member of the class means that resolving their claims will require a 'highly individualized' inquiry." *Id.* at 1038. But, like the Ninth Circuit in *Parsons*, the Eighth Circuit rejected that argument, reasoning that even though the class members might suffer different physical symptoms, the defendants' alleged conduct exposed "all inmates suffering from chronic [Hepatitis C] to the *same unconstitutional injury*." *Id.* (emphasis added); *see also Yates v. Collier*, 868 F.3d 354, 362–63 (5th Cir. 2017) (affirming class certification even where no two incarcerated class members had "the exact same risk" of harm from exposure to high temperatures because the relevant policy regarding heat-mitigation measures was alleged to pose an unconstitutional risk of serious harm to all class members).

*Robinson v. Labrador*, 747 F. Supp. 3d 1331 (D. Idaho 2024), is also instructive. In that case, which is strikingly similar to this one, two transgender women incarcerated in Idaho Department of Corrections facilities brought an Eighth Amendment challenge to a state statute prohibiting "the use of public funds on medical interventions—surgical or otherwise—that 'alter[] the appearance of an individual in order to affirm the individual's perception of the individual's

sex in a way that is inconsistent with the individual's biological sex[.]'" *Id*. at 1338. The court found that the commonality and typicality requirements were met regardless of the varying "individual medical circumstances of each inmate" and certified a class consisting "of all incarcerated persons in the custody" of the Idaho Department of Corrections "who are, or will be diagnosed with Gender Dysphoria, and are receiving, or would receive hormone therapy proscribed under" the statute at issue. *Id*. at 1345-47, 1351.

It is well established that the Eighth Amendment protects against future harm, *Helling v. McKinney*, 509 U.S. 25, 33 (1993), and plaintiffs can prove an Eighth Amendment violation by showing that they were exposed to a substantial risk of serious future harm to which prison officials were deliberately indifferent. *Parsons,* 754 F.3d at 678. As the *Parsons* court observed, "a clear line of precedent, stretching back long before *Wal–Mart* and unquestionably continuing past it, firmly establishes that when inmates provide sufficient evidence of systemic and centralized policies or practices in a prison system that allegedly expose all inmates in that system to a substantial risk of serious future harm, Rule 23(a)(2) is satisfied." *Id*. at 684.[2] The cases cited by Defendants do not support their position that class certification is inappropriate here. *Rouse v. Plantier*, 182 F.3d 192, 194, 198 (3d Cir. 1999), in fact, supports Plaintiffs' position, because in that case the district court "certified a class consisting of all former, present, and future insulin-dependent diabetics incarcerated at the ADTC, pursuant to Federal Rule of Civil Procedure 23(a)

---

[2] S*ee also id.* at 681-82 (citing *Chief Goes Out v. Missoula Cnty*., No. 12 Civ. 155, 2013 WL 139938, at *5 (D. Mont. Jan. 10, 2013)); *Butler v. Suffolk Cnty*., 289 F.R.D. 80, 98 (E.D.N.Y. 2013); *Hughes v. Judd*, No. 12 Civ. 568, 2013 WL 1821077, at *23 (M.D. Fla. Mar. 27, 2013) *report and recommendation adopted as modified*, No. 12 Civ. 568, 2013 WL 1810806 (M.D. Fla. Apr. 30, 2013); *Rosas v. Baca*, No. 12 Civ. 428, 2012 WL 2061694, at *3 (C.D. Cal. June 7, 2012) (Pregerson, J.); *Indiana Prot. & Advocacy Servs. Comm'n v. Comm'r, Indiana Dep't of Correction*, No. 08 Civ. 1317, 2012 WL 6738517, at *18 (S.D. Ind. Dec. 31, 2012)).

and 23(b)(2)."  In the decision cited by Defendants, the sole issue was whether defendants were entitled to qualified immunity; class certification was not at issue.  And while *Kress* and *Sabata* did involve decisions on class certification, in both cases the proposed class and claims were far broader and more diverse than are at issue here, and did not involve challenges to a single written policy that applied uniformly to all members of the proposed class, as is the case here.  *See Kress v. CCA of Tennessee, LLC*, 694 F.3d 890 (7th Cir. 2012) (holding that district court did not abuse discretion in denying class certification based on lack of typicality, where proposed class comprised all people incarcerated at a county jail and claim challenged inadequate provision of medical care rather than a single generally applicable policy); *Sabata v. Nebraska Dep't of Corr. Servs.*, 337 F.R.D. 215 (D. Neb. 2020) (declining to certify class comprising the entire Nebraska prison population where plaintiffs alleged inadequate provision of medical, dental, and mental health care, failure to accommodate disabilities, and inhumane conditions of confinement).[3]

B.    **The Proposed Class Meets the Requirements of Rule 23(b).**

While Plaintiffs are only required to meet one of the requirements of Rule 23(b), here Plaintiffs have clearly met the requirements of both Rule 23(b)(1) and (b)(2).  Each subsection, 23(b)(1)(A), 23(b)(1)(B), and 23(b)(2), provides an independent basis for certifying the class.

---

[3] Defendants do not separately challenge Plaintiffs' showing of typicality under Rule 23(a)(3).  For the reasons set forth above and in Plaintiffs' opening brief (ECF 8 at 10-11), Plaintiffs satisfy the typicality requirement.  *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) ("The commonality and typicality requirements of Rule 23(a) tend to merge").  Defendants' argument that Plaintiffs cannot meet Rule 23(a)(4)'s adequacy requirement fails for the same reasons. Defendants argue that because Plaintiffs' medical needs are unlikely to be identical to any of the putative class members, they cannot adequately represent the class, citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997) for the proposition that a class representative must have the same "injury" as the class members.  Here, that requirement is satisfied because the Plaintiffs and proposed class members all face the same legal injury—an unconstitutional risk of harm from the challenged policy.  *See Falcon*, 457 U.S. at 158 n.13 (commonality and typicality "tend to merge with the adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest").

1.    **Rule 23(b)(1)(A)**

Certification under Rule 23(b)(1)(A) is appropriate if the prosecution of separate actions by individual members of the class would create the risk of "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). The proposed class meets this requirement because if each of the 2,000-plus people incarcerated in BOP facilities who have been or may be diagnosed with gender dysphoria filed suit individually, there is a risk that each individual case would impose a different standard on Defendants. *See*, *e.g., Ashker v. Governor of State of California*, No. C 09-5795 CW, 2014 WL 2465191, at *7 (N.D. Cal. June 2, 2014) (certifying under Rule 23(b)(1)(A) prisoner class claiming prison policy violated the Eighth Amendment to avoid risk of inconsistent judgments); *Franklin v. Barry*, 909 F. Supp. 21, 31 (D.D.C. 1995) (same); *see also Adair v. England*, 209 F.R.D. 5, 12 (D.D.C. 2002) ("Rule 23(b)(1)(A) certification is appropriate when the class seeks injunctive or declaratory relief to change an alleged ongoing course of conduct that is either legal or illegal as to all members of the class.").

Defendants' sole argument against certification under Rule 23(b)(1)(A) is that there is no risk of inconsistent adjudications because the Prison Litigation Reform Act ("PLRA") requires that any injunctive relief be limited to the named Plaintiffs. ECF 36 at 36. That is wrong. Defendants rely for this claim on 18 USC sec. 3626(a)(1)(A), which provides that prospective relief "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." But as Defendants concede, preliminary injunctive relief is governed by sec. 3626(a)(2), which does not include the "particular plaintiff or plaintiffs" language, requiring only that relief shall "extend no further than necessary to correct the harm the court finds requires preliminary relief." "[W]hen Congress includes particular language in one

section of a statute but omits it in another—let alone in the very next provision—this Court presumes that Congress intended a difference in meaning." *Loughrin v. United States*, 573 U.S. 351, 358 (2014) (internal quotation marks, brackets omitted).

Even if the "particular plaintiff or plaintiffs" language applied to the instant motion – and it does not – that language has never been construed to bar class-wide relief in appropriate cases. Indeed, in *Brown v. Plata*, the Supreme Court found that a class-wide grant of injunctive relief satisfied the "particular plaintiff or plaintiffs" requirement. 563 U.S. at 531-32. *See also Fields v. Smith*, 653 F.3d 550, 558-59 & n. 4 (7th Cir. 2011) (rejecting contention that district court violated "particular plaintiff or plaintiffs" requirement by enjoining Wisconsin's Inmate Sex Change Prevention Act in its entirety, although no class was certified); *Clement v. California Dep't of Corr.*, 364 F.3d 1148, 1152-54 (9th Cir. 2004) (similar); *Banks v. Booth*, 459 F. Supp. 3d 143, 161-63 (D.D.C. 2020) (granting class-wide temporary restraining order in putative class action challenging jail conditions without ruling on class certification motion). The PLRA does not require that preliminary injunctive relief be limited to the named Plaintiffs.[4]

Contrary to Defendants' unsupported assertion, it is easy to imagine separate challenges to the EO leading to inconsistent results. An action by Prisoner A could lead to a holding that the EO is unconstitutional on its face and a permanent injunction against its enforcement; a separate action by Prisoner B could result in a holding that the EO is constitutional. Thus, separate actions

---

[4] Relatedly, citing no case law, Defendants assert that the PLRA's restrictions on prospective relief, 18 U.S.C. sec. 3626(a)(1)(A), bar class certification. ECF 36 at 11. This is also wrong; it is settled law that "any reference at the class certification stage to the PLRA's limitations on the district court's ability to grant relief [is] error." *Shook v. Bd. of Cnty. Commissioners of Cnty. of El Paso*, 543 F.3d 597, 613 (10th Cir. 2008) (Gorsuch, J.). *Accord Yates*, 868 F.3d at 369 ("The text of Section 3626(a)(1)(A) plainly says nothing at all about class actions or the requirements for class certification"); *id.* at 371 ("We hold that Section 3626(a)(1)(A) does not alter the requirements for certifying a class action under Rule 23(b)(2).").

could easily "create a risk of inconsistent adjudications, thus establishing incompatible standards of conduct for [BOP] personnel." *Franklin*, 909 F. Supp. at 31. This "specter of inconsistency . . . is sufficient to satisfy Rule 23(b)(1)(A)." *Id.*

### 2.    Rule 23(b)(1)(B)

Certification under Rule 23(b)(1)(B) is appropriate when prosecuting "separate actions by or against individual class members would create a risk of … adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests."  Fed. R. Civ. P. 23(b)(1)(B).  As discussed in Plaintiffs' Motion for Class Certification, the proposed class meets this requirement because the class seeks injunctive relief that, if granted, would affect the rights of similarly situated potential plaintiffs who are affected by the same systemwide policies.

Rule 23(b)(1)(B) "may be applied outside the 'limited fund' context, and in particular has been applied in actions by prisoners challenging the conditions of their confinement." *Gray v. Cnty. of Riverside*, No. EDCV 13-00444-VAP, 2014 WL 5304915, at *38 (C.D. Cal. Sept. 2, 2014) (holding that certification of prisoner class challenging inadequate provision of medical care was appropriate under 23(b)(1)(B)); *see also Hilton v. Wright,* 235 F.R.D. 40, 53 (N.D.N.Y. 2006) (certifying prisoner class challenging prison's Hepatitis C treatment policy under 23(b)(1)(B)); *Ingles v. City of New York,* No. 01 Civ. 08279, 2003 WL 402565, at *8 (S.D.N.Y. Feb. 20, 2003) (certifying prisoner class challenging prison's use-of-force policy and seeking injunctive relief under 23(b)(1)(B)); *Coleman v. Wilson,* 912 F. Supp. 1282, 1293 (E.D. Cal. 1995) (certifying prisoner class challenging prison's mental health care policies under 23(b)(1)(B)).

Again, Defendants' sole argument against certification under Rule 23(b)(1)(B) is that under the PLRA, injunctive relief in any action must be limited to the named plaintiffs only.  Therefore,

Defendants argue, adjudication of Plaintiffs' claims would not impair other class members' rights. ECF 36 at 37. As explained above, this contention is meritless. But even if the Court were to limit injunctive relief to the named Plaintiffs, it would, as a practical matter, impair the rights of potential plaintiffs affected by the same policies. "If the Plaintiffs do not succeed on their claims, the ability of future plaintiffs to challenge the same practice will be inhibited under stare decisis." *Gray*, 2014 WL 5304915, at *38; *see also, e.g. Hernandez v. Lynch*, No. EDCV1600620JGBKKX, 2016 WL 7116611, at *20 (C.D. Cal. Nov. 10, 2016), *aff'd sub nom. Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017) (finding requirements of Rule 23(b)(1)(B) met as to class of incarcerated plaintiffs because "an adjudication on the merits of individual actions challenging the policies and practices at issue would affect nonparty members of the Proposed Class [who] are also subject to those policies or practices"). Hence, Plaintiffs' proposed class also satisfies Rule 23(b)(1)(B).

### 3.    Rule 23(b)(2)

"Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of Rule 23(b)(2) class actions. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *see also* Fed. R. Civ. P. 23(b)(2) advisory committee's note to 1966 amendment ("[A]ctions in the civil-rights field" are considered paradigmatic Rule 23(b)(2) class actions). Rule 23(b)(2)'s requirements are satisfied when, as here, members of a proposed class seek uniform injunctive and declaratory relief from policies and practices that are generally applicable to the class as a whole. *R.I.L-R*, 80 F. Supp. 3d at 182. Defendants do not, and cannot, dispute that EO 14168 and the Implementing Memoranda apply to the entire class, but try to avoid Rule 23(b)(2) by claiming that "BOP has not acted on grounds generally applicable to all class members" as it "conducts individualized assessments to address the medical needs of inmates in its custody." ECF 36 at 39. But Plaintiffs are not challenging BOP's individualized assessments—they are challenging EO 14168 and the Implementing Memoranda that *prohibit* such individualized

11

assessments by imposing blanket bans on gender-affirming health care. To the extent that BOP is currently providing hormone therapy to some members of the class, it has done so explicitly in response to litigation, and the undisputed evidence shows that prisoners have been informed that such treatment will stop once the supply of the medication runs out. *See* Reply in Support of Plaintiff's Motion for a Preliminary Injunction, to Stay Agency Action, and for Provisional Class Certification ("PI Reply"), Sections I.A–B. Further, although Defendants point to the fact that Plaintiffs are currently receiving hormone therapy, Defendant Bina's declaration notably says nothing about how long BOP will continue providing hormones to people currently receiving them. *Id*.; ECF 36-1 (Bina Decl.). Defendants also concede that BOP will no longer provide "any medical procedure, treatment, or drug 'for the purpose of conforming an inmate's appearance to that of the opposite sex.'" ECF 36 at 29; *see also* PI Reply Section I.A. This policy—which categorically bans gender affirming health care—applies to the entire proposed class.[5]

Defendants also argue that Plaintiffs' Eighth Amendment claim defeats certification under Rule 23(b)(2) because "whether any Eighth Amendment violation occurred will turn on an individualized inquiry into the factual circumstances of each putative class member." ECF 36 at 39. As discussed above, that misunderstands the nature of Plaintiffs' Eighth Amendment claim and ignores that multiple courts have certified classes under Rule 23(b)(2) in cases involving Eighth Amendment claims in which plaintiffs are challenging the constitutionality of a prison policy. *See e.g.*, *Robinson,* 747 F. Supp. 3d at 1348–49 (certifying Rule 23(b)(2) class of incarcerated persons in Idaho who would be receiving hormone therapy but for state statute

---

[5] The Court should reject Defendants' attempt to defeat class certification by arguing disputed facts that go to the merits. "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).

prohibiting it, in case involving Eighth Amendment claims); *Parsons*, 754 F.3d at 686 ("[F]ollowing Rule 23(b)(2)'s text and purpose, courts have repeatedly invoked it to certify classes of inmates seeking declaratory and injunctive relief for alleged widespread Eighth Amendment violations in prison systems."); *Postawko*, 2017 WL 3185155, at *14 (noting that application of Rule 23(b)(2) to class of prisoners challenging "customs or policies dictating the way that the entire putative class's [specific health condition] [wa]s treated generally" was "well recognized"); *Butler v. Suffolk Cnty.*, 289 F.R.D. 80, 101 (E.D.N.Y. 2013) (certifying Rule 23(b)(2) class of prisoners alleging systemic Eighth Amendment violations).

Unlike the Rule 23(b)(2) cases cited by Defendants, Plaintiffs' proposed class does not have the sorts of "various fractures" that "fundamentally undermine" the cohesiveness requirement. *See Lightfoot v. District of Columbia*, 273 F.R.D. 314, 329-35 (D.D.C. 2011) (distinguishing, in proposed class of former D.C. employees suing in connection with termination of their disability benefits, between members who varied as to (1) whether they had received pre-deprivation notice or post-deprivation notice, (2) the amount of notice provided, (3) the reasons for termination of benefits, (4) the type of benefits they received, (5) the extension of benefits pending reconsideration of termination decisions, (6) the reasons for their termination of benefits, and (7) whether they were granted access to their case files). Although the circumstances of every class member's gender dysphoria diagnosis and *specific* needs for gender affirming health care may differ, the *general* need for access to constitutionally adequate health care—which the EO and implementing memoranda disallow by prohibiting the only evidence-based treatments for gender dysphoria, *see* ECF 7-2 (Karasic Decl.) ¶¶ 28-29; Karasic Suppl. Decl.¶ 7—does not.

Plaintiffs seek neither monetary damages "to be allocated based on individual injuries," *Nez Perce Tribe v. Kempthorne*, No. CV 06-2239 (JR), 2008 WL 11408458, at *6 (D.D.C. Dec. 1,

2008) (citing *Eubanks v. Billington*, 110 F.3d 87, 95 (D.C. Cir. 1997)), nor "fundamentally incohesive" relief based on "their unique medical conditions." *Azor-El v. City of New York*, No. 20 CIV. 3650 (KPF), 2024 WL 4326921, at *12 (S.D.N.Y. Sept. 27, 2024).  Nor do Plaintiffs attempt to avoid "individual issues" by formulating relief at "a stratospheric level of abstraction." *Shook v. Bd. of Cnty. Commissioners of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008).[6] Rather, the injunctive relief sought by Plaintiffs—seeking to (1) enjoin Defendants from enforcing the EO and implementing memoranda and (2) require Defendants to provide and continue providing the class with care in accordance with BOP policy and practice as they existed immediately prior to the EO—is "indivisible" and applies to every member of the class equally. *Wal-Mart*, 564 U.S. at 360.

### III.    CONCLUSION

The Court should certify the proposed Class under Rule 23(a) and 23(b)(1) and/or 23(b)(2), appoint the Individual Plaintiffs as Class Representatives, and appoint the undersigned as Class Counsel.

---

[6] The *Shook* court affirmed the denial of class certification on abuse of discretion review, but took pains to add "we very well may have made a different decision had the issue been presented to us as an initial matter."  543 F.3d at 603.  In any event, *Shook*'s discussion of Rule 23(b)(2) has been criticized, *see Parsons*, 754 F.3d at 689 n.35, and appears to have been largely confined to its facts by the Tenth Circuit, which subsequently affirmed (b)(2) certification of a statewide class of approximately 10,000 children in foster care.  *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1192 (10th Cir. 2010).

Dated: April 4, 2025

Respectfully submitted,

David C. Fathi† (*pro hac vice*)
Maria V. Morris, D.C. Bar. No. 1697904
Elisa C. Epstein† (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org
† *Not admitted in D.C.; practice limited to federal courts.*

*/s/ Michael Perloff*
Michael Perloff, D.C. Bar No. 1601047
Aditi Shah, D.C. Bar No. 90033136††
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: 202-457-0800
mperloff@acludc.org
ashah@acludc.org
†† *Admission to DDC Bar pending*

Corene T. Kendrick (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org

Shawn Thomas Meerkamper**
Megan Z. F. Noor**
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Tel: 510-587-9696
shawn@transgenderlawcenter.org
megan@transgenderlawcenter.org

Li Nowlin-Sohl (*pro hac vice*)
(admitted only in Washington state)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, DDC Bar ID 120840
James D. Esseks*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

Lynly S. Egyes (*pro hac vice*)
Milo Inglehart (*pro hac vice*)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Tel: 510-587-9696
lynly@transgenderlawcenter.org
milo@transgenderlawcenter.org

\* *Pro hac vice application forthcoming.*
\*\* *Pro hac vice application pending*
*Counsel for plaintiffs and the proposed class*

15