UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALISHEA KINGDOM, *et al.*,

    *Plaintiffs*,

v.

DONALD J. TRUMP, *et al.*,

    *Defendants*.

Case No. 1:25-cv-691-RCL

## ORDER

Upon consideration of Plaintiffs' Motions for a Preliminary Injunction, to Stay Agency Action, and for Rule 23 Class Certification, any oppositions and replies thereto, and the entire record herein,

It appearing to the Court that Plaintiffs are likely to succeed on the merits of their action, that they will suffer irreparable injury if the requested relief is not issued, and that the balance of the equities and public interest favor the entry of such an order,

And it further appearing to the Court that the proposed class satisfies the requirements of Fed. R. Civ. P. 23 in that the class is sufficiently numerous, satisfies the commonality, typicality, and adequacy requirements, and that Plaintiffs' counsel are qualified to serve as class counsel for the certified class, and that the proposed class should therefore be certified, it therefore is

**ORDERED** that Plaintiffs' motions are **GRANTED**. It is further

**ORDERED** that this case is certified as a class action on behalf of all persons who are or will be incarcerated in the custody of BOP facilities, with a current medical diagnosis of gender dysphoria or who receive such a diagnosis in the future. It is further

1

**ORDERED** that Plaintiffs' counsel, from the American Civil Liberties Union, Transgender Law Center, and the attorneys at the American Civil Liberties Union Foundation of the District of Columbia, are hereby appointed as counsel for the Plaintiff Class. It is further

**ORDERED** that both the February 21, 2025 memorandum from BOP Reentry Services Division Acting Assistant Director Dana R. DiGiacomo and Correctional Programs Division Assistant Director Shane Salem and the February 28, 2025 memorandum from BOP Health Services Division Assistant Director Chris A. Bina implementing Executive Order 14168 (the "Implementing Memoranda") are stayed pursuant to 5 U.S.C. § 705. It is further

**ORDERED** that Defendants Pamela J. Bondi, William W. Lothrop, Christopher A. Bina, Dana R. DiGiacomo, and Shane Salem, in their official capacities, and their contractors, employees, and agents (i) are enjoined from enforcing Executive Order 14168 as applied to medical hormone therapy and social accommodations for people in the custody of the BOP and from enforcing the BOP's memoranda implementing Executive Order 14168, and (ii) shall provide and continue providing Plaintiffs and members of the class gender-affirming hormone therapy and social accommodations in accordance with BOP policy and practice in effect immediately prior to Defendant Trump's issuance of Executive Order 14168 on January 20, 2025. It is further

**ORDERED** that this injunction shall be effective upon service on the Defendants, and no bond shall be required.

In accordance with the Prison Litigation Reform Act, the Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). The plaintiffs have shown a substantial likelihood of success on their claims that implementation of Section 4(c) and the Implementing Memoranda to the class members

2

is or would be unlawful and is causing or would cause them immediate, irreparable harm. Because applying Section 4(c) or the Implementing Memoranda to the class members would cause such serious and irreparable harm, a preliminary injunction preventing such implementation as to the class members is necessary to correct the harm and is the least intrusive means necessary to do so. Furthermore, because this preliminary injunction prevents the implementation of only Section 4(c) of the Executive Order and the accompanying Implementing Memoranda, and the plaintiffs have demonstrated a likelihood of success on the merits and immediate, irreparable harm if a preliminary injunction is not entered to enjoin that implementation, this Order extends no further than necessary to correct the harm that requires this preliminary relief.

Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief and has given substantial weight to such impacts. After this consideration, the Court has concluded and so finds that no adverse impacts on public safety or the operation of the criminal justice system will result from maintaining the status quo of the plaintiff class members' medical care while this litigation proceeds.

**IT IS SO ORDERED.**

Date: June __3__, 2025

                                                             Royce C. Lamberth
                                                             United States District Judge