IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALISHEA KINGDOM, *et al.*,

    Plaintiffs,

v.

DONALD J. TRUMP, *et al.*,

    Defendants.

Civil Docket No. 1:25-cv-691

## ANSWER

Defendants hereby answer Plaintiffs' Complaint (Mar. 7, 2025), ECF No. 1, refiled at ECF No. 3.

### INTRODUCTION

1. Defendants admit that Plaintiffs are currently incarcerated in the custody of the Federal Bureau of Prisons ("BOP"). Defendants admit that BOP providers have diagnosed Plaintiffs with gender dysphoria. Defendants admit that BOP has provided Plaintiffs with certain medical interventions and so-called "accommodations." Defendants deny the remaining allegations in this paragraph.

2. This paragraph sets forth a medical opinion, to which no response is required. To the extent a response is deemed required, denied.

3. Defendants admit that BOP previously had clinical guidance on the treatment of gender dysphoria and respectfully refer the Court to those documents for a complete and accurate statement of its contents. Defendants deny any allegation inconsistent therewith.

1

4. Defendants admit that Plaintiffs have been diagnosed with gender dysphoria by BOP clinicians, have been prescribed hormone interventions, and have been provided "accommodations." Defendants deny the remaining allegations in this paragraph.

5. Defendants lack knowledge or information sufficient to form a belief about the "relief from the distress of gender dysphoria" Plaintiffs allegedly experienced. As to their mental health, Defendants respectfully refer the Court to Plaintiffs' medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith. To the extent a response is deemed required to the allegations in paragraph 5, denied.

6. Defendants respectfully refer the Court to Executive Order 14168 of January 20, 2025, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8,615 (Jan. 30, 2025), for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

7. Defendants admit that the Federal Bureau of Prisons issued a memo titled "Compliance with Executive Order 'Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government'" that is dated February 21, 2025. Defendants further admit that BOP issued a memo titled "Executive Order 14168 Compliance" that is dated February 28, 2025. Defendants respectfully refer the Court to the cited memoranda for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

8. Denied.

9. Denied.

10. This paragraph consists of Plaintiffs' characterization of the lawsuit and legal conclusions, to which no response is required. To the extent an answer is required, denied. Defendants

specifically deny that BOP has instituted a "blanket ban . . . without any individualized medical determination."

11. This paragraph sets forth Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief they seek or to any other relief in this action.

## JURISDICTION AND VENUE

12. This paragraph consists of a legal conclusion, to which no response is required.

13. This paragraph consists of a legal conclusion, to which no response is required.

## PARTIES

### Class of Incarcerated People

14. This paragraph consists of Plaintiffs' characterization of their action, to which no response is required. To the extent that a response is required, denied.

15. The allegations in this paragraph consist of Plaintiffs' characterization of their class definition, to which no response is required. To the extent that a response is required, denied.

16. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, denied.

17. The first sentence of this paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, denied. Defendants deny the allegations in the second sentence of the paragraph.

18. Defendants lack knowledge or information sufficient to form a belief about the first sentence of this paragraph and deny the remaining allegations in this paragraph.

19. This paragraph contains legal conclusions, to which no response is required. To the extent a response is required, denied.

20. The first sentence of this paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, denied. Defendants admit that all members of the proposed class are trans-identifying inmates who have been diagnosed by BOP clinicians with gender dysphoria. Defendants deny the remaining allegations in this paragraph.

21. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, denied.

22. Admitted.

23. The first sentence of this paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, denied. Defendants admit that BOP has issued memoranda implementing EO 14168. Defendants deny the remaining allegations in this paragraph.

**Named Plaintiffs**

24. Defendants admit that Plaintiff Alishea Sophia Kingdom is 34 years old, was diagnosed with gender dysphoria by BOP medical providers, and is incarcerated at FCI Fairton. Defendants admit that Plaintiff Kingdom has received hormone interventions in BOP custody and has been receiving certain female-designated clothing and commissary items. Defendants admit that Plaintiff Kingdom's hormone interventions were temporarily stopped on January 26, 2025 but have since been resumed. The final sentence of this paragraph sets forth a medical opinion, to which no response is required. To the extent a

response is deemed required, denied. Defendants deny the remaining allegations in this paragraph.

25. Defendants admit that Plaintiff Solo Nichols is 40 years old, was diagnosed with gender dysphoria by certain medical providers, and is incarcerated at FCI Tallahassee. Defendants admit that Plaintiff Nichols has had access to certain "accommodations" while in BOP custody and has been prescribed hormone interventions by BOP health care providers since 2021. Defendants admit that Plaintiff Nichols received a half-dose of medication on February 12, 2025, but has since received the full dosage of hormone medication. Defendants lack knowledge or information sufficient to form a belief as to whether Nichols has "been receiving mixed messages about when his hormone therapy will be ended." The final sentence of this paragraph sets forth a medical opinion, to which no response is required. To the extent a response is deemed required, denied. Defendants deny the remaining allegations in this paragraph.

26. Defendants admit that Plaintiff Jas Kapule is 35 years old, was diagnosed with gender dysphoria by BOP medical providers, and is incarcerated at FCI Waseca. Defendants admit that Plaintiff Kapule has received hormone interventions and certain "accommodations" while in BOP custody. Defendants admit that, as of the date of the Complaint, Plaintiff Kapule could no longer receive a chest binder through laundry services or purchase binders or boxers at the commissary. Defendants lack knowledge or information sufficient to form a belief as to whether unspecified "BOP staff" told Kapule that "once his testosterone prescription runs out he will not receive any additional hormone treatments." The final sentence of this paragraph sets forth a medical opinion, to which no response is required.

To the extent a response is deemed required, denied. Defendants deny the remaining allegations in this paragraph.

**<u>Defendants</u>**

27. Defendants deny that President Trump is responsible for overseeing the implementation of EO 14168 and admit the remaining allegations in this paragraph.

28. Defendants admit that Attorney General Bondi oversees the Department of Justice, including BOP, and that she is sued in her official capacity. Defendants deny the remaining allegations in this paragraph.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

## FACTUAL ALLEGATIONS

33. Denied.

34. Defendants admit that some people identify as a gender that does not match their sex but otherwise deny the allegations in this paragraph, including footnote 4.

35. This paragraph sets forth a medical opinion, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations.

36. Defendants respectfully refer the Court to the definition of Gender Dysphoria in the fifth edition of the *Diagnostic and Statistical Manual of Mental Disorders* (the "DSM-5") for a full and accurate content of the definition in DSM-5.

37. This paragraph sets forth a medical opinion, to which no response is required. To the extent a response is deemed required, admitted.

38. Denied.

39. Defendants admit that the identified organizations have issued purported guidelines for the treatment for gender dysphoria. Defendants deny the remaining allegations.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. This paragraph sets forth a medical opinion, to which no response is required. To the extent a response is deemed required, Defendants lack information or knowledge sufficient to form a belief as to the allegations.

46. Defendants respectfully refer the Court to the cited BOP medical care policy for a complete and accurate statement of the policy and deny any allegations inconsistent therewith.

47. Defendants admit that until EO 14168, BOP provided interventions for gender dysphoria consistently with BOP's prior Clinical Guidance on gender dysphoria. Defendants deny the remaining allegations in this paragraph.

48. Defendants respectfully refer the Court to the June 2023 and December 2016 clinical guidance for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

49. *See* ¶ 48 *supra*.

50. Defendants respectfully refer the Court to the clinical guidance for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

51. Defendants respectfully refer the Court to the clinical guidance for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

52. See ¶ 48 *supra*.

53. Defendants respectfully refer the Court to the Transgender Offender Manual for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

54. Defendants respectfully refer the Court to the Transgender Offender Manual for a complete and accurate statement of its contents, including its discussion of the Transgender Executive Council, and deny any allegations inconsistent therewith.

55. Admitted.

56. Defendants respectfully refer the court to Executive Order 14168 for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

57. *See* ¶ 56 *supra*.

58. *See* ¶ 56 *supra*.

59. *See* ¶ 56 *supra*.

60. *See* ¶ 56 *supra*.

61. *See* ¶ 56 *supra*.

62. *See* ¶ 56 *supra*.

63. Defendants admit that BOP removed the Transgender Offender Manual from its website on or about January 31, 2025 and deny the remaining allegations.

64. Admitted.

65. Defendants admit that BOP issued a memorandum on February 21, 2025 implementing Executive Order 14168. Defendants respectfully refer the Court to the February 21, 2025 memorandum for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

66. Admitted.

67. Defendants respectfully refer the Court to the February 21 and 28 memoranda as to the addressees for those memoranda. To the extent the plaintiffs' reference to a February 25, 2025 memorandum is not a typographical error, Defendants deny the existence of such a memo concerning the subject matter of this suit. Defendants deny the remaining allegations in this paragraph.

68. Defendants admit that Plaintiff Alishea Sophia Kingdom is 34 years old, is incarcerated at FCI Fairton, has been incarcerated since 2014, and has a potential release date of 2028. Defendants deny the remaining allegations in this paragraph.

69. Defendants lack information or knowledge necessary to affirm or deny the allegations in this paragraph.

70. Defendants lack information or knowledge necessary to affirm or deny the allegations in this paragraph.

71. Defendants lack information or knowledge necessary to affirm or deny the allegations in this paragraph.

72. Defendants admit that BOP clinicians diagnosed Plaintiff Kingdom with gender dysphoria in 2016, that Plaintiff Kingdom received hormone interventions, and that Plaintiff Kingdom was able to access certain commissary items. Defendants deny the remaining allegations in this paragraph.

73. Defendants respectfully refer the Court to Plaintiffs' medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

74. Defendants admit hormone interventions were stopped for Plaintiff Kingdom briefly from February 12, 2025, to March 13, 2024 and deny the remaining allegations in this paragraph.

75. Defendants lack knowledge as to what unidentified FCI-Fairton staff might have told Plaintiff Kingdom. To the extent a response is required, denied.

76. Defendants lack information or knowledge as to Plaintiff Kingdom's alleged "harm." As to the remaining allegations in this paragraph, Defendants respectfully refer the Court to Plaintiffs' medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

77. Defendants deny the allegations in the first three sentences, and Defendants lack information or knowledge necessary to affirm or deny the last sentence.

78. Defendants admit that Plaintiff Solo Nichols is incarcerated at FCI-Tallahassee. Defendants deny the remaining allegations in this paragraph.

79. Admitted.

80. Defendants lack information or knowledge necessary to affirm or deny the allegations in this paragraph.

81. Defendants admit that Plaintiff Nichols had access to commissary items and otherwise deny the remaining allegations in this paragraph.

82. Admitted.

83. Defendants lack information or knowledge as to the treatments that Plaintiff Solo Nichols received before entering BOP custody. As to the remaining allegations in this paragraph,

Defendants respectfully refer the Court to Plaintiffs' medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

84. Admitted.

85. Defendants admit that Plaintiff Solo Nichols received a reduced dose of testosterone on February 12, 2025. Defendants lack information or knowledge sufficient to admit or deny the remaining allegations in this paragraph.

86. Defendants admit that Plaintiff Solo Nichols' testosterone treatment was initially decreased but was increased on February 26, 2025 after an individualized assessment. Defendants lack information or knowledge sufficient to admit or deny the remaining allegations in this paragraph. To the extent a response is required, denied.

87. Defendants lack information or knowledge sufficient to admit or deny what unidentified staff informed Plaintiff Nichols. To the extent a response is required, denied.

88. Denied.

89. Defendants admit that Plaintiff Jas Kapule is incarcerated at FCI-Waseca, is 35 years old, has been incarcerated since 2020, and anticipates being incarcerated until July 25, 2028. Defendants deny the remaining allegations in this paragraph.

90. Defendants lack information or knowledge necessary to affirm or deny the allegations in this paragraph.

91. Defendants respectfully refer the Court to Plaintiffs' medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

92. Defendants lack information or knowledge to admit or deny the allegations in this paragraph. To the extent a response is required, denied.

93. Defendants lack information or knowledge to admit or deny the allegations in this paragraph, except to admit that BOP issued a policy on February 21, 2025 concerning commissary items and clothing "accommodations." Defendants respectfully refer the Court to that policy document for a full and accurate description of its contents and deny any allegations inconsistent therewith.

94. Defendants admit the first sentence of this paragraph. Defendants deny the second sentence of this paragraph.

95. Defendants lack information or knowledge to admit or deny the allegations in this paragraph.

## CLAIMS FOR RELIEF

### COUNT 1

96. This paragraph sets forth legal conclusions to which no response is required. To the extent that a response is deemed required, denied.

97. Defendants admit that Plaintiffs have been diagnosed with gender dysphoria and deny the remaining allegations in this paragraph.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

### COUNT 2

104. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

105. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

106. Denied.

107. Defendants respectfully refer the Court to Executive Order 14168 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

108. Denied.

109. Denied.

110. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

111. Denied.

112. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

113. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

## COUNT 3

118. Admitted.

119. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

120. Admitted.

121. As to the first two sentences, Defendants respectfully refer the Court to Executive Order 14168 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the third sentence.

122. Denied.

123. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

### COUNT 4

124. Defendants respectfully refer the Court to 5 U.S.C. §§ 500–596, 706 for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

125. Admitted.

126. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

127. Denied.

128. Denied.

129. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

### COUNT 5

130. Defendants respectfully refer the Court to 5 U.S.C. §§ 500–596, 706 for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

131. Admitted.

132. This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

133. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

134. Denied.

135. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

136. Denied.

137. Denied.

### PRAYER FOR RELIEF

Plaintiffs' prayer for relief requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or to any relief.

\* \* \*

Defendants deny any allegation not expressly admitted or denied herein.

### AFFIRMATIVE DEFENSES

Plaintiffs have failed to state a claim on which relief can be granted.

Plaintiffs have failed to exhaust their administrative remedies.

Plaintiffs' requested relief would violate the Prisoner Litigation Reform Act.

Dated: June 24, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *Alexander J. Yun*
ALEXANDER J. YUN
ELIZABETH B. LAYENDECKER
M. JARED LITTMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 674-0255
Alex.Yun@usdoj.gov

*Counsel for Defendants*