## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, et al.,<br><br>               Plaintiffs,<br><br>     v.<br><br>DONALD J. TRUMP, et al.,<br><br>               Defendants. | Case No. 1:25-cv-00691-RCL<br><br>**QUALIFIED PROTECTIVE ORDER** |

      Upon the parties' Joint Motion (Doc. 73) and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order, and **ORDERS** as follows:

      1.     The parties and their attorneys, and any future parties and their attorneys, in the above-captioned litigation are hereby authorized to receive, subpoena, and transmit "protected health information" (or "PHI") pertaining to members of the class certified on June 3, 2025 ("Plaintiff class members"), ECF No. 67, 68, to the extent and subject to the conditions outlined herein.

      2.     For the purposes of this Order, "protected health information" or "PHI" shall have the same meaning as defined in the Health Insurance Portability and Accountability Act, 45 C.F.R. §§ 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

1

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Plaintiff class members, to attorneys representing Plaintiff class members and Defendant(s) in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiff class members only for the purposes of prosecuting or defending this action, including any appeals of this case, and for any action related to the enforcement or monitoring of any injunction or other relief obtained in this litigation. This includes, but is not necessarily limited to, disclosure to their attorneys, non-attorney staff employed by counsel of record, experts or consultants retained by the parties, the Court and Court personnel, court reporters or stenographers, copy services, and other entities or persons involved in the litigation process.

5. Any use of protected health information or any other documents or discovery at trial shall be governed by a separate agreement or order to be determined at the time of trial.

6. Before being given access to protected health information received from an opposing party or a third party, each person listed in Paragraph 4 (other than counsel for the parties, the Court, and Court personnel) shall be advised of the terms of this Order, and shall agree in writing to be bound by the Agreement by signing a document substantially similar to Exhibit A hereto. Counsel for the parties shall maintain a list of all persons to whom they or their client(s) have provided any protected health information, and that list shall be available for inspection by the Court and opposing counsel, by order of the Court.

7. Except as authorized in the following subparagraphs, protected health information respecting one class member shall not be disclosed to or discussed with any other class member, except after order of the Court, consent of opposing counsel, or failure of opposing counsel to object in writing after ten (10) calendar days' notice of intent to make the specific disclosure.

Protected health information pertaining to a class member may be shown to and reviewed by that person if:

    a.    The protected health information is material contained in the respective Plaintiff class member's medical records, and does not contain any written or verbal statement regarding the health care of any other incarcerated patient; or

    b.    The respective Plaintiff class member is the originator of the protected health information (i.e. a written statement of that particular patient).

8.    This Order does not control or limit the use of protected health information pertaining to a Plaintiff that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

9.    Nothing in this Order authorizes counsel for Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

10.    The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Order does not automatically entitle them to file protected health information under seal; Civil Local Rule 5.1(h) sets forth the procedures that must be followed and the standards applied when a party seeks permission from the Court to file material under seal. The Court will make a good cause determination for filing under seal if and when the parties seek to file any Plaintiff class member's protected health information under seal. *See* LCvR 5.1(h).

11. Nothing in this Order is intended to prevent Defendants or their employees or agents from having access to protected health information to which they have access in the normal course of their official duties. The designation of documents provided by the Defendants as confidential information shall not be construed to restrict the right of Defendants to use such information in the ordinary course of operation of its correctional institutions, or in the provision of care and custody to people incarcerated in such institutions. Nothing in this order shall limit any Plaintiff class member's or other party's right to disclose to any person, or use for any purpose, their own information and documents.

12. Nothing in this Order waives any objection related to any document.

13. The provisions of this Order are without prejudice to the right of any party:

   a. To apply to the Court for a modification of this Order or further protective orders relating to discovery in this litigation;

   b. To apply to the Court for an order removing the confidential information designation from any document. In any dispute regarding the confidentiality of any document, the party asserting its confidentiality shall have the burden of proof;

   c. To object to a discovery request; or

   d. To apply to the Court for an order compelling production of documents or compelling an answer to a discovery request.

14. By stipulating to this Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney client privilege or other applicable privilege, the work product doctrine, relevance, or any other protection, law, or regulation, or to

4

seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

15. The provisions of this Order shall remain in full force and effect until further order of this Court.

Dated the ____ day of July, 2025.

_____
Hon. Royce C. Lamberth
United States District Judge

# EXHIBIT A

I have read the Qualified Protective Order in *Kingdom v. Trump*, Case No. 1:25-cv-00691-RCL. I understand and agree to be bound by and abide by its terms. I agree that all protected health information provided to me in this matter is to be treated as confidential. I further consent to be subject to the jurisdiction of the United States District Court for the District of Columbia for the purposes of any proceeding for contempt.

Date: _____    _____
                                              Signature

                                              _____
                                              Printed Name