IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>              Defendants. | Case No. 1:25-cv-00691-RCL<br><br>**PLAINTIFFS' MOTION FOR RENEWED PRELIMINARY INJUNCTION** |

      Under Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1, named Plaintiffs and the certified Plaintiff class respectfully move the Court to issue a renewed preliminary injunction for a 90-day time period from September 1, 2025, to November 30, 2025. Plaintiffs rely on the concurrently filed memorandum of points and authorities, and other documents filed in this action. Pursuant to Local Civil Rule 7(m), undersigned counsel affirms that they conferred with opposing counsel about this motion. Counsel for Defendants stated: "Defendants oppose the relief sought in this motion, pursuant to Local Rule 7(m), because under the PLRA, preliminary injunctions 'automatically expire on the date that is 90 days after its entry.' Defendants do not plan on filing any further opposition." *See* Declaration of Corene Kendrick, Ex. 1.

      As the legal and factual issues are identical to Plaintiffs' prior motion, ECF No. 7, Plaintiffs believe a hearing is unnecessary; but if the Court desires one, respectfully request it be scheduled on an expedited basis. The current injunction (ECF No. 67) expires on September 1, 2025.[1]

---

[1] If the Court does not rule before September 1 it may still renew the preliminary injunction to run for 90 days from the date of a new order's entry. *Alloway v. Hodge*, 72 F.App'x 812, 817 (10th Cir. 2003) (unpublished) (affirming renewal of injunction that expired months earlier); *see also Porretti v. Dzurenda*, Case No. 2:17-cv-01745-RFB-DJA, 2020 WL 6834234, *1 (D. Nev. Aug. 31 2020) (granting second injunction after defendants' noncompliance with and expiration of first one), *aff'd*, 11 F.4th 1037, 1052 (9th Cir. 2021).

| | |
|---|---|
| Dated: August 8, 2025 | Respectfully submitted, |
| | |
| Michael Perloff, D.C. Bar No. 1601047<br>Aditi Shah, D.C. Bar No. 90033136<br>ACLU FOUNDATION OF THE DISTRICT OF COLUMBIA<br>529 14th Street NW, Suite 722<br>Washington, D.C. 20045<br>Tel: 202-457-0800<br>mperloff@acludc.org<br>ashah@acludc.org | /s/ Corene T. Kendrick<br>Corene T. Kendrick (*pro hac vice*)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>425 California St., Ste. 700<br>San Francisco, CA 94104<br>Tel: 202-393-4930<br>ckendrick@aclu.org |
| Li Nowlin-Sohl (*pro hac vice*)<br>Leslie Cooper (*pro hac vice*)<br>Shana Knizhnik, DDC Bar ID 120840<br>James D. Esseks (*pro hac vice*)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: 212-549-2500<br>lnowlin-sohl@aclu.org<br>lcooper@aclu.org<br>sknizhnik@aclu.org<br>jesseks@aclu.org | David C. Fathi (*pro hac vice*) *<br>Maria V. Morris, D.C. Bar. No. 1697904<br>Elisa C. Epstein (*pro hac vice*) *<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>915 15th Street, N.W.<br>Washington, D.C. 20005<br>Tel: 202-393-4930<br>dfathi@aclu.org<br>mmorris@aclu.org<br>eepstein@aclu.org<br>*Not admitted in D.C.; practice limited to federal courts.* |
| Shawn Thomas Meerkamper (*pro hac vice*)<br>Megan Z. F. Noor (*pro hac vice*)<br>TRANSGENDER LAW CENTER<br>P.O. Box 70976<br>Oakland, CA 94612<br>Tel: 510-587-9696<br>shawn@transgenderlawcenter.org<br>megan@transgenderlawcenter.org | Lynly S. Egyes (*pro hac vice*)<br>Milo Inglehart (*pro hac vice*)<br>TRANSGENDER LAW CENTER<br>594 Dean Street, Suite 11<br>Brooklyn, NY 11238<br>Tel: 510-587-9696<br>lynly@transgenderlawcenter.org<br>milo@transgenderlawcenter.org |
| | *Counsel for Plaintiff Class* |