IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALISHEA KINGDOM, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 1:25-cv-00691-RCL

## ORDER GRANTING PLAINTIFFS' MOTION FOR RENEWED PRELIMINARY INJUNCTION

This Court entered a preliminary injunction in this case on June 3, 2025. ECF No. 67. This injunction will expire on September 1, 2025. 18 U.S.C. § 3626(a)(2) (preliminary relief "shall automatically expire on the date that is 90 days after its entry unless the court . . . makes the order final before the expiration of the 90-day period.").

On August 8, 2025, Plaintiffs moved for the Court to renew this preliminary injunction, providing the same relief as the June 3, 2025 injunction, to run from September 1 to November 30, 2025. ECF No. 78. Counsel for Defendants stated on August 8, 2025 that they "oppose the relief sought in this motion, pursuant to Local Rule 7(m), because under the PLRA, preliminary injunctions 'automatically expire on the date that is 90 days after its entry.' Defendants do not plan on filing any further opposition." ECF No. 78-2, Ex. 1.

There are no newly discovered factual circumstances that necessitate a reassessment of this Court's prior holding that the Plaintiffs have met their burden for preliminary injunctive relief or that require a reevaluation of that relief. Furthermore, district courts—including this one—regularly renew or extend preliminary relief for additional 90-day periods under the Prison Litigation Reform Act while litigation on the merits of a case continue. *See Doe v.*

*Bondi*, Case No. 1:25-cv-286-RCL, 2025 WL 1607094 at *1 (D.D.C. May 15, 2025); *Smith v. Edwards*, 88 F.4th 1119, 1125 (5th Cir. 2023) ("Though a preliminary injunction entered under the PLRA otherwise automatically expires ninety days after entry, the injunction may be extended by the district court if it makes the requisite findings."); *Mayweathers v. Newland*, 258 F.3d 930, 936 (9th Cir. 2001) ("Nothing in the statute limits the number of times a court may enter preliminary relief. ... the provision simply imposes a burden on plaintiffs to continue to prove that preliminary relief is warranted.").

Therefore, upon consideration of Plaintiffs' Motion for Renewed Preliminary Injunction, ECF No. 78, it is **ORDERED** that Plaintiffs' Motion is **GRANTED**; and it is further

**ORDERED** that the Defendants are enjoined from implementing Section 4(c) of Executive Order 14168 against any class member in this action, as defined at ECF No. 67 at 27, for the period from September 1, 2025 to November 30, 2025; and it is further

**ORDERED** that BOP is required to restore and maintain access to those treatment modalities for those who previously received them pursuant to a prescription rendered by BOP staff. If BOP medical personnel subsequently determine that an existing or future class member is in need of either or both of these treatment modalities, the BOP may not take those treatment options off the table while this dispute is pending.

In accordance with the Prison Litigation Reform Act, the Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). The Plaintiffs and the certified class have shown a substantial

likelihood of success on their claims that Defendants' implementation of Section 4(c) of the Executive Order as to them would be unlawful and is causing or will cause them immediate, irreparable harm. Because applying Section 4(c) to the Plaintiffs and the certified class would cause this serious and irreparable harm, a preliminary injunction is necessary to correct the harm and is the least intrusive means to do so. Furthermore, because this preliminary injunction only prevents the implementation of those sections of the Executive Order for which Plaintiffs have demonstrated a likelihood of success on the merits and irreparable harm, this injunction extends no further than necessary to correct the harm. Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief and has given substantial weight to such impacts. After this consideration, the Court concludes and finds that no adverse impact on public safety or the operation of the criminal justice system will result from maintaining the status quo while this litigation proceeds.

**IT IS SO ORDERED.**

Date: August 20, 2025

12:45 p.m.

Hon. Royce C. Lamberth
United States District Judge