## Motion Of Advisement In Regards To Summary Judgement

RE: **Kingdom v Trump,** #1:25cv691-RCL

Comes Now,

The plaintiff in the above style case, to inform the court that A Motion For Summary Judgement is being prepared, in part, to the court.

The plaintiff will present document evidence that the Bureau of Prisons has <u>not</u> implemented the Court's order in <u>document 68</u>.

Separate motion for Civil Comtempt Of Court & sanctions against Bureau staff will be forthcoming.

RESPECTFULLY SUBMITTED,

_____        8-18-25
Carla Keys, #22458-017                 Date

## Motion To Amend or Supplement pleading

Re **Kingdom v Trump,** Case Number 1:25cv691

**Comes Now,**

The plaintiff in the above styled case, petitions the Honorable Court, pursuant to FRCP 7(b)(1)(A) and FRCP 15(A)(2)(d), to allow the plaintiff to amend or supplement the issue previously raised in her MOTION TO INTERVENE filed before the court on July 8, 2025.

The plaintiff seeks the court's leave to ad two new claims to her original petition. The plaintiff had been preparing to file a Habeas Corpus §2241 in the Fifth circuit regarding this other claim, but in hindsight has realised, that that venue may not be proper to file such a new claim in as this one.

The Suxpreme Court recently ruled that district courts may not issue "nationwide" preliminary injunctions. The plaintiff has not been able to preview that ruling and is uncertain if the Fifth circuit could of granted such a nationwide injunction against the BOP in a §2241 petition. It is the plaintiffs [now] understanding, that in a class action, the court can issue a nationwide preliminary injunction as the court has done in the Kingdom case.

### The Two new claims

This new claim raised issue, was previously raised in the plaintiffs MOTION TO INTERVENE on page 3 and involving Exhibits 2,3,4. as the "missing" section 5 of CFR 28 §542.14.(d)(5) that the Bureau has excluded from the DOJFBOP PROGRAM STATEMENTS.

On or about June 18 2010, §542.14(d) was amended to include the section "5".

Yet since that time, 15+ years ago the Bureau's Office of General Counsel at the Central Office level, have done everything possible,

(1)

to <u>not</u> make federal prisoners aware of section "5" and even refusing to publish it in the Bureau's PROGRAM STATEMENTS or in the Admissions & Orientation Inmate Handbook that is distributed to [all] prisoners & failing to even acknowledge the existence of the section "5".

In the plaintiffs first filing before the court, the plaintiff attached a BP-11 grievance raising the section 5 as the reason the grievance was filed at the Central Office level. Shortly thereafter, that grievance was returned unanswered & was filed to the court on July 19 2025, MOTION OF ADVISEMENT REGARDING EXHAUSTION.

On June 21, 2025, the plaintiff attempted to resolve the missing section 5 in yet another BP-11 grievance & raising another issue, the unavailability of grievance forms. **(Exhibit 1:1-4 )**

The missing section "5" has a long storied history before this court. The plaintiff had previously raised this issue, in part, in a BIVENS action before the District of Columbia court in 2022.

The plaintiff raised this issue in part, in a BIVEN action in the District of Columbia in 2022. **(Case No.: 22-539 (UNA)** In the interest of justice, the DC court transfrred that case to the Fifth Circuit-Northern District of Texas, as the proper venue to hear that matter.

The Fifth Circuit has a severe backlog of civil case before the court & if or when [my] civil action comes to fruitation, the plaintiff will sever the section 5 issue raised in that case.
**(Keys v Connors 3:24-cv-00112-E-BN)**

In that case, the plaintiff had filed a slew of BP-11 grievances envoking the section "5" as the reason for filing at the Central Office level. <u>All</u> were rejected by Bureau Staff and returned unanswered. Those grievances are not attached, but I will reference them in this filing.

(2)

In Exhibit F 1-4. in that Texas case, the court can see where I had filed on the very same issue (10-15-18) as the plaintiff raised in her 5-21-25 grievance!

In previous raised case law, the plaintiff has shown where Bureau prison officials have failed to provide the right of legal assistance or interference claims, citing **Bounds v Smith 439 US at 828)**

And where such results in "actual injury", by "frustration" or "impeding" the prisoner from filing a non-frivolous claim about her criminal conviction or sentence or the conditions of his prison confinement. (citing **Lewis v casey, 518 U.S. at 353-355)**

Clearly, Bureau staff of the Central Office/Office of General Counsel, have repeatedly tried to "thwart" the plaintiff and by "mispresentation", and such attempts by Bureau staff make the Administrative Remedy Procedure "unavailable" in this illicit scheme to defraud prisoners of their constitutional rights of access to the courts & in exhausting the Prison Litigation Reform act (PLRA). (citing **Ross v Blake, at 643-644)**

Bureau Staff have engaged in an illegal "conspiracy" to defraud prisoners of their constitutional right of access to the courts.

Under District of Columbia caselaw;

> The elements of civil conspiracy are:(1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner,(3) and an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) pursuant to, & in furtherance of, the common scheme. **Griva v Davison, 637 A.2d 830,848 (D.C. 1994)**

Further, the Bureau is in violation of Title 18 USC §242, Deprivation of Rights Under Color of Law and mail fraud, using the Postal Services to defraud in violation of Title 39 USC §3661(a).

(3)

The second issue I raised in the rejected BP-11 grievance, I grieve the fact that I and other prisoners are having a difficult time in trying to get ahold of grievance forms. They are stored in the unit team area & are not accessiable after hours or when prisoners are locked down, et al. I offered a simple solution to resolve this unavailability of a denial to obtain the needed grievance forms from staff...Place these grievance forms within the unit officers station & then the prisoner would have nearly (24) hour access and use to exhaust as per the Prison Litigation Reform Act requirements.

**Accordingly,**

The plaintiff prays the court will allow her to amend her original pleading (MOTION TO INTERVENE) & ad this additional (2) new claims and grant the following;

1. Enjoin and restrict the defendant's from denying prisoners the right of access to section "5" of CFR 28 §542.14(d)(5) and;

2. Order the Bureau of Prisons staff to publish the section "5" into the United States DOJFBOP PROGRAM STATEMENTS, and:

3. Order the Bureau to publish the missing section "5" into every copy of the Admissions & Orientation Inmate Handbook that is distributed to prisoners at every Bureau facility upon arrival;

4. Order the Bureau to post the courts order in the TRULINCS electronic bulletin board for prisoners to preview, and

5. Order the Bureau to post hard copies of the courts order pertaining to the issues raised here, post in the prison law library & on the bulletin boards in every prisoner housing unit; and

6. Order the Bureau to place all grievance forms, the Informal Resolution form (BP-8) & the BP-9, BP-10 & Bp-11grievance within the unit officers station to allow prisoner easier access to grievance forms.

(4)

7. Award compensatory and punitive monetary damages to all class members, damages in excess of $75,000.00, to all class members. An amount to be determined at a later date.

8. Grant any other relief the court deems necessary.

## Declaration

Persuant to 28 U.S.C. §1746;

I declare under penalty of perjury that the following is true and correct.

_____   8-18-25
Carla Keys #22458-017        Date
FCI i Oakdale
Po Box 5000
Oakdale, LA 71463

(5)