Exh 1

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 13, 2025

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : CLAY C KEYS, 22458-017
      OAKDALE I FCI   UNT: 3 GP   QTR: P02-124L
      P.O. BOX 5050
      OAKDALE,  LA 71463


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1243858-A1     CENTRAL OFFICE APPEAL
DATE RECEIVED   : JUNE 6, 2025
SUBJECT 1       : OTHER RECORDS MANAGEMENT
SUBJECT 2       : ADMINISTRATIVE REMEDY PROCEDURES
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT SUBMIT A COMPLETE SET (4 CARBONIZED
                 SHEETS) OF THE REQUEST (BP-9) OR APPEAL
                 (BP-10 OR BP-11) FORM.  (CIRCLE ONE)

REJECT REASON 2: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,   REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 3: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.


FCC OAKDALE
FCI I Warden's Office

JUN 27 2025

OAKDALE, LA

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Exh 1

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __Keys, Clay C__   __22458017__   __R-124I__   __Oakdale FCI I__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL** Note: I file this grievance based on the Code of Federal Regulations Title 28 §542.14(d)(5), this allows me to file the administrative remedy "not originating" from the warden and/or Regional Director. See Exhibit #1, Exceptions to initial filing at institution. This issue I grieve here, would of originated from the BOP Central Office in DC.

I grieve the fact that Central Office has failed to publish §542.14(d)(5) within the Program Statement. As you can see, section "5" is missing. (Exh 2) Section 5 is also missing from all the Orientation handbooks handed out to new arriving inmates. The BOP has purposefully hidden a section of the inmate administrative remedy procedure. This violates my First, fifth & Eighth Amendment rights & a denial of access to the courts. I request the Bureau publish the missing section "5" in Program Statements & in the Orientation handbooks given out to new arriving inmates.

Also, I grieve the fact that I & other inmates are having a hard time getting grievance forms from our Unit Team staff, due to delays, lock downs or after hours. A simple solution would be to have these forms (Informal, BP-9,BP-10 & BP-11) placed within the duty officer's station, whereby inmates would have almost (24) hour access to needed grievance forms. thank you for your prompt attention in resolving these two important issues.

__5-21-2025__   C Keys   __CKeys__
DATE   SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
JUN 0 6 2025
Administrative Remedies
Federal Bureau of Prisons

_____   _____
DATE   GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE   CASE NUMBER: _____

**Part C - RECEIPT**   CASE NUMBER: __1243858-A1__

Return to: _____   _____   _____   _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

_____   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
DATE

UPN LVN   BP-231(13)   JUNE 2002

Exh 1

Program Statements #1330.18 (Date 1-6-2014)

### d. Exceptions to Initial Filing at Institution

**(1) Sensitive Issues.** If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director. The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the Request at the institution. If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. The Warden shall allow a reasonable extension of time for such a resubmission.

**(2) DHO Appeals.** DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located.

See the Program Statement **Inmate Discipline Program**.

**(3) Control Unit Appeals.** Appeals related to Executive Panel Reviews of Control Unit placement shall be submitted directly to the General Counsel.

See the Program Statement **Control Unit Programs**.

**(4) Controlled Housing Status Appeals.** Appeals related to the Regional Director's review of controlled housing status placement may be filed directly with the General Counsel.

See the Program Statement **Procedures for Handling HIV Positive Inmates Who Pose Danger to Other.**

### 9. APPEALS § 542.15

**a. Submission.** An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in §542.14(b) of this part.

progstat                                    1

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

22458017

## Code of Federal Regulations Title 28 §542.14(d)(5)

**(4)** The inmate shall date and sign the Request and submit it to the institution staff member designated to receive such Requests (ordinarily a correctional counselor). CCC inmates may mail their Requests to the CCM.

### (d) Exceptions to Initial Filing at Institution.

**(1) Sensitive Issues.** If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director. The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the Request at the institution. If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. The Warden shall allow a reasonable extension of time for such a resubmission.

**(2) DHO Appeals.** DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located.

**(3) Control Unit Appeals.** Appeals related to Executive Panel Reviews of Control Unit placement shall be submitted directly to the General Counsel.

**(4) Controlled Housing Status Appeals.** Appeals related to the Regional Director's review of controlled housing status placement may be filed directly with the General Counsel.

**(5) Other requests for formal review of decisions not originating from the Warden.** Other than the exceptions listed above, formal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision, and appealed directly to the General Counsel.

**HISTORY:** [44 FR 62250, Oct. 29, 1979; 58 FR 58246, Oct. 29, 1993; 61 FR 86, 88, Jan. 2, 1996; 75 FR 34625, 34626, June 18, 2010]

**[EFFECTIVE DATE NOTE:**

75 FR 34625, 34626, June 18, 2010, added paragraph (d)(5), effective June 18, 2010.]

© 2025 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

22458017