IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, *et al.*, | |
| Plaintiffs, | |
| v. | Civ. A. No. 25-691 (RCL) |
| DONALD J. TRUMP, *et al.*, | |
| Defendants. | |

DEFENDANTS' MOTION FOR EXEMPTION PURSUANT TO LCvR 16.3(b)(1)

Defendants, by and through counsel, respectfully move to exempt this action from the duty to confer and discovery rules pursuant to LCvR 16.3(b)(1). Defendants recognize that Local Rule 16.3 does not contemplate such a motion. The proper procedure in this record-review case is for Defendants to produce the administrative record for the impending new policy once it is issued, *see infra* at 6, and after the administrative record is produced, should Plaintiffs believe an exception to the no-discovery rule applies, they can seek relief at that time, *see infra* at 3–5. Defendants attempted to fully present the parties' disagreement on this issue in the statement of September 9, 2025, but Plaintiffs refused. ECF No. 82. At Plaintiffs' insistence to brief the issue and in the interests of cooperation, Defendants submit this motion.

Under the Local Rules, there are two types of civil cases. *See* LCvR 16.3(b). The first type encompasses ten categories of cases, including "an action for review on an administrative record," where the duty to confer and the discovery rules "shall not apply." *Id*. The second type encompasses other civil cases that do not fall within the ten categories. *Id*. Here, Plaintiffs challenge the Federal Bureau of Prisons' ("BOP") "implementation of Executive Order 14168," (the "EO" or "EO 14168") which, according to Plaintiffs, "mandates an across-the-board ban on

1

. . . gender-affirming health care for individuals in BOP custody[.]" Compl. (ECF No. 1) ¶ 1; *see also, e.g., id.* ¶¶ 7, 8, 67. Thus, even assuming that Plaintiffs are challenging reviewable agency action, the BOP Policy implementing the EO 14168 would be the final agency action, for which "the focal point for judicial review should be on the administrative record." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Dep't of Comm. v. N.Y.*, 588 U.S. 752, 780 (2019) ("[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record."). And, under the Local Rules, "an action for review on an administrative record," like this one, is exempt from the duty to confer and the discovery rules. LCvR 16.3(b)(1). Plaintiffs' attempt to seek discovery in this exempt record-review case is misplaced, and the Court should grant this motion to confirm that Defendants' obligation is limited to producing the relevant administrative record for judicial review.

Importantly, the record-review principle is not disregarded just because Plaintiffs raise constitutional claims; judicial review under the Administrative Procedure Act ("APA"), after all, expressly includes claims that agency action is "contrary to constitutional right." 5 U.S.C. § 706(2)(B). Moreover, Plaintiffs' constitutional claims are just a reframing—and are alternative theories—of their APA claims. In Count 4, an APA claim, Plaintiffs allege:

> For the reasons described in the preceding [constitutional] claims, and incorporated here, BOP's policies and agency actions taken under EO 14168 are "contrary to constitutional right, power, privilege, or immunity," and therefore must be held unlawful and set aside. 5 U.S.C. § 706(2)(B). In particular, as detailed above, those actions violate the Eighth Amendment and the right to equal protection guaranteed by the Fifth Amendment of the Constitution.

Compl. (ECF No. 1) ¶ 129; *see also id.* at 26–29 (arbitrary and capricious APA claim). As with the APA claim, Plaintiffs' Eighth and Fifth Amendment claims challenge the substance of the BOP Policy. *See, e.g., id.* ¶¶ 98–103 (challenging, under Eighth Amendment, EO and BOP Policy's

2

"blanket prohibition" of medical treatment and accommodations); *id.* ¶¶ 104–17 (challenging EO and BOP Policy on equal protection grounds).

But Plaintiffs cannot avoid the record-review rule by separately pleading constitutional claims in addition to § 706(2)(B). Indeed, as this Court previously found, "Courts tend to restrict review of non-APA claims to the administrative record when they are brought in parallel to APA claims[.]" *Nat'l Ass'n of Postal Supervisors v. USPS*, Civ. A. No. 19-2236 (RCL), 2023 WL 5221367, at *4 (D.D.C. Aug. 15, 2023). *Cf. Validata Chem. Srvs. v. Dep't of Energy*, 169 F. Supp. 3d 69, 89 (D.D.C. 2016) (rejecting attempt to "reframe" an APA claim as a constitutional claim). In particular, "district courts have been hesitant to permit a plaintiff asserting a constitutional challenge to agency action to avoid the APA's bar on extra-record evidence." *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018), *aff'd*, 7 F.4th 1201, 1210 (D.C. Cir. 2021) (holding that the district court appropriately confined its review of the APA case with constitutional claims to the administrative record). This is so because "when a constitutional challenge to agency action requires evaluating the substance of an agency's decision made on an administrative record"— as is the case here—"that challenge must be judged on the record before the agency." *Id.*; *see also McCoy v. Spencer*, Civ. A. No. 16-1313 (CKK), 2019 WL 400615, at *11 (D.D.C. Jan. 31, 2019) (holding that plaintiff's constitutional claims that challenge "the substance and the merits" of agency action do not warrant discovery); *Chiayu Chang v. USCIS*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017) (holding that where a plaintiffs' constitutional claims "fundamentally overlap" with the APA claims, discovery is inappropriate). "The APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on statutory or constitutional deficiencies was entitled to broad-ranging discovery." *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I.

2004). "To hold otherwise, 'and allow fresh discovery, submission of new evidence and legal arguments' would 'incentivize every unsuccessful party to agency action to allege . . . constitutional violations' in order to 'trade in the APA's restrictive procedures for the more evenhanded ones of the Federal Rules of Civil Procedure.'" *Chiayu Chang*, 254 F. Supp. 3d at 161–62 (quoting *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1237–38 (D.N.M. 2014)).

This is especially true here because it is anticipated that the administrative record will fully inform whether the BOP Policy violates the Eighth Amendment. And if Plaintiffs are dissatisfied with the administrative record, they can move to add documents, if appropriate. *See City of Dania Beach Fed. Aviation Admin.*, 628 F.3d 581, 590–91 (D.C. Cir. 2010). Moreover, to the extent Plaintiffs argue that "discriminatory animus" requires discovery, they are incorrect. Here, rational basis review applies to the equal protection challenge in this case. *See United States v. Skrmetti*, 145 S. Ct. 1816, 1831 (2025) (rational basis review applies when the policy does not "prohibit conduct for one sex that it permits for the other"). Under the governing standard for reviewing allegations of animus when rational basis review applies, the BOP Policy must be upheld so long as it is not "impossible to discern a relationship to legitimate state interests" and the Policy is not "inexplicable by anything but animus." *Trump v. Hawaii*, 585 U.S. 667, 706 (2018). Applying that standard, no discovery would be warranted because the challenged policy could be supported by a conceivable set of facts that could provide a rational basis for the classification, without regard to "actual[] motiv[es]," on-the-record articulation, or "evidence or empirical data." *See F.C.C. v. Beach Commc'ns., Inc.*, 508 U.S. 307, 315 (1993); *see also Heller v. Doe by Doe*, 509 U.S. 312,

320 (1993) (holding that, under rational basis review, a policy "may be based on rational speculation unsupported by evidence or empirical data") (internal quotation marks omitted).[1]

Lest there be any doubt, there are only "a handful" of cases in which courts have allowed discovery on constitutional claims when the challenge is to the substance of an agency action, and even then, those cases involved requests for very minimal submissions outside the record. *Chiayu Chang*, 254 F. Supp. 3d at 162. *National Medical Enterprises., Inc. v. Shalala*, 826 F. Supp. 558 (D.D.C. 1993), for example, involved the addition of a single declaration to the administrative record. Likewise, in *Rydeen v. Quigg*, 748 F. Supp. 900 (D.D.C. 1990), "the court allowed plaintiffs to submit two additional affidavits not included in the administrative record, but that is a far cry from what plaintiffs seek here—fairly broad discovery, as a matter of course, into [the policy]." *Chiayu Chang*, 254 F. Supp. 3d at 162. Indeed, Plaintiffs have informed Defendants that they intend to seek the full range of written discovery, as well as fifteen fact-witness depositions and expert discovery—far from a declaration or two found appropriate in other cases from this District. Discovery is not permitted here because Plaintiffs' claims—constitutional or otherwise—require the court to evaluate "the substance" of the BOP Policy. *See Bellion Spirits*, 335 F. Supp. 3d at 43; *McCoy*, 2019 WL 400615, at *11.

That is, Plaintiffs' challenge must be judged on the administrative record alone, unless they can satisfy the narrow exceptions to the no-discovery rule. *See, e.g.*, *CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014) (noting that "narrow" exceptions to the record rule may exist when "the procedural validity of the agency's action remains in serious question . . . or the agency

---

[1] Plaintiffs have also alleged a Rehabilitation Act claim. But the claim would not require discovery either because "the Rehabilitation Act does not create a private right of action" to challenge agencies "acting as conductors of federal programs," i.e., for non-employment, non-funding actions. *Doe v. Spahn*, Civ. A. No. 23-2859 (CJN), 2025 WL 1305360, at *4 (D.D.C. May 6, 2025); *see also, e.g.*, *Mathis v. U.S. Parole Comm'n*, 749 F. Supp. 3d 8, 19 (D.D.C. 2024).

affirmatively excluded relevant evidence" from the administrative record (cleaned up)); *Cmty. for Creative Non-Violence v. Lujan*, 908 F.2d 992, 997–98 (D.C. Cir. 1990) (discovery is unavailable in APA cases, except in two circumstances: (1) where the party seeking discovery makes "a strong showing of bad faith or improper behavior," or (2) "in the rare case in which the record is so bare as to frustrate judicial review"). Plaintiffs have made no attempt to make such a showing. Indeed, until the administrative record is produced, Plaintiffs cannot make such a showing. *See Urban Sustainability Dirs. Network v. Dep't of Agric.*, Civ. A. No. 25-1775 (BAH), 2025 WL 2374528, at *40 (D.D.C. Aug. 14, 2025) (denying discovery request in APA case where plaintiffs do not make any argument that exceptions to the record review rule applies; noting that until the administrative record is produced, plaintiffs cannot demonstrate such exceptions exist). Accordingly, this case should proceed as dictated by LCvR 16.3(b).

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant this motion because this record-review case is exempt from the duty to confer and the discovery rules under LCvR 16.3(b)(1). Notably, BOP is actively working on a new policy on medical care for individuals with gender dysphoria and is prioritizing its completion. In lieu of producing an administrative record for the current policy, which will be superseded by the impending new policy, Defendants will promptly produce the administrative record for the new policy once it is issued. *See Nat. Res. Def. Council v. Nuclear Regul. Comm'n*, 680 F.2d 810, 813–815 (D.C. Cir. 1982) (holding that challenge to a regulation rendered moot by promulgation of superseding rule).

Dated: September 19, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *M. Jared Littman*
M. JARED LITTMAN
ALEXANDER J. YUN
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 451-7478
Jared.Littman2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Civ. A. No. 25-691 (RCL) |

**[PROPOSED] ORDER**

Upon consideration of Defendants' Motion for Exemption Pursuant to LCvR 16.3(b)(1), and any response thereto, it is hereby **ORDERED** that Defendants' motion is **GRANTED**.

It is further **ORDERED** that Defendants will promptly produce the administrative record for the new policy once it is issued.

DATED: _____

_____
Royce C. Lamberth
United States District Judge