IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, SOLO NICHOLS, and JAS KAPULE *on behalf of themselves and all persons similarly situated*, <br><br> *Plaintiffs* <br><br> vs. <br><br> DONALD J. TRUMP, et al. <br><br> *Defendants*. | Case No. 1:25-cv-00691 |

**DECLARATION OF LI NOWLIN-SOHL IN SUPPORT OF
PLAINTIFFS' OPENING BRIEF IN SUPPORT OF ACCESS TO DISCOVERY**

I, LI NOWLIN-SOHL, DECLARE:

1.  I am a Senior Staff Attorney with the American Civil Liberties Union Foundation ("ACLU") and am Counsel of Record for Plaintiffs in this case. I make this declaration in support of Plaintiffs' Opening Brief In Support of Discovery. I have personal knowledge of the matters set forth below, and if called upon as a witness, I could and would testify competently thereto.

2.  On July 14, 2025, I emailed counsel for Defendants requesting their availability to meet and confer pursuant to Local Rule 16.3(a) and Fed. R. Civ. P. 26(f). Jared Littman, counsel for Defendants, replied suggesting July 24, 2025, and we agreed to meet then.

3.  On July 24, 2025, the parties' respective counsel conferred via videoconference (the "Rule 26 Conference"). At the conference, counsel discussed all matters required under LCR 16.3(c).

1

4. On July 26, 2025, I sent an email to Defense counsel inquiring about Defendants' obligations to produce a certified list of contents of the administrative record under LCR 7(n). I noted that Defendants filed their Answer on June 24, 2025, meaning the 30-day deadline for filing the certified list of contents had passed on July 24, 2025. I inquired whether Defendants planned to file a certified list with the Court, and if so, when they planned to do so. Defense counsel responded on July 27, 2025, that they would confer with their client regarding the issue.

5. On August 5, 2025, I sent Defense counsel a draft joint report and proposed discovery plan based on the Rule 26 Conference via email.

6. On August 7, 2025, I sent a follow-up email requesting Defendants' additions to the joint report. Defense counsel responded and stated that Defendants would respond regarding their discovery position as soon as possible. Shortly thereafter, Plaintiffs sent their initial disclosures to Defense counsel, 14 days after the Rule 26(f) conference, in compliance with Fed. R. Civ. P. 26(a)(1)(C).

7. On August 8, 2025, Defense counsel emailed Plaintiffs' counsel, stating for the first time "Defendants' view [] that this [is] an APA record-review case, this case is exempt under Local Rule 16.3(b)(1), and discovery is not warranted," explaining their legal argument in support of this position, and indicating that they anticipated producing an administrative record in 30 days. Defendants did not assert this position at the Rule 26 Conference.

8. Plaintiffs continued to collaborate with Defendants to attempt to create a joint report on the Rule 26 Conference that was satisfactory to both parties. On August 21, 2025, Plaintiffs sent a new proposed draft of the joint report, presenting Defendants' position and legal arguments from the August 8, 2025 email and adding Plaintiffs' position and legal arguments. On

September 5, 2025, Defense counsel provided proposed revisions to the joint report, including additional legal arguments in support of their position.

9. Given the parties' continued disagreement and each party's preference to respond to the legal arguments of the other, Plaintiffs proposed on September 7, 2025, that the parties seek a briefing schedule from this Court to resolve the issue of discovery most efficiently. Defendants consented to this approach on September 8, 2025, and the parties filed their Initial Joint 26(f) Report on September 9, 2025.

10. In their September 5, 2025 proposed revisions to the joint report, Defense counsel indicated that BOP might not produce an administrative record for the current policy and would instead produce the administrative record for the new policy it is working on once it is issued.

11. On September 10, 2025, I emailed defense counsel requesting confirmation that Defendants did not intend to produce any administrative record for the current policy challenged in this case. Defense counsel confirmed the same day via e-mail that "Defendant is not planning on producing the AR for the current policy. With the advent of the new policy, it would be more efficient to produce that AR, instead of the AR to a superseded, moot policy." This confirmation did not contain a timeline for completion of the new policy or any specifics about the new policy.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of September 2025.

_____
Li Nowlin-Sohl

3