IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>  Defendants. | Case No. 1:25-cv-00691-RCL<br><br>**DECLARATION OF CORENE T. KENDRICK IN SUPPORT OF PLAINTIFFS' MOTION FOR RENEWED PRELIMINARY INJUNCTION** |

I, CORENE T. KENDRICK, DECLARE:

1. I am an attorney admitted to practice before the courts of the State of California and am admitted *pro hac vice* in this matter as counsel of record to Plaintiffs. I am deputy director of the National Prison Project of the American Civil Liberties Union Foundation.

2. On October 23, 2025, pursuant to Local Rule 7(m), my co-counsel Li Nowlin-Sohl emailed all counsel of record for Defendants in this matter to request their position on Plaintiffs' planned motion to renew the operative preliminary injunction in this matter. She asked that they provide a response by the end of the day on Wednesday, October 29, 2025 if they would stipulate or not oppose an extension because of the timeframe needed to file a motion. I was copied on this correspondence.

3. On October 28, 2025, Jared Littman, counsel for Defendants, provided a substantive response stating that Defendants opposed the motion, and asked that Plaintiffs' counsel include the following statement in our motion: "Defendants oppose the relief sought in this motion, pursuant to Local Rule 7(m), because under the PLRA, preliminary injunctions 'automatically expire on the date that is 90 days after its entry.' Additionally, Defendants oppose the relief sought in this motion because the Federal Bureau of Prison's implementation of Executive Order No.

1

14168 is consistent with law. See ECF No. 35 (Defendants' response to Plaintiffs' preliminary injunction motion); ECF No. 52-1 (Defendants' sur-reply). Defendants do not plan on filing any further opposition."

4.  Attached hereto as **Exhibit 1** is a true and correct copy of the email exchange between counsel for the parties.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 31, 2025, at San Francisco, California.

*/s/ Corene T. Kendrick*
Corene T. Kendrick
*Attorney for Plaintiffs*

# EXHIBIT 1

| | |
|---|---|
| **From:** | Littman, Jared (CIV) |
| **To:** | Li Nowlin-Sohl; Layendecker, Elizabeth B (CIV); Yun, Alex (CIV); Lin, Jean (CIV) |
| **Cc:** | Corene Kendrick; David Fathi; Shawn Meerkamper; External - Michael Perloff |
| **Subject:** | RE: Kingdom: Defendants" Position on Second PI Renewal |
| **Date:** | Tuesday, October 28, 2025 2:31:27 PM |
| **Attachments:** | image001.png |

**This Message Is From an External Sender**
This message came from outside your organization.

Hi Li – Thanks for your patience. You may state the following in your motion:

Defendants oppose the relief sought in this motion, pursuant to Local Rule 7(m), because under the PLRA, preliminary injunctions "automatically expire on the date that is 90 days after its entry." Additionally, Defendants oppose the relief sought in this motion because the Federal Bureau of Prison's implementation of Executive Order No. 14168 is consistent with law. See ECF No. 35 (Defendants' response to Plaintiffs' preliminary injunction motion); ECF No. 52-1 (Defendants' sur-reply). Defendants do not plan on filing any further opposition.

Best,
Jared

**M. Jared Littman**
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
(202) 451-7478 (cell)
Jared.Littman2@usdoj.gov

**From:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>
**Sent:** Thursday, October 23, 2025 3:27 PM
**To:** Littman, Jared (CIV) <Jared.Littman2@usdoj.gov>; Layendecker, Elizabeth B (CIV) <Elizabeth.B.Layendecker@usdoj.gov>; Yun, Alex (CIV) <Alex.Yun@usdoj.gov>; Lin, Jean (CIV) <Jean.Lin@usdoj.gov>
**Cc:** Corene Kendrick <ckendrick@aclu.org>; David Fathi <dfathi@aclu.org>; Shawn Meerkamper <shawn@transgenderlawcenter.org>; External - Michael Perloff <MPerloff@acludc.org>
**Subject:** [EXTERNAL] Kingdom: Defendants' Position on Second PI Renewal

Jared,
I am emailing requesting your position on stipulating to an extension of the PI entered by the Court on June 3, 2025, and renewed for the first time on September 1, 2025 (via the Court's August 20, 2025 order). Under federal law and the Court's order, this PI will automatically expire on November 30, 2025. *See* 18 U.S.C. § 3626(a)(2) (stating that preliminary relief "shall automatically expire on the

date that is 90 days after its entry unless the court . . . makes the order final before the expiration of the 90-day period."). However, courts have held that if preliminary relief is still warranted, a court may enter a new preliminary injunction extending the previous one. *See, e.g., Mayweathers v. Newland*, 258 F.3d 930, 934 (9th Cir. 2001).

We hope that the parties can stipulate to a renewal for the sake of judicial economy. Please let us know by close of business Wednesday, October 29, 2025, if Defendants will stipulate to an extension, will oppose the motion and would like us to include the same language in our last PI renewal motion (*Defendants oppose the relief sought in this motion, pursuant to Local Rule 7(m), because under the PLRA, preliminary injunctions "automatically expire on the date that is 90 days after its entry."  Defendants do not plan on filing any further opposition.*) or what your position is on an extension. We will need to file a motion soon if Defendants will not stipulate, or if you oppose an extension.

Regards,
Li


**Li Nowlin-Sohl**
Pronouns: she, her, hers

Senior Staff Attorney
Jon L. Stryker and Slobodan Randjelović LGBTQ & HIV Project
American Civil Liberties Union Foundation
206-348-3163 | lnowlin-sohl@aclu.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*