IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Civ. A. No. 25-0691 (RCL) |

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR A SCHEDULING ORDER AND IN SUPPORT OF
DEFENDANTS' MOTION FOR EXEMPTION PURSUANT TO LCvR 16.3(b)(1)

Defendants, through counsel, respectfully file this opposition to Plaintiffs' Motion for a Scheduling Order (ECF No. 87, "Pls. Mot.") and in support of Defendants' Motion for Exemption Pursuant to LCvR 16.3(b)(1) (ECF No. 84, "Defs. Mot.").

I.   Plaintiffs Are Not Entitled to an Exception to the APA Record-Review Rule.

Defendants showed in their Motion for Exemption that this record-review case is exempt from the duty to confer and discovery rules under LCvR 16.3(b)(1). *See generally* Defs. Mot. Plaintiffs do not contest that their Administrative Procedure Act ("APA") claims challenging the Federal Bureau of Prisons' ("BOP") implementation of Executive Order 14168 constitute "an action for review on an administrative record," where the duty to confer and the discovery rules "shall not apply." *See* LCvR 16.3(b)(1); Pls. Mot. at 3–4. Instead, Plaintiffs take the extraordinary position that their APA claims nevertheless warrant discovery because this is "the rare case in which the record is so bare as to frustrate judicial review." *See Cmty. for Creative Non-Violence*

*v. Lujan*, 908 F.2d 992, 997–98 (D.C. Cir. 1990); Pls. Mot. at 4–11.[1] Plaintiffs' argument that a record is non-existent is unpersuasive because, as Plaintiffs acknowledge, Defendants have informed them that BOP is actively working on a new policy on medical care for individuals with gender dysphoria and in lieu of producing an administrative record for the current policy, which will soon be superseded, Defendants agreed to promptly produce the administrative record for the new policy once it is issued. Nowlin-Sohl Decl. (ECF No. 87-2) ¶¶ 10–11; *see also* Defs. Mot. at 6. And until the administrative record is produced, Plaintiffs cannot make a showing that an exception to the no-discovery rule applies. *See Urban Sustainability Dirs. Network v. Dep't of Agric.*, Civ. A. No. 25-1775 (BAH), 2025 WL 2374528, at *40 (D.D.C. Aug. 14, 2025).

Issuance of BOP's new policy is imminent. It would be inefficient and unnecessary for Defendants to produce the administrative record on a soon-to-be-superseded policy, let alone to engage in discovery on the mooted policy. *Cf. Nat. Res. Def. Council v. Nuclear Regul. Comm'n*, 680 F.2d 810, 813–15 (D.C. Cir. 1982) (holding that challenge to a regulation rendered moot by promulgation of superseding rule). Unlike *National Association of Manufacturers v. Department of Defense*, 583 U.S. 109, 120 n.5 (2018), where the second proposed rule merely established a new effective date for the policy, and *Karnoski v. Trump*, 926 F.3d 1180, 1204 (9th Cir. 2019), where plaintiffs argued that the new policy merely "implemented" the old policy, *see* Pls. Mot. at 8, the superseding policy here will render Plaintiffs' challenge to the old policy moot. If Plaintiffs disagree after BOP issues the new policy, then they will have an opportunity to argue against mootness or otherwise argue that an exception to the no-discovery applies.

---

[1] Plaintiffs do not argue that Defendants acted in bad faith or improperly behaved, which is the other exception to the no-discovery rule.

Plaintiffs' argument that they are entitled to discovery because they do not understand the "contours" of BOP's policy is equally unavailing. Pls. Mot. at 9–11. The case that Plaintiffs principally rely on, *AFL-CIO v. Department of Labor*, 349 F.R.D. 243, 248 (D.D.C. 2025), is "not an ordinary APA case" where the challenge was to "a promulgated regulation or a grant or denial of an application." Rather, AFL-CIO challenged the Labor Department's alleged "policies" to grant DOGE employees access to certain systems. *Id.* The Labor Department countered that there were no new "policies," so there was no "challengeable agency action." *Id.* In that circumstance, the Court "depart[ed] from the default APA no-discovery rule" so that Plaintiffs could inquire about whether a "'policy in fact exists.'" *Id.* (quoting *Venetian Casino Resort, LLC v. EEOC*, 409 F.3d 359, 360 (D.C. Cir. 2005)). *Alliance for Retired Americans v. Bessent*, Civ. A. No. 25-0313, 2025 WL 1114350, at *3 (D.D.C. Mar. 20, 2025), is similar, where "unlike the typical APA case, which involves the enactment of a rule or other agency action taken in public view," the purported "policy" at issue involved unidentified "actions" the agency took to grant access to certain agency records.

Here, there is no question the BOP's "policy in fact exists"—indeed Plaintiffs attach it to their Complaint, ECF Nos. 1-1 (Memo., Feb. 21, 2025) and 1-2 (Memo., February 28, 2025). Thus, even if a superseding policy was not forthcoming (which it is), there is no justification to "depart from the default APA no-discovery rule" on the policy-existence grounds discussed in *AFL-CIO* and *Alliance for Retired Americans*. *See AFL-CIO*, 349 F.R.D. at 248.

II.     Plaintiffs' Non-APA Claims Also Do Not Warrant Discovery.

Defendants explained in their motion that the agency record-review principle applies even when Plaintiffs raise constitutional claims. Defs. Mot. at 2–5. Defendants demonstrated that discovery is not permitted where claims—constitutional or otherwise—require the court to

3

evaluate the substance of the challenged agency action. *Id.* at 3–4 (citing *Nat'l Ass'n of Postal Supervisors v. USPS*, Civ. A. No. 19-2236 (RCL), 2023 WL 5221367, at *4–9 (D.D.C. Aug.15, 2023) ("Courts tend to restrict review of non-APA claims to the administrative record when they are brought in parallel to APA claims)); *McCoy v. Spencer*, Civ. A. No. 16-1313 (CKK), 2019 WL 400615, at *11–12 (D.D.C. Jan. 31, 2019) (holding that plaintiff's constitutional claims challenging "the substance and merits of the Navy's adverse credentialing determination" do not warrant discovery; permitting discovery only on entirely distinct claims); *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018) ("when a constitutional challenge to agency action requires evaluating the substance of an agency's decision made on an administrative record"— as is the case here—"that challenge must be judged on the record before the agency"), *aff'd*, 7 F.4th 1201, 1210 (D.C. Cir. 2021); *Chiayu Chang v. USCIS*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017) (holding that where a plaintiff's constitutional claims "fundamentally overlap" with the APA claims, discovery is inappropriate)).

Plaintiffs cite another case from this Court, *Nat'l Law Ctr. on Homelessness & Poverty v. Dep't of Vet. Aff.*, 842 F. Supp. 2d 127, 130–31 (D.D.C. 2012). But that case "does not involve review of agency action or inaction under the APA"; rather, it involved the court's monitoring of an injunction it issued, and as the court explained, "when it comes to a court's enforcement and monitoring of its *own orders,* the court is the judge and jury," *id.* at 131. That is, unlike the review of the agency action at issue here, review was not limited to the record in that case.

Plaintiffs agree that discovery is not permitted where claims require the court to evaluate the substance of the challenged agency action. Instead, they default to their previous argument that there is no administrative record, Pls. Mot. at 15, but again, they fail to account for BOP's impending new policy, which is nearing completion (though delayed only because of the lapse in

4

appropriations), and the administrative record that Defendants have agreed to produce. *See infra* at 1–2. Plaintiffs also argue that the Court should permit discovery on the non-APA claims because they require "application of completely different standards" than the APA claims, but they provide no authority for this proposition. Pls. Mot. at 15–16. In this District, the relevant inquiry is whether the non-APA claims challenge "the substance" of an agency's decision. *See McCoy*, 2019 WL 400615, at *11; *Bellion Spirits*, 335 F. Supp. 3d at 43. And here, Plaintiffs' constitutional challenges do just that. *See* Compl. (ECF No. 1) ¶¶ 98–117 (challenging, under the Eighth Amendment and equal protection grounds, the substance of the BOP Policy). The APA expressly provides for review of constitutional challenges to agency action. 5 U.S.C. § 706(2)(B). Thus, discovery is not warranted.

Plaintiffs argue that that the relevance of "subjective motivation" is different for their APA and constitutional claims, Pls. Mot. at 16, but it is anticipated that the administrative record will fully inform whether the new BOP Policy violates the Eighth Amendment including whether it reflects any deliberate indifference on Defendants' part. And if Plaintiffs are dissatisfied with the administrative record, they can move to add documents, if appropriate. *See City of Dania Beach Fed. Aviation Admin.*, 628 F.3d 581, 590–91 (D.C. Cir. 2010).

Moreover, to the extent Plaintiffs argue that allegations of "discriminatory animus" warrant discovery, they are incorrect. Pls. Mot. at 17 (citing *Boston All. of Gay, Lesbian, Bisexual and Transgender Youth v. Dep't of Health & Hum. Servs.*, 557 F. Supp. 3d 224 (D. Mass. 2021), and *Cook County, Ill. v. Wolf*, 461 F. Supp. 3d 779 (N.D. Ill. 2020)). Under the prevailing law, rational basis review—and not heightened scrutiny as considered in *Boston Alliance* and *Cook County*— applies to Plaintiffs' equal protection claim. *See United States v. Skrmetti*, 145 S. Ct. 1816, 1831 (2025) (rational basis review applies when the policy does not "prohibit conduct for one sex that

it permits for the other"). *Boston Alliance* and *Cook County*, indeed, preceded the Supreme Court's *Skrmetti* decision, which compels the conclusion that rational basis review applies to the equal protection challenge in this case. *Boston Alliance* and *Cook County* also did not consider the governing standard for reviewing allegations of animus in the context of rational basis review, under which the BOP Policy must be upheld so long as it is not "impossible to discern a relationship to legitimate state interests" and the Policy is not "inexplicable by anything but animus." *Trump v. Hawaii*, 585 U.S. 667, 706 (2018); *see also Trump v. Orr*, --- S. Ct. ----, No. 25A319, 2025 WL 3097824, at *1 (Nov. 6, 2025) (animus relevant under rational basis review only when policy "lacks any purpose other than a bare . . . desire to harm a politically unpopular group") (internal quotation marks omitted). Applying that standard, no discovery would be warranted because the challenged policy could be supported by a conceivable set of facts that could provide a rational basis for the classification, without regard to "actual[] motiv[es]," on-the-record articulation, or "evidence or empirical data." *See F.C.C. v. Beach Commc'ns., Inc.*, 508 U.S. 307, 315 (1993); *see also Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993) (holding that, under rational basis review, a policy "may be based on rational speculation unsupported by evidence or empirical data") (internal quotation marks omitted).

Plaintiffs argue that the Court should disregard *Skrmetti* because the Supreme Court did not address whether transgender individuals constitute a quasi-suspect class or whether defendants acted with discriminatory animus. Pls. Mot. at 18 n. 6. But Plaintiffs ignore what the Court did hold: that rational basis review applies when the policy—like the BOP Policy here—does not "prohibit conduct for one sex that it permits for the other." *Skrmetti*, 145 S. Ct. at 1831. *Skrmetti* also did not change the governing standard for reviewing allegations of animus when rational basis review applies. *See Trump v. Hawaii*, 585 U.S. at 706; *Trump v. Orr*, 2025 WL 3097824, at *1.

6

Nor did *Skrmetti* hold that trans-identifying individuals constitute a quasi-suspect class. *See also Skrmetti*, 145 S. Ct. at 1849–55 (Justice Barrett, with whom Justice Thomas joins, explaining in her concurrence why "transgender status" is not a "suspect class"); *id*. at 1859–67 (Justice Alito explaining in his concurrence that "neither transgender status nor gender identity should be treated as a suspect or 'quasi-suspect' class").

## CONCLUSION

For these reasons and for the reasons discussed in Defendants' Motion for Exemption Pursuant to Local Rule 16.3(b)(1), Defendants respectfully request that the Court grant Defendants' motion and deny Plaintiffs' motion.

Dated: November 25, 2025                    Respectfully submitted,

                                              BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *Elizabeth B. Layendecker*
ELIZABETH B. LAYENDECKER
ALEXANDER J. YUN
M. JARED LITTMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 616-5046
Elizabeth.B.Layendecker@usdoj.gov