IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALISHEA KINGDOM, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>               Defendants. | Case No. 1:25-cv-00691-RCL |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THE ADMINISTRATIVE RECORD**

Plaintiffs move the Court to compel Defendants to produce the administrative record and its certified list of contents pursuant to Local Rule 7(n). Under Local Rule 7(n), "[i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." LCvR 7(n)(1). In this case, Defendants filed their Answer on June 24, 2025. *See* ECF 71. As a result, the deadline to file a certified list of contents of the administrative record was 30 days later, July 24, 2025.

Defendants have not produced the administrative record. They initially represented to Plaintiffs' counsel that the administrative record would be produced by early September 2025, *see* ECF 87-2 at ¶¶ 3-7 (Declaration of Li Nowlin-Sohl). But on September 10, 2025, Defendants changed course and advised that they would not provide the administrative record for the current

1

policy, stating that BOP would imminently be issuing a new policy and that that they would provide the administrative record for the new policy once implemented. ECF 84 at 6; ECF 104 at 2. As of this motion, Defendants have not produced an administrative record or a certified list of its contents for the current policy (or the still forthcoming new policy).

Section 706 of the Administrative Procedure Act (APA) requires courts to "review the whole record" underlying an agency's decision. 5 U.S.C. § 706. That is, judicial review of agency action requires examination of "the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). Defendants admit as much in their filings in opposition to discovery, wherein they seek to rely on the Local Rules' limited exemption from discovery obligations for record-review cases, but they simultaneously flout the Rules with respect to filing the certified list of the administrative record's contents and producing the administrative record itself.

There is no basis for Defendants' refusal to produce the administrative record. They have not moved to waive compliance with Rule 7(n) based on the AR not being "necessary for the court's decision." *Sharifymoghaddam v. Blinken*, No. 1:23-CV-1472-RCL, 2023 WL 8047007, at *3 (D.D.C. Nov. 17, 2023) (quoting *Eljalabi v. Blinken*, No. 21-cv-17300-RC, 2022 WL 2752613, at *3 n.3 (D.D.C. July 14, 2022)). Quite the contrary: Defendants have argued that this case is exempt from the Rule 16 discovery requirements because, they say, "Defendants' obligation is limited to producing the relevant administrative record for judicial review." ECF 84 at 2. But Defendants *also* are unwilling to produce the administrative record.

Defendants argue that "[i]t would be inefficient and unnecessary for Defendants to produce the administrative record on a soon-to-be-superseded policy . . . ." ECF 104 at 2. They point to a yet-to-be-released policy that has been "nearing completion" for months, ECF 104 at 4, and ask

2

Plaintiffs and this Court to simply trust that "the superseding policy here"—which remains unseen—"will render Plaintiffs' challenge to the old policy moot." ECF 84 at 2.[1] There is no basis in law for their position that they are relieved of the obligation under Local Rule 7(n) to produce the administrative record because the BOP is in the process of developing a replacement policy that Defendants believe will moot this case.

To the extent that there is no administrative record for Defendants to produce, it is incumbent upon Defendants to state as much. *See* LCvR 7(n). That is especially so since the lack of an administrative record produced thus far confirms that the policy created by BOP was not based on an evaluation of any administrative record, and provides an additional argument in favor of discovery.

Plaintiffs asked Defendants if there has been any change in their plan to not produce the administrative record or certified list of its contents, and for their position on this motion on Thursday, January 15, 2026, pursuant to Local Rule 7(m). Defendants indicated that they oppose this motion.

For the reasons stated above, pursuant to Local Rule 7(n), this Court should compel Defendants to produce the administrative record and file a certified list of its contents for the existing policy challenged in this case.

---

[1] Indeed, a voluntary change in BOP policy in response to litigation could very well fall into the "voluntary cessation" exception to mootness. *See Pub. Citizen, Inc. v. FERC*, 92 F.4th 1124, 1128 (D.C. Cir. 2024). Furthermore, unless the Executive Order that the current policy implements is also rescinded, the administrative record for the current policy will be highly relevant to judicial review of the new policy.

Dated: January 23, 2026

David C. Fathi† (*pro hac vice*)
Maria V. Morris, D.C. 1697904
Elisa C. Epstein† (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org
† *Not admitted in D.C.; practice limited to federal courts.*

Corene T. Kendrick (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org

Li Nowlin-Sohl* (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, DDC Bar ID 120840
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

Respectfully submitted,

    */s/ Aditi Shah*
Aditi Shah, D.C. Bar No. 90033136
Michael Perloff, D.C. Bar No. 1601047
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: 202-457-0800
ashah@acludc.org
mperloff@acludc.org

Shawn Thomas Meerkamper (*pro hac vice*)
shawn@transgenderlawcenter.org
Megan Z. F. Noor (*pro hac vice*)
megan@transgenderlawcenter.org
Dale Melchert (*motion for pro hac vice forthcoming*)
dale@transgenderlawcenter.org
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Tel: 510-587-9696

Lynly S. Egyes (*pro hac vice*)
lynly@transgenderlawcenter.org
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Tel: 510-587-9696

* *Not admitted in New York*

*Counsel for Plaintiff class*

4