IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants. | Case No. 1:25-cv-00691-RCL <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR RENEWED PRELIMINARY INJUNCTION** |

**INTRODUCTION**

On June 3, 2025, the Court issued a preliminary injunction. *See generally* ECF No. 67 [*Kingdom v. Trump*, 2025 WL 1568238 (D.D.C. June 3, 2025)] (hereinafter "June 3 PI" or "the PI"). On August 20, 2025, the Court extended the PI for 90 days, to run from September 1 to November 30, 2025, as required by the Prison Litigation Reform Act's ("PLRA") plain language. 18 U.S.C. § 3626(a)(2) (preliminary relief "shall automatically expire on the date that is 90 days after its entry unless the court . . . makes the order final before the expiration of the 90-day period."). *See* ECF No. 79 (extending the PI). On November 17, 2025, the Court extended the injunction for another 90 days, to run from December 1, 2025, to March 1, 2026. *See* ECF No. 96.

As the actions taken by Defendants that led to this litigation and the facts that supported preliminary injunctive relief remain unchanged, Plaintiffs respectfully request that the Court enter a new order renewing the PI for a 90-day period from March 2, 2026, to May 31, 2026. *See* ECF Nos. 79, 96; *Doe v. Bondi*, Case No. 1:25-cv-286-RCL, 2025 WL 1607094 at *1 (D.D.C. May 15, 2025) (extending a preliminary injunction, and holding that "[n]either is the Court aware of any newly discovered factual circumstances that would necessitate a reassessment of the Court's prior holdings that the plaintiffs have met their burden for preliminary injunctive relief or a reevaluation

1

of the terms of that relief.").

The parties conferred on this motion, and Defendants stated:

> Defendants oppose the relief sought in this motion, pursuant to Local Rule 7(m), because under the PLRA, preliminary injunctions "automatically expire on the date that is 90 days after its entry." Additionally, Defendants oppose the relief sought in this motion because the Federal Bureau of Prison's implementation of Executive Order No. 14168 is consistent with law. See ECF No. 35 (Defendants' response to Plaintiffs' preliminary injunction motion); ECF No. 52-1 (Defendants' sur-reply). Defendants do not plan on filing any further opposition.

Declaration of Corene Kendrick, Ex. 1.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs previously set forth the facts giving rise to their claims and incorporate them herein.[1] On March 7, 2025, three named Plaintiffs, on behalf of themselves and a putative class, filed suit challenging the Trump Administration and Federal Bureau of Prison's ("BOP") categorical ban on gender-affirming health care and accommodations for people with gender dysphoria in the custody of the BOP. Plaintiffs and other similarly situated people in BOP custody had been receiving gender-affirming health care treatment and accommodations prior to BOP's implementation of Executive Order 14168, issued by Defendant Trump on January 20, 2025. *See* 90 Fed. Reg. 8615 (Jan. 20, 2025); *see also* ECF No. 1-1 (Feb. 21, 2025 Implementing Memorandum); ECF No. 1-2 (Feb. 28, 2025 Implementing Memorandum). Plaintiffs alleged that they and others similarly situated faced a substantial risk of serious harm if BOP terminated their medical care and accommodations for gender dysphoria in accordance with the EO and

---

[1] *See* Corrected Complaint, ECF No. 4-1 at ¶¶ 1-11, 14-95; Mem. of Points and Authorities in Support of Plfs' Mot. for Preliminary Injunction, ECF No. 7-1 at 3-19; Decs. Filed in Support of Mot. for Preliminary Injunction, ECF Nos. 7-2 to 7-6 and 47-1 to 47-6; Reply in Support of Mot. for Preliminary Injunction, ECF No. 48 at 3-7; Supp. Decs. in Support of Preliminary Injunction, ECF Nos. 56-1 to 56-5 and ECF Nos. 59-1 to 59-2; Mem. Of Points and Authorities in Support of Plfs' Mot. to Renew Preliminary Injunction, ECF No. 78-1 at 2-3; Mem. Of Points and Authorities in Support of Plfs' Mot. to Renew Preliminary Injunction, ECF No. 93-1 at 2-3.

Implementing Memoranda. *See, e.g.,* ECF Nos. 7-4 to 7-6, 56-1 to 56-2, 59-1 to 59-2.

On March 17, 2025, Plaintiffs filed their Motion for a Preliminary Injunction, ECF No. 7, and Motion for Class Certification. ECF No. 8. The matters were fully briefed and submitted to the Court by April 9, 2025. ECF Nos. 36, 49, 50, 52. The Court held oral argument on the two motions on May 22, 2025; on June 3, 2025, it issued an order and opinion that granted Plaintiffs' Motions and denied Defendants' request that President Trump be dismissed as a Defendant. *See generally* ECF Nos. 67, 68.

The Court certified a class of "all persons who are currently or will be incarcerated in BOP facilities with a current diagnosis of gender dysphoria or who receive such a diagnosis in the future." ECF No. 67 at 27. The Court also stayed the Implementing Memoranda and ordered that

> During the pendency of this litigation, the BOP is required to restore and maintain access to those treatment modalities for those who previously received them pursuant to a prescription rendered by BOP staff. And moreover, if BOP medical personnel subsequently determine that an existing or future class member is in need of either or both of these treatment modalities, the BOP may not take those treatment options off the table while this dispute is pending.

*Id*. at 36. On August 20, 2025, the Court renewed the June 3 PI to run for another 90 days, from September 1 through November 30, 2025, ECF No. 79, and renewed it again on November 17, 2025, to run for another 90 days from December 1, 2025, to March 1, 2026, ECF No. 96.

## **LEGAL STANDARD**

A preliminary injunction issued in a lawsuit covered by the PLRA automatically expires after 90 days "unless the court has rendered it permanent and made specific findings that the restraint is narrowly drawn, extends no further than necessary to correct the violation of federal right, and is the least intrusive means necessary to correct that violation." *Banks v. Booth*, 3 F.4th 445, 448 (D.C. Cir. 2021) (holding appeal of preliminary injunction moot due to the 90-day limit under the PLRA); *see also* 18 U.S.C. § 3626(a)(2) (preliminary relief "shall automatically expire

3

on the date that is 90 days after its entry unless the court . . . makes the order final before the expiration of the 90-day period.").

"Though a preliminary injunction entered under the PLRA otherwise automatically expires ninety days after entry, the injunction may be extended by the district court if it makes the requisite findings." *Smith v. Edwards*, 88 F.4th 1119, 1125 (5th Cir. 2023); *see Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (holding that "[n]othing in the statute limits the number of times a court may enter preliminary relief. … the provision simply imposes a burden on plaintiffs to continue to prove that preliminary relief is warranted."); *Alloway v. Hodge*, 72 F.App'x 812, 817 (10th Cir. 2003) (unpublished) (holding renewal of expired preliminary injunction under the PLRA was not an abuse of discretion); ECF No. 79 (this Court extending the PI in this case); *Doe*, *supra*, 2025 WL 1607094 at *1 (this Court extending the preliminary injunction against BOP and DOJ defendants in a case involving the same EO and Implementing Memoranda at issue in this case); *Rutherford v. Luna*, Case No. CV 75-04111 DDP, 2023 WL 4241691 at *1 (C.D. Cal. June 22, 2023) (noting that the court had extended a preliminary injunction related to conditions in the Los Angeles County jails twice prior to entering a permanent injunction).

## ARGUMENT

This Court already found that Plaintiffs are likely to succeed on the merits of their claims and are entitled to preliminary injunctive relief. ECF No. 67 at 1-4, 17-23. Plaintiffs incorporate by reference the arguments made in their prior briefing in relation to the PI. ECF Nos. 7-1, 48. There are no factual developments that would change the Court's prior conclusion that Plaintiffs are likely to succeed on the merits of their APA claim, they face irreparable harm in the absence of continued injunctive relief, and the public interest and balance of equities weigh in favor of granting preliminary injunctive relief. ECF No. 67 at 7-8; *see also Winter v. Nat'l Res. Def.*

4

*Council, Inc.*, 555 U.S. 7, 20 (2009); *Nken v. Holder*, 556 U.S. 418, 435 (2009).

I.      **Plaintiffs Continue to Show a Likelihood of Success on the Merits of Their Claims.**

Defendants' implementation of Section 4(c) of the EO violates the APA for the reasons set forth in Plaintiffs' prior motion and reply. ECF No. 7-1 at 27-30; ECF No. 48 at 26-30. In granting the June 3 PI, the Court agreed that plaintiffs are likely to succeed on the merits of the APA claim. ECF 67 at 17.  The Court found "the memoranda are arbitrary and capricious because they provide no reasoned explanation for the denial of gender-affirming care, treat gender dysphoria different than other medical conditions with no justification, and fail to adequately take stock of the sudden reversal in agency policy from before the Executive Order was issued." ECF No. 67 at 17.[2]

There has been no change that warrants the Court reaching a different conclusion, and therefore this factor points towards renewal.

II.     **Plaintiffs Continue to Face Irreparable Harm Without an Injunction.**

This Court previously found that named Plaintiffs and class members would suffer irreparable harm without an order preventing Defendants from enforcing Section 4(c) of the EO or the Implementing Memoranda. *See* ECF No. 67 at 24-25. Without a renewed injunction, class members will continue to suffer the "*ongoing* deprivation of the plaintiffs' social accommodations, which is uncontested," ECF No. 67 at 24 (emphasis in original), and be at risk of having their medically necessary gender-affirming hormone therapy discontinued, due to implementation of

---

[2] The Court did not address Plaintiffs' likelihood of success on the merits of their Eighth Amendment claims as a "matter of judicial restraint and governance … [to] endeavor to resolve cases on non-constitutional grounds and [to] entertain constitutional questions only when necessary." ECF No. 67 at 23 (citations and internal quotation marks omitted). That said, Plaintiffs reincorporate their arguments previously made related to their likelihood of success on those claims. ECF No. 7-1 at 20-26.
      Plaintiffs stated additional legal bases for their claims in their complaint, ECF No. 4-1 at 22-25, but did not raise them for purposes of seeking preliminary injunctive relief.

the EO. The Court noted when it issued the June 3 PI that, while the three named Plaintiffs were at that time receiving hormone medications, their access was "tenuous" and "depends on the vagaries and vicissitudes of this very litigation and its related cases;" and that Defendants had "given no affirmation that these treatments would be likely to continue in the absence of judicial intervention." *Id*. at 24. Denying gender-affirming hormone therapy and accommodations has caused or will imminently cause, and will continue to cause, irreparable injuries, including the exacerbation of their gender dysphoria and increased risk of depression, anxiety, self-harm (including attempts to self-castrate), and suicidality. Karasic Decl., ECF No. 7-2, ¶¶ 72, 83-86; Kingdom Decl., ECF No 7-4, ¶¶ 21-22 (experiencing symptoms including anxiety, panic attacks, and thoughts of self-harm and suicide when care was withdrawn).

There has been no factual change that warrants the Court reaching a different conclusion, and therefore this factor points towards renewal of the PI.

### III. The Balance of Equities and Public Interest Weigh In Favor of Renewing Injunctive Relief.

The balance of equities and public interest factors strongly favor a renewed injunction. As this Court found, "the equities tilt even more strongly in the plaintiffs' favor" because Defendants could not "even credibly claim that an injunction will impose a financial burden, since according to their own representations they would incur that burden anyway." ECF No. 67 at 26. The Court also rejected Defendants' argument that there was a public interest in allowing President Trump to effectuate his political agenda, and found this purported interest weighed "only modestly" in Defendants' favor, because democracy "does not mean blind submission to the whims of the most recent election-victor." *Id.*; *see also A.A.R.P. v. Trump*, 145 S.Ct. 1364, 1370 (2025) (enjoining federal government from summarily removing noncitizens under the Alien Enemies Act notwithstanding the President's policy objectives). This determination remains true, as Plaintiffs'

interests in relief from the EO and Implementing Memoranda remain urgent and palpable today.

### IV.   The Renewal of the Injunction Comports with PLRA Requirements.

The requested renewed injunction is narrowly drawn and extends no further than necessary to correct and prevent the harm to Plaintiffs that would result from implementing Section 4(c) of the Executive Order. 18 U.S.C. § 3626(a)(2). It prohibits Defendants from applying only the challenged sections of the Executive Order and BOP's Implementing Memoranda to class members. It is also the least intrusive means necessary to correct this harm. BOP has no discretion under the Executive Order to continue Plaintiffs' medically necessary hormone therapy and accommodations. Thus, enjoining Defendants is the least intrusive action the Court could take that will ensure Plaintiffs are not deprived of their rights. Finally, renewing the preliminary injunction for 90 days will have no adverse impact on public safety or the operation of the criminal justice system because the order will simply maintain the *status quo* of class members' gender-affirming care while the litigation proceeds.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a new preliminary injunction renewing the relief in the current injunctions for an additional ninety (90) days, from March 2, 2026, to May 31, 2026.[3]  A proposed order is filed herein.

//

//

//

---

[3] If the Court does not rule on this Motion before March 1, 2026, it may still renew the June 3 PI to run for 90 days from the date of a new order's entry. *Alloway v. Hodge*, 72 F.App'x 812, 817 (10th Cir. 2003) (unpublished) (affirming renewal of injunction that expired months earlier); *see also Porretti v. Dzurenda*, Case No. 2:17-cv-01745-RFB-DJA, 2020 WL 6834234, *1 (D. Nev. Aug. 31 2020) (granting second injunction after defendants' noncompliance with and expiration of first one), *aff'd*, 11 F.4th 1037, 1052 (9th Cir. 2021).

Dated: February 5, 2026

Michael Perloff, D.C. Bar No. 1601047
Aditi Shah, D.C. Bar No. 90033136
ACLU FOUNDATION OF THE DISTRICT
OF COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: 202-457-0800
mperloff@acludc.org
ashah@acludc.org

Li Nowlin-Sohl (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, DDC Bar ID 120840
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

Shawn Thomas Meerkamper (*pro hac vice*)
Megan Z. F. Noor (*pro hac vice*)
Dale Melchert (*motion for pro hac vice forthcoming*)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Tel: 510-587-9696
shawn@transgenderlawcenter.org
megan@transgenderlawcenter.org
dale@transgenderlawcenter.org

Respectfully submitted,

*/s/ Corene T. Kendrick*
Corene T. Kendrick (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org

David C. Fathi (*pro hac vice*) *
Maria V. Morris, D.C. Bar. No. 1697904
Elisa C. Epstein (*pro hac vice*) *
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org
**Not admitted in D.C.; practice limited to federal courts.*

Lynly S. Egyes (*pro hac vice*)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Tel: 510-587-9696
lynly@transgenderlawcenter.org

*Counsel for Plaintiff Class*

8