IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants. | Civ. A. No. 25-691 (RCL) |

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF THE ADMINISTRATIVE RECORD

Defendants, through counsel, respectfully file this response to Plaintiffs' Motion to Compel Production of the Administrative Record (ECF No. 109, "Pls. Mot."). The motion to compel should be denied because the Federal Bureau of Prisons ("BOP") will issue its new policy on medical care for individuals with gender dysphoria on or before February 13, 2026. BOP will also produce to Plaintiffs the administrative record for the new policy and file the certified list of its contents on or before March 6, 2026. The new policy will supersede the existing policy for which Plaintiffs seek the production of the administrative record.

As Defendants explained in their pending Motion for an Exemption Pursuant to Local Civil Rule 16.3(b)(1), "BOP is actively working on a new policy on medical care for individuals with gender dysphoria and is prioritizing its completion. In lieu of producing an administrative record for the current policy, which will be superseded by the impending new policy, Defendants will promptly produce the administrative record for the new policy once it is issued." ECF No. 84, at 6; *see Cf. Nat. Res. Def. Council v. Nuclear Regul. Comm'n*, 680 F.2d 810, 813–15 (D.C.

Cir. 1982) (holding that promulgation of superseding rule rendered moot plaintiff's challenge to a regulation).

On January 23, 2026, the undersigned further informed Plaintiffs' counsel that the new policy was in its "final stage before issuance" and urged Plaintiffs that it would be inefficient to burden the Court with more motions. Plaintiffs nevertheless moved to compel production of the administrative record for the existing policy. Pls. Mot. (ECF No. 109). Defendants are not "flout[ing]" Local Rule 7(n)(1), nor are they "unwilling to produce the administrative record" as Plaintiffs contend. *Id.* at 2. Rather, as Defendants previously explained, "[i]t would be inefficient and unnecessary for Defendants to produce the administrative record on a soon-to-be-superseded policy" when a new policy was forthcoming. Defs. Opp'n to Pls. Mot. for Sched. Ord. (ECF No. 104) at 2. While the formulation of, and deliberation on, the new policy took longer than expected due to a variety of unforeseen circumstances, including the government shutdown, BOP is now poised to issue the policy imminently—on or before February 13, 2026. This new policy will moot Plaintiffs' challenge to the existing policy, and thus, Defendants believe that the parties' litigation should focus on the new operative policy because this suit seeks prospective injunctive relief.

BOP will also produce the administrative record for the new policy to Plaintiffs and file the certified list of its contents on or before March 6, 2026.

Dated: February 6, 2026	Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

<u>/s/ *M. Jared Littman*</u>
ELIZABETH B. LAYENDECKER
ALEXANDER J. YUN
M. JARED LITTMAN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Jared.littman2@usdoj.gov