**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ALISHEA KINGDOM, et al.,

               Plaintiffs,

        v.                       Case No. 1:25-cv-00691-RCL

DONALD J. TRUMP, et al.,

               Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION**
**OF THE ADMINISTRATIVE RECORD**

This Court should grant Plaintiffs' motion to compel Defendants to produce the administrative record and its certified list of contents pursuant to Local Civil Rule 7(n). Defendants' expectations regarding the effect of a forthcoming policy provide no legal basis for evading the requirements of Rule 7(n), and this Court should order Defendants to comply.

Defendants do not disagree with Plaintiffs' reading of the Local Rules, cite no legal authority excusing their failure to comply with Rule 7(n), and concede that they have not produced the certified contents of the administrative record or the administrative record itself for the challenged Bureau of Prisons (BOP) policy implementing Executive Order 14168 ("Executive Order" or "EO"). Defendants' only argument in response to Plaintiffs' motion to compel production of the administrative record is that the motion is "inefficient"—because after five months of promising a forthcoming policy, Defendants maintain that "BOP is now poised to issue

1

the policy imminently—on or before February 13, 2026," which will, according to Defendants, "moot Plaintiffs' challenge to the existing policy." ECF 113 at 2.

Even assuming that this time the new policy is imminent, that is not a basis to relieve Defendants of their obligations under Rule 7(n). Defendants rely on an assumption that the new policy will moot Plaintiffs' case, but they cannot shirk their obligations in the litigation based on a possibility that has not yet been determined by the Court. As this Court noted in rejecting the argument that a superseding policy mooted a challenge to the initial policy (based on the same Executive Order), "[a] suit becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Drs. for Am. v. Off. of Pers. Mgmt.*, 793 F. Supp. 3d 112, 136 (D.D.C. 2025) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)) (internal alterations omitted). To prevail on those grounds, the "heavy burden of persuading the court" will lie with Defendants. *People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 918 F.3d 151, 157 (D.C. Cir. 2019) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). The mootness standard is a "stringent" one, *Friends of the Earth*, 528 U.S. at 189, and Defendants' presumption that they will be able to meet that standard has no bearing on Defendants' obligations under Local Civil Rule 7(n).

Moreover, the EO underlying the challenged BOP policy remains in effect. The EO mandates that BOP "revise[] its policies concerning medical care to be consistent with" its provisions and specifically prohibits the use of federal funds for "any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex." EO § 4(c). It is hardly clear that a superseding policy implementing the EO will moot the issues presented in this case. And the complete administrative record for BOP's current policy implemented in response to the EO, which "should include all materials that might have influenced

the agency's decision," *Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001) (Lamberth, J.), would necessarily be relevant to a challenge to any policy that supersedes it offering a post-hoc justification. In other words, "all documents and materials that the agency directly or indirectly considered" in implementing the *current* policy, *Forest Cnty. Potawatomi Cmty. v. United States*, 270 F. Supp. 3d 174, 178 (D.D.C. 2017), would be properly part of a complete administrative record for a *superseding* policy based on the same presidential directive. *See* ADMINISTRATIVE CONFERENCE OF THE UNITED STATES, HANDBOOK ON COMPILING ADMINISTRATIVE RECORDS FOR INFORMAL RULEMAKING 36 (Jan. 2022), https://www.acus.gov/sites/default/files/documents/ACUS_Handbook_on_Compiling_Administrative_Records.pdf (advising that "the administrative record for judicial review should contain the complete story of the decisionmaking process" at issue).

By all indications, BOP's forthcoming change in policy will attempt to create a justification after the fact for an unlawful directive that is still in place. But Defendants are not absolved of their obligations under the Local Rules merely because this case "involves government officials acting first and thinking later." *Doctors for America*, 793 F. Supp. 3d at 123. Because there is no basis in law for Defendants' failure to produce the administrative record in accordance with those Rules, this Court should grant Plaintiffs' motion.


Dated: February 12, 2026                              Respectfully submitted,

David C. Fathi† (*pro hac vice*)
Maria V. Morris, D.C. 1697904
Elisa C. Epstein† (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org
† *Not admitted in D.C.; practice limited to
federal courts.*

Corene T. Kendrick (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org

*/s/ Shana Knizhnik*
Li Nowlin-Sohl* (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, DDC Bar ID 120840
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

Michael Perloff, D.C. Bar No. 1601047
Aditi Shah, D.C. Bar No. 90033136
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: 202-457-0800
mperloff@acludc.org
ashah@acludc.org

Shawn Thomas Meerkamper (*pro hac vice*)
Megan Z. F. Noor (*pro hac vice*)
Dale Melchert (*pro hac vice* motion
forthcoming)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Tel: 510-587-9696
shawn@transgenderlawcenter.org
megan@transgenderlawcenter.org
dale@transgenderlawcenter.org

Lynly S. Egyes (*pro hac vice*)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Tel: 510-587-9696
lynly@transgenderlawcenter.org

* *Not admitted in New York*

*Counsel for Plaintiff class*