## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ALISHEA SOPHIA KINGDOM**, *et al.*,

    *Plaintiffs,*

**v.**                                                        Case No. 1:25-cv-691-RCL

**DONALD J. TRUMP**, *et al.*,

    *Defendants.*

## ORDER

On February 19, 2026, the Court heard oral argument on Defendants' Motion for Exemption Pursuant to LCvR 16.3(b)(1), Dkt. No. 84, Plaintiffs' Motion for a Scheduling Order Setting Discovery Schedule, Dkt. No. 87, Plaintiffs Motion to Compel Production of the Administrative Record, Dkt. No. 109, and all other pending motions. The Court also heard argument about compliance with the existing preliminary injunction, Dkt. Nos. 67, 68, and the parties' recent status reports regarding incidents of noncompliance, Dkt. Nos. 107, 108, 116. Having considered the motions, the filings in support and opposition thereto, arguments made at the February 19 hearing, and the full record in this matter, it is hereby

**ORDERED** that Plaintiffs' Motion for a Scheduling Order Setting Discovery Schedule, Dkt. No. 87, is **GRANTED**. Through their filings and at the February 19 hearing, Defendants have made clear that they have not compiled an administrative record relating to the original BOP implementing memoranda challenged in this action and do not intend to. Instead, Defendants have relied on the fact that BOP is in the process of producing a new policy implementing Executive Order 14168 and have stated that for efficiency reasons they intend only to produce an administrative record for the new policy. The issuance of a superseding policy does not, however,

relieve Defendants of their duty to produce an administrative record for the original policy under Local Rule 7(n). That's because the original policy is relevant to a challenge to any policy that supersedes it and the complete administrative record "should include all materials that might have influenced the agency's decision." *Amfac Resorts L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001).

In an effort to keep this case moving, the Court declines to compel production of the existing administrative record and force Plaintiffs to move for discovery for a second time based on the sufficiency or insufficiency of that record. Instead, the Court grants discovery on Plaintiffs' APA and constitutional claims based solely on Defendants' failure to timely produce the administrative record as required by Rule 7(n). This Court has previously allowed fact discovery where there is no administrative record to review. *See Steele v. United States*, 657 F. Supp. 3d 23, 34 n. 6 (D.D.C. 2023). That's because when there is no administrative record to review, there are no "materials upon which the agenc[y] arrived at some decision to which this Court, upon review, might defer." *Nat'l L. Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affs.*, 842 F. Supp. 2d 127, 131 (D.D.C. 2012).

It is **ORDERED** that the Parties shall submit proposals for a discovery schedule within two weeks of the issuance of this Order. Accordingly, Plaintiffs' Motion to Compel Production of the Administrative Record, Dkt. No. 109, and Defendants' Motion for Exemption Pursuant to LCvR 16.3(b)(1) are both **DENIED**.

Having represented that a new BOP policy was issued on February 19, 2026, it is further **ORDERED** that Defendants shall file the administrative record for the new BOP policy within twenty-one days of this Order.

Regarding the pending pro se motions filed by purported absent class members, these all appear to be motions to intervene—regardless of whether they are explicitly styled as such. *See* Dkt. Nos. 75, 81, 86, 91, 92, 94, 95, 99, 100. These motions seek to put the Court on notice as to instances of BOP's noncompliance with the injunction in this case, but they do not call into question the adequacy of class counsel or the named class members. These motions are therefore **DENIED** without prejudice on the grounds that class counsel is providing fair and adequate representation to all class members in this matter. *NYC C.L.A.S.H., Inc. v. Carson*, No. 18-cv-1711, 2019 EL 2357534, at *3 (D.D.C. June 4, 2019) (denying permissive intervention because the intervenor's interest was "adequately represented" and "identical to the interest of plaintiffs"); *Pappas v. D.C.*, No. 19-cv-2800, 2026 WL 73826, at *3 (D.D.C. Jan. 9, 2026) (denying putative class member's motion to intervene in part because he "make[s] no argument regarding the adequacy of the representation he is receiving as a class member from class counsel"). Class counsel have dutifully investigated and followed up on all claims of noncompliance that they have received and are working diligently to address those claims with Defendants.

In order to continue fulfilling the obligation to provide adequate representation, class counsel are **ORDERED** to stay in communication with class members who have raised issues regarding noncompliance. As stated at the February 19 hearing, class counsel should submit a formal motion to the Court for Defendants to provide Rule 23(b)(2) notice to class members. If issues of noncompliance persist, or if class counsel faces continued resistance from BOP in efforts to reach class members, then class counsel should move for remedies such as amending the injunction.

**IT IS SO ORDERED.**

Date:  2-19-26

Royce C. Lamberth
United States District Judge