IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 1:25-cv-00691-RCL<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER |

Plaintiffs have moved this Court for a protective order directing Defendants and their agents and employees that no actions shall be taken that harass, intimidate, or otherwise retaliate against any class members or other witnesses who provide counsel for Plaintiffs, or the Court, with information related to the substance of this litigation. They have provided the Court with unrebutted evidence that multiple class members have experienced retaliation or threats of retaliation in response to filing grievances related to the Bureau of Prisons' (BOP) alleged noncompliance with this Court's Preliminary Injunction (ECF No. 67, renewed at ECF Nos. 79, 96, and 114), or in response to class members contacting Plaintiffs' counsel or the Court to report alleged noncompliance.[1]

When prison staff take adverse actions against incarcerated people after they file cases, testify or provide information to a court, or otherwise avail themselves of the civil justice system, the federal judiciary's ability to adjudicate cases and administer justice suffers. Such actions by Defendants and/or their employees, regardless of any claims of intent, (a) compromise Plaintiffs'

---

[1] The Court's Preliminary Injunction is published at 2005 WL 1568238 (D.D.C. June 3, 2025), and the orders renewing it are published at 2025 WL 4236438 (D.D.C. Aug. 20, 2025); 2025 WL 4236440 (D.D.C. Nov. 17, 2025); and 2026 WL 452173 (D.D.C. Feb. 12, 2026).

counsel's ability to discharge their ethical obligation to zealously advocate for their clients; (b) frustrate the Court's interest in obtaining an unimpeded flow of information about compliance with the Preliminary Injunction and provision of constitutionally adequate medical care; and (c) undermine the litigation process and the administration of justice.

This Court has the power to "issue all writs necessary or appropriate in aid of [its] ... jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C. § 1651. This power is not limited to the named parties before the Court in the underlying litigation. Instead, it extends to all persons who "though not parties to the original action . . . are in a position to frustrate . . . the proper administration of justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977); *Nat'l Org. for the Reform of Marijuana Laws v. Mullen*, 828 F.2d 536, 544 (9th Cir. 1987) ("One of the recognized applications of the All Writs Act is the issuance of orders necessary to ensure the integrity of orders previously issued."). This Court also has the inherent power to issue further enforcement orders to effectuate the purpose of an injunction or other prior orders. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 440 (2004); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (holding that "[t]he inherent powers of federal courts are those which 'are necessary to the exercise of all others.'") (quoting *United States v. Hudson*, 7 Cranch 32, 34 (1812)).

The fact that the parties in need of protection are incarcerated does not mean that the Court is powerless to issue further orders to protect them from retaliation and to protect the integrity of previously-issued orders. *See, e.g., Garcia v. Dist. of Columbia*, 56 F.Supp.2d 1, 12 (D.D.C. 1998) ("A prisoner's right of access to the courts is protected under the First Amendment's guarantee of the right to petition the government for a redress of grievances. ... The filing of a grievance by an inmate is also protected by the First Amendment.[] Actions taken by prison officials to retaliate

against an inmate for the filing of a grievance may 'chill the exercise of these First Amendment rights and therefore be actionable.'") (citations and footnote omitted); *accord Armstrong v. Newsom*, 58 F.4th 1283, 1290-93 (9th Cir. 2023); *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995); *Ben David v. Travisono*, 495 F.2d 562, 563 (1st Cir. 1974).

While the Prison Litigation Reform Act does not apply to protective orders issued by this Court under the All Writs Act or its inherent Article III power, in an abundance of caution the Court finds that the relief set forth in this order is narrowly drawn, extends no further than necessary to correct the harm that the Court has identified, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a). This Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this order and has given substantial weight to such impacts. After this consideration, the Court concludes and finds that no adverse impact on public safety or the operation of the criminal justice system will result from this order.

**THEREFORE, IT IS ORDERED:**

Defendants are **ORDERED** that they and their agents and employees shall take no actions that harass, intimidate, or otherwise retaliate against witnesses who have provided or will in the future provide the Court information, either via oral testimony or written statements.

**IT IS FURTHER ORDERED** that Defendants, their agents, and employees shall take no actions that harass, intimidate, or otherwise retaliate against people incarcerated in BOP custody who have filed or will file grievances alleging noncompliance with this Court's Preliminary Injunction, or who have contacted or will contact Plaintiffs' counsel or this Court alleging noncompliance with the Preliminary Injunction.

This prohibition includes actions which could reasonably be viewed as having a chilling effect on witness testimony by utilizing group punishments, or actions against other prisoners who could in turn blame or target the witnesses.

**IT IS FURTHER ORDERED** that within 14 days of this order, Defendants shall provide written notice to wardens at all BOP facilities at which a class member is incarcerated, describing this order and attaching it. Within 14 days of this order, Defendants shall also provide written notification and a copy of this order to all class members via individual delivery, posted notifications, or the tablet system.

**IT IS FURTHER ORDERED** that within 30 days of this order, counsel for Defendants shall file a written declaration detailing how this order was conveyed to staff and incarcerated people at all BOP facilities at which class members are incarcerated.

**IT IS SO ORDERED.**

Dated: _February 19_, 2026

_Royce C. Lamberth_
Hon. Royce C. Lamberth
United States District Judge