IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALISHEA KINGDOM, et al.,            )
                                    )
            Plaintiffs,             )
                                    )   Case No. 1:25-cv-00691-RCL
      v.                            )
                                    )
DONALD J. TRUMP, et al.,            )
                                    )
            Defendants.             )

## DECLARATION OF NICHOLAS BELL

I, Nicholas Bell, do hereby declare as follows:

1. I am employed by the Federal Bureau of Prisons ("BOP") as a Unit Manager at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner"). I have been employed with the BOP since January 2004, and I have been a Unit Manager since December 2018.

2. Pursuant to my official duties and in my current position, I have access to inmates' records, including, but not limited to: Judgment and Commitment Orders ("J&C"), Presentence Investigation Reports ("PSR"), sentence computation letters, electronic data maintained in the Bureau's SENTRY computer database and the Discipline & Administration Reintegration Tracking System ("DARTS"). I also have access to and regularly utilize BOP Program Statements.

3. I certify that the attached records are business records of regularly conducted activity and that I am qualified to authenticate those records. I also certify that the records: (1) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (2) are kept in the course of regularly conducted activity; and (3) were made by the regularly conducted activity as a regular practice.

4. As a Unit Manager, my duties include managing the administration of housing units at FCI Butner. I am responsible, in part, for the planning, development, and implementation of individual programs tailored to meet the specific needs of federal inmates in my assigned housing units. I am also responsible for the program operations and security of my assigned units.

5. As a Unit Manager, I have been a part of the Unit Team assigned to inmate Jeremy Pinson, Register Number 16267-064, since January 1, 2026. I was also part of the Unit Team assigned to inmate Michael Dye, Register Number 15252-042, from January 1, 2026, through Dye's release from custody on January 7, 2026.

6. Michael Dye was previously designated to FCI Butner, in service of 24-month supervised release violation sentence. Dye completed and released from this sentence on January

7, 2026. *See* SENTRY Public Information Inmate Data, Michael Dye, 15252-042 (Feb. 24, 2026), attached hereto as Attachment 1.

7.  While at FCI Butner, Dye was housed in the Secure Mental Health Housing Unit ("SMHU" or "the Annex") on various occasions, as a result of pending disciplinary infractions. *See* SENTRY Inmate History, Quarters, Michael Dye, 15252-042 (Feb. 24, 2026) (note housing assignments for "BUT" and "House X"), attached hereto as Attachment 2.

8.  Specifically, on October 6, 2025, Dye was moved to the SMHU following receipt of an incident report for the use of drugs. *See* Attachment 2 at 1 ("BUT  X04-0026  HOUSE X/RANGE 04/BED 002L  10-06-2025"); Discipline Hearing Officer Report, Incident Report Number 4202275, attached hereto as Attachment 3.

9.  While in the SMHU, Dye had regular access to and interaction with members of the Unit Team, to include the ability to request administrative remedy forms and submit administrative remedy requests. *See* SENTRY Administrative Remedy Generalized Retrieval, Michael Dye, 15252-042 (Feb. 24, 2026) (listing all administrative requests submitted by Dye from October 6, 2025, through January 7, 2026), attached hereto as Attachment 4.

10. Records indicate that Dye submitted an administrative remedy request to the BOP's Mid-Atlantic Regional Office on December 8, 2025, concerning an alleged sexual assault. *See* Attachment 4 at 3 (Remedy ID: 1264324-R1). In a response dated February 6, 2026, the Regional Director provided an informational response to Dye, noting that based upon the allegations, the matter had been referred to the appropriate investigating authority. *See* Administrative Remedy Regional Appeal, Part B – Response, Remedy ID No. 1264324-R1 (Feb. 6, 2026), attached hereto as Attachment 5.

11. Jeremy Pinson has been designated to FCI Butner since February 19, 2025. *See* SENTRY Inmate History, Quarters, Jeremy Pinson, 16267-067 (Feb. 23, 2026), attached hereto as Attachment 6.

12. Since arriving at FCI Butner, Pinson has been housed in the SMHU or the Annex on various occasions due to pending disciplinary infractions. *See* Attachment 6, at 1 (note housing assignments for "BUT" and "House X").

13. Since October 2025, Pinson has been housed in the SMHU from October 9, 2025, through December 17, 2025, and again from January 20, 2026, through the present. *See* Attachment 6, at 1.

14. While in the SMHU, Pinson and Dye were housed together during the period of November 6, 2025, through December 2, 2025. *See* Attachments 2 and 6.

15. Since October 1, 2025, Pinson has received eight incident reports for various disciplinary infractions. *See* SENTRY Inmate Discipline Data, Chronological Disciplinary Record, Jeremy Pinson, 16267-064, at 1–2 (Feb. 23, 2026), attached hereto as Attachment 7; SENTRY Inmate Discipline Data, Pending Reports, Jeremy Pinson, 16267-067 (Feb. 23, 2026), attached

hereto as Attachment 8; SENTRY Inmate Discipline Data, Pending Reports, Jeremy Pinson, 16267-067 (Feb. 18, 2026), attached hereto as attachment 9.

16. Specifically, Pinson has been charged with the following disciplinary infractions since October 2025:

- Incident Report Number 4199475, Date of Incident: 10-17-2025, Being Insolent to a Staff Member, *see* Incident Report Number 4199475, attached hereto as Attachment 10;
- Incident Report Number 4206483, Date of Incident: 10-30-2025, Refusing to Obey an Order, Refusing a Work/Program Assignment, *see* Incident Report Number 4206483, attached hereto as Attachment 11;
- Incident Report Number 4209188, Date of Incident: 11-04-2025, Refusing a Work/Program Assignment, *see* Incident Report Number 4209188, attached hereto as Attachment 12;
- Incident Report Number 4235909, Date of Incident: 12-22-2025, Giving/Accepting Money Without Authorization, Phone Abuse, *see* Incident Report Number 4235909, attached hereto as Attachment 13;
- Incident Report Number 4235907, Date of Incident: 12-29-2025, Phone Abuse, Giving/Accepting Money Without Authorization, *see* Incident Report Number 4235907, attached hereto as Attachment 14;
- Incident Report Number 4244397, Report Date: 01-20-2026, Engaging in Sexual Acts, *see* Attachment 9;
- Incident Report Number 4252217, Date of Incident: 02-04-2026, Threatening Bodily Harm, Interfering with Security Devices, Being Insolent to Staff Member, *see* Incident Report Number 4252217, attached hereto as Attachment 15; and,
- Incident Report Number 4260389, Date of Incident: 02-22-2026, Possessing Drugs/Alcohol, Misusing Authorized Medication, *see* Incident Report Number 4260389, attached hereto as Attachment 16; *see also* Attachment 8.

*See also* Attachment 7.

17. Incident Report Number 4244397 was expunged by the institution's Discipline Hearing Officer on February 20, 2026.

18. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 24th day of February 2026.

Nicholas Bell, Unit Manager
Federal Correctional Institution
Butner, North Carolina

| BP-A0288 | **INCIDENT REPORT** | |
|---|---|---|
| | Dept. of Justice / Federal Bureau of Prisons | |

**Part I - Incident Report**

| 1. Institution: **BUTNER MED I FCI** | | Incident Report Number: **4260389** | |
|---|---|---|---|
| 2. Inmate's Name **PINSON, JEREMY** | 3. Register Number **16267-064** | 4. Date of Incident **02-22-2026** | 5. Time **0705 hrs** |
| 6. Place of Incident **Maryland Annex** | 7. Assignment **AO COMP** | 8. Unit **2 GP** | |
| 9. Incident **113 -- POSSESSING DRUGS/ALCOHOL. 302 -- MISUSING AUTH MEDICATION.** | | 10. Prohibited Act Code(s) **113  302** | |

11. Description Of Incident
 (Date: **02-22-2026**  Time: **0705 hrs**  staff became aware of incident)

**On 02/22/2026 at 06:44:38, Inmate Pinson, Jermey (Reg. No. 16267 064) received his prescribed Suboxone at the cell door of X04 002. After receiving the medication, he remained at the door until 06:46:32, then returned to his bunk at 06:46:52.**

**During review of CCTV video, I, Lieutenant Teague, observed the following:**

**At 06:46:55, Pinson retrieved a white item resembling a paper medication dispensing spoon from the corner of the bed. At 06:46:59, he positioned himself behind a towel hanging from the upper bunk, obstructing the camera s and officer s view of his upper torso and head.**

**At 06:48:12, Pinson repositioned the spoon and gestured toward it while looking at his cellmate. At 06:48:22, he began manipulating the spoon. From 06:48:22 to 06:49:09, he repeatedly moved his right index finger in a manner consistent with attempting to remove or manipulate a substance.**

**At 06:49:15, Pinson looked toward the camera and scanned the cell. At 06:49:20, he placed the spoon back in its original location while keeping his index finger extended as if coated with a substance.**

**At 06:49:31, he retrieved toilet paper staged by his cellmate. At 06:49:37, he obtained a cup containing what appeared to be water. At 06:50:10, he turned away from the camera and manipulated an item at face level. At 06:50:16, he placed two small items on the desk.**

**At 06:50:48, Pinson picked up a small item and manipulated it. At 06:51:12, he wiped his finger on his boxers while continuing to manipulate the item. By 06:53:35, both inmates were standing and manipulating small objects.**

**At 06:54:25, Pinson set an item down, used toilet paper to blow his nose, and discarded it into the toilet at 06:54:37. At 06:55:12, he resumed manipulating the small item. At 06:55:26, he appeared to place something into his right eye. At 06:56:26, he wiped something onto the desk or paper. At 06:56:42, he appeared to place something into his left eye. At 06:56:53, he appeared to transfer something from his finger to his mouth. At 06:57:07, he again wiped something onto the desk or paper.**

**At 06:57:14, he sat on the toilet. At 06:57:24, he reached toward the desk and continued manipulating an item.**

**At 06:57:58, staff issued a direct order for both inmates to submit to hand restraints. At that moment, Inmate ▮▮▮▮▮ handed a paper spoon to Pinson. At 06:58:31, Pinson tore the tops**

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.



| BP-A0288 | **INCIDENT REPORT** |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

off two paper spoons and handed the torn pieces back to his cellmate. At 06:58:52, he dropped items into the toilet, behavior consistent with the destruction or disposal of potential evidence.

At 07:01:23, Pinson stood and dressed. At 07:02:51, he submitted to hand restraints.

**Evidence Recovery and Field Testing (0705 hours)**

At approximately 0705 hours, a search of cell X04 002, assigned to inmates Pinson and ▇▇▇▇, was conducted. On the desk area, I located the top portion of a ruled piece of paper containing an orange colored spot on the upper right corner. This location was consistent with where Inmate Pinson had earlier appeared to wipe a substance onto the desk or paper.

The paper was retrieved as potential evidence.

I, Lieutenant Teague, conducted a NIK field test on the substance using the following kits:

**NIK Test Kit A: sample turned purple**

**NIK Test Kit U: sample turned purple brown**

**NIK Test Kit K: sample turned purple**

The combined results of Kits A, U, and K are presumptively positive for Buprenorphine.

| 12. Typed Name/Signature of Reporting Employee<br>**B Teague** | 13. Date And Time<br>**02-22-2026 1200 hrs** | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature)<br>**L. COBB** | 15. Date Report Delivered<br>**02-23-2026** | 16. Time Report Delivered<br>**1000 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

|  BP-A0288 | **INCIDENT REPORT** |  |
|---|---|---|
|  | Dept. of Justice / Federal Bureau of Prisons |  |
| Inmate's Name<br>**PINSON, JEREMY** | Register Number<br>**16267-064** | Incident Report Number<br>**4260389** |

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident

18. A. It is the finding of the committee that you:
    _ Committed the Prohibited Act as charged.
    — Did not commit a Prohibited Act.
    — Committed Prohibited Act Code(s)

    B. _ The Committee is referring the Charge(s) to the DHO for further Hearing.

    C. _ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

21. Date And Time Of Action         (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

_____     _____     _____
Chairman (Typed Name/Signature)    Member (Typed Name)         Member (Typed Name)

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

| BP-A0288 | **INCIDENT REPORT** |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

| Inmate's Name | Register Number | Incident Report Number |
|---|---|---|
| **PINSON, JEREMY** | **16267-064** | **4260389** |

| Part III - Investigation | 22. Date & Time Investigation Began |
|---|---|
| | **02-23-2026 0706 hrs** |

23. Inmate Advised of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process. Your silence may be used to draw an adverse inference against you at any stage of the discipline process. Your silence may not be used to support a finding that you have committed a prohibited act.

The Inmate Was Advised Of The Above Right By   **L. COBB**

At (Date/time)   **02-23-2026 1000 hrs**

24. Inmate statement and attitude

**INMATE PINSON, JEREMY #16267-064 WAS ADVISED OF HIS RIGHTS. INMATE PINSON, JEREMY #16267-064 ADVISED HE UNDERSTOOD HIS RIGHTS. INMATE PINSON, JEREMY #16267-064 WAS GIVEN A COPY OF THIS INCIDENT REPORT.**

25. Other facts about the incident, statements of those persons present at scene, disposition of evidence, etc.

**Incident Report - Staff Memorandums -- (BOP-IRMEM) DELEVERY WAS DELAYED DUE TO EXTENXIVE INVESTIGATION**

26. Investigator's comments and conclusions

**IT IS THIS INVESTIGATOR'S CONCLUSION THAT INMATE PINSON, JEREMY #16267-064 WAS PROPERLY CHARGED WITH 113 -- POSSESSING DRUGS/ALCOHOL. 302 -- MISUSING AUTH MEDICATION.**

27. Action taken

**Incident Report referred to UDC. Investigation/evidence supports charges. Inmate remains in the Special Housing Unit**

Date and Time Investigation Completed:   **02-23-2026 1207 hrs**

Printed Name/Signature Of Investigator:   **L. COBB**

Investigator Title:   **LIEUTENANT**

Prescribed by P5270                                   Replaces BP-S288.052