**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALISHEA KINGDOM, et al.,           )
                                   )
            Plaintiffs,            )
                                   )        Case No. 1:25-cv-00691-RCL
    v.                             )
                                   )
DONALD J. TRUMP, et al.,           )
                                   )
            Defendants.            )

**DECLARATION OF NICHOLAS BELL**

I, Nicholas Bell, do hereby declare as follows:

1.      I am employed by the Federal Bureau of Prisons ("BOP") as a Unit Manager at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner"). I have been employed with the BOP since January 2004, and I have been a Unit Manager since December 2018.

2.      Pursuant to my official duties and in my current position, I have access to inmates' records, including, but not limited to: Judgment and Commitment Orders ("J&C"), Presentence Investigation Reports ("PSR"), sentence computation letters, electronic data maintained in the Bureau's SENTRY computer database and the Discipline & Administration Reintegration Tracking System ("DARTS"). I also have access to and regularly utilize BOP Program Statements.

3.      I certify that the attached records are business records of regularly conducted activity and that I am qualified to authenticate those records. I also certify that the records: (1) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (2) are kept in the course of regularly conducted activity; and (3) were made by the regularly conducted activity as a regular practice.

4.      As a Unit Manager, my duties include managing the administration of housing units at FCI Butner. I am responsible, in part, for the planning, development, and implementation of individual programs tailored to meet the specific needs of federal inmates in my assigned housing units. I am also responsible for the program operations and security of my assigned units.

5.      As a Unit Manager, I have been a part of the Unit Team assigned to inmate Jeremy Pinson, Register Number 16267-064, since January 1, 2026. I was also part of the Unit Team assigned to inmate Michael Dye, Register Number 15252-042, from January 1, 2026, through Dye's release from custody on January 7, 2026.

6.      Michael Dye was previously designated to FCI Butner, in service of 24-month supervised release violation sentence. Dye completed and released from this sentence on January

7, 2026. *See* SENTRY Public Information Inmate Data, Michael Dye, 15252-042 (Feb. 24, 2026), attached hereto as Attachment 1.

7.    While at FCI Butner, Dye was housed in the Secure Mental Health Housing Unit ("SMHU" or "the Annex") on various occasions, as a result of pending disciplinary infractions. *See* SENTRY Inmate History, Quarters, Michael Dye, 15252-042 (Feb. 24, 2026) (note housing assignments for "BUT" and "House X"), attached hereto as Attachment 2.

8.    Specifically, on October 6, 2025, Dye was moved to the SMHU following receipt of an incident report for the use of drugs. *See* Attachment 2 at 1 ("BUT  X04-0026  HOUSE X/RANGE 04/BED 002L  10-06-2025"); Discipline Hearing Officer Report, Incident Report Number 4202275, attached hereto as Attachment 3.

9.    While in the SMHU, Dye had regular access to and interaction with members of the Unit Team, to include the ability to request administrative remedy forms and submit administrative remedy requests. *See* SENTRY Administrative Remedy Generalized Retrieval, Michael Dye, 15252-042 (Feb. 24, 2026) (listing all administrative requests submitted by Dye from October 6, 2025, through January 7, 2026), attached hereto as Attachment 4.

10.    Records indicate that Dye submitted an administrative remedy request to the BOP's Mid-Atlantic Regional Office on December 8, 2025, concerning an alleged sexual assault. *See* Attachment 4 at 3 (Remedy ID: 1264324-R1). In a response dated February 6, 2026, the Regional Director provided an informational response to Dye, noting that based upon the allegations, the matter had been referred to the appropriate investigating authority. *See* Administrative Remedy Regional Appeal, Part B – Response, Remedy ID No. 1264324-R1 (Feb. 6, 2026), attached hereto as Attachment 5.

11.    Jeremy Pinson has been designated to FCI Butner since February 19, 2025. *See* SENTRY Inmate History, Quarters, Jeremy Pinson, 16267-067 (Feb. 23, 2026), attached hereto as Attachment 6.

12.    Since arriving at FCI Butner, Pinson has been housed in the SMHU or the Annex on various occasions due to pending disciplinary infractions. *See* Attachment 6, at 1 (note housing assignments for "BUT" and "House X").

13.    Since October 2025, Pinson has been housed in the SMHU from October 9, 2025, through December 17, 2025, and again from January 20, 2026, through the present. *See* Attachment 6, at 1.

14.    While in the SMHU, Pinson and Dye were housed together during the period of November 6, 2025, through December 2, 2025. *See* Attachments 2 and 6.

15.    Since October 1, 2025, Pinson has received eight incident reports for various disciplinary infractions. *See* SENTRY Inmate Discipline Data, Chronological Disciplinary Record, Jeremy Pinson, 16267-064, at 1–2 (Feb. 23, 2026), attached hereto as Attachment 7; SENTRY Inmate Discipline Data, Pending Reports, Jeremy Pinson, 16267-067 (Feb. 23, 2026), attached

hereto as Attachment 8; SENTRY Inmate Discipline Data, Pending Reports, Jeremy Pinson, 16267-067 (Feb. 18, 2026), attached hereto as attachment 9.

16.     Specifically, Pinson has been charged with the following disciplinary infractions since October 2025:

- Incident Report Number 4199475, Date of Incident: 10-17-2025, Being Insolent to a Staff Member, *see* Incident Report Number 4199475, attached hereto as Attachment 10;
- Incident Report Number 4206483, Date of Incident: 10-30-2025, Refusing to Obey an Order, Refusing a Work/Program Assignment, *see* Incident Report Number 4206483, attached hereto as Attachment 11;
- Incident Report Number 4209188, Date of Incident: 11-04-2025, Refusing a Work/Program Assignment, *see* Incident Report Number 4209188, attached hereto as Attachment 12;
- Incident Report Number 4235909, Date of Incident: 12-22-2025, Giving/Accepting Money Without Authorization, Phone Abuse, *see* Incident Report Number 4235909, attached hereto as Attachment 13;
- Incident Report Number 4235907, Date of Incident: 12-29-2025, Phone Abuse, Giving/Accepting Money Without Authorization, *see* Incident Report Number 4235907, attached hereto as Attachment 14;
- Incident Report Number 4244397, Report Date: 01-20-2026, Engaging in Sexual Acts, *see* Attachment 9;
- Incident Report Number 4252217, Date of Incident: 02-04-2026, Threatening Bodily Harm, Interfering with Security Devices, Being Insolent to Staff Member, *see* Incident Report Number 4252217, attached hereto as Attachment 15; and,
- Incident Report Number 4260389, Date of Incident: 02-22-2026, Possessing Drugs/Alcohol, Misusing Authorized Medication, *see* Incident Report Number 4260389, attached hereto as Attachment 16; *see also* Attachment 8.

*See also* Attachment 7.

17.     Incident Report Number 4244397 was expunged by the institution's Discipline Hearing Officer on February 20, 2026.

18.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 24th day of February 2026.

_____
Nicholas Bell, Unit Manager
Federal Correctional Institution
Butner, North Carolina

# Attachment 1

```
  BUTB5         *        PUBLIC INFORMATION        *      02-24-2026
PAGE 001 OF 001 *            INMATE DATA           *      11:08:36
                         AS OF 02-24-2026


REGNO..: 15252-042 NAME: DYE, MICHAEL RYAN

                    RESP OF: BUT
                    PHONE: 919-575-4541        FAX: 919-575-2091
                                               RACE/SEX...: WHITE / MALE
                                               AGE:  36
ACTUAL RELEASE METH.: GCT REL
ACTUAL RELEASE DATE.: 01-07-2026
```

```
BUTB5          *         PUBLIC INFORMATION        *       02-24-2026
PAGE 001 OF 002 *           INMATE DATA            *       11:08:36
                         AS OF 02-24-2026
```

REGNO..: 15252-042 NAME: DYE, MICHAEL RYAN

```
                 RESP OF: BUT
                 PHONE: 919-575-4541    FAX: 919-575-2091
HOME DETENTION ELIGIBILITY DATE: 10-27-2025
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE"S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  01-07-2026 VIA GCT REL

------------------------PRIOR JUDGMENT/WARRANT NO: 020 -----------------------

```
COURT OF JURISDICTION..........: MICHIGAN, WESTERN DISTRICT
DOCKET NUMBER..................: 1:23-PT-27
JUDGE..........................: MALONEY
DATE SENTENCED/PROBATION IMPOSED: 06-18-2013
DATE SUPERVISION REVOKED.......: 02-06-2024
TYPE OF SUPERVISION REVOKED....: REG
DATE COMMITTED.................: 06-04-2024
HOW COMMITTED..................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED..............: NO
```

```
               FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00       $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  512    18:2251-2,2260 OBSCENE MATTR

OFF/CHG: 18:2252A(A)(5)(B) AND 2256(8) POSSESSION OF CHILD PORNOGRAPHY
         CT1

```
 SENTENCE PROCEDURE.............: SUPERVISED RELEASE VIOLATION PLRA
 SENTENCE IMPOSED/TIME TO SERVE.:   24 MONTHS
 DATE OF OFFENSE................: 03-07-2011
```

-------------------------PRIOR COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 11-21-2025 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 06-21-2024 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

```
DATE COMPUTATION BEGAN..........: 02-06-2024
TOTAL TERM IN EFFECT............:   24 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    2 YEARS
EARLIEST DATE OF OFFENSE........: 03-07-2011
```

```
JAIL CREDIT....................:   FROM DATE    THRU DATE
                                  01-21-2024    02-05-2024
```

```
TOTAL PRIOR CREDIT TIME.........: 16
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 13
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 01-07-2026
```

```
  BUTB5          *          PUBLIC INFORMATION        *        02-24-2026
PAGE 002 OF 002 *               INMATE DATA           *        11:08:36
                          AS OF 02-24-2026

REGNO..: 15252-042 NAME: DYE, MICHAEL RYAN

                    RESP OF: BUT
                      PHONE: 919-575-4541    FAX: 919-575-2091
ELDERLY OFFENDER TWO THIRDS DATE: 05-22-2025
EXPIRATION FULL TERM DATE......: 01-20-2026
TIME SERVED....................:    1 YEARS    11 MONTHS    18 DAYS
PERCENTAGE OF FULL TERM SERVED..: 98.2
PERCENT OF STATUTORY TERM SERVED: 100.0

ACTUAL SATISFACTION DATE........: 01-07-2026
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: BUT
ACTUAL SATISFACTION KEYED BY....: MKM

DAYS REMAINING..................: 13
FINAL PUBLIC LAW DAYS...........: 0
```

# Attachment 10



BP-A0288
**INCIDENT REPORT**
Dept. of Justice / Federal Bureau of Prisons

**Part I - Incident Report**

| 1. Institution: **BUTNER MED I FCI** | | Incident Report Number: **4199475** | |
|---|---|---|---|
| 2. Inmate's Name<br>**PINSON, JEREMY** | 3. Register Number<br>**16267-064** | 4. Date of Incident<br>**10-17-2025** | 5. Time<br>**1005 hrs** |
| 6. Place of Incident<br>**Secure Mental Health Unit** | 7. Assignment<br>**AO COMP** | 8. Unit<br>**2 GP** | |
| 9. Incident<br>**312 -- BEING INSOLENT TO STAFF MEMBER.** | | 10. Prohibited Act Code(s)<br>**312** | |

11. Description Of Incident

(Date: **10-17-2025**    Time: **1005 hrs**    staff became aware of incident)

**On 10/17/2025 at approximately 1005, I Advanced Care Level Psychologist, S. Madler, was speaking with Inmate PINSON, JEREMY, #16267-064 cell side in the Secure Mental Health Unit (SMHU). During the course of an interaction, Inmate Pinson was observed to become angry and hostile as evidenced by yelling and using profanity. Inmate Pinson stated, "I'm so fucking angry with Psychology right now I would have nothing to say. But I'm gonna say this one time. I told [the Deputy Chief Psychologist] do not underestimate me. Watch me. Watch me." Inmate Pinson then turned around and walked away from the door. An attempt was made to clarify the aforementioned statements, however, Inmate Pinson was visibly angry and while covering the cell window yelled at me to "get the fuck away from [Inmate Pinson's] door." An attempt was made to instruct Inmate Pinson to remove the paper from the cell window, however, Inmate Pinson yelled again, "Get the fuck away from [Inmate Pinson's] door."**

| 12. Typed Name/Signature of Reporting Employee<br>**S. Madler** | | 13. Date And Time<br>**10-17-2025 1258 hrs** | |
|---|---|---|---|
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature)<br>**S. Peters** | 15. Date Report<br>Delivered<br>**10-18-2025** | 16. Time Report<br>Delivered<br>**1030 hrs** | |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                            Replaces BP-S288.052

| | |
|---|---|
| BP-A0288 | **INCIDENT REPORT** |
| | Dept. of Justice / Federal Bureau of Prisons |

| Inmate's Name | Register Number | Incident Report Number |
|---|---|---|
| **PINSON, JEREMY** | **16267-064** | **4199475** |

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident

**inmate Pinson was advised of his rights and stated he had apologized to Dr. Madler and regret the incident.**

| | |
|---|---|
| 18. A. It is the finding of the committee that you: <br> **X** Committed the Prohibited Act as charged. <br> — Did not commit a Prohibited Act. <br> — Committed Prohibited Act Code(s) | B. _ The Committee is referring the Charge(s) to the DHO for further Hearing. <br><br> C. **X** The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |

19. Committee Decision is based on Specific Evidence as Follows:

**Inmate Found guilty based on reporting staff statement and inmate's admission of guilt.**

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

**Loss of commissary 60 days**

21. Date And Time Of Action **10-22-2025 1327 hrs**    (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

**Malone**                          **Bell**

_____    _____    _____
Chairman (Typed Name/Signature)    Member (Typed Name)              Member (Typed Name)

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

| BP-A0288 | **INCIDENT REPORT** |
|---|---|
| Dept. of Justice / Federal Bureau of Prisons | |

| Inmate's Name | Register Number | Incident Report Number |
|---|---|---|
| **PINSON, JEREMY** | **16267-064** | **4199475** |

| **Part III - Investigation** | 22. Date & Time Investigation Began |
|---|---|
| | **10-18-2025 1030 hrs** |

23. Inmate Advised of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process. Your silence may be used to draw an adverse inference against you at any stage of the discipline process. Your silence may not be used to support a finding that you have committed a prohibited act.

The Inmate Was Advised Of The Above Right By **S. Peters**

At (Date/time) **10-18-2025 1029 hrs**

24. Inmate statement and attitude

**Inmate Pinson Reg.No.16267-064 was advised of his rights and he stated that he understood his rights. He also received a copy of the incident report and displayed a fair attitude during the investigation. Inmate Pinson did not provide a statement**

25. Other facts about the incident, statements of those persons present at scene, disposition of evidence, etc.

**Did not request a staff rep or Inmate witness**

26. Investigator's comments and conclusions

**Based on the information in section 11 of the report. I have concluded that inmate Pinson has been properly charged. Conduct of this nature hampers staff ability to control their areas of concern and could also encourage other inmates to act in a similar manner.**

27. Action taken

**Incident Report referred to UDC. Investigation/evidence supports charges. Inmate remains in the Maryland Annex**

Date and Time Investigation Completed: **10-18-2025 1037 hrs**

Printed Name/Signature Of Investigator: **S. Peters**

Investigator Title: **Lieutenant**

# Attachment 12

**BP-A0288**    **INCIDENT REPORT**
Dept. of Justice / Federal Bureau of Prisons

Part I - Incident Report

| 1. Institution: **BUTNER MED I FCI** | | Incident Report Number: **4209188** | |
|---|---|---|---|
| 2. Inmate's Name <br> **PINSON, JEREMY** | 3. Register Number <br> **16267-064** | 4. Date of Incident <br> **11-04-2025** | 5. Time <br> **1500 hrs** |
| 6. Place of Incident <br> **Maryland Annex** | 7. Assignment <br> **AO COMP** | 8. Unit <br> **2 GP** | |
| 9. Incident <br> **306 -- REFUSING WORK/PGM ASSIGNMENT.** | | 10. Prohibited Act Code(s) <br> 306 | |

11. Description Of Incident

(Date: **11-04-2025**    Time: **1500 hrs**    staff became aware of incident)

**On the date of 11/04/2025 at approximately 1500, I Ofc. Blankenship spoke with Inmate PINSON, JEREMY, #16267-064 at cell X04-004. I explained to inmate Pinson that they were being relocated from cell X04-004 to X03-002 to be housed with inmate ▮▮▮▮▮▮ (#▮▮▮▮▮▮▮). Inmate Pinson explained to me that they were not relocating from X04-004 to X03-002. Inmate Pinson stated, "I'm tired of catering to these calls from psychology. You can move ▮▮▮ over here into this cell, but I'm not moving to the short range." I then asked inmate Pinson if they were refusing to relocate to cell X03-002. Inmate Pinson replied by stating, "Yes."**

| 12. Typed Name/Signature of Reporting Employee <br> **J Blankenship** | | 13. Date And Time <br> **11-04-2025 1515 hrs** | |
|---|---|---|---|
| 14. Incident Report Delivered to Above Inmate By <br> (Type Name/Signature) <br> **M. Ball, Lieutenant** | | 15. Date Report <br> Delivered <br> **11-04-2025** | 16. Time Report <br> Delivered <br> **1731 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

| BP-A0288 | **INCIDENT REPORT** | |
|---|---|---|
| Dept. of Justice / Federal Bureau of Prisons | | |

| Inmate's Name | Register Number | Incident Report Number |
|---|---|---|
| **PINSON, JEREMY** | **16267-064** | **4209188** |

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident

**Pinson was advised of his rights and stated they both had bottom bunk passes.**

18. A. It is the finding of the committee that you:

    **X** Committed the Prohibited Act as charged.

    — Did not commit a Prohibited Act.

    — Committed Prohibited Act Code(s)

B. _ The Committee is referring the Charge(s) to the DHO for further Hearing.

C. **X** The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is based on Specific Evidence as Follows:

**Review of MDS assignments indicated ▇▇▇ did not have a lower bunk pass. Inmate found guilty based on reporting staff statement, inmate's statement, and review of MDS records. Sanctions mitigated due to fact Pinson currently has celly.**

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

**Loss of email 15 days**

21. Date And Time Of Action  **11-12-2025 1249 hrs**  (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

**Malone**

_____
Chairman (Typed Name/Signature)

**Bell**

_____
Member (Typed Name)

_____
Member (Typed Name)

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

| BP-A0288 | **INCIDENT REPORT** | |
|---|---|---|
| Dept. of Justice / Federal Bureau of Prisons | | |

| Inmate's Name<br>**PINSON, JEREMY** | Register Number<br>**16267-064** | Incident Report Number<br>**4209188** |
|---|---|---|

| **Part III - Investigation** | 22. Date & Time Investigation Began<br>**11-04-2025 1731 hrs** |
|---|---|

23. Inmate Advised of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process. Your silence may be used to draw an adverse inference against you at any stage of the discipline process. Your silence may not be used to support a finding that you have committed a prohibited act.

The Inmate Was Advised Of The Above Right By **M. L. Ball**
At (Date/time) **11-04-2025 1731 hrs**

24. Inmate statement and attitude

**Inmate advised of his rights. He replied  yes  when asked if he understood them.
Inmate received a copy of this report.
Inmate was respectful with this investigator.
Inmate asked if he wished to make a statement in regard to this investigation, he replied  I have a lower bunk pass and they wanted me to cell with someone that uses the lower bunk**

25. Other facts about the incident, statements of those persons present at scene, disposition of evidence, etc.

**Incident Report - SENTRY Documentation -- (BOP-IRSNTY)
Inmate did not request any inmate witnesses at the time of this investigation.
Delayed due to MHE**

26. Investigator's comments and conclusions

**Based upon the information as written in section 11 of this report, I believe that the charges contained in this incident report are true and correct to the best of my knowledge.  Inmate ▮ does not have a lower bunk pass and therefore inmate Pinson has no reason to refuse being in the cell with him.  All necessary documentation and photos regarding these charges are included with this incident report to verify and substantiate the severity of the charges alleged.**

27. Action taken

**Incident Report referred to UDC. Investigation/evidence supports charges. Inmate remains in the Maryland Annex.**

Date and Time Investigation Completed: **11-04-2025 1738 hrs**

Printed Name/Signature Of Investigator: **M. L. Ball**

Investigator Title: **Lieutenant**

Attachment 15



| BP-A0288 | **INCIDENT REPORT** |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

**Part I - Incident Report**

| 1. Institution: **BUTNER MED I FCI** | | 1. Incident Report Number: **4252217** | |
|---|---|---|---|
| 2. Inmate's Name **PINSON, JEREMY** | 3. Register Number **16267-064** | 4. Date of Incident **02-04-2026** | 5. Time **1240 hrs** |
| 6. Place of Incident **Annex Cell X04-002** | 7. Assignment **AO COMP** | 8. Unit **2 GP** | |
| 9. Incident **203 -- THREATENING BODILY HARM. 208 -- INTERFERING WITH SECRY DEVICES. 312 -- BEING INSOLENT TO STAFF MEMBER.** | | 10. Prohibited Act Code(s) **203 208 312** | |

11. Description Of Incident

(Date: **02-04-2026**    Time: **1240 hrs**    staff became aware of incident)

**This is a Re-Write.**
**On Wednesday, 2-4-2026 at approximately 1240, while making rounds on Range 4 of the Annex, Inmate PINSON, JEREMY (16267-064) stopped me and asked "what is going on? Why haven't we been to the showers yet?" I said, "I am the only one right now and I am making rounds." PINSON asked "so what's going on? Why are you the only one on the range?" I said, "everyone else is busy, so it's just me. Why, what do you need?" PINSON said, "we want to know when we are getting a shower. You can tell me why I haven't been pulled. Why you being so difficult when you could just tell me what's going on, I'm gonna find out anyway." I said, "I have answered your question already. You don't need to know any specifics." As PINSON continued to use intimidation towards me, PINSON's began shouting "why the fuck not? You can make it so easy by just telling us what's going on. So, you want me to contact my lawyer so he can subpoena your ass to court, disrupt your life, and you'll still have to tell them." I said, "if that's the way you have to go about it, then feel free." PINSON shouted, "why, just why, why won't you tell me? I have the right to ask, and you have to tell me." I said, "you are there and I am here." PINSON began screaming and pointing at me, "oh, so I'm an inmate and you are staff, that's what you're going with? Okay you fucking bitch! You're a dumb ass fucking bitch! Get the fuck away from my door!" I then stepped away from the cell door and into the officer's station to look at the cameras. I noticed that the camera labeled 4-02 (for cell X04-002) was covered with something white which completely blocked the view into the cell. At that time, the Lieutenant went to the cell door to assess the disorderly conduct from PINSON. The officer's station door was open, and I heard PINSON still screaming "you want an emergency, I'll show you an emergency. I'll show you a medical emergency!" and banged on the door several times. PINSON even yelled out "Nelson, that stupid bitch disrespects me every single day. She is playing a dangerous game with her life, she will lose her life and I'm telling the truth!"**

| 12. Typed Name/Signature of Reporting Employee **R Nelson** | 13. Date And Time **02-05-2026 0901 hrs** | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) **E. Quinones** | 15. Date Report Delivered **02-06-2026** | 16. Time Report Delivered **0900 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

| BP-A0288 | **INCIDENT REPORT** |
|---|---|
| Dept. of Justice / Federal Bureau of Prisons | |

| Inmate's Name | Register Number | Incident Report Number |
|---|---|---|
| **PINSON, JEREMY** | **16267-064** | **4252217** |

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident

**Inmate Pinson was advised of his rights and chose not to make a statement to the UDC. Pinson did not request a staff rep but di request Lt. Markel and his cellmate, ███████, as witnesses.**

---

18. A. It is the finding of the committee that you:

\_ Committed the Prohibited Act as charged.

— Did not commit a Prohibited Act.

— Committed Prohibited Act Code(s)

B. **X** The Committee is referring the Charge(s) to the DHO for further Hearing.

C. **X** The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is based on Specific Evidence as Follows:

**Referred to DHO based on severity of charge**

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

**Loss of GCT, DS, LP**

21. Date And Time Of Action **02-10-2026 1332 hrs**    (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

**Malone**

| | | |
|---|---|---|
| Chairman (Typed Name/Signature) | Member (Typed Name) | Member (Typed Name) |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

| BP-A0288 | **INCIDENT REPORT** |
|---|---|
| Dept. of Justice / Federal Bureau of Prisons | |

| Inmate's Name | Register Number | Incident Report Number |
|---|---|---|
| **PINSON, JEREMY** | **16267-064** | **4252217** |

| Part III - Investigation | 22. Date & Time Investigation Began |
|---|---|
| | **02-06-2026 0800 hrs** |

23. Inmate Advised of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process. Your silence may be used to draw an adverse inference against you at any stage of the discipline process. Your silence may not be used to support a finding that you have committed a prohibited act.

The Inmate Was Advised Of The Above Right By **E.Quinones**

At (Date/time) **02-06-2026 0900 hrs**

24. Inmate statement and attitude

**Inmate Pinson, Jeremy, reg. no. 4252-217, read his rights.**
**Inmate Pinson, Jeremy, reg. no. 4252-217, understood his right to remain silent and his rights during the disciplined process.**
**Inmate Pinson, Jeremy, reg. no. 4252-217, received a copy on February 5, 2026.**
**Inmate Pinson, Jeremy, reg. no. 4252-217, offer a written statement, ( see the attached).**
**Inmate Pinson, Jeremy, reg. no. 4252-217, displayed a fair attitude during the interview.**

25. Other facts about the incident, statements of those persons present at scene, disposition of evidence, etc.

**Incident Report - Inmate Written Statement -- (BOP-IRIWS)**
**All facts about the incident are stated in section 11 of the incident report. Incident report was not served within the 24 hrs. The incident report was in rewrite status.**

26. Investigator's comments and conclusions

**After interviewing staff and reviewing MD Annex camera 4 02 at approximately 12:46 on the day of the incident, it was determined that Inmate Pinson covered the cell window with a towel and obstructed the camera with paper. Based on the information provided in Section 11 of the incident report, I contend that the inmate was properly charged with the following prohibited acts:**

**312  Being Insolent to a Staff Member 208   Interfering with Security Devices**

**However, after conducting an investigation into the alleged threat of bodily harm, the violation was not substantiated. Based on the information provided by staff in Section 11 of the incident report, I contend that the inmate was not properly charged with the following prohibited act:**

**203  Threatening Bodily Harm**

27. Action taken

**Incident Report referred to UDC. Investigation/evidence supports charges 312 & 208. Inmate placed in Secured Mental Health Unit. It is recommended that the charge for Code 203 be expunged.**

Date and Time Investigation Completed: **02-06-2026 1300 hrs**

**BP-A0288**  ### INCIDENT REPORT
Dept. of Justice / Federal Bureau of Prisons

Printed Name/Signature Of Investigator: **E.Quinones**

Investigator Title: **LT.**

Attachment 16

| BP-A0288 | **INCIDENT REPORT** | |
|---|---|---|
| | Dept. of Justice / Federal Bureau of Prisons | |

## Part I - Incident Report

| 1. Institution: **BUTNER MED I FCI** | | | Incident Report Number: **4260389** | |
|---|---|---|---|---|
| 2. Inmate's Name<br>**PINSON, JEREMY** | 3. Register Number<br>**16267-064** | 4. Date of Incident<br>**02-22-2026** | | 5. Time<br>**0705 hrs** |
| 6. Place of Incident<br>**Maryland Annex** | 7. Assignment<br>**AO COMP** | 8. Unit<br>**2 GP** | | |
| 9. Incident<br>**113 -- POSSESSING DRUGS/ALCOHOL. 302 -- MISUSING AUTH MEDICATION.** | | 10. Prohibited Act Code(s)<br>113 302 | | |

11. Description Of Incident

(Date: **02-22-2026**   Time: **0705 hrs**   staff became aware of incident)

**On 02/22/2026 at 06:44:38, Inmate Pinson, Jermey (Reg. No. 16267 064) received his prescribed Suboxone at the cell door of X04 002. After receiving the medication, he remained at the door until 06:46:32, then returned to his bunk at 06:46:52.**

**During review of CCTV video, I, Lieutenant Teague, observed the following:**

**At 06:46:55, Pinson retrieved a white item resembling a paper medication dispensing spoon from the corner of the bed. At 06:46:59, he positioned himself behind a towel hanging from the upper bunk, obstructing the camera s and officer s view of his upper torso and head.**

**At 06:48:12, Pinson repositioned the spoon and gestured toward it while looking at his cellmate. At 06:48:22, he began manipulating the spoon. From 06:48:22 to 06:49:09, he repeatedly moved his right index finger in a manner consistent with attempting to remove or manipulate a substance.**

**At 06:49:15, Pinson looked toward the camera and scanned the cell. At 06:49:20, he placed the spoon back in its original location while keeping his index finger extended as if coated with a substance.**

**At 06:49:31, he retrieved toilet paper staged by his cellmate. At 06:49:37, he obtained a cup containing what appeared to be water. At 06:50:10, he turned away from the camera and manipulated an item at face level. At 06:50:16, he placed two small items on the desk.**

**At 06:50:48, Pinson picked up a small item and manipulated it. At 06:51:12, he wiped his finger on his boxers while continuing to manipulate the item. By 06:53:35, both inmates were standing and manipulating small objects.**

**At 06:54:25, Pinson set an item down, used toilet paper to blow his nose, and discarded it into the toilet at 06:54:37. At 06:55:12, he resumed manipulating the small item. At 06:55:26, he appeared to place something into his right eye. At 06:56:26, he wiped something onto the desk or paper. At 06:56:42, he appeared to place something into his left eye. At 06:56:53, he appeared to transfer something from his finger to his mouth. At 06:57:07, he again wiped something onto the desk or paper.**

**At 06:57:14, he sat on the toilet. At 06:57:24, he reached toward the desk and continued manipulating an item.**

**At 06:57:58, staff issued a direct order for both inmates to submit to hand restraints. At that moment, Inmate ▮▮▮▮ handed a paper spoon to Pinson. At 06:58:31, Pinson tore the tops**

| The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business. |
|---|

BP-A0288     **INCIDENT REPORT**
Dept. of Justice / Federal Bureau of Prisons

off two paper spoons and handed the torn pieces back to his cellmate. At 06:58:52, he dropped items into the toilet, behavior consistent with the destruction or disposal of potential evidence.

At 07:01:23, Pinson stood and dressed. At 07:02:51, he submitted to hand restraints.

**Evidence Recovery and Field Testing (0705 hours)**

At approximately 0705 hours, a search of cell X04 002, assigned to inmates Pinson and ████, was conducted. On the desk area, I located the top portion of a ruled piece of paper containing an orange colored spot on the upper right corner. This location was consistent with where Inmate Pinson had earlier appeared to wipe a substance onto the desk or paper.

The paper was retrieved as potential evidence.

I, Lieutenant Teague, conducted a NIK field test on the substance using the following kits:

**NIK Test Kit A: sample turned purple**

**NIK Test Kit U: sample turned purple brown**

**NIK Test Kit K: sample turned purple**

**The combined results of Kits A, U, and K are presumptively positive for Buprenorphine.**

| 12. Typed Name/Signature of Reporting Employee | 13. Date And Time | |
|---|---|---|
| **B Teague** | **02-22-2026 1200 hrs** | |
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) | 15. Date Report Delivered | 16. Time Report Delivered |
| **L. COBB** | **02-23-2026** | **1000 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

**BP-A0288**                    **INCIDENT REPORT**
Dept. of Justice / Federal Bureau of Prisons

| Inmate's Name | Register Number | Incident Report Number |
|---|---|---|
| **PINSON, JEREMY** | **16267-064** | **4260389** |

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident

18. A. It is the finding of the committee that you:

　_ Committed the Prohibited Act as charged.

　— Did not commit a Prohibited Act.

　— Committed Prohibited Act Code(s)

B. _ The Committee is referring the Charge(s) to the DHO for further Hearing.

C. _ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

21. Date And Time Of Action              (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

_____    _____    _____
Chairman (Typed Name/Signature)    Member (Typed Name)    Member (Typed Name)

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                              Replaces BP-S288.052

| BP-A0288 | **INCIDENT REPORT** | |
|---|---|---|
| Dept. of Justice / Federal Bureau of Prisons | | |

| Inmate's Name | Register Number | Incident Report Number |
|---|---|---|
| **PINSON, JEREMY** | **16267-064** | **4260389** |

| **Part III - Investigation** | 22. Date & Time Investigation Began |
|---|---|
| | **02-23-2026 0706 hrs** |

23. Inmate Advised of Right To Remain Silent: You are advised of your right to remain silent at all stages of the discipline process. Your silence may be used to draw an adverse inference against you at any stage of the discipline process. Your silence may not be used to support a finding that you have committed a prohibited act.

The Inmate Was Advised Of The Above Right By **L. COBB**

At (Date/time) **02-23-2026 1000 hrs**

24. Inmate statement and attitude

**INMATE PINSON, JEREMY #16267-064 WAS ADVISED OF HIS RIGHTS. INMATE PINSON, JEREMY #16267-064 ADVISED HE UNDERSTOOD HIS RIGHTS. INMATE PINSON, JEREMY #16267-064 WAS GIVEN A COPY OF THIS INCIDENT REPORT.**

25. Other facts about the incident, statements of those persons present at scene, disposition of evidence, etc.

**Incident Report - Staff Memorandums -- (BOP-IRMEM) DELEVERY WAS DELAYED DUE TO EXTENXIVE INVESTIGATION**

26. Investigator's comments and conclusions

**IT IS THIS INVESTIGATOR'S CONCLUSION THAT INMATE PINSON, JEREMY #16267-064 WAS PROPERLY CHARGED WITH 113 -- POSSESSING DRUGS/ALCOHOL. 302 -- MISUSING AUTH MEDICATION.**

27. Action taken

**Incident Report referred to UDC. Investigation/evidence supports charges. Inmate remains in the Special Housing Unit**

Date and Time Investigation Completed: **02-23-2026 1207 hrs**

Printed Name/Signature Of Investigator: **L. COBB**

Investigator Title: **LIEUTENANT**