IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>        Defendants. | Case No. 1:25-cv-00691-RCL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR EXTENSION TO PROVIDE WRITTEN NOTICE OF THE PROTECTIVE ORDER OF FEBRUARY 19, 2026 (DKT. 134)** |

## INTRODUCTION

Plaintiffs oppose Defendants' Emergency Motion because it is untimely. Moreover, Plaintiff class members will be significantly harmed by Defendants' requested extension, as they are entitled to be provided prompt notice of the efforts taken by this Court to ensure that class members do not experience harassment or retaliation after filing grievances, or reporting noncompliance with the Court's preliminary injunction to the Court or Plaintiffs' Counsel.

Therefore, the Court should deny Defendants' Emergency Motion, and order Defendants to comply with the deadlines set forth in the February 19, 2026, Nonretaliation Order.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2026, this Court held a status hearing after it had ordered Plaintiffs to file a status report "contemplating whether Defendants are complying with the preliminary injunction and what action, if any, the Court should take in response to the movants and letter writers" to the Court, who had reported noncompliance and acts of retaliation for requesting medical treatment and other accommodations in accord with the Court's Preliminary Injunction. ECF 101 at 1. On December 22, 2025, Plaintiffs filed a response, detailing how counsel had been scheduling

1

confidential legal calls with each of the dozens of class members who had filed motions or notices of noncompliance with the court, or who had contacted counsel's hotline. ECF 107 at 2. Plaintiffs reported that as of December 22, Counsel had been able to investigate and confirm reports of noncompliance or harassment of class members at **19 different BOP facilities**. *Id.* On February 13, 2026, Plaintiffs provided additional information and new examples of noncompliance with the Preliminary Injunction and of retaliation against class members ECF 116-1.

Incarcerated people have a constitutional right to challenge the conditions of their confinement through legal actions, and prison officials may not retaliate against them for exercising their fundamental right to petition the government for redress of their grievances. "A prisoner's right of access to the courts is protected under the First Amendment's guarantee of the right to petition the government for a redress of grievances. […] [T]he filing of of an inmate grievance is clearly protected by the First Amendment." *Garcia v. Dist. of Columbia*, 56 F.Supp.2d 1, 12 (D.D.C. 1999) (citations omitted).

Moreover, the Court has a duty and the authority to prevent parties or their agents from interfering with the judicial process through acts of intimidation and retaliation that would chill a reasonable person from exercising their constitutional rights of access to the courts and free speech. When prison staff take adverse actions against incarcerated people after they file cases, testify or provide information to a court, or otherwise avail themselves of the civil justice system, the federal judiciary's ability to adjudicate cases and administer justice suffers. Such actions by Defendants and/or their employees, regardless of any claims of intent, not only directly harm those incarcerated people but also (a) compromise Plaintiffs' counsel's ability to discharge their ethical obligation to zealously advocate for their clients; (b) frustrate the Court's interest in obtaining an unimpeded flow of information about compliance with the Preliminary Injunction and provision of

constitutionally adequate medical care; and (c) undermine the litigation process and the administration of justice.

Accordingly, after the close of the February 19, 2026 status hearing, the Court issued a nonretaliation protective order (hereinafter "Nonretaliation Order"), pursuant to its power under Article III and the All Writs Act, ECF 124 at 2, that ordered Defendants and their agents or employees from taking "any actions that harass, intimidate, or otherwise retaliate against witnesses who have provided or will in the future provide the Court information, either via oral testimony or written statements" or from taking any actions that harass, intimidate, or otherwise retaliate against people incarcerated in BOP custody who have filed or will file grievances alleging noncompliance with this Court's Preliminary Injunction, or who have contacted or will contact Plaintiffs' counsel or this Court alleging noncompliance with the Preliminary Injunction." *Id*. at 3.

The Nonretaliation Order further directed that "within 14 days of this order, Defendants shall provide written notice to wardens at all BOP facilities at which a class member is incarcerated, describing this order and attaching it. Within 14 days of this order, Defendants shall also provide written notification and a copy of this order to all class members via individual delivery, posted notifications, or the tablet system." *Id*. at 4.[1]

Since issuing the Nonretaliation Order, the Court held an emergency hearing on February 26, 2026. At that hearing, Counsel for Defendants stated that "we are going to be moving for reconsideration of the Court's non-retaliation order" and that "we should have that reconsideration motion before Your Honor very soon." (2/26/26 Tr. at 11:14-18). Defendants eventually filed that motion for reconsideration at 5:22 pm on March 3, 2026. *See* Docket Entry for ECF 130. The

---

[1] The Nonretaliation Order also directs that within 30 days of the order, "counsel for Defendants shall file a written declaration detailing how this order was conveyed to staff and incarcerated people at all BOP facilities at which class members are incarcerated." Doc. 124 at 4.

Court held a hearing on Wednesday, March 4, 2026, in response to the Court's Order to Show Cause (ECF 128). The motion for reconsideration that Defendants had filed the previous night was discussed primarily to the extent of a briefing schedule for Plaintiffs to file their opposition, and the Court's encouragement that the parties attempt to meet and confer to refine the Nonretaliation Order to one that Defendants would not object to, and that would be mutually agreed-upon.

At no time during the March 4, 2026, hearing did Defendants indicate that they would not comply with the Nonretaliation Order in the interim. It was not until the afternoon of March 4, that Counsel for Defendants notified the undersigned Plaintiffs' counsel that they would be filing the instant Emergency Motion to extend the deadline to provide the written notice to class members, as required by the February 19 Nonretaliation Order. Defendants filed the instant motion yesterday (March 4, 2026) at 2:25 pm, titling it as an Emergency Motion, apparently because the 14-day deadline to provide notice to class members is today, March 5, 2026. ECF 134 at 1.

## ARGUMENT

Defendants offer zero legal argument for why they waited until the eve of the Court-ordered deadline to file an Emergency Motion. *See* ECF 134. Their Motion also offers no factual basis for why they waited until the last minute other than hand-waving references (1) to the Court's direction at the hearing that morning that the parties should try to stipulate to a nonretaliation order, and (2) to a declaration filed with their Motion for Reconsideration that asserts, without support, that it would be difficult to provide notice to the class members. ECF 134 at 2 (citing ECF 130-5).

As a threshold matter, this Emergency Motion is deficient on its face. *See* Fed. R. Civ. P. Rule 7(b)(1)(B) (all motions shall "state with particularity the grounds for seeking the order"); *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the

4

ossature for the argument, and put flesh on its bones.") (internal quotation marks omitted); *see also Michel v. Creations by Chef Aaron, LLC*, No. 6:15-cv-876-Orl-TBS, 2016 WL 12446559 at *1 (M.D. Fla. Mar. 30, 2026) ("Despite its title, the motion does not present an emergency…. When a party files an emergency motion the Court stops whatever it is doing to address the emergency. When a party improperly alleges that a motion presents an emergency it disrupts the operation of the court and the orderly administration of justice.").

The February 19 Nonretaliation Order was only four pages long. It strains credulity for Defendants to maintain that they were not aware of the notification requirement for 13 days. *See United States v. Joyner*, Case No. 1:22-cr-242-ECM-JTA, 2024 WL 3625841, *2 (M.D. Ala. Aug. 1, 2024) ("By waiting without good cause until the last minute to file a motion for relief that could have been filed much earlier, a litigant may place himself in an 'emergency' situation; however, that does not convert his last-minute motion into an 'emergency' motion. In other words, lack of planning or due diligence on a litigant's part does not create an emergency on the part of the court."); *PlayUp, Inc. v. Mintas*, 635 F.Supp.3d 1087, 1094 n.2 (D. Nev. 2022) ("The motion to stay must be filed sufficiently in advance of the date ordered for compliance to provide the court an opportunity to rule on the motion prior to the deadline.") (citing *In re Lernout & Hauspie Sec. Litig.*, 219 F.R.D. 28, 30-31 (D. Mass. 2003) ("If a party seeks a stay of such an Order, it has the duty to seek the stay sufficiently in advance of the date set for compliance so that the Court will have the opportunity to rule on the motion prior to the compliance date.")).

Defendants' reliance upon the Court's statements at the March 4, 2026, hearing is grasping at straws to support their Emergency Motion. Indeed, they offer no evidence in their Emergency Motion that they had made **any** attempt to try to comply with the notice requirements before the March 4 hearing, held the day before the deadline to provide notice. That begs the question: what

5

if the Court had ***not*** suggested the parties meet and confer at the hearing? The fact that the Court indicated that the parties should try to develop a mutually-agreed upon nonretaliation order, does not excuse Defendants' failure in the prior 13 days to make any efforts to comply with the notice requirement, or to notify the Court or Plaintiffs' Counsel earlier about any alleged difficulties in notifying class members.

Defendants' Emergency Motion fails to identify with any specificity what these alleged difficulties may be, only obliquely raising a broad reference to the declaration of Evan Norris (ECF 134 at 2 (citing ECF No. 130-5)). *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). From parsing Mr. Norris' declaration that the alleged difficulty in notifying class members is described at Paragraph 5:

> There are close to 800 inmates that are part of the class, and they are housed in various facilities throughout the country. Staff members working in these facilities may be unaware that any one of these inmates are part of the class in this case. These class members are not readily identifiable.

ECF 130-5 ¶ 5.

This excuse is meritless. How can Mr. Norris assert that there are 800 class members, without having an ascertainable list of class members? And indeed, the class members ***are*** "readily identifiable" because Counsel for Defendants have created and provided lists of class members for Plaintiffs' Counsel on several occasions, by running reports of all persons with medical diagnoses of gender dysphoria or receiving hormone treatment, their names, register numbers, and housing locations.

And the Nonretaliation Order specifically envisions Defendant BOP sending the notice of the Nonretaliation Order to class members via electronic messages to their tablets, ECF 124 at 4, which would not be burdensome or create any work for staff at various facilities, as it would take one person pushing buttons in the messaging system at BOP headquarters to send out this email

6

notification. Simply put, Defendants could easily run a new report, and use their electronic messaging system to notify the vast majority of class members immediately. To the extent there may be a handful of class members incarcerated in BOP housing units that do not permit tablets (for example, the ADX Supermax in Florence, Colorado, or certain high custody units), then Defendants could have paper notices and copies of the Nonretaliation Order delivered to those class members, as permitted under the notice requirement. *See* ECF 124 at 4.

## CONCLUSION

Defendants' Emergency Motion should be denied as untimely, and Defendants should be ordered to provide notice to class members of the February 19, 2026 Nonretaliation Order in accordance with the deadlines previously set by the Court in that order.

Dated: March 5, 2026

Respectfully submitted,

Li Nowlin-Sohl (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, DDC Bar ID 120840
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

Michael Perloff, D.C. Bar No. 1601047
Aditi Shah, D.C. Bar No. 90033136
ACLU FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: 202-457-0800
mperloff@acludc.org
ashah@acludc.org

*/s/ Corene T. Kendrick*
Corene T. Kendrick (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org

David C. Fathi (*pro hac vice*) *
Maria V. Morris, D.C. Bar. No. 1697904
Elisa C. Epstein (*pro hac vice*) *
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org
**Not admitted in D.C.; practice limited to federal courts.*

| | |
|---|---|
| Shawn Thomas Meerkamper (*pro hac vice*)<br>Megan Z. F. Noor (*pro hac vice*)<br>Dale Melchert (*pro hac vice motion forthcoming*)<br>TRANSGENDER LAW CENTER<br>P.O. Box 70976<br>Oakland, CA 94612<br>Tel: 510-587-9696<br>shawn@transgenderlawcenter.org<br>megan@transgenderlawcenter.org<br>dale@transgenderlawcenter.org | Lynly S. Egyes (*pro hac vice*)<br>TRANSGENDER LAW CENTER<br>594 Dean Street, Suite 11<br>Brooklyn, NY 11238<br>Tel: 510-587-9696<br>lynly@transgenderlawcenter.org<br><br>*Counsel for Plaintiff Class* |