IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants. | Case No. 1:25-cv-00691-RCL <br><br> **PLAINTIFFS' PROPOSED DISCOVERY SCHEDULE AND PLAN** |

Pursuant to the Court's February 19, 2026 Order (ECF No. 123), *inter alia*, granting Plaintiffs' motion for scheduling order (ECF No. 84) and denying Defendants' motion for exemption pursuant to LCvR 16.3(b)(1), Plaintiffs, by and through counsel of record, submit the following proposed discovery schedule and plan in compliance with Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3.

**I.   Certification of Conference.**

Counsel for both parties initially conferred pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3 on July 24, 2025, via videoconference. The following counsel attended the conference: Li Nowlin-Sohl, Shana Knizhnik, Michael Perloff, Aditi Shah, and Elisa Epstein, for Plaintiffs; and Jared Littman, Brooke Layendecker, and Alex Yun for Defendants. Following the Court's February 19, 2026 Order granting discovery, the Parties conferred further via email. Because the parties' positions on the proper scope of discovery differ,[1] the parties submit separate discovery proposals.

---

[1] On March 3, 2026, Defendants' counsel indicated their view that "discovery should be rather limited," because, they said, the "court did not order full-case Rule 26 discovery." Plaintiffs disagree with this characterization of the Court's order, which grants Plaintiffs' motion for a discovery scheduling order under Fed R. Civ. P. 16(b) and LCvR 16.3, denies Defendants' motion for exemption from LCvR 16.3, and "grants discovery on Plaintiffs' APA and

1

II.     **LCR 16.3(c) Matters.**

    1.     <u>Likelihood of Disposition by Dispositive Motion</u>. Plaintiffs believe that this case is likely to be disposed of by summary judgment after discovery.

    2.     <u>Joinder and Amendment</u>. *See* Section III. Discovery Plan.

    3.     <u>Consent to Assignment of Case to Magistrate Judge</u>. Plaintiffs do not consent to referral to a magistrate judge.

    4.     <u>Settlement</u>. Plaintiffs believe that settlement is unlikely, given the facts and issues in this case.

    5.     <u>ADR</u>. Plaintiffs do not believe that settlement would be enhanced by the use of mediation or other alternative dispute resolution efforts.

    6.     <u>Dispositive Motion Deadlines</u>. *See* Section III. Discovery Plan.

    7.     <u>Alterations to Rule 26(a)(1) Requirements</u>. None. Plaintiffs sent Defendants' counsel their initial disclosures as required by Fed. R. Civ. P. 26(a)(1) on August 7, 2025.

    8.     <u>Subjects, Timing, and Limitations on Discovery</u>. *See* Section III. Discovery Plan.

    9.     <u>Discovery of Electronically Stored Information</u>. Plaintiffs agree to collaborate with Defendants to attempt to resolve any disputes that may arise concerning the production of electronically stored information.

    10.    <u>Privileges, Protections, and Preservation</u>.

        a.     Plaintiffs believe that all parties will benefit from the entry of a Fed. R. Evid. 502 order.

---

constitutional claims" without limitations (ECF No. 123, at 1-2). Because Defendants are not exempt from Local Rule 16's requirements, which incorporate by reference the requirements of Fed. R. Civ. P. 26, the ordinary rules governing discovery apply.

      b.      The parties previously agreed to a qualified protective order pursuant to Fed. R. Civ. P. 26(c) governing the procedure for handling protected health information (Dkt. 74).

      c.      The parties may propose an additional protective order pursuant to Fed. R. Civ. P. 26(c) governing the procedures for handling additional confidential information.

      d.      The parties discussed preservation and Defendants agreed to confirm that a litigation hold notice has been issued to BOP contractors.

11.      <u>Expert Witnesses</u>.  *See* Section III. Discovery Plan.

12.      <u>Class Certification</u>.  This Court granted Plaintiffs' motion for class certification (Dkt. 68).  Plaintiffs believe relevant class discovery is necessary as set forth in the Discovery Plan below.

13.      <u>Bifurcation</u>.  Plaintiffs submit that bifurcation or phasing of discovery and trial is not needed.

14.      <u>Pretrial Conference</u>.  *See* Section III. Discovery Plan.

15.      <u>Whether the Court should set a firm trial date</u>.  *See* Section III. Discovery Plan.

16.      <u>Other matters appropriate for inclusion in a scheduling order</u>.  *See* Section III. Discovery Plan.

**III.**      **Plaintiffs' Proposed Pretrial Schedule and Plan for Discovery.**

1.      <u>Initial Disclosures</u>: Plaintiffs do not wish to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and do not stipulate to any changes in the scope, form, or timing of those disclosures.  Plaintiffs sent Defendants' counsel initial disclosures on August 7,

2025, and request a scheduling order requiring Defendants to send initial disclosures by **March 13, 2026**.

2. <u>Amendments to Pleadings</u>: No motions seeking leave to add new parties or to amend pleadings to assert new claims/defenses may be filed after **21 days following the close of discovery**.

3. <u>Written discovery requests</u>:

   a. Shall be served no later than **June 22, 2026**, and completed by **July 23, 2026**.

   b. Maximum of 25 requests for admission by Plaintiffs and 25 by Defendants.

   c. The number of interrogatories and requests for admission will be governed by Fed. R. Civ. P. 33 and 36, respectively.

4. <u>Depositions</u>: Non-expert depositions to be completed by **September 21, 2026**.

   a. Plaintiffs' propose a maximum of 15 fact witness depositions by Plaintiffs and 15 fact witness depositions by Defendants, not including expert depositions. Depositions will likely involve, at a minimum, the people responsible for planning, drafting, implementing, and enforcing Executive Order 14168 and BOP policy regarding gender dysphoria, BOP health care officials and some of the health care providers for class members. Plaintiffs will be judicious in choosing who to depose but believe that up to 15 depositions may be necessary given the number of witnesses involved in the facts at issue.

5. <u>Close of fact discovery</u>:  **September 21, 2026**.

6. <u>Designation of Trial Experts and Rule 26(a)(2) Disclosures</u>:  **October 5, 2026**.

4

       Rebuttal expert reports (if any) shall be due **November 9, 2026**.

7. <u>Expert deposition deadlines</u>: to be completed by **December 3, 2026**.

8. <u>Dispositive Motions</u>: to be filed by **January 21, 2027**.

    Responses to dispositive motions to be filed by **February 11, 2027**.

    Replies to dispositive motions to be filed by **February 25, 2027**.

9. <u>Discovery Subjects</u>:

    a. Plaintiffs' Topics:

        1) The development and implementation of Executive Order 14168 and the Implementing Memoranda.

        2) BOP's provision of care to treat gender dysphoria and the impact of that care—and its potential removal—on the health of individuals with gender dysphoria.

        3) Other topics that may be determined to be relevant.

10. <u>Pretrial Conference</u>: Plaintiffs propose that the pretrial conference should be set 30 days after the Court has ruled on dispositive motions or, if no dispositive motions are filed, 30 days after the deadline to file dispositive motions.  Plaintiffs propose that the Court should set a trial date at the pretrial conference.

11. <u>Trial Witness and Exhibit Lists</u>:  Plaintiffs propose an order requiring that parties shall disclose trial witness and exhibit lists under Rule 26(a)(3) no later than 30 days before trial, and that any objections to witnesses and exhibits contemplated by Rule 26(a)(3)(B) shall be made within 14 days after disclosure.

12. Plaintiffs estimate that trial will require approximately 5-7 days, although this preliminary estimate may change as a result of discovery or dispositive motions.

| | |
|---|---|
| Dated: March 5, 2026 | Respectfully submitted, |
| | |
| David C. Fathi† (*pro hac vice*) | /s/ *Shana Knizhnik* |
| Maria V. Morris, D.C. 1697904 | Shana Knizhnik, DDC Bar ID 120840 |
| Elisa C. Epstein† (*pro hac vice*) | Li Nowlin-Sohl (*pro hac vice*) |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION | Leslie Cooper (*pro hac vice*) |
| 915 15th Street, N.W. | James D. Esseks (*pro hac vice*)AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| Washington, D.C. 20005 | 125 Broad Street, 18th Floor |
| Tel: 202-393-4930 | New York, NY 10004 |
| dfathi@aclu.org | Tel: 212-549-2500 |
| mmorris@aclu.org | sknizhnik@aclu.org |
| eepstein@aclu.org | lnowlin-sohl@aclu.org |
| † *Not admitted in D.C.; practice limited to federal courts.* | lcooper@aclu.org |
| | jesseks@aclu.org |
| | |
| Corene T. Kendrick (*pro hac vice*) | Shawn Thomas Meerkamper (*pro hac vice*) |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION | Megan Z. F. Noor (*pro hac vice*) |
| 425 California St., Ste. 700 | Dale Melchert (motion for *pro hac vice* forthcoming) |
| San Francisco, CA 94104 | TRANSGENDER LAW CENTER |
| Tel: 202-393-4930 | P.O. Box 70976 |
| ckendrick@aclu.org | Oakland, CA 94612 |
| | Tel: 510-587-9696 |
| Michael Perloff, D.C. Bar No. 1601047 | shawn@transgenderlawcenter.org |
| Aditi Shah, D.C. Bar No. 90033136 | megan@transgenderlawcenter.org |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA | dale@transgenderlawcenter.org |
| 529 14th Street NW, Suite 722 | Lynly S. Egyes (*pro hac vice*) |
| Washington, D.C. 20045 | TRANSGENDER LAW CENTER |
| Tel: 202-457-0800 | 594 Dean Street, Suite 11 |
| mperloff@acludc.org | Brooklyn, NY 11238 |
| ashah@acludc.org | Tel: 510-587-9696 |
| | lynly@transgenderlawcenter.org |
| | |
| | *Counsel for Plaintiff class* |