# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISHEA KINGDOM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants. | No. 1:25-cv-00691-RCL |

## PLAINTIFFS' MOTION TO DIRECT NOTICE TO CLASS MEMBERS

Pursuant to this Court's February 19, 2026 Order (ECF 123), Plaintiffs move the Court for an order directing to all class members notice of this Court's classwide preliminary injunction (ECF 68).  Attached to this motion are a proposed form of notice in English (Exhibit A) that has been translated into Spanish (Exhibit B) as well as a proposed order directing notice to the class.[1] Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel conferred with Defendants' counsel, who consent to this motion in part and oppose it in part.  Specifically, Defendants consent to the proposed form of notice and relief sought in the proposed order except for the provision on Defendants providing electronic or paper copies of the notice to new class members.  Defendants request ten days to respond to Plaintiffs' motion.  Plaintiffs request five days from the date Defendants file their response to file a reply.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs brought this case last year on behalf of themselves and other individuals with gender dysphoria in Bureau of Prisons ("BOP") custody challenging the implementation of President Trump's Executive Order 14168 and BOP's implementing memoranda.  On June 3,

---

[1] Plaintiffs' counsel had the English version of the Class Notice translated into Spanish by a professional translation service.

1

2025, this Court granted Plaintiffs' motion for class certification, certifying this case "as a class action on behalf of all persons who are or will be incarcerated in the custody of BOP facilities, with a current medical diagnosis of gender dysphoria or who receive such a diagnosis in the future." ECF 68 at 1. The Court also granted Plaintiffs' motion for a preliminary injunction, enjoining Defendants and their agents from enforcing Executive Order 14168 and the Implementing Memoranda, and requiring them to "provide and continue providing Plaintiffs and members of the class gender-affirming hormone therapy and social accommodations in accordance with BOP policy and practice in effect immediately prior to Defendant Trump's issuance of Executive Order 14168 on January 20, 2025." *Id.* at 2. Since then, this Court has granted each of Plaintiffs' motions to renew the preliminary injunction, necessitated by § 3626(a)(2) of the Prison Litigation Reform Act under which preliminary relief automatically expires every 90 days. *E.g.*, ECF 79; 96; 114. The current 90-day period ends on May 31, 2026. ECF 114.

On June 6, 2025, Plaintiffs' counsel ("Class Counsel") informed Defendants' counsel via email of their intent to provide notice to the class of the Court's decision certifying the class and granting the preliminary injunction via legal mail. Since then, the parties have conferred regarding the content of the notice and method of distributing the notice to the class, including following this Court's February 19th Order directing Class Counsel to "submit a formal motion to the Court for Defendants to provide Rule 23(b)(2) notice to class member." ECF 123 at 3. Pursuant to these discussions, Defendants consent to the attached proposed form of notice and to most of the proposed order, including to either providing paper copies of the English and Spanish versions of the Class Notice via individual hand delivery to all class members or electronic copies of the English and Spanish versions to all class members and paper copies via individual hand delivery to those class members who are unable to access email within 14 days of the issuance of the Court's

2

Order, as well as filing a declaration from a BOP official within 7 days after notice has been provided to all class members confirming that the notice was distributed as instructed in the Order. *See* Proposed Order at 1–2. The only provision in the proposed order to which Defendants do not consent is the provision requiring Defendants to provide either electronic or paper copies of the English and Spanish versions of the Class Notice to new class members—people entering BOP custody with a gender dysphoria diagnosis and those in BOP custody who receive a gender dysphoria diagnosis—within 96 hours upon intake into BOP custody and within 96 hours upon the person receiving a gender dysphoria diagnosis while in BOP custody. *See id.*

## ARGUMENT

**I.      This Court Should Exercise Its Discretion to Direct Notice to the Class Under Rule 23(c)(2)(A).**

"For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). This Court and others have exercised their discretion to direct notice to classes certified under Rule 23(b)(2), *see, e.g.*, *Pappas v. District of Columbia*, 2024 WL 3985366, at *2 (D.D.C. Aug. 29, 2024) (collecting cases), and as this Court stated during the February 19th status conference, such notice is "routine." Transcript of Oral Argument at 43:19.

Notice to class members in Rule 23(b)(2) class actions often serves important functions, as "notice rights might enable class members to monitor the case and, for example, voice concerns about the case to Class Counsel and/or the court." 2 Newberg and Rubenstein on Class Actions § 4:36 (6th ed.); *see also* Manual for Complex Litigation, Fourth, § 21.311 ("Notice to members of classes certified under Rule 23(b)(1) or (b)(2) serves limited but important interests, such as monitoring the conduct of the action."). This is especially so in the context of prisoners' rights class actions, where due to limitations in class members' ability to access outside information,

courts routinely direct notice to incarcerated class members, including individualized notice.  *See, e.g.*, *Bogard v. Cook*, 586 F.2d 399, 407 (5th Cir. 1978) (describing that in a prior class action, the district court certified the case "as a Rule 23(b)(1) and (b)(2) class action, and directed that notice of the suit be sent to all Parchman inmates," giving "[a]n individual copy of the notice" and posting "additional copies [of the notice] . . . at various locations throughout the prison"); *Townsend v. Vasbinder*, 2007 WL 4557715, at *2 (E.D. Mich. Dec. 19, 2007) ("The Notice of Class Certification informs prisoners that the rights of class members 'will automatically be covered by the lawsuit.'").

Here, Plaintiffs seek to provide notice in order to inform class members of their inclusion in this class and of their rights.  In these circumstances, the Court is well within its discretion to direct notice to the class of the Court's class certification decision and the preliminary injunction.

## II.    Plaintiffs' Proposed Notice Plan is Appropriate and Warranted.

Plaintiffs' proposed plan to distribute notice to the class is "appropriate."  Fed. R. Civ. P. 23(c)(2)(A).  Plaintiffs propose, with Defendants' consent, that "within 14 days of the issuance of this Order, Defendants shall either (1) provide paper copies of the English and Spanish versions of the Class Notice filed as Exhibits A (ECF 156-1) and B (ECF 156-2) via individual hand delivery to all class members; or (2) provide electronic copies of the English and Spanish versions of the Class Notice filed as Exhibits A (ECF 156-1) and B (ECF 156-2) to all class members through e-mail via Trust Fund Limited Inmate Computer System ("Trulincs") and paper copies via individual hand delivery to those who are unable to access email via Trulincs."  Proposed Order at 1.  With respect to any new class members, Plaintiffs propose, and Defendants oppose, that "Defendants shall provide either electronic or paper copies of the English and Spanish versions of the Class Notice filed as Exhibits A (ECF 156-1) and B (ECF 156-2), respectively, to any persons

entering BOP custody with a gender dysphoria diagnosis and to any persons in BOP custody who receive a gender dysphoria diagnosis.  Such notice shall be provided within 96 hours upon intake into BOP custody if the person has a gender dysphoria diagnosis at the time of intake and within 96 hours upon the person receiving a gender dysphoria diagnosis while in BOP custody." *Id.* at 1–2.

Although the requirement that the court direct to class members "the best notice that is practicable under the circumstances" is not mandatory for class certification notice in Rule 23(b)(2) classes, Fed. R. Civ. P. 23(c)(2)(B), it nonetheless provides a useful standard by which to judge the reasonableness of Plaintiffs' proposed notice plan.  Here, Plaintiffs' proposed method of distribution is reasonable as it gives Defendants 14 days from the issuance of the order directing notice to either provide notice via individual hand delivery to all class members and/or by a combination of individual hand delivery and electronic notice.  *See* Fed. R. Civ. P. 23(c)(2)(B) (Advisory Committee Notes – 2018 Amendments) ("Although it may sometimes be true that electronic methods of notice, for example email, are the most promising, it is important to keep in mind that a significant portion of class members in certain cases may have limited or no access to email or the Internet.").  Moreover, electronic notification with individual delivery to class members who do not have access to electronic notification is the precise method Defendants employed to provide notice of the February 19th Protective Order.  ECF 154, Declaration of Criste Dickson, ¶¶ 4–5.

Plaintiffs' proposed method of distributing the notice to new class members—individuals who enter BOP custody with a gender dysphoria diagnosis or who receive a gender dysphoria diagnosis while in BOP custody—also is reasonable and appropriate.  The class as certified by the Court consists of "all persons who are or will be incarcerated in the custody of BOP facilities, with

a current medical diagnosis of gender dysphoria or who receive such a diagnosis in the future." ECF 68.  This Court made clear in certifying the class that "[a]dmitting new class members on the basis of an actual diagnosis is an easily administrable task that supports the ascertainability of the class."  ECF 67 (Memorandum Opinion) at 27 n.9.  Although it is possible that BOP may disagree with and remove an individual's gender dysphoria diagnosis—as has happened already to class members, ECF 116-1 (Plaintiffs' Response to Defendants' Status Report) at 4 (noting that between July 2025 and November 2025, 74 people were removed from the list of class members because their gender dysphoria diagnoses were removed)—that possibility does not change the fact that under the plain language of this Court's class certification order, individuals who enter BOP custody "with a current medical diagnosis of gender dysphoria" are part of the class and therefore entitled to notice of the classwide preliminary injunction to the same degree as members of the class who are already in BOP custody with a gender dysphoria diagnosis.  At worst, Plaintiffs' proposed method of distributing notice to new class members may provide notice to some individuals who may no longer be part of the class if BOP removes their gender dysphoria diagnosis, but Rule 23 does not prohibit—and there is no harm here—of potentially providing "*too much* notice."  *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2020 WL 6044085, at *3 (D. Kan. Oct. 13, 2020) ("[C]alibrating the amount of notice provided to class members is not an exact science. And, defendants cite no case holding that a court violates Rule 23 or due process by providing *too much* notice. Instead, as discussed, Rule 23 requires 'the best notice that is practicable under the circumstances.'") (quoting Fed. R. Civ. P. 23(c)(2)(B)).

Consistent with "the discretion and flexibility established by [Rule 23(c)(2)(A)]" that "extend[s] to the method of giving [certification notice in a (b)(1) or (b)(2) class action]," Fed. R. Civ. P. 23(c)(2) (Advisory Committee Notes – 2003 Amendments), this Court should order

Defendants to direct notice to the class as proposed by Plaintiffs so that such notice is effective

and may achieve its intended purposes.

**CONCLUSION**

This Court should grant Plaintiffs' motion and enter the proposed order.

Dated: March 27, 2026

David C. Fathi† (*pro hac vice*)
Maria V. Morris, D.C. Bar No. 1697904
Elisa C. Epstein† (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org


Corene T. Kendrick (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org

Li Nowlin-Sohl* (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, DDC Bar ID 120840
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

Respectfully submitted,

　　　*/s/ Aditi Shah*　　
Aditi Shah, D.C. Bar No. 90033136
Michael Perloff, D.C. Bar No. 1601047
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: 202-457-0800
ashah@acludc.org
mperloff@acludc.org


Shawn Thomas Meerkamper (*pro hac vice*)
shawn@transgenderlawcenter.org
Megan Z. F. Noor (*pro hac vice*)
megan@transgenderlawcenter.org
Dale Melchert (*pro hac vice motion forthcoming*)
dale@transgenderlawcenter.org
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Tel: 510-587-9696


Lynly S. Egyes (*pro hac vice*)
lynly@transgenderlawcenter.org
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Tel: 510-587-9696

* *Not admitted in New York*
† *Not admitted in D.C.; practice limited to federal courts*

*Counsel for Plaintiff class*