**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISHEA KINGDOM, *et al.*, | |
| Plaintiffs, | |
| v. | Civ. A. No. 25-691 (RCL) |
| DONALD J. TRUMP, *et al.*, | |
| Defendants. | |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order of March 31, 2026, the parties hereby submit this Joint Status Report to update the Court about their efforts to meet and confer about possible revisions to the February 19, 2026 Nonretaliation Order (Doc. 124).

The Parties have agreed to proposed revised language as to the terms of the Order. *See* Ex. 1. In order to alleviate burden on the Court and facilitate the efficient resolution of allegations of retaliation brought pursuant to the Order, the Parties have also substantially agreed on a three-stage process regarding the resolution of such allegations: Stage 1 (BOP Administrative Remedies), Stage 2 (Good-Faith Informal Resolution between Counsel), and Stage 3 (Relief from the Court).

The parties' areas of disagreement are described below.

**Defendants' Position**

Defendants believe there are two areas of disagreement. First, Defendants' position is that the inmate must complete Stage 1 before proceeding to Stage 2, with Stage 1 also being satisfied by the lapse of the specified deadlines (e.g., the Warden must investigate and respond within 3 calendar days after receiving a filing determined to threaten the inmate's immediate health or safety, 48 hours for emergencies involving sexual abuse, 20 days for a filing with non-emergency

allegations, and 30 days for a filing submitted directly to regional office for review).  Specifically, for retaliation allegations not involving employee misconduct (e.g., removing or changing medications, moving inmate to a secured housing unit for investigations, and disciplinary actions), Defendants propose a modified grievance process whereby witnesses can proceed to Stage 2 only after receipt of an initial response or after the initial response deadline lapses, without the need to complete the administrative remedy appeals to a regional office or the Central Office of the BOP. This compromise greatly shortens the required agency response time for administrative remedy reviews.

Second, for retaliation allegations involving employee misconduct (e.g., excessive use of force, sexual contact, and theft), Defendants propose that those grievances must be referred to the Office of Internal Affairs (OIA) pursuant to policy, where the inmate cannot proceed to Stage 2 until the investigation is complete, the investigative report is prepared, and the case file is closed. *See* BOP Program Statement 1210.26, *Office of Internal Affairs*.  Requiring an OIA investigation of allegations of staff misconduct serves several important purposes. The investigation ensures a fair, accurate, fact-finding process where evidence can be gathered, witnesses interviewed, and a review of relevant documents, emails, policies, and timelines conducted.  It also protects due process rights of both the inmate and the staff member. Additionally, OIA investigators are subject matter experts regarding BOP policy, institutional rules, and relevant laws. An OIA investigation can also reduce unnecessary escalation by allowing issues to be resolved without court intervention. Finally, OIA investigations build a documented record of events, including what evidence was found and what corrective actions have been taken by BOP, all of which would facilitate the Court's resolution of the retaliation allegations should Court intervention become necessary.

Although Defendants do not read Plaintiffs' position below to be clear on this point, Defendants have confirmed with Plaintiffs that Plaintiffs' position is that a complaining inmate does not need to complete Stage 1 before proceeding to Stage 2, regardless of whether the grievance is referred to OIA.

**Plaintiffs' Position**

As a threshold matter, Plaintiffs' position is that incarcerated people who allege that they have experienced retaliation as a result of reporting noncompliance with the Preliminary Injunction to the Court or to Plaintiffs' counsel do not have to exhaust administrative remedies in order to bring their retaliation allegations to the attention of the Court or Plaintiffs' counsel. *See* Doc. 146 at 36-39 (Plfs' Opp. to Defs' Mot. for Reconsideration) and cases cited therein.[1] Therefore, there is no requirement that class members or other incarcerated people must exhaust an administrative grievance process prior to Plaintiffs' counsel investigating allegations of retaliation, or bringing such allegations to the attention of counsel for Defendants.

That said, Plaintiffs believe that it is important that BOP officials are aware of allegations of retaliation, and initiate their own investigation in a timely manner.  Accordingly, Plaintiffs do not object to the provisions set forth in "Stage 1" except for (a) the lack of clarity of what types of staff misconduct allegations are referred to the OIA, which could result in OIA referrals becoming the exception that swallows the general rules for resolution of "routine" and "emergency" allegations of retaliation, and (b) the fact that there are no deadlines for the OIA to complete its investigation, *see* Ex. 1 at 3 ("OIA will review and investigate complaints as expeditiously as possible and in accordance with policy.") This is especially problematic when the allegations involve the most serious forms of retaliation, such as "excessive use of force, sexual contact, and

---

[1] Citation are to page numbers assigned by the Court's Electronic Case Filing system.

theft," as those are the allegations that Plaintiffs' counsel believe may necessitate prompt presentation to this Court.

In addition to concerns about the open-ended, black hole nature of OIA referrals, Plaintiffs' counsel have an independent ethical obligation to their clients to zealously advocate for them. Therefore, Plaintiffs' position is that there may be allegations of retaliation that necessitate Plaintiffs' counsel notifying Defendants about retaliation in advance of the incarcerated person receiving a response from the facility to their grievance. Moreover, there may be cases where the person alleging retaliation is unable to file a grievance about the retaliation, and therefore, the entire "Stage 1" process may not be applicable to their situation. Therefore, Plaintiffs' position is that the introductory language to Stage 2 should simply read: "The parties will make a good faith effort to resolve the matter informally. Plaintiffs' counsel may notify Defendants' counsel about a pending grievance in advance of the individual receiving a response, to prepare counsel for the possibility of proceeding to Stage 2."

Should the Court adopt Defendants' language (at Ex. 2) regarding the completion of Stage 1 being required before progressing to Stage 2, then Plaintiffs respectfully request that the Court place a time limit on those matters referred to the OIA for investigation. If the Court were to do that, Plaintiffs propose that at the end of the first paragraph of Stage 2, the Court include, "For grievances referred to OIA, the witness may not proceed to Stage 2 until the investigation is complete, the investigative report is prepared, the case file is closed, **or 40 days after the filing of the grievance, whichever is soonest**."

\* \* \*

4

The parties have attached: 1) Defendants' proposal for the three-stage process, Ex. 2; 2) Plaintiffs' proposal, Ex. 3; and 3) Plaintiffs' redline of Defendant's proposal to reflect their suggested changes, Ex. 4.

The parties respectfully request that the Court enter the Proposed Order attached as Exhibit 1 as an Order of the Court.

The parties further request that the Court resolve the parties' dispute as to what process should be followed by the parties to attempt to resolve allegations of retaliation prior to bringing them to the Court's attention, whether that be Defendants' proposal set forth at Exhibit 2, Plaintiffs' proposal set forth at Exhibit 3, or the Court's own process.

The parties are available for a status hearing at the Court's convenience if the Court has any questions to be addressed prior to entry of any revised nonretaliation order.  Plaintiffs request that the status hearing be held via videoconference.  Defendants do not oppose that request.

Dated: April 1, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

*/s/ M. Jared Littman*
ELIZABETH B. LAYENDECKER
M. JARED LITTMAN
Trial Attorneys

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Jared.littman2@usdoj.gov

*Attorneys for Defendants*

*/s/ Corene T. Kendrick (with permission)*
Corene T. Kendrick (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org

David C. Fathi (*pro hac vice*) *
Maria V. Morris, D.C. Bar. No. 1697904
Elisa C. Epstein (*pro hac vice*) *
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org

5

*Not admitted in D.C.; practice limited to federal courts.*

Li Nowlin-Sohl (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, DDC Bar ID 120840
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

Michael Perloff, D.C. Bar No. 1601047
Aditi Shah, D.C. Bar No. 90033136
ACLU FOUNDATION OF THE
DISTRICT OF COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: 202-457-0800
mperloff@acludc.org
ashah@acludc.org

Shawn Thomas Meerkamper (*pro hac vice*)
Megan Z. F. Noor (*pro hac vice*)
Dale Melchert (*pro hac vice motion forthcoming*)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Tel: 510-587-9696
shawn@transgenderlawcenter.org
megan@transgenderlawcenter.org
dale@transgenderlawcenter.org

Lynly S. Egyes (*pro hac vice*)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Tel: 510-587-9696
lynly@transgenderlawcenter.org

*Counsel for Plaintiff Class*

6