# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISHEA KINGDOM, *et al.*, | |
| Plaintiffs, | |
| v. | Civ. A. No. 25-691 (RCL) |
| DONALD J. TRUMP, *et al.*, | |
| Defendants. | |

**[~~DEFENDANTS'~~ PROPOSED] PROCESS**

**STAGE 1: BOP ADMINISTRATIVE REMEDIES**

I.   <u>Witness Responsibilities</u>

   **A. Routine Remedy**

- In accordance with BOP's Program Statement 1330.14, *Administrative Remedy Program,* section 8, individuals alleging retaliation under this Order must submit a formal written Administrative Remedy Request, on the appropriate form (BP-9) within 20 days following the date of the alleged retaliatory incident. 28 C.F.R. § 542.14.
- To ensure that this grievance is properly processed, the BP-9 must be clearly marked as "Kingdom Retaliation."

   **B. Emergency Remedy**

- An individual may also notify staff directly if they believe that their safety is in danger.
- Emergency Remedy, for the purposes of this Order, is defined as allegations of retaliation that immediately threatens the person's health or safety.
- If the individual is alleging that the retaliatory act is an emergency, and to ensure that this grievance is properly processed, the BP-9 must clearly be marked "Kingdom Retaliation Emergency" and explain in writing the reason for filing it as an emergency.

   **C. Direct Appeal to Regional Office**

- If an individual reasonably believes the issue is sensitive (defined as the person's health or safety would be placed in danger if the grievance became known at the institution), the individual may submit the allegation on the appropriate form (BP-10) directly to the

appropriate Regional Director, as provided in BOP's Program Statement 1330.14, *Administrative Remedy Program*, section 8 and 28 C.F.R. 542.14..

- The individual must clearly mark "Kingdom Retaliation Sensitive" on the sensitive remedy BP-10 and explain in writing the reason for filing the administrative remedy at the BP-10 level.

II. BOP Responsibilities

A. **Routine Remedy**

- For routine administrative remedies that allege retaliation but do not involve emergencies as defined above, BOP shall investigate and respond within 20 calendar days at the institution level in accordance with BOP Program Statement 1330.18, *Administrative Remedy Program,* section 12 and 28 C.F.R. § 542.18.
- If the time period for response is insufficient to make an appropriate decision, the time may be extended once by 20 calendar days at the institution level. 28 C.F.R. § 542.18.

B. **Emergency Remedy**

- If the Request is determined to be of an emergency nature which threatens the witness's immediate health or safety, the Warden will investigate and respond within three (3) calendar days after filing in accordance with BOP Program Statement 1330.18, *Administrative Remedy* Program, section 12 and 28 C.F.R. §542.18. If it is not determined to be of an emergency nature, the Request will be processed as a routine remedy.
- If the emergency grievance alleges that the individual has experienced sexual abuse, or is subject to a substantial risk of imminent sexual abuse, BOP shall immediately forward the grievance (or any portion thereof that alleges the sexual abuse or substantial risk of imminent sexual abuse) to a level of review at which immediate corrective action may be taken, shall provide an initial action response within 48 hours, and shall issue a final agency decision within five (5) calendar days in accordance with policy.  BOP Program Statement 1330.18, *Administrative Remedy* Program, section 16; 28 C.F.R. § 115.52.

C. **Sensitive Appeals - Direct Appeal to Regional Office**

- If the direct appeal (BP-10) is properly filed as sensitive, the appeal will be investigated and responded to by the Regional Director within 30 days in accordance with BOP Program Statement 1330.18, *Administrative Remedy Program*, section 12 and 28 C.F.R. § 542.18..
- If the time period for response to a sensitive appeal is insufficient to make an appropriate decision, the time may be extended once by 30 days at the regional level. 28 C.F.R. § 542.18.

III. BOP Internal Referrals

    **A. OIA Referral – Staff Misconduct**

- For remedies that involve allegations of retaliation and staff misconduct, the matter will be referred to the Office of Internal Affairs for an investigation and agency determination in accordance with BOP Program Statement 1210.26, *Office of Internal Affairs.* OIA will review and investigate complaints as expeditiously as possible and in accordance with policy.

    **B. PREA Referrals – Imminent Sexual Abuse**

- If the class members allegations meet the criteria of a substantial risk of imminent sexual abuse, the request will be reported and receive expedited PREA processing in accordance with 28 C.F.R. Part 115.

IV. Class member discipline

- To ensure the orderly administration of BOP's facilities, BOP may discipline a class member for filing a grievance in bad faith, which is defined for the purposes of this Order as engaging in manipulative behavior in the filing of the grievance or providing false allegations in the grievance. Bad faith grievances will be considered by staff in accordance with the procedures and standards of the Inmate Discipline Program policy (Program Statement 5270.09).

**STAGE 2: GOOD-FAITH INFORMAL RESOLUTION BETWEEN COUNSEL**

~~If a dispute remains after completion of the process described above, t~~The parties will make a good-faith effort to resolve the matter informally. Plaintiffs' counsel may notify Defendants' counsel about a pending ~~grievance or OIA referral~~allegation in advance of the individual receiving a response to prepare counsel for the possibility of proceeding to Stage 2. ~~For grievances not referred to OIA, i~~If the individual does not receive a response within the time allotted above for reply, the absence of a response will be considered to be a denial. ~~For grievances referred to OIA, the witness may not proceed to Stage 2 until the investigation is complete, the investigative report is prepared, and the case file is closed.~~

- Step 1 - Plaintiffs' counsel's information request. ~~After Stage 1 completion and b~~Before raising allegations of Retaliation with Defendants' counsel, Plaintiffs' counsel will take reasonable steps to assess the witness' allegations by inquiring about the substance of any relevant incident reports or the medical records if available to the class member. If Plaintiffs' counsel determines that there is further basis to pursue the allegations, Plaintiffs' counsel may request in writing from Defendants' counsel the relevant medical, disciplinary, and/or other records. The request must contain a general description of the allegations of retaliation, the name of the witness involved, and the date of the alleged incident.

- Step 2 – BOP's document production.  Defense counsel will provide the relevant records to class counsel within seven (7) calendar days of class counsel's request.

- Step 3 – Plaintiffs' counsel's submission.  Plaintiffs' counsel may opt to pursue the matter further and must submit in writing a notification to Defendants' counsel containing as much as possible of the following information:
    - Date and method of the witness's grievance and response, if any
    - Detailed description of the alleged retaliatory conduct (inclusive of the alleged Retaliation), including but not limited to a description of the incident and Retaliation, date and time of the incident and Retaliation, names of the officers or other staff involved to the extent that information is known, and names of any witnesses
    - Detailed description of the evidence that shows that the alleged Protected Activity is the cause of the retaliatory act, for example any information about how BOP personnel who are accused of retaliating knew about the Protected Activity or otherwise retaliated *because of* the Protected Activity
    - Evidentiary support for the factual contentions, and the steps taken by Plaintiffs' counsel to verify those contentions.

- Step 4 – Defendants' counsel's response.  If the retaliation allegations concern an emergency as defined above (an immediate threat to the class member's health or safety), Counsel for Defendants have 5 business days to respond upon receipt of all of the above information.  If the allegations do not involve an emergency, BOP has 14 calendar days to respond.

If Plaintiffs' counsel is dissatisfied with the response or has received no response as of the deadline, then Plaintiffs' counsel may seek relief from the Court.

**STAGE 3: RELIEF FROM THE COURT**

- Meet and confer.  If class counsel decides to seek relief from the Court, they shall request a meet and confer with Defendants' counsel, unless the allegation involves a credible urgent threat of serious harm to the witness. If Defendants do not respond to a request for a meet and confer within one business day of a request involving an emergency, or three (3) business days for a non-emergency, Plaintiffs may then seek relief from the Court. The meet and confer must take place within one business day of Defendants' response, if the request involves an emergency, and within three (3) business days otherwise. If the parties meet and confer, then Plaintiffs shall allow BOP time to address and resolve the dispute before seeking relief from the Court: at least one (1) business day for emergencies and three (3) business days for non-emergencies.

- Emergency relief request.  If Plaintiffs seek immediate relief from the Court without meeting and conferring because the allegation involves a credible urgent threat of serious harm to the witness, they shall summarize and detail that serious threat in any report to the Court.

- <u>Optional joint status report.</u>  If the dispute remains unresolved after the above procedures, the parties may submit a joint status report to the Court summarizing the dispute, the efforts made to resolve it, and the respective positions of the parties.