**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALISHEA KINGDOM, *et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, *et al.*,

Defendants.

Civ. A. No. 25-691 (RCL)

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO STAY DEADLINE TO RESPOND TO
<u>DEFENDANTS' MOTION TO DISSOLVE THE PRELIMINARY INJUNCTION</u>**

Defendants hereby respond to Plaintiffs' Motion to Stay Deadline to Respond to Defendants' Motion to Dissolve the Preliminary Injunction. Pls.' Mot. (ECF No. 166). The Court should deny Plaintiffs' motion.

Plaintiffs argue that the Court should grant a stay "to allow Plaintiffs the opportunity to seek leave to file a supplemental complaint and to file a motion for an updated preliminary injunction addressing the Bureau of Prisons' ("BOP") new policy regarding treatment for gender dysphoria." *Id.* at 1. But Plaintiffs have had "the opportunity" to file a supplemental complaint and an updated preliminary injunction since BOP issued its new policy more than two months ago on February 19, 2026 (ECF No. 125). For whatever reason, Plaintiffs waited for Defendants to move to dissolve the Preliminary Injunction (ECF. No. 160) to act. The Court should not excuse Plaintiffs' delay and certainly should not stay briefing on Defendants' motion to dissolve, thereby prolonging a preliminary injunction that is no longer warranted because it is based on a superseded policy. *Id.*

Plaintiffs' "judicial economy" argument is entirely speculative.  Pls.' Mot. at 1.  Plaintiffs assert that "[t]he outcome of Plaintiffs' forthcoming motions *may* render the Motion to Dissolve moot."  *Id.* (emphasis added).  But the briefing on the planned, "updated preliminary injunction" is not expected to be completed for another five weeks, Proposed Ord. (ECF No. 166-1), not to mention the time the Court needs to decide the motion.   Moreover, Plaintiffs continue to challenge the 2025 implementing memoranda upon which the Preliminary Injunction is based, and thus, the Court would still need to decide Defendants' motion to dissolve the current Preliminary Injunction, given Plaintiffs' insistence that the implementing memoranda still have operative effect.

According to Plaintiffs, "[i]f the Court were to proceed with resolving the Motion to Dissolve without a stay, it would nonetheless need to resolve Plaintiffs' forthcoming motions; whereas if the Court were to grant Plaintiffs' forthcoming motions, there would be no need to resolve the Motion to Dissolve."  *Id.*  at 5.  But something similarly could be said of any future dispositive motion too, *i.e.*, "if granted," Plaintiffs' updated preliminary injunction motion would be "render[ed] moot."  In such a situation, it would similarly be in the interests of "judicial economy" to stay briefing on a preliminary injunction motion because of upcoming merits briefing on the permanent injunction that "may" be granted, but the Court would unlikely entertain such a stay motion.  Granting a stay here would be similarly inequitable.

Additionally, if the Court granted the stay, Defendants would suffer harm in not being able to enforce their new policy—a policy that has specifically addressed the defects the Court previously found related to the 2025 implementing memoranda.  Nothing under the law entitles Plaintiffs to a continuation of a preliminary injunction when the grounds for the initial stay are no longer present, simply because Plaintiffs intend to move for another preliminary injunction.  *See* ECF. No. 160; *Doe 2 v. Shanahan*, 755 F. App'x 19, 22 (D.C. Cir. 2019) (holding that district

court abused its discretion in denying government's motion to dissolve the preliminary injunction after the government issued a new policy); *Petties v. Dist. of Columbia*, 662 F.3d 564, 566–67 (D.C. Cir. 2011) (reversing and remanding when the district court "failed to address the changed circumstances" that undermined the preliminary injunction).  Again, the Court should not grant a stay of briefing on the Defendants' motion to dissolve while the harm to BOP continues, merely because of speculation that "[t]he outcome of Plaintiffs' forthcoming motions *may* render the Motion to Dissolve moot."  Pls.' Mot. at 1 (emphasis added).  The Court should deny Plaintiffs' motion to stay, and briefing on Defendants' motion to dissolve should proceed pursuant to Local Civil Rule 7.

Dated: April 13, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 451-7478
Jared.Littman2@usdoj.gov

3