UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ALISHEA KINGDOM**, *et al.*,

        *Plaintiffs,*

v.                                                          **Case No. 1:25-cv-691-RCL**

**DONALD J. TRUMP**, *et al.*,

        *Defendants.*

## MEMORANDUM ORDER

### I.    Background

During a status hearing on February 19, 2026, the Court granted Plaintiffs' Motion for a Protective Order. ECF No. 124. On February 25, Plaintiffs filed an Emergency Motion for Order to Show Cause why Defendants should not be held in civil contempt of the February 19 Order. ECF No. 127. The Court held a hearing on the motion and entered an Order to Show Cause on February 26. Minute Entry for Motion Hearing held on 2/26/2026. On March 3, Defendants filed their response to the Order to Show Cause, ECF No. 129, and also filed a Motion for Reconsideration of the February 19 Protective Order, ECF No. 130. The Court subsequently held a Show Cause Hearing on March 4 and ordered the parties to meet and confer about possible revisions to the February 19 Protective Order. Minute Entry for Show Cause Hearing held on 3/4/2026. After several weeks of discussion, on April 1, the parties filed a Joint Status Report with agreed upon revised language as to the terms of the February 19 Order. ECF No. 161. In the Report, the parties also "substantially" agreed to a proposed three-stage process to resolve claims of retaliation brought pursuant to the revised Order. *Id.*

1

For the reasons that follow, the Court will **VACATE** the February 19 Protective Order [ECF No. 124], **ADOPT** the agreed upon revised Protective Order [ECF No. 161-1], **ADOPT** Plaintiffs' Proposed Process [ECF No. 161-3] for resolving claims of retaliation brought pursuant to the Revised Order, **DENY AS MOOT** Defendants' Motion for Reconsideration [ECF Nos. 130, 133], and **DISCHARGE** the Order to Show Cause [ECF No. 127].

## II.       Revised Protective Order & Process

The Court appreciates the parties' efforts to revise the language included in the existing Protective Order and will adopt the parties' revisions as they were submitted in the April 1 Joint Status Report.  The revised Protective Order will be docketed separately to facilitate Defendants' requirement to provide notice of the Order to BOP facilities and class members.

In the same Report, the parties proposed a three-stage process for resolving claims of retaliation brought pursuant to the revised Order: Stage 1 (BOP Administrative Remedies), Stage 2 (Good-Faith Informal Resolution between Counsel), and Stage 3 (Relief from the Court).  The parties disagree whether class members or other incarcerated people must exhaust administrative remedies in Stage 1 before proceeding to Stage 2.  ECF No. 161 at 1–4.  While the Court agrees with Defendants that it is important that BOP facilities are alerted to incidents of noncompliance and initiate their own investigations, Plaintiffs are ultimately correct that the Prison Litigation Reform Act ("PLRA") does not require administrative exhaustion in this context.  *See* ECF No. 146 at 29–32.  The exhaustion provision of the PLRA states as follows: "No *action* shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).  Here, no new action is being filed.  Class members and other incarcerated individuals seek only to bring enforcement proceedings related to the revised Protective Order.  Plaintiffs cite several cases where other courts have distinguished a

new "action" under the PLRA from enforcement proceedings or a motion brought in the course of an existing case. *See* ECF No. 146 at 31 (citing *United States v. Hashmi*, 621 F. Supp. 2d 76, 84–85 (S.D.N.Y. 2008) and *United States v. Ayala Lopez*, 327 F. Supp. 2d 138, 141 n.1 (D.P.R. 2004)). This Court agrees with that distinction and declines to adopt Defendants' proposed exhaustion requirement. Plaintiffs' Proposed Process, ECF No. 161-3, is therefore adopted as submitted.

### III.    February 26 Order to Show Cause

On February 26, Defendants were Ordered to Show Cause why they should not be held in civil contempt of the February 19 Protective Order. ECF No. 128. Upon consideration of Defendants' Response, ECF No. 129, the Show Cause Hearing held on March 4, and Defendants' efforts to work with Plaintiffs on revisions to the underlying Protective Order (thereby obviating the need for the Court to consider Defendants' Motion for Reconsideration), the Show Cause Order is **DISCHARGED**.

The Court notes that although the February 26 Order has been discharged, the Court takes claims of retaliation against class members and other incarcerated individuals in this lawsuit very seriously and will not hesitate to issue a new show cause order based on a violation of the revised Protective Order if it becomes necessary to do so.

### IV.    Conclusion

For the foregoing reasons, the February 19 Protective Order [ECF No. 124] is **VACATED**, the revised Protective Order [ECF No. 161-1] and Plaintiffs' Process [ECF No. 161-3] for resolving claims of retaliation are **ADOPTED**, the Defendants' Motion for Reconsideration [ECF Nos. 130, 133] is **DENIED AS MOOT**, and the Order to Show Cause [ECF No. 127] is **DISCHARGED**.

The revised Protective Order will be entered as a separate order on the docket with the process for resolving violations of the order included as an attachment to that order.

**IT IS SO ORDERED.**

Date: ___4-16-26___                                    ___Royce C. Lamberth___
                                                       Royce C. Lamberth
                                                       United States District Judge

4