**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISHEA KINGDOM, et al., | Case No. 1:25-cv-00691-RCL |
| Plaintiffs, | **PLAINTIFFS' CONSENT MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** |
| v. | |
| DONALD J. TRUMP, et al., | [*Proposed Order filed concurrently herewith*] |
| Defendants. | |

## PLAINTIFFS' CONSENT MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT

Plaintiffs Alisha Kingdom, Solo Nichols, and Jas Kapule ("Plaintiffs"), by and through their attorneys, respectfully move for leave to file the attached Supplemental Complaint to set forth material events that have occurred after the filing of the complaint and that bear directly on the claims and relief at issue. Plaintiffs request that the Court grant such leave and deem the Supplemental Complaint filed as of the date of the Court's order. Pursuant to Local Rule 7(m), Plaintiffs' counsel conferred with Defendants' counsel, who informed Plaintiffs' counsel that Defendants consent to this motion.

## INTRODUCTION

This motion seeks leave to supplement the pleadings to include post-complaint facts that further elucidate and update the controversy between the parties. The supplemental allegations concern events that occurred on or after March 7, 2025, and are part of the same case or controversy. Plaintiffs respectfully request that the Court permit filing of the Supplemental Complaint attached as **Exhibit A**.

**BACKGROUND**

Plaintiffs filed the original complaint on March 7, 2025, on behalf of themselves and all others similarly situated, alleging violations of the Eighth and Fifth Amendments to the Constitution, the Rehabilitation Act, and the Administrative Procedure Act. Plaintiffs moved for a preliminary injunction, to stay agency action, and for class certification on March 17, 2025. The Court granted Plaintiffs' motions on June 3, 2025. Defendant answered the Complaint on June 24, 2025.

Since the filing of the operative complaint, additional material facts have arisen. Specifically, on February 19, 2026, the Federal Bureau of Prisons ("BOP") issued Program Statement 5260.01 regarding the "Management of Inmates with Gender Dysphoria" (the "Program Statement"). The Program Statement, like Executive Order 14168 and the Implementing Memoranda at issue in this case, prohibits all gender-affirming medical care and social accommodations to treat gender dysphoria. This development is closely related to Plaintiffs' existing claims, involves the same parties, and affects the scope of relief. Plaintiffs seek to file a Supplemental Complaint to ensure the pleadings accurately reflect the current facts and to promote comprehensive and efficient resolution of the litigation.

**ARGUMENT**

Under Federal Rule of Civil Procedure 15(d), the Court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Leave to supplement under Rule 15(d) should be freely granted "when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not

prejudice the rights of any other parties to the action." *Jones v. Bernake*, 685 F. Supp. 2d 31, 35 (D.D.C. 2010) (quoting *Hall v. CIA*, 47 F.3d 94, 100 (D.C. Cir. 2006)).

The proposed Supplemental Complaint satisfies these requirements. Failure to grant leave to supplement the operative complaint would necessitate further and separate legal action to preserve Plaintiffs' rights, which clearly would not promote judicial economy or efficiency for any party involved. Rather, the most efficient and fair solution is to permit Plaintiffs to file the proposed Supplemental Complaint detailing relevant facts that occurred after Plaintiffs brought this case, are the result of the same case or controversy, and directly impact this litigation. Allowing supplementation will ensure that the pleadings reflect the full, current factual landscape without requiring a separate action.

Permitting supplementation will allow the Court to resolve all related disputes in a single proceeding, conserve judicial resources, and avoid inconsistent rulings. Proceeding in this consolidated manner advances the just, speedy, and inexpensive determination of this action.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the Supplemental Complaint attached as **Exhibit A** and deem it filed as of the date of the Court's order.

Dated: April 29, 2026

*/s/ Shana Knizhnik*

Li Nowlin-Sohl (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, D.D.C. Bar No. 120840
James D. Esseks (*pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

David C. Fathi (*pro hac vice*) *
Maria V. Morris, D.C. Bar. No. 1697904
Elisa C. Epstein (*pro hac vice*) *
American Civil Liberties Union Foundation
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org

Corene T. Kendrick (*pro hac vice*)
American Civil Liberties Union Foundation
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org

Respectfully submitted,

Michael Perloff, D.C. Bar No. 1601047
Aditi Shah, D.C. Bar No. 90033136
ACLU Foundation of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: 202-457-0800
mperloff@acludc.org
ashah@acludc.org

Shawn Thomas Meerkamper (*pro hac vice*)
Megan Z. F. Noor (*pro hac vice*)
Dale Melchert (*pro hac vice)*
Transgender Law Center
P.O. Box 70976
Oakland, CA 94612
Tel: 510-587-9696
shawn@transgenderlawcenter.org
megan@transgenderlawcenter.org
dale@transgenderlawcenter.org

Lynly S. Egyes (*pro hac vice*)
Transgender Law Center
594 Dean Street, Suite 11
Brooklyn, NY 11238
Tel: 510-587-9696
lynly@transgenderlawcenter.org

*Counsel for Plaintiff Class*

*\*Not admitted in D.C.; practice limited to federal courts.*