**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISHEA KINGDOM, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD J. TRUMP, et al.,<br><br>　　　　　　Defendants. | Case No. 1:25-cv-00691-RCL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR RENEWED PRELIMINARY INJUNCTION** |

**<u>INTRODUCTION</u>**

On June 3, 2025, the Court issued a preliminary injunction. *See generally* ECF No. 67 [*Kingdom v. Trump*, 2025 WL 1568238 (D.D.C. June 3, 2025)] (hereinafter "June 3 PI" or "the PI"). On August 20, 2025, the Court extended the PI for 90 days, to run from September 1 to November 30, 2025, as required by the Prison Litigation Reform Act's ("PLRA") plain language. 18 U.S.C. § 3626(a)(2) (preliminary relief "shall automatically expire on the date that is 90 days after its entry unless the court . . . makes the order final before the expiration of the 90-day period."). *See* ECF No. 79 (extending the PI). On November 17, 2025, the Court extended the PI for another 90 days, ECF No. 96, and on February 5, 2026, the Court again extended the PI for 90 days, to run from March 2, 2026, to May 31, 2026, ECF No. 114.

On February 19, 2026, BOP issued Program Statement 5260.01 (the "Program Statement"), ECF No. 125, which formed the basis of Defendants' April 1, 2026 motion to dissolve the preliminary injunction, *see* ECF No. 160. Plaintiffs in turn moved on April 10, 2026, to stay briefing on the motion to dissolve in order to allow Plaintiffs the opportunity to file a supplemental complaint and motion for an updated preliminary injunction addressing the Program Statement, ECF No. 166, which the Court granted on April 15, 2026, setting the briefing schedule requested

by Plaintiffs, ECF No. 170. Plaintiffs filed a supplemental complaint and motion for an updated preliminary injunction on April 29, 2026. ECF Nos. 178, 179. Defendants filed their opposition to Plaintiffs' motion for an updated preliminary injunction on May 13, 2026. ECF No. 186. The motion for an updated preliminary injunction is scheduled to be ripe no later than May 20, 2026, eleven days before the expiration of the current renewal.

Plaintiffs set forth in detail in the pending motion papers why an updated preliminary injunction is necessary and appropriate, *see generally* ECF 179-1. Due to the significant harms that this Court has already found Plaintiffs will face in the absence of an injunction, *see* ECF No. 67 at 24-25, and because of the possibility that the Court may not decide the pending motion for an updated preliminary injunction, ECF No. 179, prior to the current injunction's May 31, 2026 expiration, Plaintiffs respectfully request that, should the Court not decide that pending motion prior to May 31, it enter a new order renewing the PI for a period (not to exceed 90 days) beginning June 1, 2026 and ending fourteen calendar days following the Court's resolution of the pending motion for an updated preliminary injunction.

Pursuant to Local Rule 7(m), Plaintiffs conferred with Defendants about whether they oppose the relief sought in this motion. Defendants oppose.[1]

---

[1] In another ongoing "civil action with respect to prison conditions," 18 U.S.C. § 3626(a)(2), in this district against BOP, the government recently joined a motion for a renewed preliminary injunction pending the resolution of a dispositive motion "[t]o maintain the status quo during the pendency of" the motion "and avoid unnecessary contested motion practice over renewal of the preliminary injunction while the Court considers" it. *See Taylor v. Trump*, No. 1:25-cv-03742-TJK, ECF No. 81 at ¶ 5 (D.D.C. May 5, 2026) (Joint Motion for Entry of Order Regarding Case Proceedings) (moving for preliminary injunction renewal "until 14 calendar days following [the] Court's resolution of" pending dispositive motion; *see also id.*, ECF No. 86 (order granting the requested relief).

2

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiffs previously set forth the facts giving rise to their claims in their complaints and supplemental complaint and other filings and incorporate them herein.[2] On March 7, 2025, Plaintiffs, on behalf of themselves and a putative class, filed suit challenging the Trump Administration and Federal Bureau of Prison's ("BOP") categorical ban on gender-affirming medical care and social transition accommodations ("gender affirming health care") for people with gender dysphoria in the custody of the BOP. Plaintiffs and other similarly situated people in BOP custody had been receiving this gender-affirming health care prior to BOP's implementation of Executive Order 14168, issued by Defendant Trump on January 20, 2025. *See* 90 Fed. Reg. 8615 (Jan. 20, 2025); *see also* ECF No. 1-1 (Feb. 21, 2025 Implementing Memorandum); ECF No. 1-2 (Feb. 28, 2025 Implementing Memorandum). Plaintiffs alleged that they and others similarly situated faced a substantial risk of serious harm if BOP terminated their medical care and accommodations for gender dysphoria in accordance with the EO and Implementing Memoranda. *See, e.g.,* ECF Nos. 7-4 to 7-6, 56-1 to 56-2, 59-1 to 59-2.

On March 17, 2025, Plaintiffs filed their Motion for a Preliminary Injunction, ECF No. 7, and Motion for Class Certification. ECF No. 8. The matters were fully briefed and submitted to the Court by April 9, 2025. ECF Nos. 36, 49, 50, 52. The Court held oral argument on the two

---

[2] *See* Corrected Complaint, ECF No. 4-1 at ¶¶ 1-11, 14-95; Mem. of Points and Authorities in Support of Plfs' Mot. for Preliminary Injunction, ECF No. 7-1 at 3-19; Decs. Filed in Support of Mot. for Preliminary Injunction, ECF Nos. 7-2 to 7-6 and 47-1 to 47-6; Reply in Support of Mot. for Preliminary Injunction, ECF No. 48 at 3-7; Supp. Decs. in Support of Preliminary Injunction, ECF Nos. 56-1 to 56-5 and ECF Nos. 59-1 to 59-2; Mem. Of Points and Authorities in Support of Plfs' Mot. to Renew Preliminary Injunction, ECF No. 78-1 at 2-3; Mem. Of Points and Authorities in Support of Plfs' Mot. to Renew Preliminary Injunction, ECF No. 93-1 at 2-3; *see also* Supplemental Complaint, ECF No. 180; Mem. Of Points and Authorities in Support of Plaintiffs Motion for an Updated Preliminary Injunction and to Stay Agency Action, ECF No. 179-1 at 1-22.

motions on May 22, 2025; on June 3, 2025, it issued an order and opinion that granted Plaintiffs'

Motions and denied Defendants' request that President Trump be dismissed as a Defendant. *See*

*generally* ECF Nos. 67, 68.

The Court certified a class of "all persons who are currently or will be incarcerated in BOP

facilities with a current diagnosis of gender dysphoria or who receive such a diagnosis in the

future." ECF No. 67 at 27. The Court also concluded that Plaintiffs were likely to succeed on the

merits of their APA claim that the Implementing Memoranda were arbitrary and capricious based,

in part, on the lack of a reasoned explanation for the policy change; the Court did not reach

Plaintiffs' Eighth Amendment claim. *See generally* ECF 67. The Court stayed the Implementing

Memoranda and ordered that

> During the pendency of this litigation, the BOP is required to restore and maintain
> access to those treatment modalities for those who previously received them
> pursuant to a prescription rendered by BOP staff. And moreover, if BOP medical
> personnel subsequently determine that an existing or future class member is in need
> of either or both of these treatment modalities, the BOP may not take those
> treatment options off the table while this dispute is pending.

*Id*. at 36. On August 20, 2025, the Court renewed the June 3 PI to run for another 90 days, from

September 1 through November 30, 2025, ECF No. 79, renewed it again on November 17, 2025,

to run for another 90 days from December 1, 2025, to March 1, 2026, ECF No. 96, and renewed it

again on February 5, 2026, to run for another 90 days from March 2, 2025, to May 31, 2026, ECF

No. 114.

In response to this litigation, BOP issued Program Statement 5260.01, entitled

"Management of Inmates with Gender Dysphoria," ECF No. 125, which, like the Implementing

Memoranda, prohibits gender-affirming health care, ECF No. 179-1 at 10-12, but comes with an

administrative record of documents that were said to have been considered and a memorandum

providing purported rationales for the policy. The Program Statement has not gone into effect due

to the preliminary injunction in this case.

On April 1, 2026, Defendants moved to dissolve the preliminary injunction, ECF No. 160, arguing that its bases for finding that Plaintiffs are likely to succeed on the merits of their Administrative Procedure Act claim were resolved by the issuance of the Program Statement and its Administrative Record. Defendants did not allege changed circumstances with regard to the other three preliminary injunction factors, including the likelihood of imminent harm to the Plaintiffs and class members. *See generally* ECF 160. Plaintiffs moved to stay briefing on the motion to dissolve pending the filing and disposition of Plaintiffs' supplemental complaint and motion for an updated preliminary injunction to address the Program Statement, ECF No. 166, which the Court granted, ECF No. 170. Plaintiffs filed a supplemental complaint and motion for an updated preliminary injunction on April 29, 2026. ECF Nos. 178, 179. The motion for an updated preliminary injunction will be fully briefed by May 20, 2026. *See* ECF No. 170.

## **LEGAL STANDARD**

A preliminary injunction issued in a lawsuit covered by the PLRA automatically expires after 90 days "unless the court has rendered it permanent and made specific findings that the restraint is narrowly drawn, extends no further than necessary to correct the violation of federal right, and is the least intrusive means necessary to correct that violation." *Banks v. Booth*, 3 F.4th 445, 448 (D.C. Cir. 2021) (holding appeal of preliminary injunction moot due to the 90-day limit under the PLRA); *see also* 18 U.S.C. § 3626(a)(2) (preliminary relief "shall automatically expire on the date that is 90 days after its entry unless the court . . . makes the order final before the expiration of the 90-day period.").

"Though a preliminary injunction entered under the PLRA otherwise automatically expires ninety days after entry, the injunction may be extended by the district court if it makes the requisite

findings." *Smith v. Edwards*, 88 F.4th 1119, 1125 (5th Cir. 2023); *see Doe v. Blanche*, 172 F.4th 901, 912 (D.C. Cir. 2026) (noting BOP's agreement "that section 3626(a)(2) does not limit a district court's ability to issue a new preliminary injunction at the end of the ninety-day period set forth in that statute" and that "every court of appeals that has reached the issue agrees") (quotations omitted)); *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (holding that "[n]othing in the statute limits the number of times a court may enter preliminary relief. … the provision simply imposes a burden on plaintiffs to continue to prove that preliminary relief is warranted."); *Alloway v. Hodge*, 72 F.App'x 812, 817 (10th Cir. 2003) (unpublished) (holding renewal of expired preliminary injunction under the PLRA was not an abuse of discretion); ECF Nos. 79, 96, 114 (this Court extending the PI in this case); *Rutherford v. Luna*, Case No. CV 75-04111 DDP, 2023 WL 4241691 at *1 (C.D. Cal. June 22, 2023) (noting that the court had extended a preliminary injunction related to conditions in the Los Angeles County jails twice prior to entering a permanent injunction).

## **ARGUMENT**

This Court already found that Plaintiffs are likely to succeed on the merits of their claims and are entitled to preliminary injunctive relief. ECF No. 67 at 1-4, 17-23. Plaintiffs incorporate by reference the arguments made in their prior briefing in relation to the PI, ECF Nos. 7-1, 48, as well as the pending motion for an updated preliminary injunction, ECF No. 179. Defendants have not asserted any factual developments to change the Court's prior conclusion that Plaintiffs face irreparable harm in the absence of continued injunctive relief, and the public interest and balance of equities weigh in favor of granting preliminary injunctive relief. ECF No. 67 at 7-8; *see also Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2009); *Nken v. Holder*, 556 U.S. 418, 435 (2009). They assert only that the issuance of the Program Statement remedies the APA issue on

which the Court concluded that Plaintiffs had a likelihood of success on the merits. The relevance

of the Program Statement to the likelihood of success on the merits will be resolved in the pending

motion for an updated preliminary injunction. To give the Court the time it may need to decide the

pending motion beyond the May 31 expiration of the current PI, relief in the form of a limited

renewal of the existing PI until 14 days after the pending motion is resolved is warranted. Such a

limited renewal will preserve the status quo during the pendency of the motion, serve judicial

economy, and is narrowly drawn and the least intrusive means necessary to prevent the irreparable

harm Plaintiffs continue to face.

I.      **Plaintiffs Continue to Show a Likelihood of Success on the Merits of Their Claims.**

Defendants' original implementation of Section 4(c) of the EO violates the APA for the

reasons set forth in Plaintiffs' prior motion and reply. ECF No. 7-1 at 27-30; ECF No. 48 at 26-30.

In granting the June 3 PI, the Court agreed that plaintiffs are likely to succeed on the merits of the

APA claim. ECF 67 at 17. The Court found "the memoranda are arbitrary and capricious because

they provide no reasoned explanation for the denial of gender-affirming care, treat gender

dysphoria different than other medical conditions with no justification, and fail to adequately take

stock of the sudden reversal in agency policy from before the Executive Order was issued." ECF

No. 67 at 17.[3]

---

[3] The Court did not address Plaintiffs' likelihood of success on the merits of their Eighth
Amendment claims as a "matter of judicial restraint and governance … [to] endeavor to resolve
cases on non-constitutional grounds and [to] entertain constitutional questions only when
necessary." ECF No. 67 at 23 (citations and internal quotation marks omitted). That said, Plaintiffs
reincorporate their arguments previously made related to their likelihood of success on those
claims, both in their original motion for a preliminary injunction, ECF No. 7-1 at 20-26, as well as
their motion for an updated preliminary injunction, ECF 179-1 at 24-33.

Plaintiffs stated additional legal bases for their claims in their complaint, ECF No. 4-1 at 22-25,
but did not raise them for purposes of seeking preliminary injunctive relief.

There has been no change that results in a different conclusion om Plaintiffs' likelihood of success on the merits. Plaintiffs' briefing in support of the original motion for a preliminary injunction explained why BOP's blanket ban on gender-affirming health care for individuals with gender dysphoria in BOP custody violates the APA and the Eighth Amendment. ECF 7-1. As explained in Plaintiffs' motion for an updated preliminary injunction, BOP's issuance of the Program Statement—which reiterates the ban on gender affirming healthcare—and its accompanying Administrative Record does not rescue the ban on this care from violating either the APA or the 8th Amendment. ECF 179-1. This factor therefore continues to favor renewal of the preliminary injunction.

## II.    Plaintiffs Continue to Face Irreparable Harm Without an Injunction.

This Court previously found that the named Plaintiffs and class members would suffer irreparable harm without an order preventing Defendants from categorically denying them gender-affirming health care regardless of medical need by enforcing Section 4(c) of the EO or the Implementing Memoranda. *See* ECF No. 67 at 24-25. Without a renewed injunction maintaining that care must be provided "in accordance with BOP policy and practice in effect immediately prior to" the EO, plaintiffs and class members will have their hormone therapy and social accommodations discontinued based on the blanket policy prohibiting such care. BOP's issuance of a new version of the same ban on gender-affirming health care and accommodations via the Program Statement in no way changes this conclusion or ameliorates the very real risk of irreparable harm that named Plaintiffs and the class continue to face. *See* ECF No. 179-1 at 18-22, 42-43.

Indeed, BOP has indicated that the only reason its latest version of the ban has not yet been implemented is the existing PI, which BOP acknowledges it is "obligated to comply with . . .

despite the issuance of the new Policy." ECF 160 at 9. Denying Plaintiffs and class members gender-affirming health care will imminently cause irreparable injuries, including the exacerbation of their gender dysphoria and an increased risk of depression, anxiety, self-harm (including attempts to self-castrate), and suicidality. First Karasic Decl., ECF No. 7-2, ¶¶ 72, 83-86; First Kingdom Decl., ECF No 7-4, ¶¶ 21-22 (experiencing symptoms including anxiety, panic attacks, and thoughts of self-harm and suicide when care was withdrawn).

There has been no factual change that warrants the Court reaching a different conclusion, and therefore this factor points towards renewal of the PI.

### III.    The Balance of Equities and Public Interest Weigh In Favor of Renewing Injunctive Relief.

The balance of equities and public interest factors strongly favor a renewed injunction. As this Court found, these factors are "the most easily resolved" in Plaintiffs' favor. ECF No. 67 at 25-26. The Court also rejected Defendants' argument that there was a public interest in allowing President Trump to effectuate his political agenda, and found this purported interest weighed "only modestly" in Defendants' favor, because democracy "does not mean blind submission to the whims of the most recent election-victor." *Id.* at 26; *see also A.A.R.P. v. Trump*, 145 S.Ct. 1364, 1370 (2025) (enjoining federal government from summarily removing noncitizens under the Alien Enemies Act notwithstanding the President's policy objectives). This determination remains true, and nothing about the Program Statement changes that calculus or conclusion. *See* ECF No. 179-1 at 43-44. Plaintiffs' interests in relief from the EO and BOP's ban on gender-affirming health care remain urgent and palpable today.

Both the Court and the parties benefit from a brief renewal maintaining the status quo if the Court needs more time to decide Plaintiffs' motion for an updated preliminary injunction. If the current preliminary injunction were to expire due to the PLRA on May 31, 2026, before the

9

Court issued a decision on the motion that will be submitted by May 20, 2026, then the BOP could withdraw class members' gender affirming health care. If the Court were then to decide shortly thereafter to grant the updated preliminary injunction, it would result in BOP having to unwind these removals and reinstate the provision of hormone therapy and accommodations. This would create extra work for BOP staff, cause confusion within BOP and for class members, and cause great physical and emotional harm to class members. As was seen when the EO was issued and BOP first began withdrawing some class members' care, it can be difficult (for administrative and other reasons) to reinstate the care promptly. A simple brief renewal of the status quo would promote efficiency.

## IV.    The Renewal of the Injunction Comports with PLRA Requirements.

The requested renewed injunction is narrowly drawn and extends no further than necessary to correct and prevent the harm to Plaintiffs that would result from BOP implementing a ban on gender-affirming health care. It prohibits Defendants from applying only the challenged sections of the Executive Order and BOP's ban on gender-affirming healthcare and accommodations to class members, and only until this Court rules on the pending motion for an updated preliminary injunction. Enjoining Defendants is the least intrusive action the Court could take that will ensure Plaintiffs are not deprived of their rights. Finally, renewing the preliminary injunction until 14 days after the resolution of the pending motion will have no adverse impact on public safety or the operation of the criminal justice system because the order will simply maintain the *status quo* of class members' gender-affirming care while the litigation proceeds. *Cf. Taylor*, No. 1:25-cv-03742-TJK, ECF No. 81 at ¶ 5.

### <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a new

preliminary injunction renewing the relief in the current injunctions for a period (not to exceed 90 days) beginning June 1, 2026, and ending fourteen calendar days after the Court's decision with respect to the pending motion for an updated preliminary injunction (ECF No. 179).[4] A proposed order is filed herein.

Dated: May 13, 2026

Respectfully submitted,

*/s/ Li Nowlin-Sohl*
Li Nowlin-Sohl (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, D.D.C. Bar No. 120840
James D. Esseks (*pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

David C. Fathi (*pro hac vice*) *
Maria V. Morris, D.C. Bar. No. 1697904
Elisa C. Epstein (*pro hac vice*) *
American Civil Liberties Union Foundation
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org

Michael Perloff, D.C. Bar No. 1601047
Aditi Shah, D.C. Bar No. 90033136
ACLU Foundation of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: 202-457-0800
mperloff@acludc.org
ashah@acludc.org

Shawn Thomas Meerkamper (*pro hac vice*)
Megan Z. F. Noor (*pro hac vice*)
Dale Melchert (*pro hac vice)*
Transgender Law Center
P.O. Box 70976
Oakland, CA 94612
Tel: 510-587-9696
shawn@transgenderlawcenter.org
megan@transgenderlawcenter.org
dale@transgenderlawcenter.org

---

[4] If the Court does not rule on this Motion before June 1, 2026, it may still renew the June 3 PI to run from the date of a new order's entry. *Alloway v. Hodge*, 72 F.App'x 812, 817 (10th Cir. 2003) (unpublished) (affirming renewal of injunction that expired months earlier); *see also Porretti v. Dzurenda*, Case No. 2:17-cv-01745-RFB-DJA, 2020 WL 6834234, *1 (D. Nev. Aug. 31 2020) (granting second injunction after defendants' noncompliance with and expiration of first one), *aff'd*, 11 F.4th 1037, 1052 (9th Cir. 2021).

Corene T. Kendrick (*pro hac vice*)
American Civil Liberties Union Foundation
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org

Lynly S. Egyes (*pro hac vice*)
Transgender Law Center
594 Dean Street, Suite 11
Brooklyn, NY 11238
Tel: 510-587-9696
lynly@transgenderlawcenter.org

*Counsel for Plaintiff Class*

*\*Not admitted in D.C.; practice limited to federal courts.*

12