**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISHEA KINGDOM, et al., | Case No. 1:25-cv-00691-RCL |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RENEWED PRELIMINARY INJUNCTION** |
| v. | |
| DONALD J. TRUMP, et al., | |
| Defendants. | |

This Court entered a preliminary injunction in this case on June 3, 2025. ECF No. 67 [*Kingdom v. Trump*, 2025 WL 1568238 (D.D.C. June 3, 2025)]. On August 20, 2025, the Court extended the injunction for 90 days, to run from September 1 to November 30, 2025, as required by the Prison Litigation Reform Act's ("PLRA") plain language. 18 U.S.C. § 3626(a)(2) (preliminary relief "shall automatically expire on the date that is 90 days after its entry unless the court . . . makes the order final before the expiration of the 90-day period."). *See* ECF No. 79 (extending the PI). On November 17, 2025, the Court extended the injunction for another 90 days, to run from December 1, 2025, to March 1, 2026. *See* ECF No. 96. On February 5, 2026 the Court extended the injunction for another 90 days, to run from March 2, 2026, to May 31, 2026. *See* ECF No. 114.

On February 19, 2026, BOP issued Program Statement 5260.01 (the "Program Statement"), ECF No. 125, which formed the basis of BOP's April 1, 2026 motion to dissolve the preliminary injunction, *see* ECF No. 160. Plaintiffs moved on April 10, 2026, to stay briefing on the motion to dissolve in order to allow Plaintiffs the opportunity to file a supplemental complaint and motion for an updated preliminary injunction addressing the Program Statement, ECF No. 166, which this Court granted on April 15, 2026, setting the briefing schedule requested by Plaintiffs, *see* ECF No.

1

170. Plaintiffs filed a supplemental complaint and motion for updated preliminary injunction on April 29, 2026. ECF Nos. 178, 179. Defendants filed their opposition to Plaintiffs' motion for an updated preliminary injunction on May 13, 2026. ECF No. 186. Plaintiffs' motion for an updated preliminary injunction has not yet been decided.

On May 13, 2026, Plaintiffs moved the Court to renew this preliminary injunction for a period (not to exceed 90 days) beginning June 1, 2026, and ending fourteen calendar days after the Court's decisions with respect to the Pending Preliminary Injunction Motions. *See* ECF No. ____. Defendants oppose the motion. *Id*.

Although there are new factual circumstances in this case, as detailed in the Pending Preliminary Injunction Motions and Supplemental Complaint, *see* ECF Nos. 160, 178, 179, none necessitate a reassessment at this juncture of this Court's prior holding that the Plaintiffs have met their burden for preliminary injunctive relief or require a reevaluation of that relief pending disposition of the Pending Preliminary Injunction Motions. Further, it is in the interest of justice and judicial economy to briefly extend this preliminary injunction while the Court is deciding the pending motion for an updated preliminary injunction.

Furthermore, district courts—including this one—regularly renew or extend preliminary relief for additional periods under the Prison Litigation Reform Act while litigation on the merits of a case continue. *See* ECF Nos. 79, 96, 114; *Doe v. Blanche*, 172 F.4th 901, 912 (D.C. Cir. 2026) (noting BOP's agreement "that section 3626(a)(2) does not limit a district court's ability to issue a new preliminary injunction at the end of the ninety-day period set forth in that statute" and that "every court of appeals that has reached the issue agrees" (quotations omitted)); *Smith v. Edwards*, 88 F.4th 1119, 1125 (5th Cir. 2023) ("Though a preliminary injunction entered under the PLRA otherwise automatically expires ninety days after entry, the injunction may be extended by the

district court if it makes the requisite findings."); *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) ("Nothing in the statute limits the number of times a court may enter preliminary relief. … the provision simply imposes a burden on plaintiffs to continue to prove that preliminary relief is warranted."); *see also Alloway v. Hodge*, 72 F.App'x 812, 817 (10th Cir. 2003) (unpublished) (renewal of preliminary injunction that expired under the PLRA is not an abuse of discretion).

Therefore, upon consideration of Plaintiffs' Motion for Renewed Preliminary Injunction, ECF No. _____, it is **ORDERED** that Plaintiffs' Motion is **GRANTED**; and it is further

**ORDERED** that the Defendants are enjoined from implementing Section 4(c) of Executive Order 14168 against any class member in this action, as defined at ECF No. 67 at 27, for a period (not to exceed 90 days) beginning June 1, 2026 and ending fourteen calendar days following this Court's resolution of Plaintiffs' pending Motion for an Updated Preliminary Injunction; and it is further

**ORDERED** that BOP is required to restore and maintain access to those treatment modalities for those who previously received them pursuant to a prescription rendered by BOP staff. If BOP medical personnel subsequently determine that an existing or future class member is in need of either or both of these treatment modalities, the BOP may not take those treatment options off the table while this dispute is pending.

In accordance with the Prison Litigation Reform Act, the Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). The Plaintiffs and the certified class have shown a substantial likelihood of success on their claims that Defendants' ban on gender-affirming healthcare and implementation

of Section 4(c) of the Executive Order as to them would be unlawful and is causing or will cause them immediate, irreparable harm. Because applying BOP's ban on gender-affirming healthcare and Section 4(c) to the Plaintiffs and the certified class would cause this serious and irreparable harm, a preliminary injunction is necessary to correct the harm and is the least intrusive means to do so. Furthermore, because this preliminary injunction only prevents the implementation of those sections of the Executive Order for which Plaintiffs have demonstrated a likelihood of success on the merits and irreparable harm, this injunction extends no further than necessary to correct the harm. Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief and has given substantial weight to such impacts. After this consideration, the Court concludes and finds that no adverse impact on public safety or the operation of the criminal justice system will result from maintaining the status quo while this litigation proceeds.

**IT IS SO ORDERED**.

Dated: _____, 2026

_____
Hon. Royce C. Lamberth
United States District Judge