**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ALISHEA KINGDOM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Civ. A. No. 25-691 (RCL) |

**DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING DISPOSITION OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE,
TO EXTEND THE DISCOVERY RESPONSE DEADLINE BY 30 DAYS**

Defendants respectfully move to stay discovery pending resolution of Defendants' summary judgment motion, which argues, among other things, that the Court does not have jurisdiction over Plaintiffs' challenges to Executive Order ("EO") 14,168 and BOP's memoranda implementing the EO ("2025 implementing memoranda"), Defs. MSJ (ECF No. 187)—the topics for which the Court granted discovery, ECF No. 163.  Because the Court's grant of Defendants' pending summary judgment would dispose of those issues (and indeed, the entire case) and because the discovery would not rebut (and is in fact irrelevant to) Defendants' showing that Plaintiffs lack Article III standing to continue to assert those challenges, the Court should grant this stay in the interests of judicial economy and conserving resources.

On March 7, 2025, Plaintiffs filed this action on behalf of themselves and a putative class of similarly situated inmates, contending that EO 14,168 and the 2025 implementing memoranda were unlawful.  Compl. (ECF No. 1).  In February 2026, BOP issued a new Policy (the "2026 Policy") that will supersede the 2025 implementing memoranda when the Court's preliminary

injunction, first issued in June 2025, is terminated.  ECF No. 125.  On April 3, 2026, the Court

ordered discovery into the "development and implementation of EO 14,168 and the 2025

implementing memoranda."  ECF No. 163, at 1.  On April 21, 2026, Plaintiffs served their First

Composite Written Discovery Requests.   On April 29, 2026, Plaintiffs filed a supplemental

complaint, challenging BOP's 2026 Policy.  ECF No 182.  On April 30, 2026, Defendants moved

for summary judgment as to all claims.  In addition to requesting summary judgment on the merits

of Plaintiffs' challenge to the 2026 Policy, Defendants argue in their motion that the Court does

have jurisdiction to review Plaintiffs' challenge to EO 14,168 and the 2025 implementing

memoranda.  *Id.* at 11–14.  In light of the pending summary judgment motion, the Court should

stay discovery, or in the alternative, extend Defendants' discovery response deadline by 30 days,

*i.e.*, until June 22, 2026.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Belize Soc.*

*Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731 (D.C. Cir. 2012) (when a stay is issued "pursuant

to the district court's inherent authority in the interest of judicial economy, 'the applicable

jurisprudence appears in [*Landis*]'" (citations omitted)).  "How this can best be done calls for the

exercise of judgment, which must weigh competing interests and maintain an even balance."

*Landis*, 299 U.S. at 254–55.

"[T]he decision whether to stay discovery is committed to the sound discretion of the

district court judge," *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990), with

the ultimate goal of ensuring the "just, speedy, and inexpensive determination of every action and

proceeding," Fed. R. Civ. P. 1.  Accordingly, "courts in this district have often stayed discovery while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) (internal quotation omitted).  "In fact, [i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.'"  *Id.* (quoting *Anderson v. U.S. Attorney's Office*, Civ. A. No. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)); *see also Chamber of Commerce of U.S. v. Servin*, Civ. A. No. 09-2014 (RWR), 2011 WL 871735, at *1 n.1 (D.D.C. Mar. 11, 2011) (same); *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (same).  This is the rule because "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (internal quotation omitted); *see also Covad Commc'ns Co. v. Revonet, Inc.,* 250 F.R.D. 14, 18 (D.D.C. 2008) (a stay pending resolution of a dispositive motion will "save the litigants potentially unnecessary discovery expenses").  Indeed, Plaintiffs themselves have argued in this litigation that a stay is appropriate when the outcome of a motion "may render" a further proceeding "moot," in which case a stay "would serve judicial economy."  Pls. Mot. to Stay Deadline (ECF No. 166); ECF No. 170 (granting Plaintiffs' motion to stay).

In contrast, "a stay of discovery pending determination of a [dispositive motion] is rarely appropriate when the pending motion will not dispose of the entire case." *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) (internal quotation omitted); *see also United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013) (denying motion to stay discovery when summary judgment would not be dispositive of all issues).

3

Here, summary judgment in Defendants' favor "would be thoroughly dispositive" of all of Plaintiffs' claims, including the EO 14,168 and 2025 implementing memoranda claims for which the Court has permitted discovery. *See Loumiet*, 225 F. Supp. 3d at 82. In such circumstances, "[i]t is well settled that discovery" is not only "often stayed" but is "generally considered inappropriate." *Id.; Anderson*, 1992 WL 159186, at *1; *Servin*, 2011 WL 871735, at *1 n.1; *Institut Pasteur*, 315 F. Supp. 2d at 37. As Defendants argue in their summary judgment motion, Plaintiffs do not have standing to challenge EO 14,168 and the 2025 implementing memoranda, and even if they do have standing, the Court lacks jurisdiction to enjoin EO 14,168 itself and Plaintiffs' challenge to the superseded 2025 implementing memoranda is moot. Defs. MSJ at 11–14. These jurisdictional issues can be decided as a matter of law, without any further need for discovery. *See Moldea v. New York Times Co.*, 137 F.R.D. 1, 2 (D.D.C. 1990) (staying discovery when pending summary judgment motion can be decided "as a matter of law" without the need for discovery). The Court thus should first resolve whether it has jurisdiction over these claims before allowing discovery to proceed as to those claims. Indeed, when jurisdiction "cease[s] to exist," as it does here, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 94 (1998) (quotation marks omitted).

The requested stay is of limited duration. Defendants filed their motion for summary judgment on May 13, 2026, and thus, under the Local Civil Rules, the motion should be fully briefed within the next few weeks. *See* LCvR 7(b) (14 days to file opposition to motion); LCvR 7(d) (7 days to file reply). Thus, the prejudice to Plaintiffs from a stay of discovery would be minimal, particularly here where the discovery relates to Executive action that is not the operative

4

policy and is not causing harm to Plaintiffs because the 2026 Policy will exist independently of the challenged Executive Order and of the superseded 2025 implementing memoranda.

In contrast, denying a stay would significantly prejudice Defendants. Defendants would be compelled to respond to discovery related to challenges over which the Court does not have jurisdiction—a superseded, moot policy and an Executive Order that never had any independent operative effect. Moreover, precedent strongly counsels against proceeding to discovery regarding EO 14,168. Plaintiffs have sought, among other things, all documents related to the drafting of EO 14,168, and the identity of the people involved. The requested information likely implicates executive privilege, including the Presidential Communications Privilege and allowing the discovery to proceed now would put this case on the path of a separation-of-powers "collision course," which the Supreme Court has stated "should be avoided whenever possible" and "'should inform the conduct of the entire proceedings, *including the timing and scope of discovery*.'" *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 385, 389–90 (2004) (quoting *Clinton v. Jones,* 520 U.S. 681, 707 (1997)) (emphasis added). The Supreme Court has "long recognized the unique position in the constitutional scheme' that [the White House] occupies," *id.* at 382 (cleaned up), and "the Executive's constitutional responsibilities and status [are] factors counseling judicial deference and restraint in the conduct of litigation against it," *id.* at 385. Pursuant to *Cheney*, therefore, the Court should stay discovery because of the likely discovery disputes that will arise, including a potential "collision course" with the Presidential Communications Privilege. *See id.* at 381 (court of appeals failed to properly consider separation-of-powers concerns when it denied government's request for mandamus relief to prevent discovery against the Vice President, which discovery, the government argued, threatened "substantial intrusions on the process by which those in closest operational proximity to the President advise the President").

For these reasons, the Court should grant Defendants' motion and stay discovery until Defendants' summary judgment motion has been decided.  In the alternative, the Court should extend Defendants' discovery response deadline by 30 days, *i.e.*, until June 22, 2026.

Defendants have conferred with Plaintiffs' counsel about this motion pursuant to Local Rule 7(m).  Counsel stated that Plaintiffs oppose both forms of relief that Defendants are seeking.

Dated: May 14, 2026                          Respectfully submitted,

                                             BRETT A. SHUMATE
                                             Assistant Attorney General

                                             JEAN LIN
                                             Special Litigation Counsel

                                             /s/ *M. Jared Littman*
                                             ELIZABETH B. LAYENDECKER
                                             ALEXANDER J. YUN
                                             M. JARED LITTMAN
                                             Trial Attorneys
                                             U.S. Department of Justice
                                             Civil Division, Federal Programs Branch
                                             1100 L Street, NW
                                             Washington D.C. 20005
                                             Jared.littman2@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISHEA KINGDOM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civ. A. No. 25-691 (RCL) |

**[PROPOSED] ORDER**

Upon consideration of Defendants' Motion to Stay Discovery Pending Disposition of Defendants' Motion for Summary Judgment, or in the Alternative, to Extend the Discovery Response Deadline by 30 Days, and any response thereto, it is hereby **ORDERED** that:

Defendants' motion is **GRANTED**.

**IT IS FURTHER ORDERED** that discovery is **STAYED** until further Order of the Court.

DATED:                                                  _____
                                                        Royce C. Lamberth
                                                        United States District Judge

1