**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALISHEA KINGDOM, *et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, *et al.*,

Defendants.

Civ. A. No. 25-691 (RCL)

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR RENEWED PRELIMINARY INJUNCTION**[1]

The Court should deny Plaintiffs' motion to extend the preliminary injunction "to maintain the status quo" because such relief would violate the Prisoner Litigation Reform Act (PLRA) and because the motion does not otherwise satisfy the traditional requirements for entitlement to the extraordinary relief of an emergency injunction. This Court previously issued a preliminary injunction enjoining the now superseded 2025 implementing memoranda. Plaintiffs now request to extend that preliminary injunction while the parties litigate Plaintiffs' motion for an updated preliminary injunction that seeks to enjoin the Federal Bureau of Prisons (BOP) from implementing its new, 2026 policy on the treatment of inmates with gender dysphoria, *Management of Inmates with Gender Dysphoria* (2026 Policy or Policy). Plaintiffs' request to extend the existing preliminary injunction is improper.

On June 3, 2025, this Court issued a preliminary injunction on the basis that BOP's February 21 and 28, 2025 memoranda implementing Executive Order 14168 (EO 14168) likely violated the Administrative Procedure Act's prohibition of arbitrary and capricious agency action.

---

[1]    To avoid any confusion, Plaintiffs' request for a renewed preliminary injunction here (ECF No. 188) is in addition to Plaintiffs' pending motion for an updated preliminary injunction (ECF No. 179).

ECF No. 68. Specifically, the Court found that the memoranda failed to provide a reasoned explanation as required by the APA because the "*only* explanation" provided was compliance with EO 14168. *Kingdom v. Trump*, Civ. A. No. 25-691 (RCL), 2025 WL 1568238, at *10 (D.D.C. June 3, 2025). To address the harm from that procedural defect while litigation proceeds, the Court issued a preliminary injunction prohibiting Defendants from "enforcing [EO] 14168 as applied to medical hormone therapy and social accommodations for people in the custody of the BOP" and "from enforcing the BOP's memoranda implementing [EO] 14168." ECF No. 68, at 2. The Court also ordered Defendants to "provide and continue providing Plaintiffs and members of the class gender-affirming hormone therapy and social accommodations in accordance with BOP policy and practice in effect immediately prior to . . . issuance of [EO] 14168." *Id.*

Because the PLRA limits the injunction to 90 days, 18 U.S.C. § 3626(a)(2), the Court has since granted Plaintiffs' motions to renew the preliminary injunction because there had been no changed circumstances. ECF Nos. 79, 96, 114. The preliminary injunction is set to expire on May 31, 2026. ECF No. 114.

On February 13, 2026, BOP issued the 2026 Policy. ECF No. 125. The 2026 Policy supersedes the 2025 implementing memoranda and will become effective as soon as the preliminary injunction expires. Unlike the enjoined memoranda, BOP provided reasoned explanations for the 2026 Policy. *See* Defs. MSJ, at 28–33 (ECF No. 187). After extensive reviews of, among other things, relevant medical studies, medical expert opinions, state correctional policies, pertinent case law, and relevant prison administration and safety concerns, BOP produced approximately 47 pages of explanation for the 2026 Policy along with over 3,000 pages of documents in an Administrative Record. *Id.* Although BOP has eliminated what this Court previously identified as the sole defect supporting the preliminary injunction, BOP could not implement the 2026 Policy because the

2

preliminary injunction bars implementation of EO 14168 and requires Defendants to maintain pre-EO 14168 policy.

On April 1, 2026, about two months before the existing preliminary injunction expires, Defendants moved to dissolve the preliminary injunction, ECF No. 160, because the issuance of the 2026 Policy, including BOP's reasoned explanation for the Policy, constitutes changed circumstances eviscerating the basis for the preliminary injunction. ECF No. 160. Nine days later, Plaintiffs, however, moved to stay briefing on Defendants' motion to dissolve "to allow Plaintiffs the opportunity to seek leave to file a supplemental complaint and to file a motion for an updated preliminary injunction addressing [BOP's 2026 Policy]." ECF No. 166, at 1. Defendants opposed the motion to stay. ECF No. 168. On April 15, 2026, the Court granted Plaintiffs' stay motion and issued a briefing schedule—proffered by Plaintiffs—on the motion for an updated preliminary injunction. ECF No. 170. Pursuant to that schedule, briefing on the updated preliminary injunction will be complete 11 days before the existing preliminary injunction expires on May 31, 2026. According to Plaintiffs, the schedule they agreed to and this Court adopted, "would permit resolution of Plaintiffs' forthcoming motions before the current expiration date of the preliminary injunction under the Prison Litigation Reform Act." ECF No. 166, at 5.

But now, in Plaintiffs' most recent motion, they seek to extend the existing preliminary injunction for up to 90 days "to maintain the status quo" until the Court rules on the updated preliminary injunction. ECF No. 188, at 1. Never mind that Plaintiffs previously stated that the current schedule "would permit resolution of Plaintiffs' forthcoming motions before the current expiration date of the preliminary injunction under the Prison Litigation Reform Act." ECF No. 166, at 5. And never mind that Defendants, and perhaps even the Court, relied on Plaintiffs' assurances that the proposed briefing schedule would be sufficient. Plaintiffs cannot now back away from their prior assurances, especially when under Plaintiffs' proposed schedule, Plaintiffs gave themselves 28

days after Defendants' motion to dissolve the preliminary injunction to file their new motion for a preliminary injunction. *Cf., e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("'Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'" (brackets omitted)). Plaintiffs' self-created emergency cannot be the basis for a preliminary injunction. *See, e.g.*, *Max-Planck-Gesellschaft Zur F%20orderung Der Wissenschaften E.V. v. Whitehead Inst. for Biomedical Rsch.*, 650 F. Supp. 2d 114, 123 (D. Mass. 2009) ("A party cannot delay the initiation of litigation and then use an 'emergency' created by its own decisions concerning timing to support a motion for preliminary injunction."); *Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos.*, 996 F.3d 37, 50 (1st Cir. 2021) ("We do not lightly grant emergency relief, especially where the emergency is largely one of plaintiff's own making and the relief sought would interfere with processes on which many others have reasonably relied." (cleaned up)); *Lee v. Christian Coal. of Am., Inc.*, 160 F. Supp. 2d 14, 33 (D.D.C. 2001) ("The case law is well-settled that 'a preliminary injunction movant does not satisfy the irreparable harm criterion when the alleged harm is self-inflicted.'" (brackets omitted)). This alone should doom Plaintiffs' request for a renewed preliminary injunction.

In any event, to be entitled to the extraordinary relief of a preliminary injunction, Plaintiffs must make the requisite showing under the traditional four-part test. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also, e.g.*, *EPIC v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 375 n.2 (D.C. Cir. 2017) ("when the plaintiff is unlikely to succeed" on the merits, the request for preliminary relief must fail). Given the changed circumstances of the 2026 Policy, they can no longer rely on their prior showing when the Court initially issued the preliminary injunction in June 2025. *See generally* Mot. to Dissolve (ECF No. 160); PI Opp'n (ECF No. 186) (explaining why the four *Winters* factors are not satisfied here); *see also, e.g.*, *Doe 2 v. Shanahan*, 755 F. App'x 19, 22 (D.C. Cir. 2019)

(holding that district court abused its discretion in denying government's motion to dissolve the preliminary injunction after the government issued a new policy); PI Renewal Order (ECF No. 114), at 2 (noting need to reassess preliminary injunction if there is new "factual circumstances").

The PLRA, moreover, does not authorize renewing a preliminary injunction on a policy that has been superseded simply "to maintain the status quo." Rather, pursuant to the PLRA, preliminary injunctions "automatically expire on the date that is 90 days after its entry." 18 U.S.C. § 3636(a)(2). Further, any preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief and be the least intrusive means necessary to correct that harm," and the Court must also give due weight to prison safety and administration. *Id.* The issuance of a renewal of a preliminary injunction that is based on circumstances that have since changed does not satisfy any of the PLRA criteria.

"To give the Court the time it may need to decide the pending [updated preliminary injunction] motion beyond the May 31 expiration of the current [preliminary injunction]," as Plaintiffs have argued, is not a basis for a preliminary injunction under the requisite *Winter* factors or the PLRA. Pls. Mem. at 7. While the Court often has discretion to issue stays and otherwise manage its docket to "serve judicial economy," *id.*, Plaintiffs' request is not one about case management. The PLRA limits the Court's discretion to ensure that preliminary relief in prison-condition litigation is appropriately curtailed in duration and effect. And a preliminary injunction such as the one requested here must also comply with *Winter*.

Plaintiffs state that they have shown a likelihood of success on the merits of their APA and Eighth Amendment claims as to the 2026 Policy, which is the subject of their pending motion for an updated preliminary injunction. ECF No. 179. But that is not grounds for renewing the existing preliminary injunction as to the superseded implementing memoranda, which is the relief they seek here. Likewise, Plaintiffs state that the 2026 Policy irreparably harms them and the public interest

favors their position, but again, these disputes are the crux of their pending motion for an updated preliminary injunction, and this Court cannot rely on its prior reasoning—*i.e.*, the lack of reasoned decisionmaking under the APA—to renew the existing preliminary injunction as to the superseded implementing memoranda. In the end, Plaintiffs state that their renewal request is intended to maintain "the status quo [to] promote efficiency" but that is simply not adequate under *Winter* or the PLRA. Pls. Mem. at 10. In any event, any emergency injunctive relief—whether termed as a "renewal" or an "update"—can only be issued after the Court considers the parties' briefing on the propriety of such relief, and such briefing will be ripe for the Court's adjudication by May 20, 2026.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' motion to renew the preliminary injunction.

Dated: May 20, 2026                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Jared.littman2@usdoj.gov