**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ALISHEA KINGDOM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Civ. A. No. 25-691 (RCL) |

**<u>DEFENDANTS' MOTION TO STAY THE MAY 26, 2026,
PRELIMINARY INJUNCTION PENDING APPEAL</u>**

Defendants respectfully request that the Court stay the Preliminary Injunction it issued on May 26, 2026 (ECF No. 202) pending appeal. The Solicitor General has authorized the appeal of that preliminary injunction as well as the Government's request for a stay of the injunction. Federal Rule of Appellate Procedure 8(a)(1), however, provides that "a party must ordinarily move first in the district court" for an order staying an injunction pending appeal. Defendants are accordingly seeking that relief in this Court.[1]

Defendants respectfully request that the Court stay the preliminary injunction pending appeal, and if the Court is not inclined to grant the stay, then deny the Government's request by May 28, 2026. The Solicitor General has authorized the appeal of the Court's May 26, 2026 preliminary injunction. "The test for a stay or injunction pending appeal is essentially the same" as the test for a preliminary injunction, "although courts often recast the likelihood of success factor as requiring only that the movant demonstrate a serious legal question on appeal where the balance of harms strongly

---

[1]     At the hearing on May 27, 2026, undersigned counsel orally requested the stay. The Court advised counsel to file a motion.

favors a stay[.]" *Dunlap v. Pres. Advisory Comm'n on Election Integrity*, 390 F. Supp. 3d 128, 131 (D.D.C. 2019) (quoting *Al–Anazi v. Bush*, 370 F. Supp. 2d 188, 193 & n.5 (D.D.C. 2005)).  Defendants believe that for the reasons discussed in their opposition to Plaintiffs' Motion for a Renewed Preliminary Injunction (ECF No. 192), they have met that standard.  Defendants are likely to succeed on the merits of their appeal because the Court's basis for issuing the preliminary injunctions—namely the lack of adequate explanation for BOP's prior memoranda implementing the EO—cannot support this May 26, 2026 Preliminary Injunction due to the issuance of a fully-explained and well-reasoned, new policy; and that the balance of equities decidedly tip against issuance of the injunction.

Defendants have conferred with counsel for Plaintiffs, who oppose the relief requested herein.

Dated: May 27, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Jared.littman2@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISHEA KINGDOM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civ. A. No. 25-691 (RCL) |

**[PROPOSED] ORDER**

Upon consideration of Defendants' Motion for Stay Pending Appeal, and any response thereto, it is hereby **ORDERED** that Defendants' motion is **GRANTED**.

DATED:_____                    _____
                                     Royce C. Lamberth
                                     United States District Judge

3