**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISHEA KINGDOM, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>        Defendants. | No. 1:25-cv-00691 (RCL) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY THE
MAY 26, 2026, PRELIMINARY INJUNCTION PENDING APPEAL**

This Court should deny Defendants' motion to stay the May 26, 2026 Order granting Plaintiffs' motion for a renewed preliminary injunction pending appeal. Defendants' motion relies exclusively on "the reasons discussed in their opposition to Plaintiffs' Motion for a Renewed Preliminary Injunction (ECF No. 192)," ECF 204 at 2, arguments that this Court has already rejected after full briefing. ECF 202. Nothing in Defendants' motion warrants a different outcome.

A stay pending appeal is an "extraordinary" remedy. *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 904 F.3d 1014, 1017 (D.C. Cir. 2018). "To obtain such exceptional relief, the stay applicant must (1) make a 'strong showing that [it] is likely to succeed on the merits'; (2) demonstrate that it will be 'irreparably injured' before the appeal concludes; (3) show that issuing a stay will not 'substantially injure the other parties interested in the proceeding'; and (4) establish that 'the public interest' favors a stay." *KalshiEX LLC v. Commodity Futures Trading Comm'n*, 119 F.4th 58, 63 (D.C. Cir. 2024) (alteration in original) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Defendants fail to make the requisite showing as to any of these elements. Importantly, Defendants do not even contend that they will be irreparably injured absent a stay. *See generally* ECF 204; 192. "[A] showing of irreparable harm is a necessary prerequisite

1

for a stay." *KalshiEX LLC*, 119 F.4th at 64. *See also Miot v. Trump*, 2026 WL 659420, at *1 (D.C. Cir. Mar. 6, 2026) (per curiam) ("We focus on irreparable harm and the weighing of the equities because it is most clear that the government has not satisfied its burden on either score.").

Plaintiffs and the class, by contrast, would suffer serious irreparable harm in the event of a stay, which would permit Defendants under their February 2026 Program Statement to categorically withdraw the provision of gender affirming healthcare that Plaintiffs and other class members need for their health and well-being. Specifically, absent the injunction, hormone therapy for the treatment of gender dysphoria will not be initiated for anyone, those currently receiving such treatment will be tapered off, and social accommodations will be confiscated and prohibited going forward. These treatments will be denied regardless of medical need. And this will happen immediately. ECF 192 ("The 2026 [Program Statement] . . . will become effective as soon as the preliminary injunction expires."). The public interest and balance of the equities likewise favor denying the request for a stay: in addition to the reasons this Court has already cited for holding that these factors are "easily resolved" in Plaintiffs' favor, ECF 67 at 25-27, "it is in the interest of justice and judicial economy to briefly extend th[e] [existing] preliminary injunction while the Court is deciding the pending motion for an updated preliminary injunction." ECF 202 at 2.

Because the second, third, and fourth elements accordingly weigh decisively in favor of denying Defendants' motion, this Court does not need to resolve whether Defendants have met their burden to make a strong showing that they are likely to succeed on the merits. In any event, Defendants fare no better there: "As explained in Plaintiffs' motion for an updated preliminary injunction, BOP's issuance of the Program Statement—which reiterates the ban on gender affirming healthcare—and its accompanying Administrative Record does not rescue the ban on this care from violating either the [Administrative Procedure Act] or the 8th Amendment." ECF

2

188-1 at 8. Defendants' issuance of the Program Statement, thus, does not change the fact that Plaintiffs are likely to succeed on the merits of their claims because like the Implementing Memoranda, the Program Statement enforces the unconstitutional categorical ban on gender-affirming care required by the President's Executive Order. The irreparable harm to Plaintiffs and class members that would result from that ban is precisely what this Court's June 3, 2025 preliminary injunction prohibits, ECF 68 at 2 (enjoining Defendants and their agents "from enforcing Executive Order 14168 as applied to medical hormone therapy and social accommodations for people in the custody of the BOP"), and warrants this Court's preservation of this status quo while it decides Plaintiffs' motion for an updated preliminary injunction.

A proposed order denying Defendants' motion to stay is attached.

Dated: June 1, 2026

Respectfully submitted,

David C. Fathi† (*pro hac vice*)
Maria V. Morris, D.C. Bar No. 1697904
Elisa C. Epstein† (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org

_____/s/ Aditi Shah_____
Aditi Shah, D.C. Bar No. 90033136
Michael Perloff, D.C. Bar No. 1601047
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: 202-457-0800
ashah@acludc.org
mperloff@acludc.org

Corene T. Kendrick (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org

Li Nowlin-Sohl* (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, DDC Bar ID 120840
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

Shawn Thomas Meerkamper (*pro hac vice*)
shawn@transgenderlawcenter.org
Megan Z. F. Noor (*pro hac vice*)
megan@transgenderlawcenter.org
Dale Melchert (*pro hac vice*)
dale@transgenderlawcenter.org
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Tel: 510-587-9696

Lynly S. Egyes (*pro hac vice*)
lynly@transgenderlawcenter.org
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Tel: 510-587-9696

*\* Not admitted in New York*
*† Not admitted in D.C.; practice limited to federal courts*

*Counsel for Plaintiff class*