## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ALISHEA KINGDOM**, *et al.*,

    *Plaintiffs,*

**v.**

**DONALD TRUMP**, *et al.*,

    *Defendants.*

Case No. 1:25-cv-691-RCL

### ORDER GRANTING PLAINTIFFS' MOTION FOR AN
### UPDATED PRELIMINARY INJUNCTION AND TO STAY AGENCY ACTION

Upon consideration of [179] Plaintiffs' Motion for an Updated Preliminary Injunction and to Stay Agency Action ("Motion"), the opposition and reply, and the entire record herein,

It appearing to the Court that Plaintiffs are likely to succeed on the merits of their action, that they will suffer irreparable injury if the requested relief is not issued, and that the balance of the equities and public interest favor the entry of such an order, it is therefore

**ORDERED** that Plaintiffs' Motion is **GRANTED**; it is further

**ORDERED** that the Bureau of Prisons' ("BOP") February 19, 2026 Program Statement 5260.01 (the "Program Statement") is stayed pursuant to 5 U.S.C. § 705. It is further

**ORDERED** that Defendants Todd Blanche, William K. Marshall, III, Christopher A. Bina, Dana R. DiGiacomo, and Shane Salem, in their official capacities, and their contractors, employees, and agents (i) are enjoined from enforcing Program Statement 5260.01, and (ii) shall provide and continue providing Plaintiffs and class members with gender-affirming care in accordance with BOP policy and practice in effect immediately prior to the issuance of Executive Order 14168 on January 20, 2025. It is further

1

**ORDERED** that this injunction shall be effective upon service on the Defendants, and no bond shall be required.

In accordance with the Prison Litigation Reform Act, the Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). Plaintiffs have shown a substantial likelihood of success on their claims that application of the Program Statement to class members would be unlawful and would cause them immediate, irreparable harm. Because applying the Program Statement to Plaintiffs and class members would cause such serious and irreparable harm, a preliminary injunction preventing such application is necessary to correct the harm and is the least intrusive means necessary to do so. Furthermore, because this preliminary injunction prevents the application of the Program Statement, and Plaintiffs have demonstrated a likelihood of success on the merits and immediate, irreparable harm if that application is not enjoined, this Order extends no further than necessary to correct the harm that requires this preliminary relief. Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief and has given substantial weight to such impacts. After this consideration, the Court has concluded and so finds that no adverse impacts on public safety or the operation of the criminal justice system will result from maintaining the status quo of the class members' medical care while this litigation proceeds.

**IT IS SO ORDERED.**

Date: _____Sune 17, 2026_____

_Roye C. Lamberth_
Royce C. Lamberth
United States District Judge

2