# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 26-5181**    **September Term, 2025**

**1:25-cv-00691-RCL**

**Filed On:** June 17, 2026

Alishea Sophia Kingdom, Reg. No.
13131-089, et al.,

       Appellees

   v.

Donald J. Trump, in his official capacity as
President of the United States, et al.,

       Appellants

**BEFORE:**   Henderson, Pillard*, and Walker, Circuit Judges

## O R D E R

Upon consideration of the emergency motion for a stay pending appeal and an administrative stay, the opposition thereto, and the reply, it is

**ORDERED** that the motion for stay pending appeal be granted and that the district court's order filed on May 26, 2026, granting appellees' motion for a renewed preliminary injunction, be stayed pending further order of this court. For the reasons discussed in the attached per curiam statement, appellants have satisfied the stringent requirements for a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2025). It is

**FURTHER ORDERED** that the request for an administrative stay be dismissed as moot.

**Per Curiam**

       **FOR THE COURT:**
       Clifton B. Cislak, Clerk

     BY:   /s/
           Selena R. Gancasz
           Deputy Clerk

* Judge Pillard would deny the motion for stay pending appeal for the reasons stated in the attached dissenting statement.

*Per Curiam*: We grant the Government's stay request. We focus on the "two" "most critical" "factors" in the stay test: likelihood of success on the merits and irreparable injury. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *cf. New York Times Co. v. DOD*, No. 26-5113, 2026 WL 1179440, at \*3 (D.C. Cir. Apr. 27, 2026) (per curiam) (explaining that the "decision" to grant a stay "turns on the merits" when "both sides have established substantial, competing interests" (citing *Ohio v. EPA*, 603 U.S. 279, 292 (2024)). The Government satisfies both.

The Government is likely to succeed on the merits at bare minimum because the district court's order appears to have been an administrative injunction.\* There does not appear to

---

\* The district court does not seem to have relied on the ordinary preliminary-injunction factors, like likelihood of success on the merits; instead, it relied on amorphous considerations more appropriate when determining whether to issue an administrative stay — like "the interest of justice" and "judicial economy" — and sought simply to buy time "to rule on the pending motion" for a preliminary injunction. Order Denying Motion to Stay at 1, *Kingdom v. Trump*, 1:25-cv-691-RCL (D.D.C. June 2, 2026), Dkt. 210; *see also* Order Granting Motion for Renewed Preliminary Injunction at 2, *Kingdom*, 1:25-cv-691-RCL (D.D.C. May 26, 2026), Dkt. 202. *Compare United States v. Texas*, 144 S. Ct. 797, 798–99 (2024) (Barrett, J., concurring in denial of applications to vacate stay) (explaining that there is no "one-size-fits-all test" for administrative stays but that that they "reflect[] a first-blush judgment about the relative consequences of staying [a] lower court judgment versus allowing it [t]o [g]o into effect"), *and id.* at 798 (explaining that administrative stays "buy[] the court time to deliberate" on requests for interim relief), *with Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (laying out the four things "a plaintiff seeking a preliminary injunction must" show, including likelihood of success on the merits), *and Dellinger v. Bessent*, No. 25-5028, 2025 WL 559669, at \*3 (D.C. Cir. Feb. 15, 2025) (per curiam) ("The standard for obtaining either a TRO [i.e., temporary restraining order] or a preliminary injunction is identical."). So the district court's order is

2

be any "discernible legal basis . . . for issuing administrative injunctions," especially not in cases like this one involving the Prison Litigation Reform Act.  Christopher D. Moore, *So-Called "Administrative Stays" in Trump 2.0*, 104 Tex. L. Rev. Online 1, 17 (2025); *see also id.* at 16–27 (canvassing potential legal bases); 18 U.S.C. § 3626(a)(2) (permitting the court to issue "a temporary restraining order or an order for preliminary injunctive relief," not a standardless administrative injunction). Thus, the Government is likely to succeed on the merits of its challenge to this particular injunction.

As to irreparable injury, "[t]he Government is irreparably harmed by 'an improper intrusion by a federal court into the workings of a coordinate branch of the Government.'" *Miot v. Trump*, No. 26-5050, 2026 WL 659420, at *4 (Mar. 6, 2026) (Walker, J., dissenting) (quoting *INS v. Legalization Assistance Project of Los Angeles County Federation of Labor*, 510 U.S. 1301, 1306 (1993) (O'Connor, J., in chambers)); *see also id.* at *4 n.6 (collecting authorities).  That is especially true here where the Government (likely rightly) asserts that the injunction entered "exceed[ed]" the district court's equitable "authority." *Trump v. CASA, Inc.*, 606 U.S. 831, 860 (2025). *Compare Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 303 (D.C. Cir. 2006) (explaining that "the irreparable harm analysis . . . assumes, without deciding, that the movant has demonstrated a likelihood" of success), *with Miot*, 2026 WL 659420, at *5 (Walker, J., dissenting) ("The Government's harm would be lightened, perhaps significantly, if the Government were unlikely to prevail on the merits.").

To be sure, the district court may soon decide a pending motion for a preliminary injunction against implementation of the Government's new policy.  But we nevertheless decline to

---

probably best categorized as an administrative injunction, not a preliminary injunction or temporary restraining order.

3

delay our decision concerning this injunction, because it raises unique concerns that will no longer present themselves after the pending motion in the district court is resolved.

Thus, we grant the Government's stay request.

Pillard, *Circuit Judge*, dissenting: I would deny the government's motion for a stay. It has failed to meet its burden to show the requisite imminent, certain, and great irreparable harm to justify a stay pending appeal of the May 26 preliminary injunction. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). That alone rules out emergency relief. *See KalshiEX LLC v. Commodity Futures Trading Comm'n*, 119 F.4th 58, 64 (D.C. Cir. 2024); *Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 555 (D.C. Cir. 2015).

The preliminary injunction the government seeks to stay maintains the *status quo* by requiring the Bureau of Prisons (BOP or Bureau) to continue providing medical care it has so far afforded to these plaintiffs. The Bureau vaguely asserts— for the first time on appeal—that the injunction irreparably injures it because the challenged policies "are closely intertwined with prison administration and security" and "aimed at averting both medical and safety risks to inmates [such as plaintiffs] who are in BOP's custody and care." Stay Mot. 21. Even setting aside forfeiture, such "'generalized assertions of injury' are insufficient to support a stay pending appeal." *Miot v. Trump*, 2026 WL 659420, at *2 (D.C. Cir. Mar. 6, 2026) (quoting *Fed. Educ. Ass'n v. Trump*, 2025 WL 2738626, at *3 (D.C. Cir. Sept. 25, 2025)). Nor do my colleagues in the majority contend otherwise.

At bottom, BOP's theory of irreparable harm is that the Executive is irreparably injured by a temporary delay in effectuating its new policy. Stay Mot. 20-21 (citing *Trump v. CASA, Inc.*, 606 U.S. 831, 860 (2025)). Insofar as the government argues that it is irreparably harmed by the district court's renewal of the injunction "without any assessment of the legality of that policy," *id.* at 21, it elides the likelihood-of-success-on-the-merits factor with the separate burden to show irreparable harm. And insofar as the government argues, *see id.*, that "any and every injunction entered against the

2

government categorically imposes irreparable harm," this court has already repeatedly declined to adopt that "broad and seemingly novel proposition"—particularly when the order at issue maintains the *status quo*. *Miot*, 2026 WL 659420, at \*4; *see Make the Rd. N.Y. v. Noem*, 2025 WL 3563313, at \*31-32 (D.C. Cir. Nov. 22, 2025); *Fed. Educ. Ass'n*, 2025 WL 2738626, at \*3.

In rejecting that argument, our other stay panels have read *CASA* to be "tethered to the distinct context of a 'universal injunction against the government'" that halted government action even against nonparties. *Miot*, 2026 WL 659420, at \*4 (quoting *CASA*, 606 U.S. at 859). As the Supreme Court in *CASA* explained, federal courts' universal injunctions "exercise general oversight of the Executive Branch," which is an "'improper intrusion' on a 'coordinate branch of the Government'" amounting to irreparable harm. *CASA*, 606 U.S. at 859-61 (alterations removed) (quoting *INS v. Legalization Assistance Project of Los Angeles Cty. Fed'n of Labor*, 510 U.S. 1301, 1306 (1993) (O'Connor, J., in chambers)). There is no argument that the injunction at issue here harms the government in the same way. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1063 (7th Cir. 2025).

The government's own litigation conduct confirms that it does not face irreparable injury from the district court's decision to preserve the *status quo* while considering the legality of the new 2026 Policy. *See Miot*, 2026 WL 659420, at \*4; *Fund for Animals v. Frizzell*, 530 F.2d 982, 987 (D.C. Cir. 1975) (per curiam). The government never appealed the original March 2025 preliminary injunction of the Executive Order. Nor did it appeal when the district court renewed the preliminary injunction thrice thereafter. The government's failure to "explain[] why its inability to [implement the EO] was for many months tolerable but now constitutes" irreparable

3

harm reinforces the conclusion that it would not suffer irreparable harm absent a stay. *Miot*, 2026 WL 659420, at *4; *see Hanson v. D.C.*, 120 F.4th 223, 245-46 (D.C. Cir. 2024).

My colleagues' suggestion that the district court's May 26 injunction appears to have been an improper "administrative injunction" does not move the needle. The government did not make that argument. Even if the district court lacks such equitable authority to preserve the *status quo* pending preliminary consideration of the Bureau's new policy, that would at most tend to show that the government was likely to succeed on the merits of its appeal of the injunction. It would be no reason to short-circuit the ordinary process of appellate review with an emergency stay.

I would not intervene on an emergency basis here, when everything suggests that the district court is expeditiously considering plaintiffs' challenge to the new policy. I respectfully dissent.