**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**ALISHEA KINGDOM**, *et al.*,

    *Plaintiffs,*

**v.**

**DONALD J. TRUMP**, *et al.*,

    *Defendants.*

**Case No. 1:25-cv-691-RCL**

## ORDER

This Court issued a preliminary injunction on June 17, 2026.  ECF No. 215.  On June 22, 2026, Defendants appealed that decision to the D.C. Circuit.  ECF No. 221.  The same day, Defendants moved for this Court to stay the preliminary injunction pending appeal.  ECF No. 222. Defendants argue that "for the reasons discussed in their opposition to Plaintiffs' Motion for an Updated Preliminary Injunction and to Stay Agency Action," they have met the standard for a stay pending appeal.  *Id.* at 1–2.  On June 25, Plaintiffs opposed Defendants' request for a stay, arguing that "[t]his Court has already rejected Defendants' arguments in its earlier opposition after full briefing and argument and has explained its reasoning for rejecting those arguments in detail . . . Nothing in Defendants' motion warrants a different outcome."  ECF No. 226 at 2.  The Court agrees.

A stay pending appeal is an "extraordinary" remedy.  *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 904 F. 3d 1014, 1017 (D.C. Cir. 2018).  This Court already considered and rejected Defendants' arguments on the preliminary injunction factors.  In their request for a stay, Defendants do not explain why the Court reached the wrong result on any of those factors or offer any new arguments for the Court to consider.  Defendants simply state that

1

they are "likely to succeed on the merits of their appeal because they are likely to show that there is no Administrative Procedure Act violation and that the balance of equities decidedly tip against issuance of the injunction." ECF No. 222 at 2. Importantly, Defendants do not make any showing that they will be irreparably injured absent a stay. *KalshiEX LLC v. Commodity Futures Trading Comm'n*, 119 F.4th 58, 64 (D.C. Cir. 2024) ("[A] showing of irreparable harm is a necessary prerequisite for a stay."). By contrast, this Court previously found that Plaintiffs would face irreparable harm in the absence of injunctive relief. *See* ECF No. 216 at 29 ("The record shows that denying class members gender-affirming hormone therapy and social accommodations will cause irreparable injuries, including the exacerbation of their gender dysphoria and increased risk of depression, anxiety, self-harm (including attempts to self-castrate), and suicidality.").

For the same reasons stated in the Memorandum Opinion accompanying the June 17, 2026 preliminary injunction, the Court finds that Plaintiffs are likely to succeed on the merits, that they would face irreparable harm if a stay were issued, and that the balance of the equities and public interest favor denying Defendants' request for a stay.

It is therefore **ORDERED** that Defendants' Motion is **DENIED**.

Date: 6/25/2026                                        _____/s/_____
                                                       Royce C. Lamberth
                                                       United States District Judge

2