**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ALISHEA KINGDOM, *et al.*, | |
| Plaintiffs, | |
| v. | Civ. A. No. 25-691 (RCL) |
| DONALD J. TRUMP, *et al.*, | |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
STAY DISCOVERY PENDING DISPOSITION OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE,
TO EXTEND THE RESPONSE DEADLINE BY 30 DAYS**

After moving for summary judgment as to all claims, ECF No. 187, Defendants moved to stay discovery pending resolution of their summary judgment motion, or in the alternative, to extend the discovery response deadline by 30 days, ECF No. 190.  In support of the stay, Defendants explained that the Court lacks jurisdiction over Plaintiffs' challenges to Executive Order ("EO") 14,168 and the 2025 implementing memoranda—the topics for which the Court granted discovery. *Id.*

Plaintiffs respond that discovery must precede the Court's adjudication of Defendants' summary judgment motion.  Pls.' Opp'n at 1, 29–30 (ECF No. 219).  Plaintiffs' argument is unpersuasive.

First, the timing of Defendants' summary judgment motion is consistent with Federal Rule of Civil Procedure (Rule) 56(b) ("a party may file a motion for summary judgment at any time until 30 days after the close of all discovery").  And while in a non-APA case, some pre-discovery summary judgment motions cannot be decided without factual development, Defendants have produced an extensive administrative record that allows the Court's resolution of Defendants' motion not only as

1

to the APA claims, but also the closely related constitutional challenges to agency action. Accordingly, there is no need for further factual development. Plaintiffs have themselves acknowledged that the Court could "decide[]" Defendants' motion for summary judgment" now. *See* Pls.' Opp'n at 30.. Indeed, Plaintiffs chose to substantively respond to Defendants' motion for summary judgment without pursuing relief under Rule 56(d). *See* Fed. R. Civ. P. 56(d) (permitting court to grant certain relief "[i[f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment]"); *see also Convertino v. U.S. Dep't of Just.*, 684 F.3d 93, 100–01 (D.C. Cir. 2012) (specifying the requisite contents of a Rule 56(d) declaration). At bottom, when a party "fails to oppose summary judgment . . . with a Rule 56(d) declaration," Plaintiffs "forfeit[] any claim" that they need further discovery to respond. *Davis v. Dist. of Columbia*, 925 F.3d 1240, 1255 (D.C. Cir. 2019).

Second, even if any discovery were appropriate, and it is not, the discovery that the Court permitted in this case has no bearing on Defendants' summary judgment motion. Defendants previously explained that this case is exempt from the discovery rules under LCvR 16.3(b)(1) because Plaintiffs' challenge to the implementation of EO 14,168 (including their non-APA claims) is a challenge to agency action that should be viewed on the basis of an administrative record. ECF No. 84. Defendants represented that BOP was in the process of issuing a new policy, and that once issued, BOP would produce the administrative record. *Id.* Plaintiffs, in turn, moved for a scheduling order, arguing that there was no new policy yet; the 2025 implementing memoranda lacked an administrative record; and that their non-APA claims entitled them to discovery. ECF No. 87. On February 19, 2026, the Court granted discovery related to the 2025 implementing memoranda because "there is no record to review" and ordered the parties to submit proposals for a discovery schedule. ECF No. 123, at 1–2. As to the 2026 Policy (issued on February 19, 2026), the Court ordered Defendants to

produce the administrative record in 21 days, *id.* at 2, which Defendants did on March 12, 2026, ECF No. 151.

Meanwhile, on March 5, 2026, the parties submitted their proposed discovery schedules. Defendants' proposed schedule did not include discovery concerning the 2026 Policy in light of the Court's February 19 Order to produce the administrative record related to that Policy.  ECF No. 141. Plaintiffs' proposed schedule, however, included no substantive limitations to discovery.  ECF No. 144.  On April 3, 2026, the Court permitted discovery only on "the following topics: The development and implementation of Executive Order 14168 and the original BOP Implementing Memoranda." ECF No. 163, at 1.  Notably, the Court appropriately did not allow discovery into the 2026 Policy, which is the focus of Plaintiffs' Eighth Amendment challenge and for which Defendants produced the administrative record.  *Id.*  It is thus misleading for Plaintiffs to claim that "many of [their discovery requests] relate to evidence that will further support Plaintiffs in proving their Eighth Amendment claim at final judgment."  Pls.' Opp'n at 11.

As to the topics for which the Court *did* order discovery (the EO and 2025 implementing memoranda), Plaintiffs have since abandoned their claims related to the 2025 implementing memoranda.  Prel. Inj. Reply, at 3 n.1 (ECF No. 194).  And Defendants have raised substantial jurisdictional arguments with respect to Plaintiffs' challenge to EO 14168, which should be decided before discovery proceeds on that claim, given significant separation of powers concerns.  *See* Defs.' Mot. to Stay Disc.  Importantly, the Court expressly declined to preliminarily enjoin enforcement of the EO pending further briefing on the jurisdictional issue.  ECF No. 216, at 14.

Defendants also explained in their stay motion that the EO-related discovery likely implicates executive privilege, including the Presidential Communications Privilege, and that allowing the discovery to proceed now would put this case on the path of a separation-of-powers "collision course," which the Supreme Court has stated "should be avoided whenever possible" and "'should

inform the conduct of the entire proceedings, *including the timing and scope of discovery.*'" *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 385, 389–90 (2004) (quoting *Clinton v. Jones,* 520 U.S. 681, 707 (1997)) (emphasis added).  Plaintiffs fail to grapple with this binding precedent.

To the extent Plaintiffs hint future discovery into the 2026 Policy, the Court has already denied it, and Defendants have produced the administrative record as directed by the Court.  ECF Nos. 123, 151, 163.  In the intervening three months since Defendants produced the administrative record, Plaintiffs have not sought extra-record discovery, nor can they fit within the narrow exceptions to the record review rule, *see CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014); *Cmty for Creative Non-Violence v. Lujan*, 908 F.2d 992, 997–98 (D.C. Cir. 1990); *see also Transp. Div. of the Int'l Assoc. of Sheet Metal, Air, Rail & Transp. Workers v. Fed. R.R. Admin.*, 10 F.4th 869, 878–79 (D.C. Cir. 2021) (agency's designation of the administration record is entitled to a "presumption of regularity" and rejecting "allegations of bias" as basis to overcome presumption).  Plaintiffs thus would not be "undu[ly] prejudice[d]" by a stay of discovery, Pls.' Opp'n at 29, while the Court adjudicates whether it has jurisdiction to decide the EO challenges and whether Plaintiffs' claims fail as a matter of law, particularly when BOP is preliminarily enjoined from implementing the 2026 Policy.

Therefore, the Court should grant Defendants' motion to stay discovery.

Dated: June 25, 2026                              Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Jared.littman2@usdoj.gov