**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ALISHEA KINGDOM, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 1:25-cv-00691-RCL

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR RENEWED PRELIMINARY INJUNCTION**

## INTRODUCTION

The Court issued an updated preliminary injunction on June 17, 2026. *See* ECF Nos. 215, 216 [*Kingdom v. Trump*, 2026 WL 1746251 (D.D.C. June 17, 2026)] (hereinafter "June 17 PI" or "the PI"). The June 17 PI updated the original preliminary injunction issued on June 3, 2025, ECF Nos. 67, 68, which the Court had renewed on several occasions, *see* ECF Nos. 79, 96, 114. Based on the plain language of the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a)(2), the June 17 PI will expire after 90 days, on September 15, 2026.

As the actions taken by Defendants that led to Plaintiffs' motion for an updated preliminary injunction (ECF No. 179) and the facts that supported preliminary injunctive relief remain unchanged, Plaintiffs respectfully request that the Court enter a new order renewing the June 17 PI for another 90-day period to run from September 15, 2026 to December 14, 2026.

Undersigned counsel affirms they conferred with opposing counsel about this motion, as Local Civil Rule 7(m) requires. On August 18, 2026, Counsel for Defendants stated:

> Pursuant to Local Rule 7(m), Defendants oppose the relief sought in this motion, both as to the extension of the preliminary injunction and the stay under 5 U.S.C. 705, because the Federal Bureau of Prison's Program Statement 5260.01,

> *Management of Inmates with Gender Dysphoria*, is consistent with law and because the other preliminary injunction factors (irreparable harm and balance of the equities) also weigh in the government's favor. *See* ECF No. 186 (Defendants' response to Plaintiffs' preliminary injunction motion); ECF No. 187 (Defendants' motion for summary judgment); ECF No. 231 (Defendants' reply in support of motion for summary judgment). Furthermore, Defendants oppose the relief sought in this motion because the preliminary injunction goes further than necessary to correct the alleged harm, in violation of the Prison Litigation Reform Act. *See* ECF No. 186. Defendants do not plan on filing any further opposition.

*See* Declaration of Corene Kendrick, ¶ 3, Ex. 1.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs previously set forth the facts giving rise to their claims and incorporate them herein.[1] On March 7, 2025, three named Plaintiffs, on behalf of themselves and a putative class, filed suit challenging the Trump Administration and Federal Bureau of Prison's ("BOP") categorical ban on gender-affirming health care for people with gender dysphoria in the custody of the BOP. Plaintiffs and other similarly situated people in BOP custody had been receiving gender-affirming care, including hormone therapy and social accommodations, prior to BOP's implementation of Executive Order ("EO") 14168, issued by Defendant Trump on January 20, 2025. *See* 90 Fed. Reg. 8615 (Jan. 20, 2025); *see also* ECF No. 1-1 (Feb. 21, 2025 Implementing Memorandum); ECF No. 1-2 (Feb. 28, 2025 Implementing Memorandum).

On March 17, 2025, Plaintiffs filed a Motion for a Preliminary Injunction, ECF No. 7, and

[1] *See* Corrected Complaint, ECF No. 4-1 at ¶¶ 1-11, 14-95; Mem. of Points and Authorities in Support of Plfs' Mot. for Preliminary Injunction, ECF No. 7-1 at 3-19; Decs. Filed in Support of Mot. for Preliminary Injunction, ECF Nos. 7-2 to 7-6 and 47-1 to 47-6; Reply in Support of Mot. for Preliminary Injunction, ECF No. 48 at 3-7; Supp. Decs. in Support of Preliminary Injunction, ECF Nos. 56-1 to 56-5 and ECF Nos. 59-1 to 59-2; Mem. of Points and Authorities in Support of Plfs' Mot. to Renew Preliminary Injunction, ECF No. 78-1 at 2-3; Mem. of Points and Authorities in Support of Plfs' Mot. to Renew Preliminary Injunction, ECF No. 93-1 at 2-3; *see also* Supp. Complaint, ECF No. 180; Mem. of Points and Authorities in Support of Plfs' Mot. for an Updated Preliminary Injunction and to Stay Agency Action, ECF No. 179-1 at 1-22; Supp. Decs. in Support of Preliminary Injunction, ECF Nos. 179-2 to 179-8; Rebuttal Decs. In Support of Reply, ECF Nos. 193-1 to 193-2; Plfs' Reply, ECF No. 194.

Motion for Class Certification. ECF No. 8; *see also* ECF Nos. 36, 49, 50, 52. Plaintiffs argued in their preliminary injunction motion that they and others similarly situated face a substantial risk of serious harm if BOP terminates their hormone therapy and social accommodations to treat their gender dysphoria pursuant to the EO and BOP's Implementing Memoranda. *See generally,* ECF Nos. 7-4 to 7-6, 56-1 to 56-2, 59-1 to 59-2. On June 3, 2025, the Court issued an order and opinion granting the motions and denied Defendants' request to dismiss President Trump as a Defendant. *See* ECF Nos. 67, 68. The Court certified a class of "all persons who are or will be incarcerated in the custody of BOP facilities, with a current medical diagnosis of gender dysphoria or who receive such a diagnosis in the future." ECF No. 68 at 1.[2] The Court also stayed the Implementing Memoranda pursuant to 5 U.S.C. § 705 and ordered that

> Defendants . . . in their official capacities, and their contractors, employees, and agents (i) are enjoined from enforcing Executive Order 14168 as applied to medical hormone therapy and social accommodations for people in the custody of the BOP and from enforcing the BOP's memoranda implementing Executive Order 14168, and (ii) shall provide and continue providing Plaintiffs and members of the class gender-affirming hormone therapy and social accommodations in accordance with BOP policy and practice in effect immediately prior to Defendant Trump's issuance of Executive Order 14168 on January 20, 2025.

*Id*. at 2. The Court renewed this original PI multiple times. *E.g.*, ECF Nos. 79, 96, 114.

In February 2026, BOP issued Program Statement ("PS") 5260.01, entitled "Management of Inmates with Gender Dysphoria," ECF No. 125, which, like the Implementing Memoranda, categorically prohibits gender-affirming health care. Unlike for the Implementing Memoranda, however, BOP produced an administrative record for the Program Statement. *See* ECF No. 151. Plaintiffs filed a supplemental complaint and motion for an updated preliminary injunction on April 29, 2026, to address PS 5260.01. ECF Nos. 179, 179-1; 182. The Court held oral argument

[2] Citations to page numbers of documents filed on the docket are to the pagination assigned by the Court's Electronic Case Filing system.

on Plaintiffs' motion for an updated preliminary injunction on May 27, 2026, and on June 17, 2026, it enjoined PS 5260.01, holding that Plaintiffs had shown a likelihood of success on the merits of their APA claims about PS 5260.01, and "leav[ing] Plaintiffs' Eighth Amendment claims for another day." ECF No. 216 at 25, 31.

The Court's June 17 PI provided:

> Defendants, their contractors, employees, and agents are enjoined (1) from enforcing Program Statement 5260.01, and (2) are ordered to provide Plaintiffs and class members gender-affirming care in accordance with BOP policy and practice in effect immediately prior to the issuance of the EO on January 20, 2025. Additionally, Program Statement 5260.01 is stayed pursuant to 5 U.S.C. § 705.

*Id*. at 31.

Defendants appealed the June 17 PI, (*see* ECF No. 221; Appeal No. 26-5236), and moved to stay the June 17 PI pending appeal in this Court and in the Circuit. ECF No. 222. This Court denied Defendants' motion to stay, ECF No. 228; Defendants' stay application in the Circuit is fully briefed and as of today's filing, the Circuit has not yet ruled on Defendants' stay motion.

## LEGAL STANDARD

A preliminary injunction issued in a lawsuit covered by the PLRA automatically expires after 90 days "unless the court has rendered it permanent and made specific findings that the restraint is narrowly drawn, extends no further than necessary to correct the violation of federal right, and is the least intrusive means necessary to correct that violation." *Banks v. Booth*, 3 F.4th 445, 448 (D.C. Cir. 2021); *see also* 18 U.S.C. § 3626(a)(2) (preliminary relief "shall automatically expire on the date that is 90 days after its entry, unless the court . . . makes the order final before the expiration of the 90-day period.").

"Though a preliminary injunction entered under the PLRA otherwise automatically expires ninety days after entry, the injunction may be extended by the district court if it makes the requisite

findings." *Smith v. Edwards*, 88 F.4th 1119, 1125 (5th Cir. 2023); *see Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (holding that "[n]othing in the statute limits the number of times a court may enter preliminary relief … [T]he provision simply imposes a burden on plaintiffs to continue to prove that preliminary relief is warranted"); *see also Alloway v. Hodge*, 72 F.App'x 812, 817 (10th Cir. 2003) (unpublished) (renewal of preliminary injunction under the PLRA was not an abuse of discretion); ECF Nos. 79, 96, 114 (this Court extending the original preliminary injunction in this case); *Doe v. Bondi*, Case No. 1:25-cv-286-RCL, 2025 WL 1607094 at *1 (D.D.C. May 15, 2025) (this Court extending a preliminary injunction in a case related to this one); *Rutherford v. Luna*, Case No. CV 75-04111 DDP, 2023 WL 4241691 at *1 (C.D. Cal. June 22, 2023) (noting the court had extended a preliminary injunction related to jail conditions twice prior to entering a permanent injunction).

Defendants appealed the June 17 PI, *see* ECF No. 221, but this Court retains jurisdiction under Federal Rule of Civil Procedure 62(c) to renew a preliminary injunction expiring under 18 U.S.C. § 3626(a)(2), even when it is the subject of an interlocutory appeal. *See Doe v. Blanche*, No. 1:25-cv-286-RCL, 2026 WL 1699528, *2 (D.D.C. May 19, 2026) (citing *Mayweathers*, 258 F.3d at 935-36, and *Doe v. Blanche*, 172 F.4th 901, 912 (D.C. Cir. 2026)); *see also Maness v. Meyers*, 419 U.S. 449, 458-59 (1974) (holding that parties must comply with a court order unless a stay is granted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, No. 25-3417-BAH, 2026 WL 1256234, *18 (D.D.C. May 7, 2026) ("Under long-settled doctrine, absent a stay order, an appeal from an interlocutory order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the underlying action on the merits.") (citations omitted).

Indeed, the fact of Defendants' appeal of the June 17 PI underscores the need for its renewal, as under D.C. Circuit precedent, their appeal will become moot on September 15 if the

PI were not renewed — which makes Defendants' opposition to its renewal at the district court level all the more perplexing and self-defeating. *See Doe*, 172 F.4th at 912 ("[C]hallenges to preliminary injunctions that have expired are moot.") (citing *Banks*, 3 F.4th at 447-49 (dismissing as moot an appeal from a preliminary injunction that expired after 90-day window)); *see also Smith*, 88 F.4th at 1124-25 (dismissing as moot the State of Louisiana's appeal of preliminary injunction that expired days after appellate arguments and before the Fifth Circuit's entry of judgment); *Ahlman v. Barnes*, 20 F.4th 489, 493-94 (9th Cir. 2021) (holding Orange County's appeal moot due to "the 90-day limit unambiguously detailed in the PLRA" and finding that a stay of the district court's preliminary injunction on the Supreme Court's shadow docket two weeks before its statutory expiration did not toll the PLRA limit for purposes of appellate jurisdiction); *United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1228-30 (11th Cir. 2015) (expiration of district court injunction renders appeal moot); *Victory v. Berks Cnty.*, 789 F.App'x 328, 332-33 (3d Cir. 2019) (unpublished) (same).

## ARGUMENT

This Court already found that Plaintiffs are likely to succeed on the merits of their claims and are entitled to preliminary injunctive relief. ECF No. 216 at 14-25. Plaintiffs incorporate by reference the arguments made in their prior briefing in relation to the PI. ECF Nos. 179-1, 194. There have not been any factual or legal developments since the Court entered the updated PI that would change the Court's prior conclusion that Plaintiffs are likely to succeed on the merits of their APA arbitrary-and-capricious claim, that class members face irreparable harm in the absence of continued injunctive relief, and the public interest and balance of equities weigh in favor of granting preliminary injunctive relief. ECF No. 216 at 14-30; *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## I. Plaintiffs Continue to Show a Likelihood of Success on the Merits of Their Claims.

Defendants' implementation of Section 4(c) of the EO via PS 5260.01 violates the APA for the reasons set forth in Plaintiffs' motion and reply. ECF Nos. 179-1 at 42-51; 194 at 22-25. In the June 17 PI, the Court found Plaintiffs were likely to succeed on the merits of their APA arbitrary-and-capricious claim. ECF 216 at 17-25. The Court held that

> Despite providing gender-affirming care to inmates in its custody for years, the government cites in the Program Statement zero evidence from its own medical or mental health professionals to support its conclusions. Moreover, the government does not point the Court to evidence that gender-affirming care was ineffective or harmful to its own inmates diagnosed with gender dysphoria, or that providing this care previously led to security concerns at BOP facilities.

*Id*. at 20; *see also id.* at 21 (finding PS 5260.01 "amounts to arbitrary and capricious agency action because the government failed to seriously consider its own experience providing gender-affirming care to inmates for years under its prior policy."). The Court also held that PS 5260.01

> is separately arbitrary and capricious because it reaches a conclusion so implausible that it could not be ascribed to a difference in view or the product of agency expertise, as evidenced by its explanation, which runs counter to the evidence before the agency. [. . .] Such illogical decisions are not rationally connected to the facts and are thus arbitrary and capricious.

*Id*. at 21-22 (citations and quotation marks omitted).

Finally, the Court found PS 5260.01 violated the APA because it is pretextual and reverse engineered to implement EO 14168. *Id.* at 23-25.[3]

There has been no change in the facts or law to warrant the Court reaching a different conclusion, and therefore this factor points towards renewal.

---

[3] The Court did not address Plaintiffs' likelihood of success on the merits of their Eighth Amendment claims, leaving them "for another day." Doc. 216 at 25. That said, Plaintiffs reincorporate their arguments previously made related to their likelihood of success on those claims. ECF No. 179-1 at 33-42; ECF No. 194 at 9-22.

Plaintiffs stated additional legal bases for their claims in their supplemental complaint, ECF No. 178-1 at 12-15, but did not raise them for purposes of seeking preliminary injunctive relief.

### II. Plaintiffs Continue to Face Irreparable Harm Without an Injunction.

This Court found that Plaintiffs and class members would suffer irreparable harm without an order enjoining Defendants from enforcing PS 5260.01 during the pendency of this litigation. *See* ECF Nos. 215 at 1; 216 at 25-29. "[D]enying class members gender-affirming hormone therapy and social accommodations will cause irreparable injuries, including the exacerbation of their gender dysphoria and increased risk of depression, anxiety, self-harm (including attempts to self-castrate), and suicidality." ECF No. 216 at 29. Plaintiffs and class members will suffer these same irreparable injuries if the June 17 PI is not renewed, and Defendants enforce PS 5260.01.

There have been no factual or legal changes to warrant the Court reaching a different conclusion, and therefore this factor points towards renewal.

### III. The Balance of Equities and Public Interest Weigh In Favor of Renewing the Preliminary Injunction.

The balance of equities and public interest factors, which merge when the government is the defendant, strongly favor a renewed injunction. As this Court found, "the equities tilt in Plaintiffs' favor because their interests in receiving medically prescribed treatment outweighs the minimal cost to the government of continuing such treatment." ECF No. 216 at 30. The Court also rejected Defendants' argument that there was a public interest in allowing President Trump to effectuate his political agenda and found this purported interest "is outweighed by the public's interest in the government's adherence to the law." ECF No. 216 at 30; *see also* ECF No. 67 at 26 (prior injunction finding this argument weighed "only modestly" in Defendants' favor, as democracy "does not mean blind submission to the whims of the most recent election-victor."); *A.A.R.P. v. Trump*, 605 U.S. 91, 98 (2025) (enjoining government from summarily removing noncitizens under the Alien Enemies Act notwithstanding President's policy objectives). Finally, the Court rejected Defendants' unsupported contentions that gender-affirming care would lead to

security and prison-administration concerns. ECF No. 216 at 30.

There have been no factual or legal changes to warrant the Court reaching a different conclusion, and therefore these factors weigh in favor of renewal.

### IV. Renewal of the Injunction Comports with PLRA Requirements.

The requested renewal of the June 17 PI is narrowly drawn and extends no further than necessary to correct and prevent the harm to Plaintiffs that would result from enforcing BOP's Program Statement. *See* 18 U.S.C. § 3626(a)(2). The requested renewal extends no further than the June 17 PI: It prohibits Defendants from enforcing PS 5260.01 as to Plaintiffs and class members and requires Defendants to provide gender-affirming care in accordance with BOP policy and practice prior to the EO. It is also the least intrusive means necessary to correct the serious harm that would ensue if Defendants were permitted to enforce the Program Statement. Thus, renewing the June 17 PI as requested is the least intrusive action the Court could take that will ensure Plaintiffs are not deprived of their rights during the pendency of this litigation. Finally, renewing the preliminary injunction will have no adverse impact on public safety or the operation of the criminal justice system because the order will simply maintain the *status quo* of class members' gender-affirming care while this litigation proceeds. *See* ECF No. 215 at 2.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a new preliminary injunction renewing the relief in the June 17 PI for an additional ninety (90) days, from September 15, 2026 to December 14, 2026.[4] A proposed order is filed herewith.

---

[4] If the Court does not rule on this Motion before September 15, 2026, it may still renew the June 3 PI to run for 90 days from the date of a new order's entry. *Alloway*, 72 F.App'x at 817 (affirming renewal of injunction that expired months earlier); *see also Porretti v. Dzurenda*, No. 2:17-cv-01745-RFB-DJA, 2020 WL 6834234, at *1 (D. Nev. Aug. 31, 2020) (granting second

Dated: August 20, 2026

Respectfully submitted,

/s/ Corene T. Kendrick
Corene T. Kendrick (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org

Michael Perloff, D.C. Bar No. 1601047
Aditi Shah, D.C. Bar No. 90033136
ACLU FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street NW, Suite 420
Washington, D.C. 20045
Tel: 202-457-0800
mperloff@acludc.org
ashah@acludc.org

Li Nowlin-Sohl (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, DDC Bar ID 120840
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

David C. Fathi (*pro hac vice*) *
Maria V. Morris, D.C. Bar. No. 1697904
Elisa C. Epstein (*pro hac vice*) *
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org
**Not admitted in D.C.; practice limited to federal courts.*

Shawn Thomas Meerkamper (*pro hac vice*)
Megan Z. F. Noor (*pro hac vice*)
Dale Melchert (*pro hac vice*)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Tel: 510-587-9696
shawn@transgenderlawcenter.org
megan@transgenderlawcenter.org
dale@transgenderlawcenter.org

Lynly S. Egyes (*pro hac vice*)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Tel: 510-587-9696
lynly@transgenderlawcenter.org

*Counsel for Plaintiff Class*

---

injunction after defendants' noncompliance with and expiration of first one), *aff'd*, 11 F.4th 1037, 1052 (9th Cir. 2021).