**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ALISHEA KINGDOM, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 1:25-cv-00691-RCL

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RENEWED PRELIMINARY INJUNCTION**

This Court issued an updated preliminary injunction on June 17, 2026. ECF Nos. 215, 216 [*Kingdom v. Trump*, 2026 WL 1746251 (D.D.C. June 17, 2026)] (hereinafter "June 17 PI" or "the PI"). The Court issued it after full briefing and argument on Plaintiffs' motion for an updated preliminary injunction (ECF No. 179-1). The June 17 PI will expire on September 15, 2026, unless the Court renews the Order, based on the plain language of the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a)(2) (preliminary relief "shall automatically expire on the date that is 90 days after its entry, unless the court . . . makes the order final before the expiration of the 90-day period."). On August 20, 2026, Plaintiffs moved to renew the June 17 PI. ECF No. ____. Counsel for Defendants stated on August 18, 2026, that:

> Pursuant to Local Rule 7(m), Defendants oppose the relief sought in this motion, both as to the extension of the preliminary injunction and the stay under 5 U.S.C. 705, because the Federal Bureau of Prison's Program Statement 5260.01, *Management of Inmates with Gender Dysphoria*, is consistent with law and because the other preliminary injunction factors (irreparable harm and balance of the equities) also weigh in the government's favor. *See* ECF No. 186 (Defendants' response to Plaintiffs' preliminary injunction motion); ECF No. 187 (Defendants' motion for summary judgment); ECF No. 231 (Defendants' reply in support of motion for summary judgment). Furthermore, Defendants oppose the relief sought in this motion because the preliminary injunction goes further than necessary to correct the alleged harm, in violation of the Prison Litigation Reform Act. *See* ECF No. 186. Defendants do not plan on filing any further opposition.

*See id.* at 1.

District courts—including this one—regularly renew or extend preliminary relief for additional 90-day periods under the Prison Litigation Reform Act while litigation on the merits of a case continue. *See* ECF Nos. 79, 96, 114 (this Court renewing the original June 3, 2025 preliminary injunction); *Doe v. Bondi*, Case No. 1:25-cv-286-RCL, 2025 WL 1607094 at *1 (D.D.C. May 15, 2025); *see also Smith v. Edwards*, 88 F.4th 1119, 1125 (5th Cir. 2023) ("Though a preliminary injunction entered under the PLRA otherwise automatically expires ninety days after entry, the injunction may be extended by the district court if it makes the requisite findings."); *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) ("Nothing in the statute limits the number of times a court may enter preliminary relief. … the provision simply imposes a burden on plaintiffs to continue to prove that preliminary relief is warranted."); *Alloway v. Hodge*, 72 F.App'x 812, 817 (10th Cir. 2003) (unpublished) (renewal of preliminary injunction that expired under the PLRA is not an abuse of discretion).

There have not been any factual or legal developments since the Court issued its June 17 PI that necessitate a reassessment of the Court's prior holding that (1) the Plaintiffs are likely to succeed on the merits of their APA arbitrary-and-capricious claim; (2) Plaintiffs and class members face irreparable harm in the absence of preliminary injunctive relief; and (3) the public interest and balance of equities weigh in favor of granting preliminary injunctive relief. *See* ECF No. 216 at 14-30; *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2009).

Defendants appealed the June 17 PI, *see* ECF No. 221, but this Court retains jurisdiction under Federal Rule of Civil Procedure 62(c) to renew a preliminary injunction expiring under 18 U.S.C. § 3626(a)(2), even when it is the subject of an interlocutory appeal. *See Doe v. Blanche*, No. 1:25-cv-286-RCL, 2026 WL 1699528, *2 (D.D.C. May 19, 2026) (citing *Mayweathers*, 258 F.3d at 935-36, and *Doe v. Blanche*, 172 F.4th 901, 912 (D.C. Cir. 2026)); *see also Maness v.*

*Meyers*, 419 U.S. 449, 458-59 (1974) (holding that parties must comply with a court order unless a stay is granted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, No. 25-3417-BAH, 2026 WL 1256234, *18 (D.D.C. May 7, 2026) ("Under long-settled doctrine, absent a stay order, an appeal from an interlocutory order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the underlying action on the merits.") (citations omitted).

Therefore, upon consideration of Plaintiffs' Motion for Renewed Preliminary Injunction, ECF No. 240, it is **ORDERED** that Plaintiffs' Motion is **GRANTED**; it is further

**ORDERED** that the Defendants Todd Blanche, William K. Marshall, III, Christopher A. Bina, Dana R. DiGiacomo, and Shane Salem, in their official capacities, and their contractors, employees, and agents (i) are enjoined from enforcing Program Statement 5260.01, and (ii) shall provide and continue providing Plaintiffs and class members with gender-affirming care in accordance with BOP policy and practice in effect immediately prior to the issuance of Executive Order 14168 on January 20, 2025. Additionally, Program Statement 5260.01 is stayed pursuant to 5 U.S.C. § 705. It is further

**ORDERED** that this injunction shall be effective upon service on the Defendants, extend through December 14, 2026, and no bond shall be required.

In accordance with the Prison Litigation Reform Act, the Court **FINDS** that renewal of the June 17 PI is narrowly drawn and extends no further than necessary to correct and prevent the harm to Plaintiffs that would result from enforcing BOP's Program Statement. 18 U.S.C. § 3626(a)(2). This renewed order extends no further than the June 17 PI: It prohibits Defendants from enforcing PS 5260.01 as to Plaintiffs and class members, and requires Defendants to provide gender-affirming care in accordance with BOP policy and practice prior to the EO. It is also the least intrusive means necessary to correct the serious harm that would occur if Defendants were

permitted to enforce the Program Statement. Thus, renewing the June 17 PI is the least intrusive action the Court could take that will ensure Plaintiffs are not deprived of their rights during the pendency of this litigation. Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief and has given substantial weight to such impacts. After this consideration, the Court concludes and finds that no adverse impact on public safety or the operation of the criminal justice system will result from maintaining the status quo of class members' gender-affirming care, while this litigation proceeds.

**IT IS SO ORDERED**.

Dated: ____________________, 2026

____________________________
Hon. Royce C. Lamberth
United States District Judge