**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISHEA KINGDOM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Civ. A. No. 25-691 (RCL) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION**
**FOR DISCOVERY REGARDING PROGRAM STATEMENT 5260.01**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1
ARGUMENT ........................................................................................................ 2
I. Plaintiffs' Request for Reconsideration of the April 2026 Discovery Order Is Untimely and Meritless. ........................................................................................................ 2
II. Discovery Related to the Program Statement Is Not Warranted. .............................. 4
A. The Record-Review Rules Apply to All of Plaintiffs' Claims.............................. 4
B. Plaintiffs Do Not Show that Supplementation of the Administrative Record or Extra-Record Discovery Is Appropriate for their APA Claim.............................. 8
CONCLUSION........................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd.*,
663 F.3d 476 (D.C. Cir. 2011) ........ 9, 10

*Ame. Fed'n of Labor & Cong. of Indus. Orgs. v. Dep't of Labor*,
Civ. A. No. 25-339 (JDB), 2026 WL 1470287 (D.D.C. May 26, 2026) ........ 11

*Am. Wildlands v. Kempthorne*,
530 F.3d 991 (D.C. Cir. 2008) ........ 9, 12, 13

*Amfac Resorts, L.L.C. v. U.S. Dep't of Interior*,
143 F. Supp. 2d 7 (D.D.C. 2001) ........ *passim*

*Amgen Inc. v. Hargan*,
285 F. Supp. 3d 397 (D.D.C. 2017) ........ 6

*Bellion Spirits, LLC v. United States*,
335 F. Supp. 3d 32 (D.D.C. 2018) ........ 5, 6

*Bellion Spirits, LLC v. United States*,
7 F.4th 1201 (D.C. Cir. 2021) ........ 5

*Camp v. Pitts*,
411 U.S. 138 (1973) ........ 2, 4

*Cape Hatteras Access Pres. All. v. U.S. Dep't of Interior*,
667 F. Supp. 2d 111 (D.D.C. 2009) ........ 8, 9

*Cherokee Nation v. U.S. Dep't of the Interior*,
Civ. A. No. 20-2167 (TJK), 2025 WL 1895837 (D.D.C. July 9, 2025) ........ 14

*Chiayu Chang v. USCIS*,
254 F. Supp. 3d 160 (D.D.C. 2017) ........ 5, 6, 7

*Ciralsky v. CIA*,
355 F.3d 661 (D.C. Cir. 2004) ........ 3

*City of Dania Beach v. Fed. Aviation Admin.*,
628 F.3d 581 (D.C. Cir. 2010) ........ *passim*

*Cmty. for Creative Non-Violence v. Lujan*,
908 F.2d 992 (D.C. Cir. 1990) ........ 4

*Comm. of 100 on the Fed. City v. Foxx*,
140 F. Supp. 3d 54 (D.D.C. 2015) ........................................................................*passim*

*CTS Corp. v. EPA*,
759 F.3d 52 (D.C. Cir. 2014) ........................................................................................ 4

*Davis v. Dist. of Columbia*,
925 F.3d 1240 (D.C. Cir. 2019) ................................................................................... 11

*Dep't of Com. v. New York*,
588 U.S. 752 (2019) ...................................................................................................... 4

*DHS v. Regents of the Univ. of Cal.,*
*591 U.S. 1 (2020) 10, 11*

*FCC v. Beach Commc'n, Inc.,*
508 U.S. 307 (1993) ...................................................................................................... 6

*Firestone v. Firestone*,
76 F.3d 1205 (D.C. Cir. 1996) ....................................................................................... 3

*Harvard Pilgrim Health Care of New Eng. v. Thompson*,
318 F. Supp. 2d 1 (D.R.I. 2004) ..................................................................................... 5

*Holy Land Found. for Relief & Dev. v. Ashcroft*,
219 F. Supp. 2d 57 (D.D.C. 2002) ................................................................................. 6

*Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*,
58 F. Supp. 3d 1191 (D.N.M. 2014) ............................................................................... 6

*McCoy v. Spencer*,
Civ. A. No. 16-1313 (CKK), 2019 WL 400615 (D.D.C. Jan. 31, 2019) .........................*passim*

*Mullin v. Doe*,
609 U.S. ---, 146 S. Ct. 2121 (2026) ............................................................................... 6

*Nat'l Med. Enters. v. Shalala*,
826 F. Supp. 558 (D.D.C. 1993) .................................................................................... 7

*Nat'l Med. Enters. v. Shalala*,
43 F.3d 691 (D.C. Cir. 1995) ........................................................................................ 7

*Nat'l Ass'n of Postal Supervisors v. USPS*,
Civ. A. No. 19-2236 (RCL), 2023 WL 5221367 (D.D.C. Aug. 15, 2023) ............................ 5

*Olivares v. Transp. Sec. Admin.*,
819 F.3d 454 (D.C. Cir. 2016) ................................................................................ 10, 11

*Pac. Shores Subdivision v. U.S. Army Corps of Eng'rs,*
448 F. Supp. 2d 1 (D.D.C. 2006) ........ 8

*Rydeen v. Quigg*,
748 F. Supp. 900 (D.D.C. 1990) ........ 7

*Sierra Club v. U.S. Army Corps of Eng'rs*,
701 F.2d 1011 (2d Cir. 1983) ........ 14

*Sirmans v. Caldera*,
27 F. Supp. 2d 248 (D.D.C. 1998) ........ 10

*Tex. Rural Legal Aid v. Legal Servs. Corp.,*
940 F.2d 685 (D.C. Cir. 1991) ........ 8

*Transp. Div. of the Int'l Assoc. of Sheet Metal, Air, Rail & Transp. Workers v. Fed. R.R. Admin.*,
10 F.4th 869 (D.C. Cir. 2021) ........ 9

*United States v. Skrmetti*,
605 U.S. 495 (2025) ........ 6

**Rules**

Federal Rule of Civil Procedure 59(e) ........ 3

Federal Rule of Civil Procedure 56(d) ........ 1, 11

# INTRODUCTION

The Court should deny Plaintiffs' Motion for Discovery Regarding Program Statement 5260.01 ("Pls.' Mot."), ECF No. 235, because this case is ready for final judgment. Indeed, Defendants have been steadily moving this case along since the Federal Bureau of Prisons ("BOP") issued its operative gender dysphoria policy on February 19, 2026. *See* Program Statement 5260.01, *Management of Inmates with Gender Dysphoria* ("Program Statement" or "2026 Policy"), ECF No. 125. Just three weeks after issuing the 2026 Policy, Defendants produced the policy's 3,200-page administrative record (including 47 pages of explanation), and two months later (on May 13, 2026), moved for summary judgment, ECF No. 187, and to stay discovery pending disposition of Defendants' summary judgment motion, ECF No. 190. Defendants' summary judgment and discovery stay motions are fully briefed and ripe for disposition.

Plaintiffs, by contrast, have been resting on their preliminary injunction and have taken no action in pursuit of Program Statement discovery in months. Since receiving the administrative record five months ago, Plaintiffs have not sought supplementation of the administrative record or pursued any extra-record discovery relating to the Policy. Indeed, in their June 17, 2026, response to Defendants' summary judgment motion, Plaintiffs did not move for discovery pursuant to Federal Rule of Civil Procedure 56(d) but instead asked the Court to reserve ruling because of a "forthcoming" discovery motion. Pls.' Statement of Facts at 6, 7, 15, ECF No. 219-1; *see also, e.g.*, Pls.' Opp'n to Defs.' Mot. for Summ. J. and to Stay Disc. at 1, 11, 13, ECF No. 219. Six weeks later, Plaintiffs' "forthcoming" Motion for Discovery has arrived.

Plaintiffs' Motion, in addition to being untimely, is meritless. The Court already ordered the government to produce the administrative record because this case presents a challenge to final agency action; the Court did not allow for extra-record discovery relating to the 2026 Policy. Feb. Order, ECF No. 123; Apr. Order, ECF No. 163. Plaintiffs have failed to provide a compelling reason for the Court to reconsider this decision; nor have they satisfied any of the limited exceptions for administrative record supplementation or extra-record evidence. The Court should deny Plaintiffs' Motion and proceed to adjudicate Defendants' fully briefed summary judgment and discovery stay motions.

## ARGUMENT

### I. Plaintiffs' Request for Reconsideration of the April 2026 Discovery Order Is Untimely and Meritless.

Plaintiffs challenge the Program Statement under the Administrative Procedure Act ("APA"), the Eighth Amendment, the Equal Protection Clause of the Fifth Amendment, and the Rehabilitation Act. *See generally* Suppl. Compl., ECF No. 182. Plaintiffs' challenge to the Program Statement—whether characterized by Plaintiffs as an APA challenge or something else—is at its core a challenge to final agency action, for which "the focal point for judicial review should be [on] the administrative record." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Accordingly, on the same date that BOP issued the 2026 Policy, the Court ordered Defendants to produce the administrative record, Feb. Order at 2, which Defendants did on March 12, 2026, ECF No. 151. By contrast, the Court granted discovery related to the 2025 implementing memoranda because "there is no record to review" and ordered the parties to submit proposals for a discovery schedule. Feb. Order at 1–2.

On March 5, 2026, the parties submitted their respective proposed discovery schedules for this case moving forward. The parties were unable to reach agreement regarding the propriety of Program Statement discovery. Defs.' Proposed Disc. Schedule at 1, ECF No. 141. Defendants explained that discovery concerning the 2026 Policy was improper because the Court had ordered BOP to produce the administrative record related to the Policy. *Id.* Plaintiffs' proposed schedule, however, sought discovery about "1) [t]he development and implementation of Executive Order 14168 and the original BOP Implementing Memoranda."; "2) BOP's provision of care to treat gender dysphoria and the impact of that care—and its potential removal—on the health of individuals with gender dysphoria."; and "3) Other topics that may be determined to be relevant." Pls.' Proposed Disc. Schedule at 5, ECF No. 144. On April 3, 2026, after considering the competing proposals, the Court permitted discovery *only* on "[t]he development and implementation of Executive Order 14168 and the original BOP Implementing Memoranda." Apr. Order at 1.

Nearly four months after the Court issued its April 3, 2026, discovery order (and six weeks after Plaintiffs substantively responded to Defendants' summary judgment motion), Plaintiffs seek discovery as to the 2026 Policy. Plaintiffs' Motion, however, does not articulate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" that would warrant reconsideration; nor have Plaintiffs offered any explanation for their nearly-four-month delay. *See Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)); *see also* Fed. R. Civ. P. 59(e) (motions to alter or amend judgment must be filed no later than 28 days after judgment). Since the Court issued its discovery order in April 2026, the

basis for Program Statement discovery has become even weaker: another four months of unexplained delay has lapsed and Defendants' summary judgment motion, for which Plaintiffs did not seek Rule 56(d) discovery, is ripe for disposition. For this reason alone, the Court should deny Plaintiffs' Discovery Motion.

## II. Discovery Related to the Program Statement Is Not Warranted.

Plaintiffs are not entitled to Program Statement discovery because the government has produced an extensive administrative record, which provides the parties with the information necessary to litigate this record-review case to final judgment. Plaintiffs' arguments that (A) the APA's record-review rules do not apply to their non-APA claims, and (B) a narrow exception to the APA's record review-rules apply to the APA claim, are meritless.

### A. The Record-Review Rules Apply to All of Plaintiffs' Claims.

The controlling law is well-established: "[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Dep't of Com. v. New York*, 588 U.S. 752, 780 (2019); *see also Camp*, 411 U.S. at 142 ("the focal point for judicial review should be [on] the administrative record"). There are established standards governing supplementation of administrative records, *City of Dania Beach v. Fed. Aviation Admin.*, 628 F.3d 581, 590–91 (D.C. Cir. 2010), and regarding application of narrow exceptions for extra-record discovery in APA cases, *CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014); *Cmty. for Creative Non-Violence v. Lujan*, 908 F.2d 992, 997-98 (D.C. Cir. 1990).

Plaintiffs first argue that their constitutional and statutory claims are "except[ed] from the record rule that normally bars discovery beyond the administrative record for APA

claims." Pls.' Mot. at 4. Plaintiffs are incorrect. "Courts tend to restrict review of non-APA claims to the administrative record when they are brought in parallel to APA claims[.]" *Nat'l Ass'n of Postal Supervisors v. USPS*, Civ. A. No. 19-2236 (RCL), 2023 WL 5221367, at *4 (D.D.C. Aug. 15, 2023). In particular, "district courts have been hesitant to permit a plaintiff asserting a constitutional challenge to agency action to avoid the APA's bar on extra-record evidence." *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018), *aff'd*, 7 F.4th 1201, 1210 (D.C. Cir. 2021) (holding that the district court appropriately confined its review of the APA case with constitutional claims to the administrative record). This is so because "when a constitutional challenge to agency action requires evaluating the substance of an agency's decision made on an administrative record"—as is the case here—"that challenge must be judged on the record before the agency." *Id.*; *see also McCoy v. Spencer*, Civ. A. No. 16-1313 (CKK), 2019 WL 400615, at *11 (D.D.C. Jan. 31, 2019) (holding that plaintiff's constitutional claims that challenge "the substance and the merits" of agency action do not warrant discovery and permitting discovery only on entirely distinct claims); *Chiayu Chang v. USCIS*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017) (holding that where a plaintiffs' constitutional claims "fundamentally overlap" with the APA claims, discovery is inappropriate).

"The APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on statutory or constitutional deficiencies was entitled to broad-ranging discovery." *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004). "To hold otherwise, 'and allow fresh discovery, submission of new evidence and legal arguments' would 'incentivize every unsuccessful party to agency action to allege . . . constitutional violations' in order to 'trade in the APA's restrictive

procedures for the more evenhanded ones of the Federal Rules of Civil Procedure.'" *Chiayu Chang*, 254 F. Supp. 3d at 161–62 (quoting *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1237–38 (D.N.M. 2014)).

Discovery is not permitted here because Plaintiffs' claims—constitutional or otherwise—require the court to evaluate "the substance" of the Program Statement. *See Bellion Spirits*, 335 F. Supp. 3d at 43; *McCoy*, 2019 WL 400615, at *11. Plaintiffs' Motion does not dispute this. Nor could it, as the substance of Plaintiffs' non-APA claims is plainly addressed in the administrative record, which consists of "all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Amgen Inc. v. Hargan*, 285 F. Supp. 3d 397, 404 (D.D.C. 2017) (citation modified). For example, on Plaintiffs' Equal Protection claim, the administrative record provides more than ample evidence to assess whether the 2026 Policy survives rational basis review, *i.e.*, whether there exists a "plausible reason[]" for the policy, in which case, the Court's "inquiry is at an end." *See United States v. Skrmetti*, 605 U.S. 495, 522 (2025) (quoting *FCC v. Beach Commc'n, Inc.,* 508 U.S. 307, 313-14 (1993)); *see also Mullin v. Doe*, 609 U.S. ---, 146 S. Ct. 2121, 2139 (2026) (where government provides a "race-neutral explanation," court should not further entertain equal-protection claims). And on the Eighth Amendment claim, whether the Policy poses an objectively substantial risk of serious harm, and whether BOP knew of that harm, is included in the administrative record, which, again, includes "all documents and materials" that BOP "directly or indirectly considered" in issuing its Policy. *See Amgen Inc.,* 285 F. Supp. 3d at 404 (quoting *Holy Land Found. for Relief & Dev. v. Ashcroft*, 219 F. Supp. 2d 57, 65 (D.D.C. 2002)). The Rehabilitation Act claim fails at the threshold because there is no

private right of action and gender dysphoria is not a protected disability. *See* Defs.' Mot. for Summ. J. and to Stay Disc. at 37-40, ECF No. 186. Discovery is not appropriate for a facially meritless claim.

The three cases that Plaintiffs cite from this district do not support their request for discovery. Pls.' Mot. at 5. *National Medical Enterprises v. Shalala*, 826 F. Supp. 558, 564–65 & n.11 (D.D.C. 1993), *aff'd*, 43 F.3d 691 (D.C. Cir. 1995), involved a single declaration that the defendant government agency submitted to respond to a particular argument that plaintiffs raised in their motion for summary judgment (much like Dr. Stahl's declaration here, *see infra* at 9–10, 13), not a broad request for discovery that Plaintiffs seek here to explore claims that fail as a matter of law. In *Rydeen v. Quigg*, 748 F. Supp. 900, 906 (D.D.C. 1990), "the court allowed plaintiffs to submit two additional affidavits not included in the administrative record, but that is a far cry from what plaintiffs seek here—fairly broad discovery, as a matter of course, into [the Policy]." *Chiayu Chang*, 254 F. Supp. 3d at 162. *McCoy* involved a plaintiff's suit arising from her discharge as a Navy dentist. 2019 WL 400615, at *1. *McCoy* is distinguishable because plaintiff did not even bring an APA claim. *Id.* And yet, the court still precluded discovery on the Fifth Amendment due process claim because it required the court "to evaluate an agency action," *i.e.*, plaintiff's discharge, "made on the administrative record." *Id.* at *1, *12. The court permitted discovery only on McCoy's entirely distinct free speech, Privacy Act, and payment recoupment claims, which did not require the Court to evaluate "the substance" of the Navy's discharge "made on the administrative record." *Id.* at *11–12. Here, regardless of the "different legal standards," Pls.' Mot. at 8, Plaintiffs' non-APA claims, at the very least, "fundamentally overlap" with their APA claims, *Chiayu Chang*, 254 F. Supp. 3d at

162, and challenge "the substance" of the Policy. Thus, they should be assessed on the administrative record. *McCoy*, 2019 WL 400615, at *11.

B. Plaintiffs Do Not Show that Supplementation of the Administrative Record or Extra-Record Discovery Is Appropriate for their APA Claim.

Plaintiffs' request for extra-record discovery on their APA claim conflates two distinct concepts: supplementation of the record and extra-record evidence. Pls.' Mot. at 9–13. So that the Court can properly assess Plaintiffs' arguments, Defendants categorize their requests, set forth the proper standard, and apply the appropriate law.

"A court that orders an administrative agency to supplement the record of its decision is a rare bird." *The Cape Hatteras Access Pres. All. v. U.S. Dep't of Interior*, 667 F. Supp. 2d 111, 112 (D.D.C. 2009). When there is a challenge to agency action, it is the agency's responsibility to compile the information that the decisionmaker directly or indirectly considered, which forms the administrative record. *Id.* at 114. "[A]bsent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity[] that it properly designated the administrative record." *Comm. of 100 on the Fed. City v. Foxx*, 140 F. Supp. 3d 54, 58 (D.D.C. 2015) (quoting *Pac. Shores Subdivision v. U.S. Army Corps of Eng'rs,* 448 F. Supp. 2d 1, 5 (D.D.C.2006)). As a result, courts "do not allow parties to supplement the record 'unless they can demonstrate unusual circumstances justifying a departure from this general rule.'" *City of Dania Beach*, 628 F.3d at 590 (quoting *Tex. Rural Legal Aid v. Legal Servs. Corp.,* 940 F.2d 685, 698 (D.C. Cir. 1991)). In this Circuit, the record can be supplemented in three instances: (1) if the agency "deliberately or negligently excluded documents that may have been adverse to its decision," (2) if background information was needed "to determine whether the agency considered all the relevant factors," or (3) if the "agency failed to explain administrative action so as to

frustrate judicial review." *Id.* (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)); *see also Transp. Div. of the Int'l Assoc. of Sheet Metal, Air, Rail & Transp. Workers v. Fed. R.R. Admin.*, 10 F.4th 869, 878–79 (D.C. Cir. 2021) (agency's designation of the administration record is entitled to a "presumption of regularity" and rejecting "allegations of bias" as basis to overcome presumption).

"Going *beyond* the administrative record," *i.e.*, extra-record evidence, is governed by different legal principles but, like supplementation of the record, is appropriate only in "certain limited, and highly exceptional, circumstances." *Cape Hatteras Access Pres. All.*, 667 F. Supp. 2d at 114–15 (emphasis added). The party seeking extra-record discovery must make a "strong showing" of "bad faith or improper behavior," *Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd.*, 663 F.3d 476, 488 (D.C. Cir. 2011), and must show that "material providing a basis for extra-record review will be uncovered" through discovery, *Amfac Resorts, L.L.C. v. U.S. Dep't of Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001). "Thus, unless it appears at least somewhat likely that discovery will reveal that an agency acted improperly or provided an incomplete record, a court should not allow discovery against an agency." *Comm. of 100*, 140 F. Supp. 3d at 60.

Plaintiffs make four arguments in support of their request for supplementation and extra-record discovery. All of them fail.

First, Plaintiffs argue that they are entitled to seek extra-record evidence through discovery to probe Dr. Stahl's declaration that the government submitted in support of its summary judgment motion. Pls.' Mot. at 10. Dr. Stahl explained in her declaration that the "senior officials" at BOP who were "responsible for evaluating, implementing, and ultimately

formulating the 2026 [P]olicy" also "wrote, consulted and applied the previous BOP policy," and they "used [their] experience with the prior policy to help formulate the 2026 Policy." Stahl Decl. ¶ 17, ECF No. 186-3. The government did not submit the declaration in bad faith, nor did the government engage in improper behavior because the declaration is permissible under the record-review rules. *See Air Transp. Ass'n of Am., Inc.*, 663 F.3d at 488. The submission of the declaration does not show improper "post hoc extra-record evidence," Pls.' Mot. at 10, because the declaration did not seek to "provide new [reasons]" for BOP's decision, *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 21 (2020). Instead, the government submitted the declaration to rebut Plaintiffs' unfounded claim that BOP had ignored their experience with the prior policy. Plaintiffs fail to appreciate the difference between a mere explanation about *how* an agency conducted its decisionmaking—which permissibly "furnishes an explanation of the administrative action that is necessary to facilitate effective judicial review"—and "new rationalizations" that impermissibly seek to support the substantive decision originally reached. *Olivares v. Transp. Sec. Admin.*, 819 F.3d 454, 464 (D.C. Cir. 2016). At base, Dr. Stahl's declaration is "merely explanatory of the original record." *Id.* Plaintiffs thus have failed to make the required showing that discovery is likely to show bad faith or improper behavior in its submission. *See Amfac Resorts*, 143 F. Supp. 2d at 12; *Comm. of 100*, 140 F. Supp. 3d at 60.

Plaintiffs point to *Sirmans v. Caldera*, 27 F. Supp. 2d 248 (D.D.C. 1998), for support, but that case does not help them. Pls.' Mot. at 9, 10. First, in *Sirmans*, instead of responding to the defendants' summary judgment motion that attached affidavits to it, the plaintiff properly asked for Rule 56(d) discovery. *Sirmans*, 27 F. Supp. 2d at 250. Plaintiffs, by contrast,

substantively responded to Defendants' motion without pursuing relief under Rule 56(d). When a party "fail[s] to oppose summary judgment . . . with a Rule 56(d) declaration," they "forfeit[] any claim" that they need further discovery to respond. *Davis v. Dist. of Columbia*, 925 F.3d 1240, 1255 (D.C. Cir. 2019). Second, the "voluminous" affidavits in *Sirmans*—over two times the size of the administrative record produced earlier in that case—contained supplemental evidence that supported the Army's promotion denials (*i.e.*, the challenged agency actions in that case). *See Regents of the Univ. of Cal.*, 591 U.S. at 2. Accordingly, the *Sirmans* affidavits were indeed improper "post hoc extra-record evidence," Pls.' Mot. at 10, because they sought to "provide new [reasons]" for the Army's decision. *Regents of the Univ. of Cal.*, 591 U.S. at 2. Here, by contrast, Dr. Stahl's affidavit merely confirms the unremarkable, obvious fact that BOP's staff brought their experience under prior policies to bear in formulating the 2026 Policy. Dr. Stahl did not provide a "new rationalization[]"to support the substantive decision BOP originally reached. *See Olivares*, 819 F.3d at 464.

*American Federation of Labor and Congress of Industrial Organizations v. Department of Labor* is also easily distinguishable. In that case, "no traditional administrative record of the Agencies' actions existed," Civ. A. No. 25-339 (JDB), 2026 WL 1470287, at *1 (D.D.C. May 26, 2026), unlike the 3,200-page administrative record produced here.

Second, Plaintiffs fault BOP for not "includ[ing] in the [Administrative Record] any information regarding the formulation and issuance of the Executive Order and the 2025 Implementing Memoranda." Pls.' Mot. at 10. Plaintiffs appear to be seeking supplementation of the record with this information, but they point to nothing that comes even close to overcoming the "strong presumption of regularity[] that it properly designated the

administrative record," *see Comm. of 100*, 140 F. Supp. 3d at 58, nor establishing that BOP "deliberately or negligently excluded documents that may have been adverse to its decision," *City of Dania Beach,* 628 F.3d at 590 (quoting *Am. Wildlands*, 530 F.3d at 1002). Plaintiffs do not articulate what about the Executive Order or implementing memoranda is "adverse" to the 2026 Policy, let alone provide any evidence that BOP "deliberately or negligently" excluded any materials. *See id.* Indeed, BOP expressly stated that, in developing the 2026 Policy, it considered its prior policies, included them in the administrative record, and explained why it decided to depart from those prior policies. *See* AR-00007 (BOP stating that it "revised its policy to reflect treatment for gender dysphoria that is more aligned with the latest scientific information." and to "reflect treatment of gender dysphoria" that "accounts for the complex security and administration concerns in the correctional environment"). BOP also very clearly articulated the relationship between the 2026 Policy and the Executive Order. The Policy itself states that it adopted the policy "independently" of the Executive Order, though the Executive Order "supports" it. 2026 Policy at 6. Plaintiffs provide no basis for supplementation.

Third, Plaintiffs argue that BOP "ignor[ed] adverse" meeting and medical notes that reflect BOP's "experiences" under the prior policy. Pls.' Mot. at 10–11. This again appears to be a request for supplementation, not for extra-record discovery as Plaintiffs mischaracterized it, and Plaintiffs again fail to overcome the "strong presumption of regularity[] that it properly designated the administrative record," *see Comm. of 100*, 140 F. Supp. 3d at 58, nor have they established that BOP "deliberately or negligently excluded documents

that may have been adverse to its decision," *City of Dania Beach*, 628 F.3d at 590 (quoting *Am. Wildlands*, 530 F.3d at 1002).

Dr. Stahl explained that BOP did consider its experiences under the prior policy but, for legitimate reasons, did not consider particular meeting and medical notes that Plaintiffs reference. Many of the BOP senior officials who wrote, consulted, and applied the previous BOP policy were also responsible for evaluating, implementing, and ultimately formulating the 2026 Policy. Stahl Decl. ¶ 17. Those officials, including Dr. Stahl, used their "experience with the prior policy to help formulate the 2026 Policy." *Id.* Moreover, as Dr. Stahl explained, the treatment histories of the inmates would not be helpful because "there is not a vetted, or validated clinical instrument that measures the success or failure of gender dysphoria treatment," *id.* ¶ 16, and in her experience given her "reviews of published data, it has been challenging to link use of cross-sex hormone[s] to Gender Dysphoria symptom improvement," *id.* ¶ 13. Reviewing bare treatment notes for hundreds or thousands of inmates from their limited time in custody, in the absence of a real scientific study, would not provide useful information and certainly does not overcome the presumption of regularity.

Plaintiffs' argument that BOP should have included the notes because the notes "might have influenced" BOP's policy is off-base. Pls. Mot. at 12 (quoting *Amfac Resorts*, 143 F. Supp. 2d at 12). First off, Dr. Stahl explained why those treatments were not material. Stahl Decl. ¶¶ 13, 16. Additionally, Plaintiffs completely misconstrue *Amfac Resorts*. This Court was merely explaining that an administrative record should include all material directly and indirectly considered and "not merely those on which the agency relied in its final decision," for example, "work and recommendations of subordinates." *Amfac Resorts*, 143 F. Supp. 2d at

12. The Court specifically rejected the argument that Plaintiffs make here: "just because several non-record documents 'support [their] position,' . . . is not the showing necessary to gain discovery; the mere fact that certain information is not in the record does not alone suggest that the record is incomplete." *Id.* at 13.

Lastly, Plaintiffs cross the line in accusing the government of acting in bad faith. Pls. Mot. at 12–13. For the reasons discussed above, Plaintiffs have not made a showing that the government acted in bad faith, nor have they shown that discovery is likely to show bad faith. Plaintiffs may disagree with the 2026 Policy but "disagreement does not mean that the agency's view was wrong, or even if it was wrong, that the agency's decision based on that view was reached in bad faith." *Cherokee Nation v. U.S. Dep't of the Interior*, Civ. A. No. 20-2167 (TJK), 2025 WL 1895837, at *3 (D.D.C. July 9, 2025) (quoting *Sierra Club v. U.S. Army Corps of Eng'rs*, 701 F.2d 1011, 1044 (2d Cir. 1983)).

Plaintiffs thus have not made the showing required to warrant supplementation of the record or extra-record discovery. The Court should deny Plaintiffs' motion.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' Discovery Motion. Judicial review should be based on the administrative record, which Defendants have produced. This case should progress towards final judgment. Defendants' fully-briefed summary judgment and discovery stay motions are pending. Further delay for discovery, as Plaintiffs continue to rest on the preliminary injunction, and when Defendants have produced a comprehensive administrative record that is not subject to any of the narrow exceptions for supplementation or extra-record evidence, is not warranted.

Dated: August 21, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

MARIANNE F. KIES
Assistant Branch Director

*/s/ M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Jared.littman2@usdoj.gov