**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ALISHEA KINGDOM**, *et al.*,

*Plaintiffs,*

**v.**

**DONALD TRUMP**, *et al.*,

*Defendants.*

**Case No. 1:25-cv-691-RCL**

**ORDER GRANTING PLAINTIFFS' MOTION FOR RENEWED PRELIMINARY INJUNCTION**

This Court entered an updated preliminary injunction in this case on June 17, 2026. ECF Nos. 215, 216. This injunction is currently on appeal, ECF No. 221, and will automatically expire on September 15, 2026, as required by the Prison Litigation Reform Act (PLRA). *See* 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period."). Plaintiffs now move to renew this preliminary injunction, and Defendants oppose. ECF No. 240.

District courts regularly renew or extend preliminary relief for additional periods under the PLRA while litigation on the merits of a case continue, so long as preliminary relief is still warranted. See ECF Nos. 79, 96, 114, 202; *Doe v. Blanche*, 172 F.4th 901,912 (D.C. Cir. 2026) (noting BOP's agreement "that section 3626(a)(2) does not limit a district court's ability to issue a new preliminary injunction at the end of the ninety-day period set forth in that statute" and that "every court of appeals that has reached the issue agrees" ( quotations omitted)); *Smith v. Edwards*, 88 F.4th 1119, 1125 (5th Cir. 2023) ("Though a preliminary injunction entered under the PLRA

otherwise automatically expires ninety days after entry, the injunction may be extended by the district court if it makes the requisite findings."); *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) ("Nothing in the statute limits the number of times a court may enter preliminary relief. . . . the provision simply imposes a burden on plaintiffs to continue to prove that preliminary relief is warranted."); *see also Alloway v. Hodge*, 72 F.App'x 812, 817 (10th Cir. 2003) (unpublished) (renewal of preliminary injunction that expired under the PLRA is not an abuse of discretion). Courts retain jurisdiction to make renewals even when the original preliminary relief has been appealed. *See Doe v. Blanche*, 172 F.4th at 912.

The Court has reviewed Plaintiffs' motion, ECF No. 240, Plaintiffs' memorandum in support, ECF No. 240-1, Defendants' opposition, ECF No. 240-2, and the entire record herein. Both the actions taken by Defendants that led to Plaintiffs' motion for an updated preliminary injunction and the facts that supported preliminary injunctive relief remain unchanged. Accordingly, the Court incorporates the reasoning contained in its memorandum opinion, ECF No. 216, for its June 17 preliminary injunction.

It appearing to the Court that Plaintiffs are likely to succeed on the merits of their action, that they will suffer irreparable injury if the requested relief is not issued, and that the balance of the equities and public interest favor the entry of such an order, it is therefore

**ORDERED** that Plaintiffs' Motion for Renewed Preliminary Injunction is **GRANTED**; it is further

**ORDERED** that the Bureau of Prisons' ("BOP") February 19, 2026 Program Statement 5260.01 (the "Program Statement") is stayed pursuant to 5 U.S.C. § 705. It is further

**ORDERED** that Defendants Todd Blanche, William K. Marshall, III, Christopher A. Bina, Dana R. DiGiacomo, and Shane Salem, in their official capacities, and their contractors,

employees, and agents (i) are enjoined from enforcing Program Statement 5260.01, and (ii) shall provide and continue providing Plaintiffs and class members with gender-affirming care in accordance with BOP policy and practice in effect immediately prior to the issuance of Executive Order 14168 on January 20, 2025. It is further

**ORDERED** that this injunction shall be effective beginning on September 15, 2026, and no bond shall be required.

In accordance with the Prison Litigation Reform Act, the Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2).

Plaintiffs have shown a substantial likelihood of success on their claims that application of the Program Statement to class members would be unlawful and would cause them immediate, irreparable harm. Because applying the Program Statement to Plaintiffs and class members would cause such serious and irreparable harm, a preliminary injunction preventing such application is necessary to correct the harm and is the least intrusive means necessary to do so. Furthermore, because this preliminary injunction prevents the application of the Program Statement, and Plaintiffs have demonstrated a likelihood of success on the merits and immediate, irreparable harm if that application is not enjoined, this Order extends no further than necessary to correct the harm that requires this preliminary relief.

Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief and has given substantial weight to such impacts. After this consideration, the Court has concluded and so finds that no adverse impacts

on public safety or the operation of the criminal justice system will result from maintaining the status quo of the class members' medical care while this litigation proceeds.

**IT IS SO ORDERED.**

Date: Aug. 26, 2026

Royce C. Lamberth
United States District Judge