**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ALISHEA KINGDOM, et al.,

Plaintiff,

v.

DONALD J. TRUMP, et al.,

Defendants.

No. 1:25-cv-00691 (RCL)

**PLAINTIFFS' MOTION TO COMPEL RESPONSES AND PRODUCTIONS TO DISCOVERY REQUESTS**

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiffs respectfully request an Order compelling Defendants to provide responses to Plaintiffs' Interrogatories and produce all non-privileged documents in response to Plaintiffs' Requests for Productions of Documents ("RFPs") (collectively, "Written Discovery Requests") that Plaintiffs served on Defendants on April 21, 2026. Defendants have failed to respond to Plaintiffs' Written Discovery Requests at all, even though they were required to respond within thirty days of service (by May 21, 2026). Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). Because Defendants have failed to comply with their discovery obligations under the Federal Rules of Civil Procedure and this Court's April 3, 2026 Order, which required all written discovery requests to be "completed by July 23, 2026," ECF 163 (the "Scheduling Order"), Plaintiffs have no choice but to seek this Court's intervention to compel the same under Rule 37.

The undersigned certifies that Plaintiffs' counsel met and conferred in good faith with Defendants' counsel via video conference on August 20, 2026, as required by Rule 37(a)(1). Pursuant to LCvR 7(m), Defendants oppose this motion. In addition, pursuant to LCvR 5.2(b), a

copy of Plaintiffs' Written Discovery Requests is attached as Exhibit A to this motion.[1]

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On January 20, 2025, President Trump issued Executive Order 14168 ("EO") directing the Bureau of Prisons ("BOP") to ensure that "no Federal funds are expended for any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex." EO 14168, *Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8615 (Jan. 20, 2025). In February 2025, BOP issued two memoranda implementing the EO's requirements, categorically prohibiting gender-affirming health care for individuals with gender dysphoria in BOP custody. ECF Nos. 1-1; 1-2. (the "Implementing Memoranda"). On March 7, 2025, Plaintiffs, individuals with gender dysphoria diagnoses in BOP custody, brought this lawsuit asserting an Eighth Amendment claim for deprivation of necessary medical care, an Equal Protection claim under the Fifth Amendment, a disability discrimination claim under § 504 of the Rehabilitation Act of 1973, and claims under the Administrative Procedure Act, seeking, among other things, injunctive relief to restore access to gender-affirming health care as it was before the EO. ECF 4-1 ¶¶ 8, 96-137.

Following the Court's initial preliminary injunction issued on June 3, 2025, Plaintiffs moved for discovery, which Defendants opposed. On February 19, 2026, the Court granted Plaintiffs' motion, permitting discovery on Plaintiffs' APA and constitutional claims regardless of Defendants being "in the process of producing a new policy implementing Executive Order 14168" because Defendants failed to produce an administrative record for the Implementing Memoranda. ECF 123 at 1-2. In doing so, the Court acknowledged that "the original policy is

---

[1] Exhibits A and B to Plaintiffs' Witten Discovery Requests, which consist of metadata fields and a table listing class members, respectively, are not included as they are not necessary to the resolution of this motion.

relevant to a challenge to any policy that supersedes it." *Id.* at 2. After the parties submitted competing proposed discovery schedules, ECF 141 (Defs.' Proposal), 144 (Pls.' Proposal), on April 3, 2026, the Court issued a Scheduling Order mandating that written discovery requests be served no later than June 22, 2026, and responded to by July 23, 2026, and that all non-expert depositions and fact discovery be completed by September 21, 2026. ECF 163.

On April 21, 2026, Plaintiffs' counsel served Defendants with three Interrogatories and nine RFPs, which included production of electronically stored information ("ESI"), regarding the EO and Implementing Memoranda. Ex. A. On May 13, Defendants moved for summary judgment, and on May 14—a mere seven days before Defendants' responses to Plaintiffs' discovery requests were due—Defendants moved to stay discovery pending disposition of their summary judgment motion or, in the alternative, seeking an extension of time to respond. ECF 190. Plaintiffs opposed both motions, and those motions remain pending. By email and during the August 20th meet-and-confer, Plaintiffs' counsel reminded Defendants' counsel of Defendants' obligation to respond to their discovery requests and the fact that they missed the thirty-day deadline under the Federal Rules. Defendants' counsel informed Plaintiffs' counsel that Defendants intend to wait for the Court to decide their stay and summary judgment motions before responding to any of Plaintiffs' discovery requests.

To date, Defendants have not responded at all to Plaintiffs' Written Discovery Requests. In order to diligently litigate their claims in the instant action, Plaintiffs move to compel Defendants' responses and withheld productions.

## LEGAL STANDARD

A party served with interrogatories and requests for production must respond in writing within thirty days of service. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). This includes discovery of ESI.

*Id.* 34(a)(1)(A). The party responding to discovery requests may include objections to them in its timely responses, but a failure to do so constitutes a waiver of all objections. Fed. R. Civ. P. 33(b)(4); *Fonville v. District of Columbia*, 230 F.R.D 38, 42 (D.D.C. 2005). Under Federal Rule of Civil Procedure 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." "When the opposing party refuses to respond to a discovery request," as here, "the burden shifts to the opposing party to show that the movant's request is burdensome, overly broad, vague or outside the scope of discovery." *United States v. Kellogg Brown & Root Servs., Inc.*, 284 F.R.D. 22, 27 (D.D.C. 2012).

## ARGUMENT

### I. This Court Should Order Defendants to Respond to Plaintiffs' Written Discovery Requests.

#### A. Plaintiffs' Discovery Requests Seek Information And Documents That Are Highly Relevant To Plaintiffs' Claims.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In this Court, "[r]elevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'" *Breiterman v. United States Capitol Police*, 324 F.R.D. 24, 30 (D.D.C. 2018) (citation omitted).

Plaintiffs' Written Discovery Requests are, on their face, relevant to the claims and

defenses in this lawsuit as they concern the development and implementation of the EO and the Implementing Memoranda, the effects of the denial of gender-affirming health care on Plaintiffs and class members, and BOP's asserted security rationale for the policy. Plaintiffs' requests seek, for example, the identities of "all Persons who participated in, contributed to, and/or were otherwise involved in the development, drafting, creation, and/or enactment of" the EO and Implementing Memoranda (Interrogatory 1); "guidelines, memoranda, bulletins, instructions, directives, or other similar communications related to the issuance of, compliance with, and/or implementation of" them (RFP 6); "[a]ll Documents Related to the drafting, dissemination, interpretation, and enforcement" of the EO and Implementing Memoranda (RFP 8). Ex. A at 8-9. This information would assist Plaintiffs in identifying relevant witnesses to depose and reveal the bases for Defendants' policies pertaining to the treatment and care of Plaintiffs and class members.

Although Plaintiffs are no longer pursuing their claims against the Implementing Memoranda themselves due to the superseding Program Statement issued by BOP, as this Court recognized in its earlier order granting Plaintiffs discovery as to the EO and Implementing Memoranda, "the original policy [(*i.e.*, the Implementing Memoranda)] is relevant to a challenge to any policy that supersedes it." ECF 123 at 2. For example, discovery on the development and implementation of the Implementing Memoranda is relevant to Plaintiffs' allegations that the Program Statement is a mere repackaging of the Implementing Memoranda, which is relevant to Plaintiffs' claims against the Program Statement, and to Defendants' defense that the Program Statement purportedly is a product of reasoned agency decisionmaking. Plaintiffs' requests satisfy the relevancy requirement under Rule 26(b)(1), which permits discovery "relevant to the parties' claims and defenses, even if it is not the direct subject of Plaintiff's suit." *Kersey v. Washington Metro. Area Transit Auth.*, 2005 WL 8169212, at *2 (D.D.C. Aug. 1, 2005).

Plaintiffs' Written Discovery Requests also seek information and documents related to the treatment and care of people with gender dysphoria in BOP custody, including the medical records of Plaintiffs (RFP 2) and some class members (RFP 4); "[a]ll Documents Related to all grievances filed by Class Representatives" (RFP 3);"[a]ll manuals, policies, guidelines, memoranda, bulletins, instructions, directives, or other publications from September 15, 2022, to the present related to the provision of Gender-Affirming Health Care in BOP custody" (RFP 5); "memoranda, presentations, meeting minutes, recordings, summaries, or reports of meetings" of the Transgender Executive Council ("TEC") (RFP 7); and information about the TEC and Transgender Clinical Care Team ("TCCT"), including the identities of its members (Interrogatory 2). Ex. A at 8-9. This information would show the efficacy of gender-affirming health care in alleviating gender dysphoria for Plaintiffs and class members as known to BOP, insight into who at BOP had knowledge of the same, and whether Defendants considered this information in the issuance of their policies pertaining to this care. These questions bear on Plaintiffs' APA arbitrary and capricious claim because "agency action is arbitrary and capricious if the agency 'failed to consider an important aspect of the problem' before it." *Cigar Ass'n of Am. v. United States FDA,* 964 F.3d 56, 61 (D.C. Cir. 2020) (citation omitted). Plaintiffs' requests likewise bear on Plaintiffs' Eighth Amendment claim because they are likely to lead to evidence establishing that a prison official was aware of a serious risk of harm by prohibiting gender-affirming care and disregarded it. *Farmer v. Brennan,* 511 U.S. 825, 828 (1994).

Plaintiffs' Interrogatory 3, which seeks information pertaining to any adverse security and administrative impacts of following BOP's prior clinical guidelines of providing gender-affirming health care to people with gender dysphoria in BOP custody, also is relevant to the parties' claims and defenses as this request directly concerns Defendants' stated rationale in defense of their policy

prohibiting gender-affirming care for people diagnosed with gender dysphoria in BOP custody.

The information Plaintiffs seek through their Written Discovery Requests also is critical to enabling Plaintiffs to identify fact witnesses for depositions. Responses to Plaintiffs' requests for the identities of the individuals who were part of the TEC and TCCT and who participated in or otherwise were involved in the drafting of the EO and Implementing Memoranda (Interrogatories 1 & 2) will reveal whether there was any overlap between the individuals, and if so, those individuals' deposition testimony is likely to reveal their assessment of Defendants' decision to ban gender-affirming care for people with gender dysphoria in BOP custody and elucidate whether they agreed with the decision. Plaintiffs' Written Discovery Requests therefore easily satisfy the relevance requirement under Rule 26, which, as noted above, is "construed broadly" in this Court. *E.g.*, *Breiterman*, 324 F.R.D. at 30; *St. John v. Napolitano*, 274 F.R.D. 12, 15 (D.D.C. 2011) ("Relevance is construed broadly for the purposes of discovery.").

### B. Defendants Have Failed To Respond To Plaintiffs' Written Discovery Requests For Over Three Months In Contravention Of Rules 33 and 34 and This Court's Scheduling Order.

Rather than responding "fully in writing under oath" to Plaintiffs' Interrogatories as required by Rule 33(b)(3) or stating that they will either permit inspection or "produce copies of documents or of [ESI]" as required by Rule 34(b)(2)(B) within 30 days of being served the discovery requests, Defendants have not responded to Plaintiffs' Written Discovery Requests at all. Instead, they intend to wait for the Court to decide Defendants' pending motions for summary judgment and to stay discovery. But there is no provision in the Federal or Local Rules that relieves a party of its duty to timely respond to discovery requests simply because a motion to stay discovery or motion for summary judgment is pending. "When a party is under an impending deadline, that deadline must be met unless an order of the court *grants* an enlargement of time."

*Lohrenz v. Donnelly*, 187 F.R.D. 1, 11 (D.D.C. 1999) (emphasis added).“Litigants cannot pick and choose the legal proceedings they want to participate in at any given time.” *Washington Metro. Area Transit Comm’n v. Reliable Limousine Serv., LLC*, 776 F.3d 1, 6 (D.C. Cir. 2015).

Furthermore, this Court issued a Scheduling Order requiring written discovery requests to be served by June 22, 2026, and to be completed by July 23, 2026. ECF 163 at 1. Although Plaintiffs served their discovery requests well in advance of the June 22 deadline (on April 21), Defendants failed to comply not only with the default 30-day deadline under the Federal Rules, but also with the July 23 deadline in the Court’s Scheduling Order to complete the discovery requests. That “[t]he discovery obligations set forth in the Court’s . . . Scheduling Order were eminently clear” serves as another reason Defendants should be ordered to respond to Plaintiffs’ Written Discovery Requests in full. *Martinez v. Asian 328, LLC*, 2016 WL 1698261, at *5 (D.D.C. Apr. 27, 2016) (granting plaintiffs’ motion to compel where defendants provided insufficient and late responses in violation of the court’s scheduling order).

## II. Defendants Have Waived Objections to Plaintiffs’ Written Discovery Requests.

Both Rules 33 and 34 require parties to state any objections to discovery requests in their responses to those requests. Fed. R. Civ. P. 33(b)(2) (“The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.”); 34(b)(2)(B) (“For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.”). Under Rule 33(b)(4), “[a]ny ground not stated in a timely objection [to interrogatories] is waived unless the court, for good cause, excuses the failure.” Although Rule 34 “does not contain an automatic waiver provision as a consequence of failing to file a timely objection” like Rule 33, this Court has held that “there is no reason to interpret the two rules

differently." *Fonville*, 230 F.R.D at 42. Indeed, "[t]o the contrary, courts have held that the failure to timely file an objection to a request for production of documents may be deemed a waiver." *Id. See also Campaign Legal Ctr. v. Iowa Values*, 710 F. Supp. 3d 35, 52 (D.D.C. 2024) ("Absent good cause, untimely objections to requests for production and interrogatories may be deemed waived.").

By failing to serve any responses to Plaintiffs' Written Discovery Requests at all within the time required under the Federal Rules and this Court's Scheduling Order, including lodging any objections, Defendants have waived any such objections. Just as there is no good cause for Defendants' failure to respond to Plaintiffs' Written Discovery Requests at all, there is no good cause for their failure to timely lodge objections to those requests. Defendants have had ample time, and their deliberate choice to rely on their pending motion to stay discovery rather than responding to Plaintiffs' Written Discovery Requests on time is "not good cause to excuse [their] waiver." *Campaign Legal Ctr.*, 710 F. Supp. 3d at 54. This Court accordingly should find that Defendants have waived any objections to Plaintiffs' Written Discovery Requests.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion. A proposed order is attached.

Dated: August 27, 2026

Respectfully submitted,

/s/ Li Nowlin-Sohl

Li Nowlin-Sohl (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, DDC Bar ID 120840
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500

Aditi Shah, D.C. Bar No. 90033136
Michael Perloff, D.C. Bar No. 1601047
ACLU FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street NW, Suite 420
Washington, D.C. 20045
Tel: 202-457-0800
ashah@acludc.org
mperloff@acludc.org

lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

Corene T. Kendrick (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org

David C. Fathi (*pro hac vice*) *
Maria V. Morris, D.C. Bar. No. 1697904
Elisa C. Epstein (*pro hac vice*) *
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org
**Not admitted in D.C.; practice limited to federal courts.*

Shawn Thomas Meerkamper (*pro hac vice*)
Megan Z. F. Noor (*pro hac vice*)
Dale Melchert (*pro hac vice*)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Tel: 510-587-9696
shawn@transgenderlawcenter.org
megan@transgenderlawcenter.org
dale@transgenderlawcenter.org

Lynly S. Egyes (*pro hac vice*)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Tel: 510-587-9696
lynly@transgenderlawcenter.org

*Counsel for Plaintiff Class*