# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISHEA KINGDOM, et al.,<br>Plaintiffs,<br>v.<br>DONALD J. TRUMP, et al.,<br>Defendants. | Case No. 1:25-cv-00691-RCL<br>**PLAINTIFFS' FIRST COMPOSITE WRITTEN DISCOVERY REQUESTS** |

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiffs Alishea Kingdom, Solo Nichols, and Jas Kapule hereby request that Defendants Donald J. Trump, Todd Blanche, William K. Marshall III, Christopher A. Bina, Dana R. DiGiacomo, and Shane Salem, in their official capacities, answer under oath the following interrogatories, respond in writing to the following document requests and produce all responsive documents, and answer in writing the following requests for admissions:

## DEFINITIONS

1. "Action" refers to the above-captioned case.

2. "Answer" refers to the answer You filed on June 24, 2025, in response to the Complaint.

3. "BOP" refers to the Federal Bureau of Prisons.

4. "Class Members" refers to the class of all Persons who are or will be incarcerated in the custody of BOP facilities, with a current medical diagnosis of Gender Dysphoria or who will receive such a diagnosis in the future.

5. "Class Representatives" or "Plaintiffs" refers to the named Plaintiffs in this Action: Alishea Kingdom, Solo Nichols, and Jas Kapule.

6. "Communication" means any transmission of information by any means in the form of facts, ideas, inquiries, or otherwise, including but not limited to, telephone conversations, letters, texts, encrypted messages, emails, other computer linkups, written memoranda, and face-to-face conversations. The term "Communication" also includes drafts, revisions, or copies of any such Communication if the draft, revision, or copy is in any way different from the original.

7. "Complaint" means the operative complaint in this Action as originally filed, amended, or supplemented throughout this Action.

8. "Defendants" means Defendants Donald J. Trump, Todd Blanche, William K. Marshall III, Christopher A. Bina, Dana R. DiGiacomo, and Shane Salem, in their official capacities.

9. "Document" means any written, recorded, or graphic material, no matter how produced, recorded, stored, or reproduced, including any writing, letter, envelope, email, attachment to email, facsimile, message, text, instant message, voicemail, meeting minutes, meeting notes, meeting agendas, calendar invitations, memorandum, statement, book, publication, record, survey, map, study, report, handwritten note, drawing, working paper, chart, tabulation, graph, tape, data sheet, data processing card, printout, photograph, index, scientific notebook, appointment book, diary, diary entry, calendar, and any other data compilation. The term "Document" includes, without limitation, Communications. A draft, version, or non-identical copy is a separate Document within the meaning of this term.

10. "Executive Order" refers to Executive Order 14168, entitled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," issued by Defendant Trump on January 20, 2025.

11. "Gender-Affirming Health Care" refers to the treatment of Gender Dysphoria, including, but not limited to, Hormone Therapy, surgical procedures and/or Social Accommodations.

12. "Gender Dysphoria" refers to a medical condition that is defined in the most current Diagnostic and Statistical Manual of Mental Disorders (DSM). A Person with this condition has a marked incongruence between their sex assigned at birth and their identified or expressed Gender Identity, causing clinically significant distress or impairment in functioning.

13. "Gender Identity" refers to a person's internal sense of belonging to a particular gender.

14. "Hormone Therapy" refers to a medical treatment in which medications are administered to Persons diagnosed with Gender Dysphoria, for the purpose of more closely aligning their physical characteristics with their Gender Identity, to treat their Gender Dysphoria.

15. "Identify" when used with respect to Documents means to describe the Document by Bates stamp and/or date, author, recipient, and subject matter. The term "Identify" when used with respect to Witnesses means to provide the Witness's name, current address, employer, and occupation. The term "Identify" when used with respect to facts means to state the facts requested. The term "Identify" when used with respect to an event means to state the date and participants in the specified event.

16. "Implementing Memoranda" refers to BOP's memoranda implementing the Executive Order, specifically the (1) February 21, 2025 memorandum entitled "Compliance with

Executive Order 'Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government"; (2) February 28, 2025 memorandum entitled "Executive 14168 Compliance"; and (3) any other memoranda or policy documents issued by BOP providing instruction or guidance on how BOP officials should implement the Executive Order.

17. "Person" means any natural person or any business, legal, or governmental entity or association.

18. "Policy" or "Policies" means any policy, plan, procedure, protocol, rule, regulation, guideline, or practice, whether formal or informal, written or unwritten, present or past.

19. "Prior Clinical Guidance" refers to Your clinical guidance on the treatment of Gender Dysphoria in effect before the issuance of the Executive Order, as referenced by You in Paragraph 3 of the Answer.

20. "Relating to," "Related to," "Reflecting," and any forms thereof shall be construed to mean constituting, reflecting, representing supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, pertaining to, being connected with, or relevant to a stated subject matter. As indicated, the terms necessarily include information which is in opposition to as well as in support of Your position(s) and claim(s) in this Action

21. "Social Accommodations" refer to accommodations for Persons in BOP custody with gender dysphoria to permit them to Socially Transition. These include exceptions to gendered clothing and grooming standards, access to canteen and laundry items available to cisgender individuals of the same gender identity (e.g. makeup or female undergarments for transgender women), chest binders, and hair removal devices, and pat search protocols.

22. "Social Transition" refers to changing appearance (e.g. garments, hair, make-up) and social role, with change of signifiers of gender, including name and pronouns, and public presentation to be consistent with one's gender identity.

23. "Transgender" means Persons whose Gender Identity, gender expression, and/or behavior does not conform to that typically associated with the sex they were assigned at birth, and/or Persons who have self-identified as transgender to BOP.

24. "Witness" or "Witnesses" means any natural person with knowledge of the specified issue.

25. "You," "Your," "Yours," and "Yourself" refer to each of, and collectively or any group of, Defendants, their respective agencies, officers, agents, employees, administrators, attorneys, representatives, contractors, consultants, investigators, and all other Persons and entities working or purporting to act on behalf of, or in concert with, or in participation with any of them.

26. Except where the context does not permit, the terms "include" and "including" shall be without limitation.

27. Except where the context does not permit, the terms "all" and "any" shall be construed to mean "any and all."

28. Except where the context does not permit, the term "each" shall be construed to mean "each and every."

29. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

30. The singular form of any word shall be construed to also include the plural, and vice versa.

31. The use of a verb in any tense shall be construed to include all other tenses as and wherever necessary to facilitate a complete answer.

32. All other capitalized terms appearing but not defined herein shall have the meanings given to them in the Complaint.

## INSTRUCTIONS

1. All responses to these discovery requests should be directed to Plaintiffs' counsel of record in this Action.

2. If a request cannot be complied with in full, it shall be complied with to the extent possible and accompanied by an explanation of Your objection to the request or other reasons You are unable to fully comply.

3. In the event any information or Documents responsive to these requests is withheld based upon a claim of attorney-client, work-product, or any other privilege or immunity, explain the basis of the privilege or other protection You are claiming in a manner that enables other parties to assess the applicability of the privilege or protection.

4. Responses to these requests shall include all information and Documents within the custody, possession, or control of You, Your employees, partners, contractors, accountants, attorneys, or other agents, or which are otherwise available to You.

5. If a Document has been destroyed, Identify it, state when and where it was destroyed, the name and address of the Person(s) who destroyed it, the name and address of the Person(s) who directed or knew of the destruction, and the name and address of the Person(s) who has knowledge of the contents of such Document, stating the substance of such knowledge.

6. If the Document—and Your copies of the Document—described in these requests were, but no longer are, in Your possession, or in existence, state whether they are missing or lost; they have been destroyed; they have been transferred, voluntarily or involuntarily, to others; or

they have been disposed of otherwise. In each instance, explain the circumstances surrounding such disposition and Identify the Person directing or authorizing same, and the date thereof. In addition, furnish a list Identifying each such Document and setting forth each Document, its form, its date, its author or addressor, its recipient or addressee, the subject matter or matters referred to, its present location and custodian, and state whether the Document or copies are still in existence.

7. Whenever possible, Documents created or stored in electronic format should be produced in the original, native electronic format. Otherwise, the Documents should be produced in a portable document format (PDF). Only if the responsive Document is in neither format should it be produced in paper format.

8. All responsive electronically stored discovery materials will be produced with a delimited database load file that contains all available metadata fields (see the attached **Exhibit A** outlining metadata fields requested). An .opt image cross-reference file will also be provided for all .tiff images. Defendants' production of electronically stored discovery materials must include, at a minimum, sufficient metadata to convey where items begin and end (including attachments), the original file name and location, and the original timestamps and attributes, including the following metadata fields: "BEGDOC," "ENDDOC," "BEGATT," "ENDATT," "to," "from," "cc," "bcc," "subject," "custodian," "author," "sent date," "sent time," "received date," "received time," "create date," "create time," "last modified date," "last modified time," "location," "file path," and "MD5HASH." Timestamp metadata should reflect the time in the time zone of the custodian from whom the Document was collected. In the event Plaintiff agrees that search terms may be used to collect any portion of the discovery materials, Defendants must, before collecting from any location containing Documents with renderable text that may not be text-searchable (*e.g.*, non-OCR'ed PDF files), run an OCR protocol on that location.

9. These requests are continuing in nature and impose upon Defendants the obligations stated in Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

1. Identify all Persons who participated in, contributed to, and/or were otherwise involved in the development, drafting, creation, and/or enactment of: (1) the Executive Order and (2) the Implementing Memoranda.

2. Identify all members of the Transgender Executive Council (TEC) and the Transgender Clinical Care Team (TCCT), from December 2016 until the suspension of these entities as a result of the Implementing Memoranda.

3. Identify any and all evidence of any adverse security and prison administration impacts of BOP's Prior Clinical Guidance, including but not limited to: evidence of increased assault or harassment of individuals as a result of Gender Affirming Health Care, incidents of Social Accommodations being used to conceal contraband, and incidents of escape, delayed detection, or difficulty detecting a Person as a result of Social Accommodations.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All contents of the administrative record for the Implementing Memoranda.

2. The Class Representatives' complete medical and mental health records from their respective dates of incarceration to the present.

3. All Documents Related to all grievances filed by Class Representatives from January 20, 2025, to the present, including all responses to those grievances and appeals provided by BOP employees and/or Defendants.

4. The medical records related to gender dysphoria and the mental health records, from January 1, 2024, to present, for the class members listed in **Exhibit B**.

5. All manuals, policies, guidelines, memoranda, bulletins, instructions, directives,

or other publications from September 15, 2022, to the present related to the provision of Gender-Affirming Health Care in BOP custody, including, without limitation, any proposed drafts and/or revisions thereof.

6. All guidelines, memoranda, bulletins, instructions, directives, or other similar communications related to the issuance of, compliance with, and/or implementation of (1) the Executive Order, (2) the Implementing Memoranda, and (3) the Court's June 3, 2025 Preliminary Injunction.

7. All memoranda, presentations, meeting minutes, recordings, summaries, or reports of meetings, whether formal or informal, of the Transgender Executive Council (TEC) from February 1, 2022, to February 21, 2025.

8. All Documents Related to the drafting, dissemination, interpretation, and enforcement of the Executive Order and Implementing Memoranda.

9. Any Document referenced in Your Initial Disclosures.

Dated: April 21, 2026

Respectfully submitted,

David C. Fathi† (*pro hac vice*)
Maria V. Morris, D.C. 1697904
Elisa C. Epstein† (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org
† *Not admitted in D.C.; practice limited to federal courts.*

Michael Perloff, D.C. Bar No. 1601047
Aditi Shah (D.C. Bar No. 90033136)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: 202-457-0800
mperloff@acludc.org
ashah@acludc.org

Corene T. Kendrick (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org



Li Nowlin-Sohl (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, DDC Bar ID 120840
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

Shawn Thomas Meerkamper (*pro hac vice*)
Megan Z. F. Noor (*pro hac vice*)
Dale Melchert (*pro hac vice motion forthcoming*)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Tel: 510-587-9696
shawn@transgenderlawcenter.org
megan@transgenderlawcenter.org
dale@transgenderlawcenter.org

Lynly S. Egyes (*pro hac vice*)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Tel: 510-587-9696
lynly@transgenderlawcenter.org

*Counsel for plaintiffs and the proposed class*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by email, on this the 21st day of April 2026:

M. Jared Littman
Jean Lin
Elizabeth B. Layendecker
Alexander James Yun
U.S. DEPARTMENT OF JUSTICE
1100 L. Street, NW
Washington D.C. 20005
Jared.Littman2@usdoj.gov
Jean.Lin@usdoj.gov
Elizabeth.b.layendecker@usdoj.gov
Alex.Yun@usdoj.gov

*Attorneys for Defendants*

__/s/ Li Nowlin-Sohl___
*Counsel for Plaintiffs*