UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALISHEA KINGDOM**, *et al.*,<br>*Plaintiffs*,<br>v.<br>**DONALD TRUMP**, *et al.*,<br>*Defendants.* | **Case No. 1:25-cv-691-RCL** |

**ORDER**

This order pertains to the currently outstanding requests for leave to file that this Court has received since the inception of this class action. *See* ECF Nos. 77, 158, 159, 165, 169, 175, 177, 183, 184, 185, 196, 197, 206, 211, 212, 214, 220, 230, 232, 233, 234, 248, 249, 250, 251, 252. These requests contain letters from incarcerated parties who purport to be absent class members. The Court previously granted leave to file for eight such prior requests, *see* ECF Nos. 97, 98, 99, 100, 147, 148, 149, 150, and denied several resulting motions after determining that they were motions to intervene, "regardless of whether they [were] explicitly styled as such." ECF No. 123 at 3. The Court now denies leave to file all outstanding requests and terminates the two motions pending on the docket from prior grants of leave to file, ECF Nos. 147, 150, as improvidently filed in light of this order.

A district court has the inherent power to "manage its docket and courtroom with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). It is neither efficient nor expedient for the Court to grant leave to file these letters, which contain a wide variety of requests, sensitive information, and individual allegations that at times stray from the bounds of this case. 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases

personally or by counsel."). To the extent that these are construed as anything other than a motion to intervene, pro se parties may not purport to move the Court on behalf of the class this way—that is the job of class counsel. *See DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) ("[A] pro se litigant who is not trained as a lawyer is simply not an adequate class representative."). To the extent that these letters are construed as motions to intervene, the Court is not convinced that class counsel is not providing fair and adequate representation to class members in this matter. *See* ECF No. 123.

Although the Court, for the above reasons, is denying leave to file these letters, the Court has decided that these letters should appear on the public docket to avoid any potential question about *ex parte* communications with parties to the case, since the letters all appear to be from class members. The Court is, however, sensitive to the private nature of the facts and allegations detailed within these letters and the potential for retaliation against letter-writers. Moreover, the issues within these letters are troubling, if true, for the Court, and the Court is not willing to ignore their contents. For this reason, the court is adopting the following course of action concerning redaction and counsel's communication with letter-writers. It is hereby

**ORDERED** that leave to file is **DENIED** for ECF Nos. 77, 158, 159, 165, 169, 175, 177, 183, 184, 185, 196, 197, 206, 211, 212, 214, 220, 230, 232, 233, 234, 248, 249, 250, 251, and 252. It is further

**ORDERED** that the Clerk is to provide copies of the documents associated with the above ECF numbers to lead counsel for both parties. It is further

**ORDERED** that class counsel shall meet and confer with counsel for Defendants and shall propose redacted copies of these documents for the public record. It is further

**ORDERED** that the Minute Order dated March 11th, 2026, granting leave to file for ECF Nos. 106, 110, 112, and 145 is **VACATED** and the resulting motions, ECF Nos. 147 and 150, are **TERMINATED** as leave to file was improvidently granted. It is further

**ORDERED** that class counsel shall, after reviewing the above-named documents, including ECF Nos. 147 and 150, file any such motions on behalf of the class as counsel deems appropriate, if any. If class counsel reviews a document that requests court action and decides that no action is necessary, class counsel shall inform both the Court and the writer of the document that class counsel is declining to represent them on their requested motion. If a letter raises issues about the adequacy of class counsel's representation, class counsel shall specifically address those issues with the letter-writer and with the Court. It is further

**ORDERED** that the parties file a Joint Status Report within 30 days from the date of this order, updating the Court as to their progress on completing the above-ordered tasks. Within that Joint Status Report, parties shall attach any proposed redacted copies of the filed documents that have been completed. If, after meeting and conferring, Defendants maintain any opposition to submitted proposed redactions, Defendants may note their opposition within the Joint Status Report. When referring to letters, parties shall use the ECF numbers associated with the original leave to file request until a redacted copy appears on the record with its own associated document number.

**IT IS SO ORDERED.**

Date: 9-8-26

Royce C. Lamberth
Royce C. Lamberth
United States District Judge