**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISHEA KINGDOM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Civ. A. No. 25-691 (RCL) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL RESPONSES AND PRODUCTIONS TO DISCOVERY REQUESTS**

For the following reasons, the Court should deny Plaintiffs' Motion to Compel Responses and Productions to Discovery Requests ("Pls.' Mot."), ECF No. 235. Defendants have advanced threshold arguments supporting the dismissal of all the claims asserted for which the Court has permitted discovery, and this Court should address Defendants' dispositive motion and rule on these threshold matters before any discovery is permitted.

## BACKGROUND

Plaintiffs' claims challenging the gender dysphoria treatment policy of the Federal Bureau of Prisons ("BOP") fall into three main buckets: claims about (1) Executive Order 14,168 (the EO); (2) BOP's 2025 memoranda implementing the EO; and (3) BOP's policy that has expressly superseded the 2025 implementing memoranda, Program Statement 5260.01, *Management of Inmates with Gender Dysphoria* ("Program Statement"), ECF No. 125. *See* Compl., ECF No. 1; Suppl. Compl., ECF No. 182.

On April 3, 2026, the Court permitted discovery concerning the first two buckets, the EO and the implementing memoranda, stating: "Fact discovery . . . shall apply to the following topics[:] The development and implementation of Executive Order 14168 and the original BOP Implementing Memoranda." Apr. Order at 1, ECF No. 163. As to the third bucket, the Program Statement, the Court ordered BOP to produce the administrative record, Feb. Order at 2, ECF No. 123, which Defendants did on March 12, 2026, ECF No. 151.[1] In the nearly five months thereafter, until very recently (ECF No. 235), Plaintiffs have not moved to supplement the administrative record for the Program Statement or sought extra-record evidence related to the Program Statement.

On April 21, 2026, Plaintiffs served Defendants with their first set of discovery requests. On May 13, 2026, Defendants moved for summary judgment as to all claims. Defs.' Mot. for Summ. J., ECF No. 187. In addition to requesting summary judgment on the merits of Plaintiffs' challenge to the Program Statement based on the administrative record, Defendants argued in their motion that the Court does not have jurisdiction to review Plaintiffs' challenge to the EO and the implementing memoranda—the topics for which the Court had granted discovery in its April Order. *Id.* at 11–14. On May 14, 2026, Defendants accordingly moved to stay discovery pending resolution of Defendants' summary judgment

[1] Tellingly, Plaintiffs omit from their motion the topical limitations of the Court's April discovery Order, *i.e.*, the EO and implementing memoranda, Pls. Mot. at 3, and then improperly rely on the general relevancy standard under Rule 26(b)(1), Pls. Mot. at 4, 5, 7. But that standard applies only if discovery was not "otherwise limited by court order." Fed. R. Civ. P. 26(b)(1). Here, the Court "limited" the topics for discovery "by court order." *See id.*; Apr. Order at 1. Plaintiffs act as if the limitations in that Order do not exist and fail to appreciate that the Court ordered production of the administrative record—and not discovery—as to the Program Statement. Feb. Order at 2. Plaintiffs have separately moved for Program Statement discovery; that motion is pending. Pls.' Mot. for Disc., ECF No. 235.

motion. Defs.' Mot. to Stay, ECF No. 190. Defendants' summary judgment is fully briefed and pending. ECF Nos 187, 218, 231. So is Defendants' stay motion. ECF Nos. 190, 219, 229.

## ARGUMENT

"'It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.'" *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) (quoting *Anderson v. U.S. Attorney's Office*, Civ. A. No. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)). "Certainly, if the Court lacks subject matter jurisdiction, Plaintiff[s are] not entitled to conduct discovery on the merits of [their] claim." *Davis v. United States*, 196 F. Supp. 3d 106, 120 n.8 (D.D.C. 2016); *see also Macharia v. United States*, 334 F.3d 61, 68 (D.C. Cir. 2003) ("Likewise, discovery on the merits would have been entirely irrelevant to the jurisdictional issue raised by the government's motion to dismiss."); *Loughlin v. United States*, 286 F. Supp. 2d 1, 8 n. 9 (D.D.C. 2003) ("Indeed, because the government [challenges] the Court's subject matter jurisdiction . . . , claimants were not entitled to conduct discovery on the merits of their claim."), *aff'd*, 393 F.3d 155 (D.C. Cir. 2004)

As a threshold matter, Plaintiffs' assertion that Defendants have somehow failed to respond to their discovery requests "at all" is, at best, disingenuous. Pls. Mot. at 1. Defendants responded to Plaintiffs' discovery requests by establishing that Plaintiffs do not have standing to challenge the EO and the implementing memoranda—the topics for which the Court had granted discovery—and by further establishing that, even if Plaintiffs do have standing, the Court lacks jurisdiction to enjoin the EO itself and Plaintiffs' challenge to the superseded

implementing memoranda is moot. Defs.' Mot. to Stay at 1, 4.[2] Indeed, after receiving Defendants' Motion to Stay, Plaintiffs acknowledged that they have abandoned their claims related to the implementing memoranda. Prel. Inj. Reply, at 3 n.1 ("Plaintiffs excised those challenges through their Supplement Complaint"), ECF No. 194. All that remains are Plaintiffs' claims related to the Executive Order and the Program Statement.

## I. Plaintiffs' Challenge to the Executive Order Should be Dismissed and Is Not a Basis for Discovery to Proceed

As Defendants' fully briefed dispositive motion raises substantial jurisdictional arguments with respect to Plaintiffs' challenge to the EO, at minimum, the Court should decide the jurisdictional issue before discovery proceeds on that claim. *See* Defs.' Mot. for Summ. J. at 1–2, 13 (arguing that the Court does not have jurisdiction to enjoin the EO itself under *Franklin v. Massachusetts,* 505 U.S. 788, 827 (1992), and that Plaintiffs do not have standing to challenge the EO because the EO itself is not causing them injury and a favorable court decision will not redress their asserted injury); Mem. Op. at 14, ECF No. 216 (Court declining to preliminarily enjoin enforcement of the EO pending further briefing on the jurisdictional issue, which is now before the Court). The motion is ready for the Court's resolution. Nor do Plaintiffs' discovery requests change that calculus; Plaintiffs substantively responded to Defendants' motion for summary judgment without pursuing relief under

---

[2] By filing this superfluous motion, Plaintiffs appear to believe it would have been preferable for Defendants to respond to their discovery requests by raising the very same objections that Defendants have already identified in their motions for summary judgment and to stay, but that would have definitionally been make-work. Plaintiffs have actual notice of exactly why Defendants did not respond substantively to their discovery requests, and their apparent demand that Defendants commit those objections in the precise form of a written discovery response elevates form over substance and would have been an inefficient use of resources.

Federal Rule of Civil Procedure 56(d) and thus have "forfeited any claim" that they need further discovery to respond to Defendants' jurisdictional arguments. *See Davis v. Dist. of Columbia*, 925 F.3d 1240, 1255 (D.C. Cir. 2019).

If the Court were to grant Plaintiffs' motion to compel, Defendants would be compelled to respond to invasive, burdensome discovery related to challenges over which the Court lacks jurisdiction: superseded, moot memoranda that Plaintiffs no longer challenge and an EO that never had any independent operative effect.

## II. No Discovery Is Necessary for Plaintiffs' Claims About the Program Statement because Defendants Have Produced the Administrative Record, and Plaintiffs Have Not Shown That the Record Requires Supplementation.

As to the third bucket, the Program Statement, Plaintiffs have recently moved for discovery, Pls.' Mot. for Disc., ECF No. 235, and Defendants have responded, Defs.' Resp., ECF No. 241. At Plaintiffs' Motion at 5, Plaintiffs point to the Court's statement that "the original policy is relevant to a challenge to any policy that supersedes it," ECF No. 123 at 2, but the Court has not awarded discovery as to that superseding policy, instead ordering BOP to produce the administrative record, Feb. Order at 2. As Defendants explained in their response to Plaintiffs' motion for Program Statement discovery (ECF No. 241), supplementation of the Program Statement administrative record with implementing memoranda materials is not warranted because Plaintiffs did not overcome the presumption of regularity and did not show deliberate or negligent exclusion of adverse documents. Defs.' Resp. at 11–12.

## III. Discovery into Executive Order 14,168 Presents Significant Separation of Powers Concerns and Provides Another Basis for the Court to Deny Plaintiffs' Requested Discovery

Discovery regarding the EO is particularly inappropriate. Plaintiffs have sought, among other things, all documents related to the drafting of the EO and the identity of the people involved. The requested information likely implicates executive privilege, including the Presidential Communications Privilege, and allowing the discovery to proceed now—without first deciding the jurisdictional issue—would put this case on the path of a separation-of-powers "collision course," which the Supreme Court has stated "should be avoided whenever possible" and "'should inform the conduct of the entire proceedings, *including the timing and scope of discovery*.'" *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 385, 389–90 (2004) (emphasis added) (quoting *Clinton v. Jones,* 520 U.S. 681, 707 (1997)). The Supreme Court has "long recognized the unique position in the constitutional scheme' that [the White House] occupies," *id.* at 382 (cleaned up), and "the Executive's constitutional responsibilities and status [are] factors counseling judicial deference and restraint in the conduct of litigation against it," *id.* at 385. Pursuant to *Cheney*, therefore, the Court should not compel discovery because of the likely discovery disputes that will arise, including a potential "collision course" with the Presidential Communications Privilege. *See id.* at 381 (court of appeals failed to properly consider separation-of-powers concerns when it denied government's request for mandamus relief to prevent discovery against the Vice President, which discovery, the government argued, threatened "substantial intrusions on the process by which those in closest operational proximity to the President advise the President").

In sum, Defendants' challenge to the Court's jurisdiction with respect to bucket one, the EO, is pending; Plaintiffs have abandoned their claims with respect to bucket two, the implementing memoranda; and (despite Defendants' production of an administrative record many months ago), Plaintiffs have recently moved for discovery with respect to bucket three, the Program Statement, and that motion is pending too. Defendants urged Plaintiffs to wait for the Court to decide the relevant motions, but Plaintiffs insisted on adding another motion to the Court's docket.

## CONCLUSION

At most, Plaintiffs' gripe is that they have not received a formal response to their discovery, which unsurprisingly, would state, among other objections, that the Court does not have jurisdiction over the EO and abandoned implementing memoranda claims to which the requests pertain. There is absolutely no basis for this motion to compel, and the Court should deny it.

If the Court reaches the correct conclusion—that it does not have jurisdiction over the EO and abandoned implementing memoranda claims—then the discovery requests are null. If the Court finds that it does have jurisdiction over Plaintiffs' EO and implementing memoranda challenges, then Defendants will serve written responses and objections to the discovery requests within 30 days.[3]

[3] Defendants have not waived any objections to Plaintiffs' requests. *See* Pls.' Mot at 8–9. Defendants gave Plaintiffs notice that they did not respond substantively to their discovery requests because Plaintiffs do not have standing to pursue the claims for which they seek discovery or the Court otherwise lacks jurisdiction over them. These jurisdictional issues must be decided before discovery proceeds. *Supra* at 3. Defendants thus have "good cause" for not responding substantively; there is no waiver. *See* Pls.' Mot at 8–9.

Dated: September 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

MARIANNE F. KIES
Assistant Branch Director

*/s/ M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Jared.littman2@usdoj.gov