**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISHEA KINGDOM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Civ. A. No. 25-691 (RCL) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

On August 24, 2026, the Supreme Court decided *Trump v. California*, 609 U.S. ____, 2026 WL 2473573 (Aug. 24, 2026) (per curiam) (granting stay of injunction pending disposition of appeal). *Trump v. California* bears directly on Plaintiffs' entitlement to relief in the instant case.

***The Decision in Trump v. California*.** *Trump v. California* concerned Executive Order 14,399, the election integrity Executive Order ("EO 14,399"). *See* Exec. Order No. 14,399, 91 Fed. Reg. 17125 (2026). Executive Order 14,399 parallels Executive Order 14,168, at issue in the instant case ("EO 14,168"), in several material respects. *See* Exec. Order No. 14,168, 90 Fed. Reg. 8615 (2025). Like EO 14,168, EO 14,399 was "an internal directive from the President to his subordinates mandating that certain agencies pursue certain policies," which "neither require[d] nor forb[ade] anything of anyone outside the Executive Branch." 2026 WL 2473573, at *1. Plaintiff States in *Trump v. California* nevertheless moved to permanently enjoin the government from implementing EO 14,399, and the district court granted their summary judgment motion—rejecting the government's argument that the court

lacked jurisdiction over the States' claims because the States lacked standing to bring them. *Id.* The government, in turn, moved to stay the district court's injunction in the Supreme Court of the United States. *Id.*

The Supreme Court granted the government's stay request, finding that "[t]he Government is likely to prevail on the merits of its argument that the [d]istrict [c]ourt lacked jurisdiction to enter the judgment." *Id.* at *2. Specifically, the Supreme Court held that the plaintiffs lacked standing to seek to bar implementation of EO 14,399 because "[t]he true source of any injury" to them was only the "downstream action" of the agencies implementing the EO in the future. *Id.* (internal quotations omitted). Moreover, the savings clause incorporated in EO 14,399—that the agencies were to implement the Order "consistent with applicable law"—insulated EO 14,399 from plaintiffs' challenge. *Id.* at *1, *3. "This internal directive" thus caused no harm to plaintiffs; indeed, it "does nothing to them." *Id.* at *3. The appropriate challenge would be to "any measure taken by the Government to implement the Order"; "[b]ut the Order itself does not harm the [plaintiffs], so the [d]istrict [c]ourt lacked jurisdiction to bar the Government from trying to implement it." *Id.* at *5.

**<u>Defendants' Summary-Judgment Motion in This Case</u>.** In Defendants' fully briefed motion for summary judgment, ECF No. 187, the government argued that EO 14,168 "never caused Plaintiffs the asserted harm in the first place because it merely provided policy directives to BOP, and any alleged harm necessarily flows from BOP action." *Id.* at 12. Therefore, Plaintiffs' challenge should "properly should be directed at the agency action and not the [Executive Order] itself because it is the agency action that would have harmed Plaintiffs." *Id.* *Trump v. California* confirms that the government's argument must prevail

because the "internal directive" of EO 14,168 "does nothing" to Plaintiffs. 2026 WL 2473573, at *3.

Moreover, Defendants explained that that the savings clause in EO 14,168—providing that it "be implemented consistent with law," identically to EO 14,399—instructed the agency to lawfully implement the Executive Order, and if it could not do so, to follow the law. Defs.' Mot., at 12. In opposition to Defendants' motion, Plaintiffs argued that the EO's savings clause "is irrelevant." Pls.' Opp'n at 10 n.1, ECF No. 218. The Supreme Court in *Trump v. California* affirms Defendants' position: the savings clause in EO 14,168 insulates the Executive Order because it "simply directs the Secretary to take certain actions if . . . lawful." 2026 WL 2473573, at *3.

In sum, and as Defendants explained in their motion for summary judgment, the Court should grant summary judgment in the government's favor with respect to Plaintiffs' challenges to the Executive Order itself because Plaintiffs do not have standing to bring them.

Dated: September 15, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

MARIANNE F. KIES
Assistant Branch Director

*/s/ M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Jared.littman2@usdoj.gov