**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ALISHEA KINGDOM, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

No. 1:25-cv-00691 (RCL)

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs submit the attached decision as supplemental authority in support of their pending Motion for Discovery Regarding Program Statement 5260.01 (ECF 235). On September 17, 2026, Judge Kobick in the United States District Court for the District of Massachusetts issued an order granting discovery in *Orr v. Trump*, 25-cv-10313 (attached hereto as Exhibit A).[1]

*Orr v. Trump* involves a challenge to a portion of the same executive order at issue in this case, Executive Order 14,168, and to implementing agency action. The challenge in *Orr* includes Administrative Procedure Act ("APA"), constitutional, and statutory claims. The government in *Orr* made similar arguments to those made in the present case opposing discovery and attempting to limit the case to the administrative record. The court in *Orr* rejected these arguments. It acknowledged that resolution of the APA claims would be based on the administrative record, but noted that "parties ordinarily are entitled to discovery on constitutional claims." Ex. A at 2. Like in this case, the government also argued that discovery would cause separation of powers issues,

[1] The court's order was in response to a Federal Rule of Civil Procedure 56(d) Motion that the court had asked Plaintiffs to file. *See* Exhibit A at 1; *see also Orr v. Trump*, 25-cv-10313, ECF 190. The procedural differences between the *Orr* Plaintiffs' Rule 56(d) Motion and the pending Motion for Discovery in this matter do not detract from the substantive similarities between the two nor the direct relevance of the *Orr* decision's reasoning on why discovery is warranted.

but the *Orr* court found those arguments to be premature and better addressed via objections to discovery requests. *Id*. In sum, the court in *Orr* rejected the same arguments that Defendants have made in this case (as well as additional arguments) and granted Plaintiffs discovery.

Dated: September 29, 2026

Respectfully submitted,

/s/ Li Nowlin-Sohl

Li Nowlin-Sohl (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
Shana Knizhnik, DDC Bar ID 120840
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
lnowlin-sohl@aclu.org
lcooper@aclu.org
sknizhnik@aclu.org
jesseks@aclu.org

Aditi Shah, D.C. Bar No. 90033136
Michael Perloff, D.C. Bar No. 1601047
ACLU FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street NW, Suite 420
Washington, D.C. 20045
Tel: 202-457-0800
ashah@acludc.org
mperloff@acludc.org

Corene T. Kendrick (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California St., Ste. 700
San Francisco, CA 94104
Tel: 202-393-4930
ckendrick@aclu.org

David C. Fathi (*pro hac vice*) *
Maria V. Morris, D.C. Bar. No. 1697904
Elisa C. Epstein (*pro hac vice*) *
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel: 202-393-4930
dfathi@aclu.org
mmorris@aclu.org
eepstein@aclu.org
**Not admitted in D.C.; practice limited to federal courts.*

Shawn Thomas Meerkamper (*pro hac vice*)
Megan Z. F. Noor (*pro hac vice*)
Dale Melchert (*pro hac vice*)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Tel: 510-587-9696
shawn@transgenderlawcenter.org
megan@transgenderlawcenter.org
dale@transgenderlawcenter.org

Lynly S. Egyes (*pro hac vice*)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Tel: 510-587-9696
lynly@transgenderlawcenter.org

*Counsel for Plaintiff Class*