# Exhibit A

APPEAL

# United States District Court
# District of Massachusetts (Boston)
# CIVIL DOCKET FOR CASE #: 1:25-cv-10313-JEK

Orr et al v. Trump et al
Assigned to: District Judge Julia E. Kobick
Case in other court: USCA - First Circuit, 25-01579
Cause: 05:702 Administrative Procedure Act

Date Filed: 02/07/2025
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

| Date Filed | # | Docket Text |
|---|---|---|
| 09/17/2026 | 200 | District Judge Julia E. Kobick: ORDER entered. **Please see attached.**<br><br>The plaintiffs' motion for discovery pursuant to Federal Rule of Civil Procedure 56(d), ECF 191 , is **GRANTED**.<br><br>On June 29, 2026, following the First Circuit's vacatur of this Court's preliminary injunction orders as moot, the defendants moved for summary judgment on Counts 1 through 5 of the amended complaint, each of which asserts constitutional claims. ECF 187 . The parties had previously filed cross-motions for summary judgment on Counts 6 and 7 of the amended complaint, which are claims under the Administrative Procedure Act. ECF 145 , 174 . In response to the defendants' motion for summary judgment on Counts 1 through 5, the plaintiffs filed a motion under Rule 56(d), contending that consideration of the summary judgment motion was premature because no fact or expert discovery has taken place and such discovery bears on the defendants' liability. ECF 191 . The defendants oppose the plaintiffs' Rule 56(d) motion, contending that all of the plaintiffs' claims fail as a matter of law and that no discovery in this matter is warranted. ECF 193 .<br><br>Federal Rule of Civil Procedure 56(d) provides that, in response to a motion for summary judgment, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The rule "provides a safety valve for claimants genuinely in need of further time to marshal 'facts, essential to justify [their] opposition . . . to a summary judgment motion.'" *Reid v. New Hampshire*, 56 F.3d 332, 341 (1st Cir. 1995) (quoting *Mattoon v. City of Pittsfield*, 980 F.2d 1, 7 (1st Cir. 1992)). "In the mine-run of cases," the First Circuit has explained, "the crucial inquiry under Rule 56(d) is whether the movant has had a full and fair opportunity to conduct discovery needed to mount an effective opposition to a summary judgment motion." *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 724 (1st Cir. 2022). A Rule 56(d) movant must make an "authoritative" proffer, "advanced in a timely manner," that "explain[s] why the party is unable currently to adduce the facts essential to opposing summary judgment." *In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 143 (1st Cir. 2014) (quotation marks omitted). Where, as here, a party cannot adduce such facts because of incomplete discovery, "'the party's explanation . . . should: (i) show good cause for the failure to have discovered the facts sooner; (ii) set forth a plausible basis for believing that specific facts . . . probably exist; and (iii) indicate how the emergent facts . . . will influence the outcome of the pending summary judgment motion.'" *Hernández v. Blanche*, 181 F.4th 149, 160 (1st Cir. 2026) (quoting *id.*).<br><br>The plaintiffs have made such a proper, authoritative, and timely proffer here. The affidavit of Attorney Isaac D. Chaput in support of their Rule 56(d) motion explains that the parties "have not engaged in any discovery or served discovery requests in this action." ECF 192 , ¶ |

22. The parties' delay in commencing discovery was due to a series of stay orders entered by the Court in this case, not due to a lack of diligence by the plaintiffs. The First Circuit has admonished that "when the parties have [had] no opportunity for discovery, denying the [Rule 56(d)] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *In re PHC, Inc. S'holder Litig.*, 762 F.3d at 144 (quotation marks omitted). The Chaput affidavit further explains, in detail, the types of discovery requests that the plaintiffs intend to serve on the defendants, and it connects those discovery requests to the plaintiffs' constitutional claims. ECF 192 , ¶¶ 26-38 & Exs. A through C. In light of the robust showing made by the plaintiffs, and the fact that discovery in this matter has yet to begin, the plaintiffs have demonstrated that they have not yet had "a full and fair opportunity to conduct discovery needed to" oppose the defendants' summary judgment motion. *Emigrant Residential*, 37 F.4th at 724.

The defendants urge the Court to reject the plaintiffs' Rule 56(d) motion. First, they contend that they have already filed an administrative record in this matter, which should provide all the facts necessary to adjudicate the parties' competing summary judgment motions. While the Court must resolve Administrative Procedure Act claims on the basis of the administrative record, parties ordinarily are entitled to discovery on constitutional claims, like those asserted in Counts 1 through 5 of the amended complaint. *See, e.g.*, *Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. United States Dep't of Health & Hum. Servs.*, 557 F. Supp. 3d 224, 245 (D. Mass. 2021) ("[L]imiting the scope of review to the administrative record makes little sense in the context of an inquiry into illicit animus."). Second, the defendants contend that the Supreme Court "foreclosed" the plaintiffs' constitutional claims in its order staying this Court's preliminary injunction orders. ECF 193 , at 3. That assertion misreads the Supreme Court's order. In particular, with respect to the plaintiffs' animus claim under the Equal Protection Clause, the Supreme Court explained that the plaintiffs had not established likely animus "on this record." *Trump v. Orr*, 146 S. Ct. 44, 46 (2025). At a minimum, then, the Supreme Court acknowledged that the record would be further developed on that claim. Third, the defendants preview arguments that they intend to make in response to the plaintiffs' discovery requests. But those matters can be addressed in due course, and the Court emphasizes that the parties are obligated to make discovery requests, and lodge objections to discovery demands, in good faith, and they must meet and confer regarding any disagreements over the scope of discovery.

Because the Court has not adopted a Scheduling Order, the Court orders the following deadlines for discovery events:

Initial Disclosures to be completed by 9/30/2026
Amendment to Pleadings due by 10/30/2026
All requests for production of documents and interrogatories must be served by 2/5/2027
All requests for admission must be served by 2/5/2027
All depositions, other than expert depositions, to be completed by 3/24/2027
Fact Discovery must be completed by 3/31/2027
Plaintiffs' trial experts must be designated by 4/30/2027 and deposed by 5/28/2027
Defendants' trial experts must be designated by 6/25/2027 and deposed by 7/23/2027
Dispositive motions to be filed by 8/13/2027

As previewed at the July 1, 2026 status conference, the Court will also **DENY** all of the pending summary judgment motions—ECF 145 , 174 , and 187 —without prejudice to their renewal following the close of fact and expert discovery in this case. ECF 190 . This denial enables the Court and parties to avoid piecemeal adjudication of summary judgment motions, thereby conserving judicial and party resources, and it ensures that the parties have completed discovery before any summary judgment motions are filed in this case. The parties may, of course, reassert any arguments they have made in their summary judgment motions, even verbatim, in any renewed motion for summary judgment. (Currie, Haley) (Entered: 09/17/2026)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ASHTON ORR, et al<br><br>Plaintiff(s),<br><br>v.<br><br>DONALD TRUMP, et al<br>Defendant(s). | ) | Civil Action No. 25-10313-JEK |

SCHEDULING ORDER

KOBICK, J.

This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

**Timetable for Discovery and Motion Practice**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1. **Initial Disclosures**. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by **September 30, 2026.**

2. **Amendments to Pleadings**. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **October 30, 2026.**

3. **Fact Discovery – Interim Deadlines**.

    a. All requests for production of documents and interrogatories must be served by **February 5, 2027**.

    b. All requests for admission must be served by **February 5, 2027**.

c. All depositions, other than expert depositions, must be completed by **March 24, 2027.**

4. **Obligation to Supplement.** Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

5. **Final Fact Discovery Deadline**. All discovery, other than expert discovery, must be completed by **March 31, 2027.**

6. **Status Conference**. A status conference will be held **remotely on April 1, 2027, at 2:30 PM.** By **March 26, 2027** [two days prior to the status conference], the parties shall file a status report indicating the current status of the case, including whether the parties intend to seek expert discovery and/or intend to file any dispositive motions, whether the parties are interested in mediation, as well as any other matter relevant to the progress of the case.

7. **Expert Discovery**.

   a. Plaintiff(s)' trial experts must be designated and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **April 30, 2027.**
   b. Plaintiff(s)' trial experts must be deposed by **May 28, 2027**
   c. Defendant(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **June 25, 2027.**
   d. Defendant(s)' trial experts must be deposed by **July 23, 2027.**

8. **Summary Judgment Motions**.

   a. Motions for summary judgment must be filed no later than **August 13, 2027**.

   b. Oppositions to summary judgment motions must be filed within 21 days after service of the motion. Replies must be filed within 21 days after service of the opposition.

9. **Initial and Pretrial Conferences**. The initial pretrial conference will be scheduled at a later point in the proceedings. The parties must prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3). The trial date will normally be set at the initial pretrial conference. A final pretrial conference will be scheduled at the time the trial date is set. The court may also schedule interim pretrial conferences in appropriate cases.

**Procedural Provisions**

1. **Extension of Deadlines**. All requests to extend or modify deadlines must be made by motion and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; and (5) whether the opposing party consents and, if not, the reasons given for refusing to consent. The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion. Motions to extend or modify deadlines will be granted only for good cause shown.

   Absent an emergency, any request for an extension or adjournment shall be made at least forty-eight hours prior to the deadline or scheduled appearance.

2. **Motions to Compel or Prevent Discovery**. Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

3. **Reply Memoranda.** Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed eight pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4. **Status Conferences**. The Court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

5. **Additional Conferences**. Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

6. **Early Resolution of Issues**. The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7. **Pretrial Conference**. Lead trial counsel are required to attend any pretrial conference.

Julia Kobick
______________________
United States District Judge