**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALISHEA KINGDOM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 1:25-cv-00691-RCL |

## [~~PLAINTIFFS'~~ DEFENDANTS' PROPOSED] ORDER GRANTING MOTION TO DIRECT NOTICE TO CLASS MEMBERS

Upon consideration of ~~Plaintiffs' Updated~~the parties' Joint Motion to Direct Notice to Class Members ("Motion"), it is hereby

**ORDERED** that the Motion is **GRANTED**; it is further

**ORDERED** that the previous Motion to Direct Notice to the Class (ECF 156) is denied as moot; it is further

**ORDERED** that within 14 days of the issuance of this Order, Defendants shall either (1) provide paper copies of the English and Spanish versions of the Class Notice filed as Exhibits A and B via individual hand delivery to all class members; or (2) provide electronic copies of the English and Spanish versions of the Class Notice filed as Exhibits A and B to all class members through e-mail via Trust Fund Limited Inmate Computer System ("Trulincs") and paper copies via individual hand delivery to those who are unable to access email via Trulincs.

**ORDERED** that Defendants shall provide either electronic or paper copies of the English and Spanish versions of the Class Notice filed as Exhibits A and B, respectively, to any persons entering BOP custody with a gender dysphoria diagnosis as established by medical documentation affirmed by BOP providers and to any persons in BOP custody who receive a gender dysphoria

diagnosis. Such notice shall be provided within 10 business days of the gender dysphoria diagnosis being received or affirmed.to any persons entering BOP custody with a gender dysphoria diagnosis and to any persons in BOP custody who receive a gender dysphoria diagnosis. Such notice shall be provided within 96 hours upon intake into BOP custody if the person has a gender dysphoria diagnosis at the time of intake and within 96 hours upon the person receiving a gender dysphoria diagnosis while in BOP custody.

**ORDERED** that Defendants shall file with the Court within 7 days after notice has been provided to all class members a declaration by a BOP official confirming that the English and Spanish versions of the Class Notice filed as Exhibits A and B, respectively, were distributed to all class members as instructed in this Order.

**IT IS SO ORDERED**.

Dated: ___________________

___________________________
Hon. Royce C. Lamberth
United States District Judge

# EXHIBIT A

# ATTENTION

## CLASS NOTICE OF LAWSUIT AND RIGHTS

***Kingdom v. Trump*****,** No. 1:25-CV-691-RCL, 2026 WL 1746251 (D.D.C. June 17, 2026)

**<u>What is the lawsuit?</u>**

In March 2025, three incarcerated transgender people, represented by the American Civil Liberties Union (ACLU), ACLU of DC, and Transgender Law Center, brought a lawsuit in federal court in the District of Columbia to stop President Trump's Executive Order that directs the Federal Bureau of Prisons ("BOP") to ensure that no federal funds are spent on "any medical procedure, treatment, or drug for purpose of conforming an inmate's appearance to that of the opposite sex," to the extent "consistent with applicable law." On June 3, 2025, a federal judge issued an order (called a "preliminary injunction") that temporarily blocked BOP from implementing the Executive Order to prohibit hormones or social accommodations for treating gender dysphoria. <u>In February 2026, BOP released Program Statement 5260.01, Management of Inmates with Gender Dysphoria, which bans all social accommodations and prohibits starting hormones to treat gender dysphoria for people not already receiving it. In instances when an inmate is previously and currently diagnosed with gender dysphoria and is currently receiving hormones to address gender dysphoria, the Multidisciplinary Review Team shall review and approve or disapprove the tapering plan submitted by the Primary Care Provider for all such inmates. Each tapering plan shall consider the appropriate factors, such as the duration the inmate has been receiving hormones to address gender dysphoria, the initial rationale for receiving the hormone intervention, the response by the inmate to the intervention, and whether the inmate has undergone sex trait modification surgery. For inmates that have recently begun receiving hormones to address gender dysphoria, the Primary Care Provider shall develop a tapering plan that includes a rapid discontinuation of the hormone intervention. For inmates that have been receiving hormones to address gender dysphoria for an extended period of time, the Primary Care Provider shall develop a tapering plan that includes an appropriately paced discontinuation of the hormone intervention. For inmates who (1) are post sex trait modification surgery or (2) have been receiving hormones to address gender dysphoria for an extended period of time and develop severe physiological and psychological withdrawal effects from tapering, it may not be appropriate in all cases for the initial tapering plan to include cessation of hormones.</u>~~In February 2026, BOP released Program Statement 5260.01, Management of Inmates with Gender Dysphoria, which bans all social accommodations, prohibits starting hormones to treat gender dysphoria for people not already receiving it, and requires people already receiving hormones for gender dysphoria to receive individualized tapering plans that involve reducing hormones with the goal of stopping them—in some cases, stopping the hormones quickly or immediately—depending on how long they have been receiving hormones and other factors.~~ On

June 17, 2026, the judge issued a new court order blocking BOP from enforcing Program Statement 5260.01 while the lawsuit proceeds. **This means that as of DATE, BOP is required to "continue providing Plaintiffs and class members with gender-affirming care in accordance with BOP policy and practice in effect immediately prior to the issuance of Executive Order 14168 on January 20, 2025."**

**This lawsuit does not seek money damages for any incarcerated person**.

**Who is included?**

The judge also granted the case class action status. That means that it is brought on behalf of "all persons who are currently or will be incarcerated in BOP facilities with a current diagnosis of gender dysphoria or who receive such a diagnosis in the future." **You do not need to do anything to be a part of this lawsuit. If you meet this class definition, you are already included and we represent your interest in receiving** hormones and accommodations **like appropriate undergarments and hygiene items in accordance with BOP policy and practice in effect before January 20, 2025.**

If you arrived in BOP custody after the injunction was issued (after June 17, 2026), and you meet the class definition, you are also included. You should also be able to be assessed by medical or psychology staff for a gender dysphoria diagnosis if you do not already have one.

**Please write to us if** you have a diagnosis of gender dysphoria and are not receiving treatment consistent with the court's preliminary injunction. This includes if you have had your hormones cut off, reduced, or otherwise changed for reasons outside of decisions made by you and your medical provider; if you were receiving social accommodations like appropriate undergarments, pat/visual search exemption cards, etc., and now cannot receive them; or if your gender dysphoria diagnosis was removed without your knowledge or without speaking to a medical provider.

If you have experienced any of this, please send a letter to Transgender Law Center at the address below with a detailed description of the problem you are having. **Please be sure to clearly mark your envelope as "CONFIDENTIAL LEGAL MAIL".** We will respond to you by mail, which may take some time as the mail system can be slow. In the meantime, we will investigate the matter, and we may schedule a legal phone call with you to discuss the problem you are having further.

Transgender Law Center
Shawn T. Meerkamper, Cal. Bar No. 296964
Managing Attorney
P.O. Box 70976

Oakland, CA 94612

We ask that you please write to us using the legal mail system and **not** the Corrlinks email system, as the Corrlinks system is not confidential. Because of this, we cannot accept messages or requests to be added to your contact list on Corrlinks.

# EXHIBIT B

# ATENCIÓN

## AVISO SOBRE DEMANDA COLECTIVA Y DERECHOS

***Kingdom v. Trump*****,** No. 1:25-CV-691-RCL, 2026 WL 1746251 (Tribunal del Distrito de Columbia, 17 de junio de 2026)

**¿En qué consiste la demanda?**

En marzo de 2025, tres personas transgénero encarceladas, representadas por la Unión Estadounidense por las Libertades Civiles (ACLU, por sus siglas en inglés), la ACLU de D. C. y el Transgender Law Center, presentaron una demanda ante un tribunal federal del Distrito de Columbia para detener la orden ejecutiva del presidente Trump que ordena a la Oficina Federal de Prisiones (BOP, por sus siglas en inglés) garantizar que no se gasten fondos federales en "ningún procedimiento médico, tratamiento o medicamento con el propósito de ajustar la apariencia de un recluso a la del sexo opuesto", en la medida en que sea "consistente con la ley aplicable". En febrero de 2026, la Oficina Federal de Prisiones (BOP, por sus siglas en inglés) publicó la Declaración de Programa 5260.01, «Gestión de reclusos con disforia de género», la cual prohíbe cualquier tipo de adaptación social y veta el inicio de tratamientos hormonales para la disforia de género en personas que no los estén recibiendo ya. En los casos en que un recluso cuente con un diagnóstico previo y actual de disforia de género y esté recibiendo tratamiento hormonal para dicha afección, un Equipo de Revisión Multidisciplinario deberá evaluar y aprobar —o rechazar— el plan de reducción gradual presentado por el proveedor de atención primaria. Dicho plan deberá tener en cuenta factores pertinentes, tales como el tiempo que el recluso lleva recibiendo el tratamiento hormonal, la justificación inicial para su administración, la respuesta del recluso a la intervención y si este se ha sometido a una cirugía de modificación de los caracteres sexuales. Para los reclusos que han comenzado a recibir tratamiento hormonal recientemente, el proveedor de atención primaria deberá elaborar un plan que contemple una interrupción rápida de la intervención. Para aquellos que llevan recibiendo hormonas durante un periodo prolongado, el proveedor de atención primaria deberá diseñar un plan que contemple una interrupción gradual y a un ritmo adecuado. En el caso de reclusos que (1) se han sometido a una cirugía de modificación de los caracteres sexuales o (2) han recibido tratamiento hormonal durante un periodo prolongado y presentan efectos de abstinencia fisiológicos y psicológicos graves a raíz de la reducción gradual, es posible que, en determinadas situaciones, no resulte apropiado que el plan inicial contemple la supresión total de las hormonas.~~El 3 de junio de 2025, un juez federal emitió una orden (denominada "medida cautelar") que impidió temporalmente que la BOP aplicara la orden ejecutiva que prohíbe el uso de hormonas o las adaptaciones sociales para el tratamiento de la disforia de género. En febrero de 2026, la BOP publicó la Declaración de programa 5260.01, "Manejo de reclusos con disforia de género", que prohíbe todas las adaptaciones sociales, prohíbe iniciar el tratamiento hormonal para la disforia de género en personas que aún no lo estén recibiendo y exige que las personas que ya reciben tratamiento hormonal para la disforia de género sigan planes individualizados de reducción gradual que~~

~~impliquen disminuir la dosis de hormonas con el objetivo de suspenderlas — en algunos casos, de manera rápida o inmediata — , dependiendo del tiempo que hayan estado recibiendo el tratamiento y otros factores.~~ El 17 de junio de 2026, el juez emitió una nueva orden judicial que impide a la BOP aplicar la Declaración de programa 5260.01 mientras se resuelve la demanda. **Esto significa que, a partir del FECHA, la BOP está obligada a "seguir brindando a los demandantes y a los miembros de la demanda colectiva atención de afirmación de género, de conformidad con la política y las prácticas de la BOP vigentes inmediatamente antes de la emisión de la orden ejecutiva 14168 el 20 de enero de 2025".**

**Esta demanda no pretende obtener una indemnización económica para ninguna persona encarcelada**.

**¿Quiénes forman parte?**

El juez también concedió a la demanda la condición de acción colectiva. Esto significa que se presenta en nombre de "todas las personas que se encuentran actualmente encarceladas o que serán encarceladas en centros de la BOP y que tengan un diagnóstico vigente de disforia de género o que reciban dicho diagnóstico en el futuro". **No es necesario que haga nada para formar parte de esta demanda. Si cumple con esta definición de la demanda colectiva, ya está incluido/a y representamos sus intereses para que reciba** tratamiento hormonal y adaptaciones**, como ropa interior adecuada y artículos de higiene, de acuerdo con la política y las prácticas de la BOP vigentes antes del 20 de enero de 2025.**

Si ingresó bajo custodia de la BOP después de que se dictara la orden judicial (después del 17 de junio de 2026) y cumple con los requisitos de la demanda colectiva, también está incluido/a. También debería poder recibir una evaluación por parte de personal médico o psicológico para obtener un diagnóstico de disforia de género, si aún no lo tiene.

**Escríbanos si** le han diagnosticado disforia de género y no está recibiendo un tratamiento acorde con la medida cautelar dictada por el tribunal. Esto incluye si le han suspendido, reducido o modificado de alguna otra forma las hormonas por razones ajenas a las decisiones que usted y su proveedor médico hayan tomado; si recibía adaptaciones sociales, como ropa interior adecuada, tarjetas de exención de registros corporales o visuales, etc., y ahora ya no puede recibirlas; o si le retiraron el diagnóstico de disforia de género sin su conocimiento o sin haber hablado con un proveedor médico.

Si ha experimentado alguna de estas situaciones, envíe una carta al Transgender Law Center a la dirección que figura a continuación con una descripción detallada del problema que está teniendo. **Asegúrese de indicar claramente en el sobre "CONFIDENTIAL LEGAL MAIL" (correo legal confidencial).** Le responderemos por correo, lo cual puede tardar un poco, ya que el sistema postal puede ser lento. Mientras tanto, investigaremos el asunto y es posible que

programemos una llamada telefónica de carácter legal con usted para analizar más a fondo el problema que está teniendo.

Transgender Law Center
Shawn T. Meerkamper, Cal. Bar No. 296964
Managing Attorney
P.O. Box 70976
Oakland, CA 94612

Le pedimos que nos escriba utilizando el sistema de correo oficial y **no** el sistema de correo electrónico Corrlinks, ya que este último no es confidencial. Por este motivo, no podemos aceptar mensajes ni solicitudes para agregarnos a su lista de contactos en Corrlinks.