**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ALISHEA KINGDOM, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 1:25-cv-00691-RCL

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RENEWED PRELIMINARY INJUNCTION**

This Court issued an updated preliminary injunction on June 17, 2026. ECF Nos. 215, 216. The Court issued it after full briefing and argument on Plaintiffs' motion for an updated preliminary injunction (ECF No. 179-1). This injunction is currently on appeal, ECF No. 221. The Court renewed the PI on August 26, 2026, to run for another 90 day period beginning September 15, 2026, ECF No. 242, based on the plain language of the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a)(2) (preliminary relief "shall automatically expire on the date that is 90 days after its entry, unless the court . . . makes the order final before the expiration of the 90-day period."). Plaintiffs move to renew this injunction, and Defendants oppose. ECF No. 279.

District courts regularly renew or extend preliminary relief for additional 90-day periods under the PLRA while litigation on the merits of a case continue, so long as preliminary relief is still warranted. *See* ECF Nos. 79, 96, 114 (this Court renewing the original June 3, 2025 preliminary injunction); *Doe v. Blanche*, 172 F.4th 901, 912 (D.C. Cir. 2026) (noting BOP's agreement "that section 3626(a)(2) does not limit a district court's ability to issue a new preliminary injunction at the end of the ninety day period set forth in that statute" and that "every court of appeals that has reached the issue agrees" (quotations omitted)); *see also Smith v. Edwards*, 88 F.4th 1119, 1125 (5th Cir. 2023) ("Though a preliminary injunction entered under the PLRA

otherwise automatically expires ninety days after entry, the injunction may be extended by the district court if it makes the requisite findings."); *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) ("Nothing in the statute limits the number of times a court may enter preliminary relief. … the provision simply imposes a burden on plaintiffs to continue to prove that preliminary relief is warranted."); *Alloway v. Hodge*, 72 F.App'x 812, 817 (10th Cir. 2003) (unpublished) (renewal of preliminary injunction that expired under the PLRA is not an abuse of discretion).

There have not been any factual or legal developments since the Court issued its June 17 PI that necessitate a reassessment of the Court's prior holding that (1) the Plaintiffs are likely to succeed on the merits of their APA arbitrary-and-capricious claim; (2) Plaintiffs and class members face irreparable harm in the absence of preliminary injunctive relief; and (3) the public interest and balance of equities weigh in favor of granting preliminary injunctive relief. *See* ECF No. 216 at 14-30; *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2009).

Defendants appealed the injunction, *see* ECF No. 221, but this Court retains jurisdiction under Federal Rule of Civil Procedure 62(c) to renew a preliminary injunction expiring under 18 U.S.C. § 3626(a)(2), even when it is the subject of an interlocutory appeal. *See Doe*, 172 F.4th at 912. Defendants moved to stay the injunction pending appeal. ECF No. 222. This Court denied Defendants' motion to stay the injunction, ECF No. 228; as did the D.C. Circuit and the U.S. Supreme Court. *See Kingdom v. Trump*, 2026 WL 2997915, *1 (D.C. Cir. Sept. 18, 2026) (per curiam); *Trump v. Kingdom*, ---- S.Ct. ----, 2026 WL 3147418, *1 (Mem) (Oct. 21, 2026).

Therefore, upon consideration of Plaintiffs' Motion for Renewed Preliminary Injunction, ECF No. 279, it is therefore

**ORDERED** that Plaintiffs' Motion is **GRANTED**; it is further

**ORDERED** that the Bureau of Prisons' February 19, 2026 Program Statement 5260.01 is stayed pursuant to 5 U.S.C. § 705. It is further

**ORDERED** that the Defendants Todd Blanche, William K. Marshall, III, Christopher A. Bina, Dana R. DiGiacomo, and Shane Salem, in their official capacities, and their contractors, employees, and agents (i) are enjoined from enforcing Program Statement 5260.01, and (ii) shall provide and continue providing Plaintiffs and class members with gender-affirming care in accordance with BOP policy and practice in effect immediately prior to the issuance of Executive Order 14168 on January 20, 2025. Additionally, Program Statement 5260.01 is stayed pursuant to 5 U.S.C. § 705. It is further

**ORDERED** that this injunction shall be effective beginning on December 15, 2026, and no bond shall be required.

In accordance with the Prison Litigation Reform Act, the Court **FINDS** that renewal of the injunction is narrowly drawn and extends no further than necessary to correct and prevent the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). Because applying the Program Statement to Plaintiffs and class members would cause such serious and irreparable harm, a preliminary injunction preventing such application is necessary to correct the harm and the least intrusive means necessary to do so. Furthermore, because this preliminary injunction prevents the application of the Program Statement, and Plaintiffs have demonstrated a likelihood of success on the merits and immediate, irreparable harm if that application is not enjoined, this Order extends no further than necessary to correct the harm that requires this preliminary relief.

Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief and has given substantial weight to such

impacts. After this consideration, the Court concludes and finds that no adverse impact on public safety or the operation of the criminal justice system will result from maintaining the status quo of class members' gender-affirming care, while this litigation proceeds.

**IT IS SO ORDERED**.

Dated: ____________________, 2026

______________________________
Hon. Royce C. Lamberth
United States District Judge